## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| REVSTONE INDUSTRIES, LLC,[1] | |
| | Case No. 12-13262 (BLS) |
| Debtor. | |

## MOTION FOR AN INTERIM AND FINAL ORDER TO (I) PROHIBIT UTILITY COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE, (II) DEEM UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT, AND (III) ESTABLISH PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

The above-captioned debtor in possession herein (the "**Debtor**") submits this Motion for

an Interim and Final Order to (i) Prohibit Utility Companies from Discontinuing, Altering, or

Refusing Service, (ii) Deem Utility Companies Adequately Assured of Future Payment, and

(iii) Establish Procedures for Determining Requests for Additional Adequate Assurance (the

"**Motion**").[2] In support of its Motion, the Debtor respectfully states as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of the Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

predicates for the relief sought hereby are Sections 105(a), 366 and 541 of title 11 of the United

States Code (the "**Bankruptcy Code**"), and Rule 6003 of the Federal Rules of Bankruptcy

Procedure.

---

[1]    The Debtor in this case is Revstone Industries, LLC (Tax I.D. No. 26-3837222).  The location of the Debtor's corporate headquarters and the Debtor's address for service of process is 2250 Thunderstick Dr., Ste. 1203, Lexington, Kentucky 40505.

[2]    Capitalized terms used but not otherwise defined herein have the meanings attributed to them in the *Declaration of Jay N. Brown in Support of First Day Motions* filed contemporaneously herewith.

## II.    PROCEDURAL STATUS

2.      On December 3, 2012 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

3.      The Debtor continues to operate its businesses as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  The U.S. Trustee has not yet appointed any official committees in this case, and no request has been made for the appointment of a trustee or an examiner.

4.      A description of the Debtor's businesses, capital structure, and the circumstances leading to the Chapter 11 filing is set forth in the Declaration of Jay N. Brown in Support of Chapter 11 Petition and First Day Motions (the "**Brown Declaration**") filed contemporaneously herewith and incorporated herein by reference.

## III.    RELIEF REQUESTED

5.      By this Motion, the Debtor respectfully requests the entry of an interim order (the "**Interim Order**"), pending entry of a final order or the Interim Order becoming a final order (the "**Final Order**"):  (i) prohibiting those utilities listed on **Exhibit A** hereto (the "**Utility Companies**" and, each, individually, a "**Utility Company**") from altering, refusing or discontinuing services to the Debtor absent any further order of this Court; (ii) deeming the Utility Companies adequately assured of future payment; (iii) establishing procedures for determining requests for additional adequate assurance; and (iv) scheduling a final hearing on the Motion within thirty (30) days of the Petition Date.[3]

---

[3]      For the purposes of full disclosure, the Debtor notes certain of its Affiliates, including, but not limited to, Metavation, LLC and Contech Castings, LLC, ordinarily pay the Debtor's monthly utility charges.  The Debtor anticipates that arrangement will continue and that these Affiliates will continue to bear responsibility for these charges and files this Motion out of an

2

## IV.    **BASIS FOR RELIEF**

6.    Section 366 of the Bankruptcy Code prevents utilities from discontinuing, altering, or refusing service to a debtor during the first thirty (30) days of a bankruptcy case (the "**Stay Period**").    Upon expiration of the Stay Period, however, a utility has the option of terminating its services if a debtor has not furnished adequate assurance of payment. *See* 11 U.S.C. § 366.    It is vitally important to the Debtor's businesses, and thus to the Debtor's successful reorganization, that utility services continue uninterrupted after the expiration of the Stay Period.    Therefore, for the assurance of future payment, the Debtor proposes to provide a cash deposit to each Utility Company consistent with the terms of this Motion; *provided, however*, that each such Utility Company makes a request in writing (the "**Initial Request**") no later than twenty (20) days after the Petition Date (the "**Initial Request Deadline**").

7.    The Debtor submits that an amount equal to the greater of (i) one-half (1/2) of one month's utility payment (based on the average monthly payment for such utility services during the three (3) months prior to the Petition Date) or (ii) the deposit currently held by such utility provides adequate assurance of payment and that no additional deposit (hereinafter referred to as an "**Adequate Assurance Deposit**"), security, or other assurance of payment is or should be required for such utility services.    The Debtor submits that the proposed Adequate Assurance Deposit amounts for each Utility Company listed on **Exhibit A** hereto will provide each Utility Company that submits an Initial Request before the Initial Request Deadline with adequate assurance under Section 366 of the Bankruptcy Code.

---

abundance of caution in order to ensure that there is no interruption in the services provided by the Utilities Companies.    The utilities accounts are otherwise operated by the Debtor and in the Debtor's name.

3

8.      A  Utility  Company's  request  for  and  acceptance  of  a  proposed  Adequate Assurance  Deposit  shall  be  deemed  an  acknowledgment  and  admission  from  the  Utility Company that the Adequate Assurance Deposit is adequate assurance of payment satisfactory to the Utility Company within the meaning of Section 366 of the Bankruptcy Code.

9.      Because the amounts of the average monthly billings for services provided by the Utility Companies are relatively modest, totaling approximately $36,500 per month, and the prepetition period that may yet to be billed by each Utility Company is likewise minimal, the Debtor requests authority that it be allowed, as part of its offer of adequate protection to a Utility Company,  to  be  relieved  of  the  necessity  for  requesting  bifurcation  of  billings  between prepetition and postpetition periods by its Utility Companies, and that it be allowed to make payment of the next bill issued in the ordinary course by its Utility Companies in full, including for any "stub" period in respect of services provided during the prepetition period.

10.     The Debtor further requests that, if not already returned or applied, any Adequate Assurance Deposit provided to any Utility Company be returned to the Debtor at the conclusion of the case.

11.     The Debtor submits that payment of the Adequate Assurance Deposit, in conjunction with its ability to pay Utility Companies for future services in the ordinary course of business,  constitutes  adequate  assurance  under  Section 366  of  the  Bankruptcy  Code. Nonetheless, the Debtor anticipates that certain Utility Companies may request additional adequate assurance beyond the proposed Adequate Assurance Deposit.  Therefore, the Debtor seeks to establish reasonable procedures (the "**Procedures**") by which a Utility Company may make an Initial Request and request additional assurances of future payment in the event the

4

Utility Company believes the proposed Adequate Assurance Deposit does not provide satisfactory assurance. The Procedures provide as follows:

(a)    absent any further order of this Court, the Utility Companies are prohibited from discontinuing, altering or refusing service to the Debtor on account of any unpaid prepetition charges or requiring payment of an additional deposit or receipt of other security in connection with any unpaid prepetition charges;

(b)    if a Utility Company requires payment of an Adequate Assurance Deposit, the Utility Company must serve its Initial Request upon the Debtor and its counsel (as set forth below), stating the location(s) for which utility services are provided and the account number(s) for such location(s) by the Initial Request Deadline;

(c)    if a Utility Company has served an Initial Request upon the Debtor by the Initial Request Deadline, the Debtor shall pay the proposed Adequate Assurance Deposit within twenty-one (21) days of the Petition Date;

(d)    if a Utility Company is not satisfied with the proposed Adequate Assurance Deposit, the Utility Company must serve a written request (the "**Additional Request**") upon the Debtor and its counsel (as set forth below), stating the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtor's payment history on each account and an explanation of why the proposed Adequate Assurance Deposit is inadequate assurance of payment;

(e)    the Initial Request and the Additional Request must be delivered to Debtor's proposed counsel, Mayer Brown LLP, 1675 Broadway, New York, New York 10019-5820 (Attn.: Brian Trust, Esq.) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Deleware 19801 (Attn: Christopher M. Samis, Esq.);

(f)    upon receipt by the Debtor of an Additional Request at the addresses noted above, the Debtor shall have the greater of (i) ten (10) business days from the receipt of such Additional Request or (ii) thirty (30) days from the Petition Date (the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve the Additional Request; the Resolution Period may be extended by agreement between the parties;

(g)    without further order of the Court, the Debtor may enter into an agreement granting additional adequate assurance to a Utility Company serving a timely Additional Request if the Debtor, in its discretion, determines that the Additional Request is reasonable;

(h)    if the Debtor believes that an Additional Request is unreasonable and is unable to resolve the Additional Request during the Resolution Period, then the Debtor shall, upon expiration of the Resolution Period, request a hearing (the "**Hearing**

5

**Request**") before this Court seeking a determination from the Court that the proposed Adequate Assurance Deposit, plus any additional consideration that may be offered by the Debtor, constitute adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code; pending the Hearing Request, a Utility Company that is the subject of the unresolved Additional Request may not alter, refuse, or discontinue services to the Debtor nor recover or set off against a prepetition deposit; and

(i)     any Utility Company that fails to make a timely Initial or Additional Request shall be deemed to have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code.

12.     In addition, the Debtor requests authority to supplement the list of Utility Companies, without further order of the Court, to the extent that any Utility Companies may have been inadvertently omitted from **Exhibit A**. If the Debtor supplements the list subsequent to the filing of this Motion, the Debtor will serve a copy of this Motion and the signed order granting the Motion (the "**Order**") on any Utility Company that is added to the list by such a supplement (the "**Supplemental Service**"). Concurrently with the Supplemental Service, the Debtor will file with the Court a supplement to **Exhibit A**, adding the name of the Utility Company so served and the amount of the proposed Adequate Assurance Deposit for such Utility Company. The added Utility Company shall have thirty (30) days from the date of service of this Motion and the Order to request the proposed Adequate Assurance Deposit or make an Additional Request.

13.     Finally, the Debtor requests that the Order provide that, in the event that the Debtor terminates the services of any Utility Company, such Utility Company must immediately refund to the Debtor any Adequate Assurance Deposit received pursuant to the terms of this Motion. The Debtor believes that the immediate refund of such deposit by a Utility Company whose services are terminated is fair and appropriate under the circumstances, because the Utility Company would no longer require assurance of future performance by the Debtor.

703998521
RLF1 7673159v.1

14.     This Court has the authority to grant the relief requested herein pursuant to Section 105(a) of the Bankruptcy Code, which provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy courts, including in this district, have routinely granted relief substantially similar to the relief requested by this Motion pursuant to Sections 105 and 366 of the Bankruptcy Code. *See In re CyberDefender Corp.*, Case No. 12-10633 (BLS) (Bankr. D. Del. Mar. 14, 2012); *In re Nassau Broad. Partners, L.P.*, Case No. 11-12934 (KG) (Bankr. D. Del. Nov. 10, 2011; *In re Solyndra LLC*, Case No. 11-12799 (MFW) (Bankr. D. Del. Sept. 7, 2011); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (MFW) (Bank. D. Del. Feb. 17, 2011); *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (KG) (Bankr. D. Del. Dec. 10, 2010); *see also In re Fin. News Network, Inc.*, 134 B.R. 732, 736 (Bankr. S.D.N.Y. 1991) (prepetition claims may be paid when so doing is "critical to the debtor's reorganization").

15.     Section 366(c) of the Bankruptcy Code, which was enacted pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "**BAPCPA**"), now permits a utility to alter, refuse, or discontinue utility service if a Chapter 11 debtor has not provided "adequate assurance of payment for utility service that is satisfactory to the utility" within thirty (30) days after the date of its bankruptcy filing, subject to the court's ability to modify the amount of adequate assurance. 11 U.S.C. § 366(c)(2). "[A]ssurance of payment" is defined as "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A). Moreover, in determining whether an adequate assurance payment is, in fact, adequate, courts may no longer rely on (i) the absence of security prior to the petition date, (ii) a history of timely

7

payments, or (iii) the availability of an administrative expense priority.    11 U.S.C.
§ 366(c)(3)(B).

16.    Ultimately, like Section 366(b) of the Bankruptcy Code, Section 366(c) requires
that a utility's assurance of payment be "adequate."    It is well-established, however, that
adequate assurance does not require "an absolute guarantee of payment."  *See, e.g., In re Circuit
City Stores, Inc.*, Case No. 08–35653 (KH), 2009 WL 484553, at *4; *In re Steinebach*, 303 B.R.
634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute
assurance . . . all § 366(b) requires is that a utility be protected from an unreasonable risk of non-
payment."); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); *see
also In re Heard*, 84 B.R. 454 (Bankr. W.D. Tex. 1987).    In determining the amount of adequate
assurance to provide, the focus should be "on the need of the utility for assurance, and to require
that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need
to conserve scarce financial resources." *Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646,
650 (2d Cir. 1997) (emphasis in original).    The Court, therefore, should ensure that the utility is
treating the Debtor the same as it would treat similarly situated customers that are not in
bankruptcy. *See In re Whitaker*, 84 B.R. 934, 937 (Bankr. E.D. Pa. 1988).

17.    Here, the Debtor proposes to satisfy the requirements of Section 366 of the
Bankruptcy Code by providing the Adequate Assurance Deposit to Utility Companies that
submit a timely and proper request.  Moreover, the rights of the Utility Companies will not be
prejudiced should the relief requested herein be granted, because the Utility Companies are
permitted to come before this Court and seek relief according to the Procedures established
herein.  Accordingly, the Debtor submits that no further assurance of payment need be provided

to the Utility Companies and that granting the relief requested herein is both necessary and appropriate.

## V.   REQUEST FOR IMMEDIATE RELIEF

18.     Pursuant to Rule 6003 of the Federal Rules of Bankruptcy Procedure, the Court may grant relief regarding a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate within twenty-one (21) days after the filing of the petition if the relief sought is necessary to avoid immediate and irreparable harm.  As set forth herein, the value of the Debtor and/or its estate could suffer immediate and irreparable harm absent the relief requested in this Motion.  Accordingly, the Debtor respectfully requests the entry of the Interim Order, in substantially the form submitted herewith, granting the relief sought in this Motion in connection with the "first day" hearings in this case.

19.     The Debtor further seeks relief from the fourteen (14) day stay of the Interim Order and Final Order granting this Motion pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, to the extent such Bankruptcy Rule is applicable, and requests that the Interim Order and Final Order be effective immediately upon entry thereof.

20.     The Debtor requests that the relief requested herein not be deemed to constitute the postpetition assumption of any executory contract pursuant to Section 365 of the Bankruptcy Code.  The Debtor is in the process of reviewing these matters and reserves all of its rights under the Bankruptcy Code with respect thereto.  Moreover, the relief requested herein should not affect the Debtor's right to contest the amount or validity of any such charges, in whole or in part.

## VI.   REQUEST FOR FINAL HEARING

21.     To resolve any possible objections to this Motion within thirty (30) days of the Petition Date, the Debtor respectfully requests that the Court set a date for the Final Hearing that

9

is no later than thirty (30) days following the Petition Date.  The Debtor requests authorization to serve a copy of the signed Interim Order, which fixes the time and date for filing objections, if any, by first-class U.S. mail on the Notice Parties (as defined in the Interim Order) and on any other party that subsequently has filed a request for notices with the Court since the filing of the Motion.  The Debtor requests that the Court consider such notice of the Final Hearing to be sufficient notice under the Bankruptcy Rules.

## VII.   NOTICE AND PRIOR MOTIONS

22.    Notice of this Motion will be given to the following parties in interest (collectively, the "**Initial Notice Parties**"):  (a) the United States Trustee for the District of Delaware; (b) Wells Fargo Capital Finance, LLC ("**Wells Fargo**"); (c) Otterbourg, Steindler, Houston & Rosen, P.C., counsel to Wells Fargo; (d) the parties included on the Debtor's list of twenty (20) largest unsecured creditors; and (e) all other parties that have requested or that are required to receive notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and Local Rule 2002-1(b).  Notice of this Motion also will be given to the Utility Companies listed on **Exhibit A** to this Motion.  The Debtor will serve copies of the Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m).  The Debtor believes that the notice provided is fair and adequate and that no further notice is necessary.

23.    In the event the Court enters an interim order granting this Motion, the Debtor proposes to serve notice of such entry on the Initial Notice Parties and all Utility Companies listed on **Exhibit A** to this Motion.  The notice will provide that any objections to the relief granted in the Interim Order must be filed with the Court and served upon counsel for the Debtor no later than seven (7) days prior to the final hearing to be held on the Motion (the "**Objection Deadline**").  If an objection is timely filed and served prior to the Objection Deadline, such objection will be heard at the final hearing on the Motion.  If no objections are timely filed and

10

served, the Debtor's counsel will file a certification of counsel to that effect attaching a final form of order.

24.    No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter interim and final orders substantially in the form attached hereto as **Exhibit B** and **Exhibit C**, respectively, granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

703998521
RLF1 7673159v.1

Dated: December 5, 2012
      Wilmington, Delaware      Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

MAYER BROWN LLP
Brian Trust
Howard S. Beltzer
Frederick D. Hyman
1675 Broadway
New York, New York  10019-5820
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*Proposed Attorneys for the Debtor
and Debtor in Possession*

12