**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC,[1] | Case No. 12-13262 (BLS) |
| Debtor. | Re: Docket No. 7 |

## INTERIM ORDER (I) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE BENEFITS, (II) AUTHORIZING CONTINUATION OF EMPLOYEE BENEFIT PLANS AND PROGRAMS POSTPETITION, AND (III) DIRECTING ALL BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS

Upon the Motion of the Debtor for an Order under Sections 105, 363, and 507 of the Bankruptcy Code (i) Authorizing Payment of Prepetition Wages, Salaries, and Employee Benefits, (ii) Authorizing Continuation of Employee Benefit Plans and Programs Postpetition, and (iii) Directing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations (the "**Motion**")[2], and the Court having reviewed the Motion and the Hofmeister Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

---

[1] The Debtor in this case is Revstone Industries, LLC (Tax I.D. No. 26-3837222). The location of the Debtor's corporate headquarters and the Debtor's address for service of process is 2250 Thunderstick Dr., Ste. 1203, Lexington, Kentucky 40505.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

704046462
RLF1 7673814v.1

2. The Debtor is authorized, but not directed, to pay, the Prepetition Employee Obligations and Employee Benefits that have accrued by virtue of the services rendered by the Employees prior to the Petition Date in an aggregate amount not to exceed $150,000 pending the entry of a final order.

3. The Prepetition Employee Obligations and Employee Benefits that the Debtor is authorized, but not directed, to pay include, without limitation: (a) unpaid prepetition wages and salaries, including, without limitation, (i) Payrolls, (ii) Employer Payroll Taxes, (iii) Deductions, (b) Reimbursable Expenses, and (c) employee health and welfare benefit claims arising before the Petition Date including, without limitation, (i) medical, dental, vision and prescription drug coverage, (ii) health savings accounts and flexible spending accounts for health and dependent care under Section 125 of the Internal Revenue Code, (iii) basic life, executive life and voluntary life insurance, (iv) AD&D insurance, (v) short-term and long-term disability benefits, (vi) counseling, (vii) a 401(k) savings plan, (viii) voluntary accident injury insurance, (ix) voluntary critical injury coverage, and (x) PTO.

4. The Debtor is authorized, but not directed, to continue to honor, pay and maintain, in its sole discretion, all of the Employee Benefits to the extent such benefits were in effect as of the Petition Date.

5. The banks and other financial institutions that process, honor and pay any and all checks on account of Prepetition Employee Obligations and Employee Benefits may rely on the representation of the Debtor as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

704046462
RLF1 7673814v.1

6. Neither this Order nor the Debtor's payment of any amounts authorized by this Order shall (a) result in any assumption of any executory contract by the Debtor, (b) result in a commitment to continue any plan, program, or policy of the Debtor, (c) be deemed an admission as to the validity of the underlying obligations or a waiver of any rights the Debtor may have to subsequently dispute such obligations, or (d) impose any administrative, prepetition, or postpetition liabilities upon the Debtor.

7. Notwithstanding any other provision of this Order, no payment by the Debtor to any individual employee shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and (a)(5), except upon further order of this Court.

8. Notwithstanding any other provisions of this Order, no payment that implicates § 503(c) of the Bankruptcy Code shall be made except upon further order of this Court.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived.

10. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

11. The Debtor is hereby authorized to take such actions as may be necessary to implement the relief granted by this Order. This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection, pending the entry of a final order by this Court.

12. The Debtor shall serve notice of the Motion (to the extent not already provided) and entry of this Order on the Initial Notice Parties and Ceridian. The notice shall provide that any objections to the relief granted in this Order must be filed with the Court and served on counsel for the Debtor no later than seven (7) days prior to the final hearing with respect to the

Motion (the "**Objection Deadline**"). In the event that no objection to this order is received by the Objection Deadline, the Debtor's counsel shall file a certification of counsel to that effect attaching a final form of order. The final hearing with respect to the Motion shall be held on January 9, 2012, at 11:00 a.m.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: December 6, 2012
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

4