IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>Re: Docket No. 8 |

### INTERIM ORDER GRANTING MOTION OF DEBTOR
### FOR ORDER AUTHORIZING DEBTOR TO CONTINUE ITS
### INSURANCE PROGRAM

Upon the motion (the "**Motion**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") for an order pursuant to Sections 105(a), and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing the Debtor to (i) continue its prepetition Insurance Program, and (ii) pay any prepetition premiums and related obligations; and the Court having reviewed the Motion and the Brown Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY **ORDERED** THAT:

1. The Motion is **GRANTED** as set forth herein on an interim basis.

2. The Debtor is hereby: (i) authorized, but not required, to maintain its Insurance Program in accordance with its prepetition practice, (ii) authorized, but not required, to pay any

---

[1] The Debtor in this case is Revstone Industries, LLC (Tax I.D. No. 26-3837222). The location of the Debtor's corporate headquarters and the Debtor's address for service of process is 2250 Thunderstick Dr., Ste. 1203, Lexington, Kentucky 40505.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

704046366
RLF1 7673037v.1

fee owed to the Broker necessary to continue the administration of the Insurance Program, and (iii) authorized, but not required, to pay any insurance premium obligations or Broker's fees that may have been due before the commencement of the Chapter 11 Case.

3. Payment of any prepetition amounts described in the foregoing paragraph 2 of this Order shall not exceed $1,000,000 pending the Final Hearing.

4. Any payment made by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligations, a waiver of any rights the Debtor may have to subsequently dispute such obligations, or an assumption of any agreements, contracts or leases under Section 365 of the Bankruptcy Code.

5. Nothing in this Order is intended or shall be construed to constitute relief from the automatic stay under Section 362 of the Bankruptcy Code.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived.

7. To the extent the fourteen-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

8. The Debtor shall serve notice of the Motion (to the extent not already provided) and entry of this Order on the Initial Notice Parties, the Carriers, and all parties that have filed prior to such service date requests for notice pursuant to Bankruptcy Rule 2002 in accordance with Local Rule 9013-1(m). The notice shall provide that any objections to the relief granted in this Order must be filed with the Court and served on counsel for the Debtor no later than seven (7) days prior to the final hearing with respect to the Motion (the "**Objection Deadline**"). In the event that no objections to this Order are received by the Objection Deadline, the Debtor's

counsel shall file a certification of counsel to that effect attaching a final form of order. The final hearing with respect to the Motion shall be held on January 9, 2012, at 11:00 a.m.

9. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order. This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection, pending the entry of a final order by this Court.

10. This Court shall retain jurisdiction to interpret and enforce this Order.

Dated: December 6, 2012
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

3

704046366
RLF1 7673037v.1