## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, | Case No. 12-13262 (BLS) |
| Debtor. | **Objection Deadline: January 2, 2013 at 4:00 p.m. (Eastern), extended for the Committee to January 7, 2013 at 10:00 a.m. (Eastern)** |
| | **Related Docket No. 6** |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF REVSTONE INDUSTRIES, LLC, TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO (I) MAINTAIN EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNT, (II) CONTINUE USE OF EXISTING CHECKS AND BUSINESS FORMS, (III) OBTAIN LIMITED WAIVER OF SECTION 345(B), AND (IV) CONTINUE INTERCOMPANY TRANSACTIONS**

The Official Committee of Unsecured Creditors of Revstone Industries, LLC (the "Committee"), by and through its undersigned proposed counsel, hereby asserts its limited objection (the "Limited Objection") to the Debtor's Motion for Interim and Final Orders Authorizing Debtor to (I) Maintain Existing Cash Management System and Bank Account, (II) Continue Use of Existing Checks and Business Forms, (III) Obtain Limited Waiver of Section 345(b), and (IV) Continue Intercompany Transactions (Docket No. 6) (the "Cash Management Motion"). In support of the Limited Objection, the Committee respectfully states as follows:

## BACKGROUND

**A.     The Bankruptcy Case**

        1.     On December 3, 2012 (the "Petition Date"), Revstone Industries, LLC ("Revstone" or the "Debtor") filed a petition for relief under Chapter 11 of 11 U.S.C. §§ 101-1532 (as amended and applicable herein, the "Bankruptcy Code") in this Court.  On that same date, a non-debtor affiliate, Spara, LLC ("Spara"), also filed a petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The two cases are not currently being jointly administered, and the Debtor has not to date requested such joint administration.

        2.     On December 6, 2012, this Court held a hearing to consider the Cash Management Motion.  At such hearing, the Court approved the relief on an interim basis, and scheduled a final hearing for January 9, 2013.

**B.     The Appointment of the Committee and Committee Actions to Date**

        3.     On December 17, 2012, the Office of the United States Trustee appointed the Committee in this bankruptcy case pursuant to Bankruptcy Code section 1102.  The Committee was appointed only in Revstone's bankruptcy case.

        4.     On that same date, the Committee selected Womble Carlyle Sandridge & Rice, LLP ("Womble") to serve as its counsel.  Thereafter, on December 19, 2012, the Committee selected FTI Consulting, Inc. ("FTI") to serve as the financial advisors for the Committee.

**LIMITED OBJECTION**

5.      The Committee does not object to the relief sought in the Cash Management Motion generally.

6.      Rather, in furtherance of its fiduciary obligations, the Committee requests that its counsel and its financial advisors be kept informed regarding matters related to relief requested in the Cash Management Motion. Specifically, the Committee requests that its counsel and financial advisors be provided with access to the Debtor's books and records in a timely manner, as well as be provided with records of all past or future intercompany transfers, transfers to non-Debtors, and transfers to non-Debtor affiliates.

7.      Moreover, the Committee has grave concerns regarding the dissipation of value through transfers by the Debtor or its affiliates to Mr. Hofmeister and his family members or their trusts. Specifically, as explained more fully in the Committee's Expedited Motion for Entry of an Order, Pursuant to Fed. R. Bankr. P. 2004 and Del. Bankr. L.R. 2004-1, Directing George Hofmeister to Produce Documents and to Appear for Deposition Upon Oral Examination (Docket No. 75), the United States District Court for the Eastern District of Kentucky, Central Division, has previously determined that Mr. Hofmeister used certain trusts for his family members, and the numerous entities owned by them, for his own personal gain.[1] The Court found that those trusts and entities (through the trusts) were regularly used to

---

[1]    See Limbright v. Hofmeister, Civ. A. No. 5:09-cv-107-KSF, 2011 U.S. Dist. LEXIS 131373, at *9-23 (E.D. Ky. Nov. 14, 2011), attached hereto as Exhibit B.

guarantee loans by Mr. Hofmeister and his wife, satisfy the Hofmeisters' personal loans and judgments, and fund lavish personal expenses, "including a home valued at $25 million and a reduction of the mortgage thereon."[2]

8.  In order to prevent any further such dissipation of value, the Committee requests that the Debtor be ordered to provide the Committee's counsel and the Committee's financial advisors with three (3) business days' prior written notice with respect to (i) any payments by the Debtor, the Debtor's parent (Ascalon Enterprises, LLC), or their subsidiaries, to or for the benefit of the Hofmeisters, Ascalon, or any Hofmeister-related entity, or (ii) any payments by the Debtor, Ascalon, or their subsidiaries, to be made outside of the United States.  The Committee further requests that the Debtor provide the business rationale along with appropriate supporting documentation with respect to any such payment, and that the Debtor be required to seek separate Court approval of any such payment in the event that the Committee objects during such period.  The Committee believes that these procedures are reasonable and necessary in order to ensure that further dissipation of value of the Debtor's assets does not occur.

9.  Finally, the Committee seeks to ensure that Intercompany Transactions (as defined in the Cash Management Motion) that are not trade related or management fee related shall be properly documented as debt in the Debtor's books and records, with a fixed repayment date and interest rate, notwithstanding any pre-petition practice to the contrary.  The Committee maintains that such proper

---

2    Id. at *19.

documentation will help ensure that the Debtor has the necessary evidentiary support to assert any claims related to such intercompany activities.

10. The Committee has proposed that the Cash Management Order be modified as identified in the blackline attached hereto as Exhibit A. To date, the Debtor has not agreed to the adoption of these proposed modifications.

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court sustain the Limited Objection, that any order granting the Cash Management Motion on a final basis be modified to reflect the changes set forth in <u>Exhibit A</u>, and that the Court grant the Committee such further relief as is just and proper.

Dated:  January 7, 2013                **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Mark L. Desgrosseilliers
Steven K. Kortanek (Del. Bar. No. 3106)
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Matthew P. Ward (Del. Bar No. 4471)
222 Delaware Avenue, Ste. 1501
Wilmington, DE  19801
Telephone:  (302) 252-4320
Facsimile:  (302) 661-7738
E-mail: skortanek@wcsr.com
E-mail: mdesgrosseilliers@wcsr.com
E-mail: maward@wcsr.com

Proposed Counsel for the Official Committee of Unsecured Creditors of Revstone Industries, LLC