IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>Objections Due: January 30, 2013 at 4:00 p.m. EST<br>Hearing Date: February 6, 2013 at 10:30 a.m. EST |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 328(a) AND 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF WOMBLE CARLYLE SANDRIDGE & RICE, LLP AS COUNSEL <u>NUNC PRO TUNC</u> TO DECEMBER 17, 2012**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor-in-possession (the "Debtor") submits this application (the "Application") for an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (as amended and applicable to the above-captioned case, the "Bankruptcy Code") and Rule 2014(a) of Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving the employment and retention of Womble Carlyle Sandridge & Rice, LLP ("WCSR"), as counsel for the Committee, <u>nunc pro tunc</u> to December 17, 2012. In support of the Application, the Committee respectfully represents as follows:

---

[1] The Debtor in this case is Revstone Industries, LLC (Tax I.D. No. 26-3837222).

## BACKGROUND

1. On December 3, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor continues to manage its properties as debtor in possession.

3. No trustee or examiner has been appointed in the Debtor's bankruptcy case.

4. On December 17, 2012, the Office of the United States Trustee appointed the Committee under Bankruptcy Code section 1102. The Committee formed by the Office of the United States Trustee for this bankruptcy case has the following 5 members:

    (a) Boston Finance Group LLC;

    (b) Schoeller Arca Systems, Inc.;

    (c) Patrick J. O'Mara;

    (d) Thule Holding, Inc.; and

    (e) Pension Benefit Guaranty Corp.

5. After its formation, on December 17, 2012, the Committee selected WCSR to serve as its counsel.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and

1409. The statutory predicates for the relief sought herein are Bankruptcy Code sections 328 and 1103. The requested relief is also appropriate pursuant to Bankruptcy Rule 2014.

## RELIEF REQUESTED

7. By this Application, the Committee respectfully requests the entry of an order, substantially in the form attached hereto, authorizing and approving the employment of WCSR as its counsel to perform services relating to the Debtor's bankruptcy case, effective as of December 17, 2012.

8. Bankruptcy Code section 328(a) empowers a committee appointed under Bankruptcy Code section 1102, with the Court's approval, to employ attorneys under Bankruptcy Code section 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

9. Pursuant to Bankruptcy Code section 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. WCSR has advised the Committee that WCSR does not represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case and does not have any disabling connections with the United States Trustee, any person employed by the Office of the United States Trustee or the Bankruptcy Judge to whom this case is assigned. Submitted herewith is the Declaration of Mark L.

3

Desgrosseilliers, Esq., a partner of WCSR, which sets forth WCSR's connections with the Debtor, its creditors, and other parties-in-interest (the "Declaration").

10. The Committee has selected WCSR because of its attorneys' experience and knowledge. The Committee believes that WCSR is well-qualified to represent the Committee in the Debtor's bankruptcy case.

11. The professional services that WCSR will provide to the Committee include, but are not limited to, the following:

(a) providing legal advice as necessary with respect to the Committee's powers and duties as an official committee appointed under Bankruptcy Code section 1102;

(b) assisting the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's businesses, potential claims, and any other matters relevant to the case, to the sale of assets, or to the formulation of a plan of reorganization or liquidation (a "Plan");

(c) participating in the formulation of a Plan;

(d) providing legal advice as necessary with respect to any disclosure statement and Plan filed in this case and with respect to the process for approving or disapproving disclosure statements and confirming or denying confirmation of a Plan;

(e) preparing on behalf of the Committee, as necessary, applications, motions, objections, complaints, answers, orders, agreements, and other legal papers;

(f) appearing in Court to present necessary motions, applications, objections, and pleadings, and otherwise protecting the interests of those represented by the Committee;

(g) assisting the Committee in requesting the appointment of a trustee or examiner, should such action be necessary; and

(h)  performing such other legal services as may be required and as are in the best interests of the Committee and creditors.

12. Subject to the Court's approval and pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other rules and procedures that this Court may fix, the Committee requests that WCSR be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that WCSR incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

13. WCSR's hourly rates are as follows:

| | |
|---|---|
| Partners | $290 - $700 |
| Of Counsel | $290 - $685 |
| Associates | $190 - $440 |
| Senior Counsel | $260 - $390 |
| Counsel | $260 - $470 |
| Paralegals | $65 - $295 |

14. The charges set forth herein are based upon actual time charges on an hourly basis and based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth are subject to periodic adjustments to reflect economic and other conditions.

15. The Committee understands that any compensation and expenses paid to WCSR must be approved by this Court upon application consistent

5

with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court respecting compensation of professionals.

16. To the best of the Committee's knowledge and subject to the Declaration submitted herewith, WCSR has informed that the Committee that it represents no other entity in connection with this case and does not hold or represent any interest adverse to the Committee with respect to the matters upon which it is to be employed.

## NOTICE

17. The Committee has provided notice of this Application to (a) the Office of the United States Trustee, (b) counsel for the Debtor, and (c) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002. The Committee submits that no other or further notice is necessary or required.

18. No previous application for relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that this Court enter an Order, substantially in the form filed herewith, authorizing the Committee to retain and employ Womble Carlyle Sandridge & Rice, LLP, as counsel to the Committee, <u>nunc</u> <u>pro</u> <u>tunc</u> to December 17, 2012, and grant such further relief as the Court deems just or proper.

Dated: January 15, 2013

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF REVSTONE INDUSTRIES, LLC

**Boston Finance Group LLC,**
solely in its capacity as Committee Chair and not in its individual capacity

LEO GOVONI

_____
Chairperson of the Committee

7