IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>Objections Due: January 30, 2013 at 4:00 p.m. EST<br>Hearing Date: February 6, 2013 at 10:30 a.m. EST |

**APPLICATION PURSUANT TO BANKRUPTCY RULE 2014(a) FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103 AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO DECEMBER 19, 2012**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor-in-possession (the "Debtor") hereby moves the Court for entry of an order under sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended and applicable herein, the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors, and employees (collectively, "FTI"), as financial advisor to the Committee. In support of this Application, the Committee respectfully states as follows:

---

[1] The Debtor in this case is Revstone Industries, LLC (Tax I.D. No. 26-3837222).

## BACKGROUND

1. On December 3, 2012 (the "Petition Date"), the Debtor filed with this Court its voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as a debtor-in-possession.

2. On December 17, 2012, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code (the "Formation Meeting"). The Committee consists of the following 5 members:

    (a) Boston Finance Group LLC;

    (b) Schoeller Arca Systems, Inc.;

    (c) Patrick J. O'Mara;

    (d) Thule Holding, Inc.; and

    (e) Pension Benefit Guaranty Corp.

On that same date, the Committee selected Womble Carlyle Sandridge & Rice, LLP as its counsel. Thereafter, on December 19, 2012, the Committee selected FTI Consulting, Inc., as its financial advisor.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code. This

Application is a core proceeding pursuant to 28 U.S.C. § 157.

## RELIEF REQUESTED

4. By this Application, the Committee seeks to employ and retain FTI pursuant to Bankruptcy Code sections 328(a) and 1103(a) to perform financial advisory services for the Committee in this chapter 11 case, nunc pro tunc to December 19, 2012.

5. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States. Further, the Committee believes that FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

6. The services to be performed by FTI will facilitate the Committee's exercise of its fiduciary duties in this bankruptcy case, including the Committee's assessment and monitoring of the efforts of the Debtor and its professional advisors to maximize the value of its estate and to reorganize successfully.

## SCOPE OF SERVICES

7. FTI will provide such financial advisory services to the Committee and its legal advisors as the Committee and such advisors deem appropriate and feasible in order to advise the Committee in the course of this

3

chapter 11 case, including but not limited to the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

- Assistance with the assessment and monitoring of the Debtor's short term cash flow, liquidity, and operating results;

- Assistance with the review of any proposed key employee retention and other employee benefit programs;

- Assistance with the review of the Debtor's analysis of core business assets and the potential disposition or liquidation of non-core assets of the Debtor;

- Assistance with the review of the Debtor's cost/benefit analysis with respect to the assumption or rejection of various executory contracts and leases;

- Assistance in the review and monitoring of any asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, and the review and quantifications of any bids;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtor, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtor, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the

economic analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtor, potential investors, banks, other secured lenders, the Committee (and any other official committees organized in this chapter 11 proceeding), the United States Trustee, and other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in this chapter 11 proceeding;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the prosecution of Committee responses/objections to the Debtor's motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Such other general business consulting or other assistance as the Committee or its counsel may deem necessary, consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

## FTI'S ELIGIBILITY FOR EMPLOYMENT

8. FTI has informed the Committee that, except as may be set forth in the Affidavit of Samuel Star (the "Star Affidavit"), filed herewith, it does not hold or represent any interest adverse to the estate, and therefore believes it is eligible to represent the Committee under Bankruptcy Code section 1103(b). To the best of the Committee's knowledge and based upon the Star Affidavit, (a) FTI's connections with the Debtor, creditors, any other party in interest, or their respective

attorneys are disclosed on Exhibit B to the Star Affidavit; and (b) the FTI professionals working on this matter are not relatives of the United States Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge for the District of Delaware. FTI has not provided, and will not provide any professional services to the Debtor, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this Chapter 11 case.

9. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

10. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

## TERMS OF RETENTION

11. FTI is not owed any amounts with respect to pre-petition fees and expenses.

12. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), orders of this Court, and guidelines established by the Office of the

United States Trustee.

13. Subject to Court approval and in accordance with Bankruptcy Code section 328(a), the Bankruptcy Rules, applicable United States Trustee guidelines, the Local Rules, FTI will seek payment for compensation on a fixed monthly basis of $85,000 per month ("Monthly Fixed Fee") and a completion fee of the greater of (i) $175,000 (the "Fixed Completion Fee") or (ii) an amount derived from a sliding scale based on recoveries resulting directly from FTI's forensic work as follows: 1% of the first $5 million, 2% of the next $5-$20 million and 3% of amounts in excess of $20 million (the "Variable Completion Fee" and collectively, the "Completion Fee"), plus reimbursement of actual and necessary expenses incurred by FTI, including legal fees related to this retention application and future fee applications as approved by the court. The Fixed Completion Fee will be considered earned and payable, subject to Bankruptcy Court approval, upon the earliest occurrence of the following: (a) confirmation of chapter 11 plan of reorganization or liquidation or (b) the sale of substantially all of the Debtor's assets. The Variable Completion Fee will be considered earned and payable, subject to Bankruptcy Court approval, upon the realization of such recoveries. FTI reserves the right to assert that the Completion Fee is earned and payable upon conversion of the chapter 11 case to a chapter 7 case.

14. The Committee acknowledges that FTI's general restructuring experience and expertise will inure to the benefit of the Committee in pursuing any restructuring and that the value to the Committee of FTI's services hereunder derives

7

in substantial part from that expertise and experience. Accordingly, the Committee believes that the structure and amount of the Monthly Fixed Fee and Completion Fee is reasonable regardless of the number of hours to be expended by FTI professionals in the performance of the services to be provided hereunder. Moreover, the Committee understands that the Completion Fee shall not be considered to be a bonus or fee enhancement under applicable law.

15. The fee structure has been agreed upon by the parties in anticipation that a substantial time commitment of professional time and effort will be required of FTI. Moreover, in negotiating this fee structure, the Committee understands that such commitment may foreclose other opportunities for FTI. Finally, the Committee understands that the actual time and commitment required of FTI and its professionals may vary from week to week or month to month, creating "peak load" issues for the firm.

16. On a monthly basis, FTI will provide hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, FTI will provide an explanation of the type of work performed.

17. FTI understands that interim and final fee awards are subject to approval by this Court.

### INDEMNIFICATION

18. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant

to the terms of this Application, FTI requests that the following indemnification provisions be approved:

    a.    subject to the provisions of subparagraphs (b) and (c) below, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    b.    the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI

The Committee believes that the Indemnification Provision is customary and

reasonable for financial advisors, both out-of-court and in chapter 11 proceedings. See, e.g., In re Harry & David Holdings, Inc., et al., No. 11-10884 (MFW) (Bankr. D. Del. May 23, 2011); In re Perkins & Marie Callender's Inc., et al., No. 11-11795 (KG) (Bankr. D. Del. Aug. 2, 2011); see also, In re Joan & David Halpern, Inc., 246 B.R. 42 (Bankr. S.D.N.Y. 2000).

## NOTICE

19. Notice of this Application has been given to (i) the Debtor; (ii) the Office of the United States Trustee; and (iii) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no other or further notice is required.

## NO PRIOR REQUEST

20. No prior Application for the relief requested herein has been made to this Court or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisor for the Committee for the purposes set forth above, <u>nunc</u> <u>pro</u> <u>tunc</u> to December 19, 2012, and grant such further relief as is just and proper.

Dated:  January 15, 2013

                THE OFFICIAL COMMITTEE OF
                UNSECURED CREDITORS OF
                REVSTONE INDUSTRIES, LLC

                **Boston Finance Group LLC,**
                solely in its capacity as Committee Chair and
                not in its individual capacity

                MR. LEO GOVONI
                _(signature)_
                Chairperson of the Committee