IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SPARA, LLC, | ) | Case No. 12-13263 (BLS) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GREENWOOD FORGINGS, LLC, | ) | Case No. 13-10027 (BLS) |
| | ) | |
| Debtor, | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| US TOOL AND ENGINEERING, LLC, | ) | Case No. 13-10028 (BLS) |
| | ) | |
| Debtor, | ) | |

**MOTION OF THE DEBTORS FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move (the "Motion") the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

**Background**

3. On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC and Spara, LLC. No committee has been appointed in the cases of Greenwood Forgings, LLC and US Tool and Engineering, LLC. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

5. The Debtors and their affiliates (collectively referred to herein as the "Company") are premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-performance products and processes. The Company is also a premier designer, manufacturer and supplier of components for the global aerospace, energy, military, defense and transportation industries. Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

6. The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012 and incorporated herein by reference.

### Requested Relief

7. By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only. The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint administration as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

8. In addition, the Debtors request that the Court direct the Clerk to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 12-13262 (BLS) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Revstone Industries, LLC, Case No. 12-13262; Spara, LLC, Case No. 12-13263; Greenwood Forgings, LLC, Case No. 13-10027; and US Tool and Engineering, LLC, Case No. 13-10028.

9. Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

### Basis for Relief

10. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is permissible. *See* Fed. R. Bankr. P. 1015(b). Additionally, Rule 1015-1 of the Local Rules

4

permits entry of such an order without notice or a hearing so long as the Debtors demonstrate that such treatment is warranted.

11.  Joint administration is warranted in these chapter 11 cases because (a) the Debtors' financial affairs and business operations are closely related, (b) such administration will ease the administrative burden on the Court and other parties, and (c) joint administration will protect creditors from lurking conflicts of interest.

12.  With respect to the proximity of relations, the Debtors are under common ownership and management. They also share many creditors and parties in interest. As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice. *See, e.g., In re Visteon Corp.*, 09-11786 (CSS) (Bankr. D. Del. 2009) (jointly administering the cases of 31 affiliated debtor entities); *In re Source Interlink Cos.*, 09-11424 (KG) (Bankr. D. Del. 2009) (jointly administering the cases of 18 affiliated debtor entities).

13.  The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With four affiliated debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

14.  Joint administration will permit the Clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by

ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

15. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 6 of this Motion.

16. The Debtors submit that use of the simplified caption, without reference in the caption to the additional Debtors and their states of incorporation, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

17. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights, nor shall such relief be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

## Notice

18. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) counsel to the Debtors' prepetition secured lenders; (iii) counsel to the Committee; and (iv) those parties that

have requested service under Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only (b) directing the Clerk to make the docket entries set forth herein, and (c) granting such other and further relief is proper.

Dated: January 26, 2013

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       tcairns@pszjlaw.com

[Proposed] Counsel to the Debtor and Debtor in Possession