IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>Objections Due: February 19, 2013 at 4:00 p.m. ET<br>Hearing Date: March 19, 2013 at 2:00 p.m. ET |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 PERMITTING THE COMMITTEE TO FILE TEMPORARILY UNDER SEAL THE COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPOINT A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §§ 1104(a)(1) AND 1104(a)(2)**

The Official Committee of Unsecured Creditors (the "Committee") of Revstone Industries, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned proposed counsel, hereby moves (the "Motion to Seal") for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") permitting the Committee to file temporarily under seal the Committee's Memorandum of Law in Support of Motion of the Official Committee of Unsecured Creditors to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a)(1) and 1104(a)(2) in the form attached hereto as Exhibit 1 (the "Trustee Memorandum"). In support thereof, the Committee respectfully states as follows:

---

[1] The Debtor in this case is Revstone Industries, LLC (Tax I.D. No. 26-3837222).

1

## PRELIMINARY STATEMENT

1.     The Committee believes that bankruptcy proceedings should be open and publicly accessible. Accordingly, it is with reluctance that the Committee files this Motion to Seal. However, the Committee cannot reasonably ascertain at this juncture the extent to which it may permissibly disclose certain information in the Trustee Memorandum because such information is based on the limited documents that have been produced to the Committee, some of which has been designated as "confidential" or "professional eyes only." The Committee has considered filing a redacted version of the Trustee Memorandum, but nonetheless has the same concerns. Contemporaneously, with filing this Motion to Seal, proposed Committee counsel is sending a written demand to the Debtor that it provide reasonable proposed redactions to the Trustee Memorandum, or consent to file the Trustee Memorandum publicly in its entirety.

2.     Accordingly, out of an abundance of caution, the Committee is compelled to file this Motion to Seal seeking authority to file the Trustee Memorandum temporarily under seal. The Committee would hope that, once the Debtor has had an opportunity to review the Trustee Memorandum and the exhibits attached thereto, it will agree that its contents are not confidential, and that they may be filed on the public docket.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 107(b). Relief also is warranted pursuant to Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

### I. General Case Background

4. On December 3, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor continues to operate its business and manage its property as debtor in possession.

5. On December 17, 2012, the Office of the United States Trustee appointed the Committee pursuant to Bankruptcy Code section 1102(a)(1). The Committee selected and authorized the employment of Womble Carlyle Sandridge & Rice, LLP as its counsel and FTI Consulting, Inc. as its financial advisor.

6. To date, no trustee or examiner has been appointed in the Debtor's bankruptcy case (the "Chapter 11 Case").

### II. Filing of Related Cases

7. Also on the Petition Date, a related entity, Spara, LLC ("Spara"), filed a petition under chapter 11 of the Bankruptcy Code. See petition of Spara, LLC (Case. No. 12-13263).

8. Since the Petition Date, two (2) affiliates of the Debtor have also filed petitions under chapter 11 of the Bankruptcy Code, without any advance notice to the Committee. See petitions of Greenwood Forgings, LLC (Case No. 13-10027) and U.S. Tool & Engineering, LLC (Case No. 13-10028).

9. A motion for joint administration of all of the aforementioned cases is pending.

## RELIEF REQUESTED

10. By this Motion to Seal, the Committee requests authority to file the Trustee Memorandum temporarily under seal, pending a further order of the Court.

## BASIS FOR RELIEF

11. While Bankruptcy Code Section 107(a) contemplates public access to materials filed in connection with bankruptcy cases, Bankruptcy Code Section 107(b) contemplates an exception to the general rule. More specifically, it provides that "on request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to . . . confidential . . . commercial information." 11 U.S.C. § 107(b). Moreover, Bankruptcy Rule 9018 permits a party in interest, such as the Committee, to file a motion seeking to file documents under seal. See Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of . . . confidential . . . commercial information . . . .").

12. Additionally, Bankruptcy Code Section 105(a) gives the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." See 11 U.S.C. § 105(a).

13. The Trustee Memorandum that is requested to be filed temporarily under seal includes certain information that the Committee received on a "professional eyes only" and/or "confidential" basis. Accordingly, the Debtor may assert that such information is confidential. The Committee does not believe that the information contained in the Trustee Memorandum is confidential, and instead thinks that such information should be disclosed publicly. However, based on the manner in which the Committee received certain of the

information, the Committee has requested permission to file the Trustee Memorandum under seal temporarily, pending a further order of this Court.

14. In connection herewith, the Committee has provided an unsealed copy of the Trustee Memorandum only to (i) the Court; (ii) the Debtor, (iii) counsel for the Debtor; and (iv) the Office of the United States Trustee. The Committee believes that, under the particular circumstances and the constraints placed upon the Committee by the Debtor, such notice is sufficient and that no further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Committee respectfully requests the entry of an order: (a) permitting the Committee to file the Trustee Memorandum temporarily under seal, and (b) granting the Committee such further relief as is just and proper.

Dated: February 4, 2013
**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Matthew P. Ward
Steven K. Kortanek (Del. Bar No. 3106)
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Matthew P. Ward (Del. Bar No. 4471)
222 Delaware Avenue, Ste. 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 661-7738
E-mail: skortanek@wcsr.com
E-mail: mdesgrosseilliers@wcsr.com
E-mail: maward@wcsr.com

*Proposed Counsel for the Official Committee of Unsecured Creditors of Revstone Industries, LLC*

5

WCSR 7640668v2