IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD**<br><br>Related Case: 13-10028; Docket No. 21 |

**BOSTON FINANCE GROUP, LLC'S MOTION FOR EXPEDITED CONSIDERATION OF ITS MOTION FOR MODIFICATION OF THE AUTOMATIC STAY AND FOR ADEQUATE PROTECTION**

Boston Finance Group LLC ("BFG"), by and through its undersigned counsel, hereby requests the entry of an order, pursuant to section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening notice to permit a hearing to be held not later than the next scheduled hearing in these jointly administered cases on February 21, 2013 at 12:00 p.m (Eastern) (the "Hearing") with an objection deadline of at least 48 hours prior to the Hearing. In support of this Motion (the "Motion to Shorten"), BFG respectfully states as follows:

1. Local Rule 9006-1(c)(i) provides that motion papers shall be filed and served at least fourteen (14) days (with three days added if service is by mail) prior to the hearing date with respect to the motion. See Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e), however,

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

EAST\55042537.11

provides that the Court may shorten the notice period upon a motion that sets forth the exigencies that justify the shortened notice. See Del. Bankr. L.R. 9006-1(e); see also Fed. R. Bankr. P. 9006(c)(1) (permitting court to shorten notice "for cause shown"). For the reasons set forth below, BFG believes that shortened notice, requested by this Motion to Shorten, is appropriate and justified under the circumstances presented.

2. On January 7, 2013 (the "Petition Date"), US Tool & Engineering, LLC (the "Debtor" or "US Tool") filed a voluntary petition for relief (the "US Tool Chapter 11 Case") under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On December 3, 2012, Revstone Industries, LLC ("Revstone" and "Revstone Chapter 11 Case") and Spara, LLC ("Spara" and "Spara Chapter 11 Case") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On January 7, 2013, Greenwood Forgings, LLC ("Greenwood" and together with Revstone and Spara, the "Debtor Affiliates") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Greenwood Chapter 11 Case" and together with the US Tool Chapter 11 Case, the Spara Chapter 11 Case and the Revstone Chapter 11 Case, the "Chapter 11 Cases").

5. On January 28, 2013 the Debtor Affiliates and the Debtor each filed a motion requesting joint administration of the Chapter 11 Cases (the "Joint Administration Motion").

6. On February 6, 2013 this Court entered an order granting the Joint Administration Motion and authorizing joint administration of the Chapter 11 Cases for procedural purposes only (the "Joint Administration Order").

7. This court had previously scheduled a hearing in the Greenwood Chapter 11 Case for February 21, 2013 at 12:00p.m.(Eastern) (the "Greenwood Hearing Date").

8. On February 04, 2013 BFG filed its Motion for Modification of the Automatic Stay and for Adequate Protection (the "Adequate Protection Motion") in the US Tool Case to protect its interests, as more fully described therein, in certain collateral (the "Collateral") owned by the Debtor. See In re US Tool & Engineering, LLC, Case No. 13-10028 (BLS), Docket No. 21. At the time of filing, the Adequate Protection Motion was intended for a hearing date of March 19, 2013 with an objection deadline on March 12, 2013, because the Joint Administration Order had not yet been entered. Following entry of the Joint Administration Order, the Greenwood Hearing Date could be perceived as the next omnibus date in the now jointly administered Chapter 11 Cases, and would have been the appropriate date for a hearing on the Adequate Protection Motion. Furthermore, a hearing on March 19, 2013 exceeds the 30 days contemplated by 11 U.S.C. §362(e).

9. In addition, the Debtor has ceased operations and, upon information and belief, there is no intention of the Debtor or its Affiliates to restart operations, rather Debtor's intent is to sell its assets.

10. Upon information and belief, the landlord of the Debtor's former operating facility (the "Facility") in Lansing, Michigan has foreclosed on the mortgage secured by the Facility. The Facility mortgagee now owns and possesses the Facility.

11. The Collateral is being held in the Facility and is not under the Debtor's control.

12. Upon information and belief, no electricity or heat is being provided to the Facility, which is likely to cause and will continue to cause increasing damage to the machinery and equipment representing the Collateral, held within the Facility. BFG is willing to protect is Collateral through protective advances, but is insecure about its ability to do so in a timely fashion.

13. Without immediate relief, the lack of electricity and heat in, as well as the change in ownership of, the Facility at which the entirety of BFG's Collateral is stored and maintained threatens continuous and ongoing damage to the Collateral and impairment to its value and, further, threatens to diminish the value of US Tool's assembled plant, harming the interests of BFG and US Tool's other creditors.

14. Upon information and belief, the Debtor has taken no action to secure the equipment, or to seek to dispose of the Collateral and has no money to do so. On Feb 12, 2013, Debtor's counsel advised that Huron Consulting and Debtor's in-house counsel were seeking buyers for the Collateral, but provided no details or credentials to market, nor details of the marketing and sales process or a possible timeline.

15. The Debtor cannot adequately protect BFG's interests in the Collateral and continuing delay is only burdening BFG, while benefiting no party.

16. Accordingly, BFG seeks an order of this Court shortening notice so that the Adequate Protection Motion may be heard at the Greenwood Hearing Date. Such shortened notice is appropriate in order to allow this Court to hear and determine all of the issues presented by the Adequate Protection Motion and to stop the ongoing damage to the Collateral.

WHEREFORE, BFG respectfully requests that this Court enter an order substantially in the form affixed hereto as <u>Exhibit 1</u> (i) scheduling a hearing with respect to the Adequate Protection Motion on February 21, 2013, at 12:00 p.m. (Eastern), (ii) scheduling an objection deadline of 48 hours prior to the Hearing, and (iii) granting BFG such other and further relief as is just and proper.

Dated: February 12, 2013

/s/Stuart M. Brown
Stuart M. Brown (DE 4050)
R. Craig Martin (DE 5032)
**DLA PIPER LLP (US)**
919 N. Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com
craig.martin@dlapiper.com

-and-

Gregg M. Galardi (DE 2991; NY 4535506)
Sarah Castle (NY 4932240)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: gregg.galardi@dlapiper.com
sarah.castle@dlapiper.com

*Counsel to Boston Finance Group, LLC*