IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: March 12, 2013 at 4:00 p.m. prevailing Eastern time**
**Hearing Date: March 19, 2013 at 2:00 p.m. prevailing Eastern time**

**APPLICATION PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO JANUARY 17, 2013**

Revstone Industries, LLC, the chapter 11 debtors and debtors in possession (the

"Debtors") hereby seeks entry of an order pursuant to section 327(a) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR")

authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or

the "Firm") as counsel for the Debtors *nunc pro tunc* to January 17, 2013 (the "Application"). In

support of the Application, the Debtors relies on (i) the *Statement Under Rule 2016 of the*

*Federal Rules of Bankruptcy Procedure*, and (ii) the *Affidavit of Laura Davis Jones in Support of*

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are:  Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY  40505.

*the Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal*

*Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain*

*Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc*

*Pro Tunc to January 17, 2013* (the "Jones Affidavit"), which are being submitted concurrently

with the Application.  In support of this Application, the Debtors respectfully state the following:

## Jurisdiction

1.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334, as is venue

pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2).

2.      The statutory bases for the relief sought herein are sections 327(a) of the

Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1.  Compensation

will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## Background

3.      On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC

commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.  On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering,

LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.  The Debtors have continued in the possession of their property and have

continued to operate and manage their business as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2012 the United States Trustee appointed an Official

Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC

and Spara, LLC.  No committee has been appointed in the cases of Greenwood Forgings, LLC

and US Tool and Engineering, LLC.  No trustee or examiner has been appointed in any of the

Debtors' chapter 11 cases.

5.      The Debtors and their affiliates (collectively referred to herein as the

"Company") are premier designers and manufacturers of highly engineered components for

automotive and other industrial sectors focusing on case and formed metals, tooling, and high-

performance products and processes.  The Company is also a premier designer, manufacturer and

supplier of components for the global aerospace, energy, military, defense and transportation

industries.  Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and

molding of various types of ferrous and non-ferrous metals, as well as the performance of

precision machining and fabrication.

6.      The factual background relating to the commencement of the chapter 11

case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in*

*Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012 and

incorporated herein by reference.

**Relief Requested**

7.      By this Application, the Debtors seek to employ and retain PSZ&J as their

restructuring counsel with regard to the filing and prosecution of these chapter 11 cases and all

related proceedings.  Accordingly, the Debtors respectfully request that this Court enter an order

DOCS_DE:185380.3 73864/001

pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule

2014-1 authorizing them to employ and retain PSZ&J as their bankruptcy counsel under a

general retainer to perform the legal services that will be necessary during these chapter 11 cases

pursuant to the terms set forth in the Application and the Jones Affidavit *nunc pro tunc* to

January 17, 2013.

8.      The Debtors seek to retain PSZ&J as counsel because of the Firm's

extensive experience and knowledge in the field of debtors' and creditors' rights and business

reorganizations under chapter 11 of the Bankruptcy Code.  In preparing for their representation

of the Debtors in these cases, PSZ&J has become familiar with the Debtors' affairs and many of

the potential legal issues which may arise in the context of these chapter 11 cases.

9.      The professional services that PSZ&J will provide include, but shall not be

limited to:

a.      providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of the businesses and management of its property;

b.      preparing on behalf of the Debtors any necessary applications, motions, answers, orders, reports, and other legal papers;

c.      appearing in Court on behalf of the Debtors;

d.      preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

e.      performing other legal services for the Debtors that may be necessary and proper in these proceedings.

10.     Subject to Court approval in accordance with section 330(a) of the

Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  The

4

principal attorneys and paralegals presently designated to represent the Debtors and their current

standard hourly rates are:

| | | |
|---|---|---|
| a. | Laura Davis Jones | $975.00 |
| b. | Alan J. Kornfeld | $895.00 |
| c. | David M. Bertenthal | $825.00 |
| d. | Maxim Litvak | $750.00 |
| e. | Timothy P. Cairns | $575.00 |
| f. | Monica Molitor | $295.00 |

11.     Other attorneys and paralegals may serve the Debtors in connection with

the matters described herein from time to time.

12.     The hourly rates set forth above are PSZ&J's standard hourly rates for

work of this nature.  These rates are set at a level designed to fairly compensate PSZ&J for the

work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are

subject to periodic adjustments necessitated by market and other conditions.  Beyond the rates

listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with the

clients' cases.  These expenses include, among other things, conference call charges, mail and

express mail charges, special or hand delivery charges, document retrieval charges,

photocopying charges, charges for mailing supplies (including, without limitation, envelopes and

labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses,

expenses for "working meals," computerized research, and transcription costs, as well as non-

ordinary overhead expenses such as secretarial and other overtime.  PSZ&J will charge the

Debtors for these expenses in a manner and at rates consistent with those charged to other

DOCS_DE:185380.3 73864/001

PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

13.    To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Affidavit submitted concurrently herewith, PSZ&J has not represented the Debtors, its creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or the estates.

14.    To the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and the estates.

15.    Prior to commencing its work in these cases, PSZ&J received a $100,000 payment from Contech Casting, LLC and a $250,000 payment from Revstone Transportation, LLC, two non-debtor affiliates, for a total retainer amount of $350,000 (the "Retainer"). PSZ&J shall apply its retainer to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

16.    The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the effective date of its retention.

DOCS_DE:185380.3 73864/001

17.     The Debtors, subject to the provisions of the Bankruptcy Code, the
Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay PSZ&J its
customary hourly rates for services rendered that are in effect from time to time, as set forth
above and in the Jones Affidavit, and to reimburse PSZ&J according to its customary
reimbursement policies, and submits that such rates are reasonable.

### Notice

18.     Notice of this Motion has been given to the following parties or, in lieu
thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) counsel to the
Debtors' prepetition secured lenders; (iii) counsel to the Committee; and (iv) those parties that
have requested service under Bankruptcy Rule 2002. The Debtors submit that, in light of the
nature of the relief requested, no other or further notice need be given.

### No Prior Request

19.     No prior request for the relief sought in this Application has been made to
this Court or any other court.

7

WHEREFORE, the Debtors respectfully request that the Court grant the

Application in all respects, and grant such other and further relief it deems just and proper.


Dated: February _13_, 2013

                                        **Revstone Industries, LLC et al.**

                                        By: _____
                                                John DiDonato
                                        Title:   Chief Restructuring Officer

DOCS_DE:185380.3 73864/001