IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC,[1] | Case No. 12-13262 (BLS) |
| Debtor. | Related Docket Nos. 122 and 161 |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103 AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>NUNC PRO TUNC</u> TO DECEMBER 19, 2012**

Upon the application (the "Application")[2] of the Committee for an order pursuant to Bankruptcy Code sections 328(a) and 1103, authorizing the retention of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors, and employees (collectively, "FTI"), as the Committee's financial advisor; and upon the Affidavit of Samuel Star in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any adverse interest in connection with this case; and it appearing that the relief requested in the Application is in the best interest of the Committee; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

ORDERED that the Application be, and it hereby is, GRANTED; and

---

[1] The Debtor in this case is Revstone Industries, LLC (Tax I.D. No. 26-3837222).
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

it is further

ORDERED that in accordance with Bankruptcy Code section 1103, the Committee is authorized to employ and retain FTI, nunc pro tunc to December 19, 2012, as the Committee's financial advisor on the terms set forth in the Application; and it is further

ORDERED that to the extent accrued during their retention, FTI shall receive (a) its Monthly Fixed Fee and Completion Fee as specified in the Application, and (b) reimbursement of FTI's expenses; and it is further

ORDERED that on a monthly basis, FTI will submit fee applications along with reasonably detailed time records in .5 increments containing descriptions of those services rendered for the Committee on a daily basis, and the individuals that provided those services; and it is further

ORDERED that FTI's Monthly Fixed Fee and Completion Fee shall be subject to the standard of review provided in Bankruptcy Code section 328(a); provided however, this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the Debtor to challenge the reasonableness of FTI's Variable Completion Fee under Bankruptcy Code sections 330; provided further however, this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the Office of the United States Trustee to challenge the reasonableness of FTI's compensation under Bankruptcy Code sections 330 and 331, or FTI's right to be retained in future unrelated cases and the terms and conditions of any such

retention(s). Accordingly, nothing in this Order or the record made in connection with the entry of this Order shall constitute a finding of fact or conclusion of law binding on the Office of the United States Trustee, on appeal or otherwise, with respect to the reasonableness of FTI's compensation; and it is further

ORDERED that FTI is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and future fee applications as approved by the court; and it is further

ORDERED that the following indemnification provisions are approved:

    a.    subject to the provisions of subparagraphs (b) and (c) below, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    b.    the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from FTI's bad faith, gross negligence or willful misconduct, (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on

account of the Debtor's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI; and it is further

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: February _15_, 2013

The Honorable Brendan L. Shannon
United States Bankruptcy Judge