**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 12-13262 (BLS) |
| REVSTONE INDUSTRIES, LLC, et al., | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 166 & 183** |
| Debtors. | ) | |

**OBJECTION OF COMVEST CAPITAL II, L.P. TO
MOTIONS TO FILE UNDER SEAL**

Comvest Capital II, L.P. ("Comvest"), by and through its undersigned counsel, hereby objects (the "Objection") to the *Motion of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1 Permitting the Committee to File Temporarily Under Seal the Committee's Memorandum of Law in Support of Motion of the Official Committee of Unsecured Creditors to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a)(1) and 1104(a)(2)* (Docket No. 166, the "Committee Motion to Seal") and the *Motion of Boston Finance Group, LLC to File Under Seal the Omnibus Objection of Boston Finance Group, LLC to Entry of Final Orders on Debtor's First Day Motions* (Docket No. 183, the "BFG Motion to Seal"; and together with the Committee Motion to Seal, the "Motions to Seal").[1] In support of its Objection, Comvest hereby respectfully states as follows:

---

[1] The BFG Motion to Seal was filed on February 11, 2013 without a notice setting it for hearing or providing an objection deadline.  It appears that on February 13, 2013, the Court entered an Order approving the BFG Motion to Seal prior to a hearing on said motion (Docket No. 193).  Comvest respectfully requests that the Court consider this Objection as timely and to the extent necessary, deem this Objection to be a motion for reconsideration or vacatur of the Order or a motion to unseal.

## **OBJECTION**

1. While the Motions to Seal may have been filed as a precautionary measure to prevent disclosure of information contained in documents produced by and designated by the Debtors as "confidential" or "professional eyes only," the Motions to Seal fail to establish good cause that the information is protected from disclosure under Section 107 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

2. Section 107(a) of the Bankruptcy Code provides, in pertinent part, that subject to certain limitations, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). Parties seeking to deny public access to court documents must overcome a strong presumption. *See, e.g., Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 334 (3d Cir. 1986); *U.S. v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984) ("The common law right of access is not limited to evidence, but rather encompasses all judicial records and documents") (internal quotations omitted).

3. The bankruptcy process is heavily dependent upon creditor participation, which requires full disclosure of a debtor's affairs. *See In re Alterra Healthcare Corp.*, 353 B.R. 66, 74 (Bankr. D. Del. 2006). Comvest, therefore, objects to the Motions to Seal to the extent they exclude from public access and from parties-in-interest disclosure of information not protected under Section 107 of the Bankruptcy Code and information necessary for parties-in-interest to evaluate the merits of the motions being filed under seal.

4. Accordingly, for these and other reasons, Comvest Capital II, L.P. hereby requests that the Court deny the Committee Motion to Seal and the BFG Motion to Seal.

Dated: February 18, 2013
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Robert J. Dehney*
Robert J. Dehney (Bar No. 3578)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200

-and-

Randall L. Klein
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone: (312) 201-4000

*Attorneys for Comvest Capital II, L.P.*