
IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket No. 8[2]** |

**REPLY OF GREENWOOD FORGINGS, LLC IN SUPPORT OF
DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS:
(A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL PURSUANT
TO 11 U.S.C. §§ 105 AND 363(c)(2); (B) GRANTING ADEQUATE
PROTECTION PURSUANT TO 11 U.S.C. § 361; (C) MODIFYING THE AUTOMATIC
STAY PURSUANT TO 11 U.S.C. § 362; AND (D) SCHEDULING A FINAL
HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Greenwood Forgings, LLC, one of the above-captioned debtors and debtors in possession (the "Debtor"), hereby submits this reply in support of the *Debtor's Motion For Interim And Final Orders: (A) Authorizing Debtor To Use Cash Collateral Pursuant To 11 U.S.C. §§ 105 And 363(C)(2); (B) Granting Adequate Protection Pursuant To 11 U.S.C. § 361; (C) Modifying The Automatic Stay Pursuant To 11 U.S.C. §362; And (D) Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001* (the "Motion"), and respectfully states as follows:

## Background

1. The Debtor commenced its voluntary chapter 11 case on January 7, 2013. The Debtor continues to operate its business as a debtor in possession. No trustee or examiner

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Docket No. 8 was filed in the bankruptcy case of Greenwood Forgings, LLC, Case No. 13-10027 (BLS), prior to entry of an order jointly administering the Debtors' cases.

has been sought in the Debtor's case. There has been no official committee appointed in the case to date.

2. The Debtor filed the Motion on January 9, 2013.

3. On January 14, 2013, the Court entered the *First Interim Order (A) Authorizing Debtor To Use Cash Collateral Pursuant To 11 U.S.C. §§105 And 363(C)(2); (B) Granting Adequate Protection Pursuant To 11 U.S.C. §361; (C) Modifying The Automatic Stay Pursuant To 11 U.S.C. §362; And (D) Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001* (the "First Interim Cash Collateral Order").

4. On January 25, 2013, the Court entered the *Second Interim Order (A) Authorizing Debtor To Use Cash Collateral Pursuant To 11 U.S.C. §§105 And 363(C)(2); (B) Granting Adequate Protection Pursuant To 11 U.S.C. §361; and (C) Modifying The Automatic Stay Pursuant To 11 U.S.C. §362* (the "Second Interim Cash Collateral Order"). The Debtor has been authorized to use up to $950,000 in cash through February 21, 2013, inclusive of amounts authorized under the First Interim Cash Collateral Order and the Second Interim Cash Collateral Order. The term of the Second Interim Cash Collateral Order expires on February 21, 2013.

5. The Debtor has two principal secured creditors, Bridgeport Capital Funding, LLC ("Bridgeport") and Boston Finance Group LLC ("BFG"), both of which assert an interest in the Debtor's cash collateral. Bridgeport's interests in cash collateral are senior to any interests of BFG and are based on a prepetition factoring agreement pursuant to which Bridgeport collects the Debtor's accounts receivable. Bridgeport also asserts a senior lien on all of the Debtor's other assets, which lien is subordinate to BFG only as to certain machinery and equipment. BFG's interests in cash collateral are based on prepetition garnishments that BFG

DOCS_SF:82602.2 73864-001

served on certain of the Debtor's customers. The Debtor disputes that BFG has a valid interest in the Debtor's cash based on such garnishments. BFG also asserts a senior lien against the Debtor's machinery and equipment and the proceeds thereof.

6. Under the First Interim Cash Collateral Order and the Second Interim Cash Collateral Order, Bridgeport has continued to collect the proceeds of the Debtor's cash collateral and has been authorized to apply one-half of such collections against the Debtor's outstanding prepetition obligations to Bridgeport. To date, the Debtor estimates that Bridgeport has collected approximately $750,000 in postpetition proceeds of accounts receivable and is currently holding sufficient proceeds to satisfy the Debtor's obligations in full. However, a final reconciliation between the Debtor and Bridgeport has yet to be completed and Bridgeport remains subject to the possible assertion of a lien challenge pursuant to the terms of the Second Interim Cash Collateral Order.

7. BFG has filed an objection to the entry of a final order on the Motion pending the Debtor's ability to secure financing or to effectuate an exit strategy. The Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the case of the Debtor's affiliate, Revstone Industries, LLC, has filed a reservation of rights with respect to the Motion, while requesting an opportunity to review any orders on the Motion. The Debtor's reply to these filings is set forth below.

## **Reply**

8. The Debtor is in the process of winding up its remaining business operations with one customer. The Debtor is also in the midst of ongoing negotiations with one potential customer for additional work. In the event that no such additional work is secured, the

Debtor intends to furlough its employees while maintaining its operational capability in an effort to consummate a "turnkey" sale of its business.

9. The Debtor has actively marketed its assets for months prior to the commencement of this case. The Debtor has reached an agreement in principle with one buyer to acquire the Debtor's assets. The parties are currently in the midst of negotiations over the terms of a definitive asset purchase agreement. If and when agreement is reached, the Debtor will seek approval of the sale under section 363 of the Bankruptcy Code.

10. The Debtor believes that a "turnkey" sale – one in which the buyer can quickly re-hire employees and re-start operations – will bring substantially greater value to the estate than a piecemeal liquidation of the Debtor's assets. The Debtor has customers that it believes are ready and willing to submit orders to the company, but will do so only when a financially capable owner is in place. Until then, the Debtor intends to (a) finalize the work that it has in-house, (b) accept any new customer work that becomes available, and (c) otherwise maintain its operational capacity to effectuate a "turnkey" sale that will maximize value.

11. Based on the foregoing circumstances, the Debtor seeks to use cash collateral pursuant to the terms of the thirteen-week budget (the "Budget") attached hereto as **Exhibit A**, as such Budget may be supplemented or amended. Further, the Debtor proposes that the Court enter the form of final cash collateral order approving the Motion (the "Final Cash Collateral Order") attached hereto as **Exhibit B**. A redline version of the proposed Final Cash Collateral Order compared against the Second Interim Cash Collateral Order is attached hereto as **Exhibit C**. As noted, the Debtor disputes that BFG has any interest in cash collateral, but to the extent that it does, BFG will be adequately protected by allowing the Debtor to conclude a

sale process that is focused on maximizing value for all constituents.

12. The Debtor submits that the expenditures set forth in the Budget, consistent with the terms of the proposed Final Cash Collateral Order, will provide the Debtor with the necessary financing to effectuate a "turnkey" sale of the estate's assets and to do so in a reasonable time frame, while satisfying all chapter 11 administrative expenses. For these reasons, the Debtor urges the Court to enter the Final Cash Collateral Order in the form presented.

Dated: February 19, 2013

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
Maxim B. Litvak (CA Bar No. 215852)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       akornfeld@pszjlaw.com
       mlitvak@pszjlaw.com
       tcairns@pszjlaw.com

[Proposed] Counsel for Greenwood Forgings, LLC

DOCS_SF:82602.2 73864-001