IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Revstone Industries, LLC, et al., | : | Case No. 12-13262 (BLS) |
| | : | |
| | : | **Obj. Deadline: February 20, 2013 at 4:00 p.m.**[1] |
| Debtors. | : | **Hearing Date: March 19, 2013 at 2:00 p.m.** |
| | | **Related to Docket No. 166** |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PERMITTING THE COMMITTEE TO FILE TEMPORARILY UNDER SEAL THE COMMITTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPOINT A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §§ 1104(a)(1) AND 1104(a)(2)**

In support of her objection to the Motion Of The Official Committee Of Unsecured Creditors Permitting The Committee To File Temporarily Under Seal The Committee's Memorandum Of Law In Support Of Motion Of The Official Committee Of Unsecured Creditors To Appoint A Chapter 11 Trustee Pursuant To 11 U.S.C. §§ 1104(a)(1) And 1104(a)(2), (the "Motion"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1.      This Court has jurisdiction to hear this Objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").   This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.   *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir.

---

[1] The objection deadline was extended by agreement of the parties.

1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes

beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898

F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard

to this Objection.

## BACKGROUND

**The Debtors' Cases**

4.      On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC filed

voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code").

5.      On December 17, 2012, an official committee of unsecured creditors (the

"Committee") was appointed in the Revstone Industries, LLC case.

6.      On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and

Engineering, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.      On February 6, 2013, each of the Debtors' cases were jointly administered by order

of this Court.

8.      The Debtors continue to operate their business and manage their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The Motion**

9.      In the Motion, filed on February 4, 2013, the Committee requests that the Court

enter an order temporarily sealing the Memorandum of Law in Support of Motion of the Official

Committee of Unsecured Creditors to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §§

1104(a) and 1104(a)(2) (the "Trustee Memorandum").   The Motion of the Official Committee of

2

Unsecured Creditors to Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a) and 1104(a)(2) is set for hearing on March 19, 2013 (the "Trustee Motion").

10.     The basis for the Motion is that the Trustee Memorandum contains information based on documents produced to the Committee, some of which were designated as "confidential" or "professional eyes only."    Although acknowledging that the entire Trustee Memorandum could be filed publicly, or at least a redacted version, the Committee filed the Motion in an abundance of caution.

11.     It is the position of the United States Trustee that sealing of the entire Trustee Memorandum is not supported by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.    Prior to filing this Objection, the United States Trustee requested that the Committee and Debtors work together to expeditiously identify the portions that may be filed on the public docket.   The U.S. Trustee understands that this process is currently underway.   However, the U.S. Trustee believes that the Motion should be addressed well before the scheduled March 19, 2013 hearing.   The U.S. Trustee therefore requested that the Debtors list the Motion for a status conference at the February 21, 2013 hearing.

**Argument**

12.     The Committee seeks to have the entire Trustee Memorandum placed under seal. While certain portions of the document may arguably contain confidential commercial information, the Committee has not specifically demonstrated which portions of the document fall within the parameters set forth in section 107(b).

13.      The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978): "It is clear that the courts of this country recognize a general right to inspect and

copy public records and documents, including judicial records and documents."   Unanimity in the case law demonstrates that there is common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24 (2d Cir. 1994), the court stated the general rule as: "....a strong presumption of public access to court records... This preference for public access is rooted in the public's first amendment right to know about the administration of justice.   It helps safeguard the 'integrity, quality, and respect in our judicial system." 21 F.3d 24, 26 (citations omitted).   *See also, In re Continental Airlines*, 150 B.R. 334 (D.Del 1993), where the court noted, "...the strong presumption in favor of public access to judicial records and papers...".   *Accord, In re Foundation for New Era Philanthropy*, 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.*, 201, B.R. 703 (Bankr. S.D.N.Y. 1996).

14.    In the bankruptcy context, limited exceptions to the general rule are contained in the Code and Rules.   Bankruptcy Code §107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>
> (1) protect an entity; with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

FRBP 9018 essentially incorporates the substance of section 107(b), and adds to the type of matters subject to seal, the protection of '...governmental matters that are made confidential by statute or regulation."   This item is not applicable in the present case as governmental matters are not implicated.

4

15.    As exceptions to the common law rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code § 107(b) and FRBP 9018 by demonstrating that: "...that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines*, 150 B.R. 334 (D. Del. 1993).   The inquiry then is whether or not the matter sought to be placed under seal fits within any of the categories included within either of section 107(b) or FRBP 9018.

16.    In *Orion, supra*, the court defined commercial information as: "...information which would cause an 'unfair advantage to competitor by providing them information as to the commercial operations of the debtor.." 21 F.3d 24, 27 (citations omitted).   In that case, the court determined that section 107(b) applied to a promotional agreement between the debtor and McDonald's, because the information in the agreement, if disclosed, could adversely impact the debtor's ability to negotiate future promotion agreements, thus giving competitors an unfair advantage.   *In re Alterra Healthcare Corp.*, 353 B.R. 66 (Bankr. D. Del. 2006), adopted the *Orion* definition of protectable confidential or commercial information.

17.    The identity of a proposed investor and the terms of a Preliminary Proposal Letter seeking a due diligence advance of $1 million from the debtor was not subject to section 107(b) protection.   *In re Barney's, Inc.*, 201 B.R. 703 (Bankr. S.D.N.Y. 1996).   The debtor claimed that this information was commercial information.   The court rejected this contention, restating the definition from *Orion, supra*, and adding the inclusion of information related to the trading of securities.   The *Barney's* Court found that neither the potential investor's identity nor the terms of the Preliminary Proposal Letter were subject to protection by either section 107(b) or FRBP 9018: "The Potential Investor's desire to avoid the professional embarrassment associated with the unsuccessful pursuit of a deal is no basis to

5

grant this motion."

18.     In each of the above cases in which the moving party sought to seal documents to otherwise escape the disclosure requirements of various Bankruptcy Code sections or rules, the Court rejected the requests.   The policies of section 107 and FRBP 9018, as enumerated above, place the burden squarely on the Committee to show a compelling need to seal or mark such information as confidential.   The Committee has failed to meet such burden in this case.

19.     The Committee has sought to seal the Trustee Memorandum as information that the parties previously agreed to keep confidential.    Arguably some of the information contained in the Trustee Memorandum may be confidential commercial information. However, as noted above, it is the Committee's burden to allege with particularity the information sought to be protected.   As bankruptcy is a transparent process, creditors and other parties in interest have the right to review such information.

20.     Even if the Committee could successfully demonstrate that there may be one or more terms of the Trustee Memorandum that may be protected under section 107(b) or Rule 9018, the relief granted should be narrowly tailored.   *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991).   Only those portions of the documents that comport with the requirements of either section 107 (b) or FRBP 9018 should be redacted and sealed. The balance should become part of the public record.   It appears that either full disclosure or limited redaction is appropriate here, in light of the fact that many details of the Trustee Memorandum have already been disclosed and/or are part of the public record.

## Conclusion

21.     The Bankruptcy Code and Rules place narrow limits upon sealing documents. The requirements of the Bankruptcy Code and Rules express the necessary public interest in

this matter requiring full disclosure.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the

Motion as written and/or granting such other relief as this Court deems appropriate, fair and

just.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By:    _/s/ Jane M. Leamy_
       Jane M. Leamy (#4113)
       Trial Attorney
       J. Caleb Boggs Federal Building
       844 King Street, Suite 2207, Lockbox 35
       Wilmington, DE 19801
       (302) 573-6491
Dated: February 20, 2013     (302) 573-6497 (Fax)