IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**APPLICATION OF US TOOL & ENGINEERING, LLC PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, RULES 2014 AND 6005 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN AUCTIONEER TO THE DEBTOR**

US Tool & Engineering, LLC, one of the above-captioned debtors and debtors in possession (the "Debtor"), hereby seeks entry of an order pursuant to section 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 6005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtor's retention and employment of Myron Bowling Auctioneers, Inc., Utica Leaseco, LLC, PPL Group LLC, and Maynard Industries (1991) Inc. (collectively, the "Auctioneer"), as auctioneer for the Debtor effective as of the date hereof (the "Application"). In support of this Application, the Debtor relies on the declarations of Myron C. Bowling, Joel L. Bersh, David K. Levy and Taso Sofikitis on behalf of the Auctioneer submitted concurrently herewith (the "Declarations") and respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

1

### Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 6005.

### Background

3. On January 7, 2013, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage its property as a debtor in possession. No trustee, examiner or committee has been appointed in the Debtor's chapter 11 case.

4. The Debtor has terminated operations and its principal remaining asset is certain personal property consisting of equipment (the "Equipment"). The Debtor estimates that the Equipment may be worth in the range of $750,000 to $1.25 million. Boston Finance Group, LLC ("BFG") asserts a lien against the Equipment and a claim against the Debtor in an amount exceeding $4.5 million. BFG also asserts an unsecured guarantee claim against Revstone Industries, LLC ("Revstone") for any deficiency in BFG's claim against the Debtor.

5. The Equipment is located in the Debtor's leasehold facility in Lansing, Michigan (the "Facility"), which is currently under the management of a court-appointed receiver (the "Receiver"). The Equipment is properly safeguarded within the Facility under the supervision of the Receiver. The Equipment is also covered under a property insurance policy.

The Debtor's representatives have been granted access to the Facility by the Receiver in order to inspect the Equipment and solicit bids from liquidators.

6. The Debtor believes, in the exercise of its sound business judgment, that the best mechanism to maximize the value of the Equipment is to conduct a public auction (the "Auction").

7. Concurrently herewith, the Debtor has filed a motion to (a) conduct the Auction, and (b) sell the Equipment to the successful bidder(s) free and clear of all encumbrances.

## Relief Requested

8. By this Application, the Debtor seeks to employ and retain the Auctioneer in connection with the Auction of the Equipment as set forth in the *Motion of US Tool & Engineering, LLC Pursuant to Sections 105(a) and 363 of the Bankruptcy Code for Authority to (A) Conduct An Auction For Personal Property Assets, and (B) Sell Assets to the Successful Bidders at an Auction Free and Clear of All Encumbrances* (the "Sale Motion"). Accordingly, the Debtor respectfully requests the entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 6005, and Local Rule 2014-1 authorizing the Debtor to employ and retain the Auctioneer effective as of the date of this Application, to perform the services that will be necessary in order to effectuate the sale of the Equipment through the Auction described herein and the Sale Motion, pursuant to the terms set forth in this Application and the Declaration in support.

### Qualifications of Auctioneer

9. The Debtor seeks to retain the Auctioneer because of its extensive experience and knowledge with respect to the sale of industrial property. The Auctioneer has conducted more than 2000 auctions in the past 30 plus years, including auctions for some of the biggest names in manufacturing (Delphi Automotive, Ryerson Steel, Sunbeam Products). The Debtor believes that the Auctioneer is well qualified to perform the services described herein.

### Disinterestedness of the Auctioneer

10. To the best of the Debtor's knowledge, information and belief, (a) the Auctioneer is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code, and holds no interest materially adverse to the Debtor, its creditors, and shareholders for the matters for which the Auctioneer is to be employed; and (b) the Auctioneer has no connection to the Debtor, its creditors, shareholders or related parties except as noted in the Declaration. Moreover, the retention and employment of the Auctioneer is necessary and in the best interests of the Debtor, its estates and creditors. To the extent the Auctioneer discovers any facts bearing on the matters described herein during the period of its retention, the Auctioneer will supplement the information contain in the Declaration.

**Scope of Services to be Provided and Compensation**

11. The parties have entered into the *Guarantee Auction Agreement* attached hereto as **Exhibit A** (the "Engagement Agreement"), which governs the relationship between the Auctioneer and the Debtor. The terms and conditions of the Engagement Agreement reflect the parties' mutual agreement as to the efforts that will be required to liquidate the Equipment.

12. The material terms of the proposed engagement include:[2]

   (a) The Auctioneer shall guarantee the Debtor the sum of $600,000.00 (the "Guarantee Price"). The Auctioneer shall pay the Debtor a deposit of 10% upon execution of the agreement with the Auctioneer, which shall be credited to the Guarantee Price. The balance of the Guarantee Price shall be paid to the Debtor the day before the Auction.

   (b) The Auctioneer shall conduct a public auction of the Equipment, free and clear of any liens, claims, interests and encumbrances, on location at the Facility approximately six (6) weeks following Court approval, on a date to be determined. The Equipment shall be sold "as is, where is," with all faults, and without any representation or warranty whatsoever. The Auctioneer shall be granted access to the Facility to conduct the Auction.

   (c) The Auctioneer shall retain the first $600,000.00 of Auction proceeds as reimbursement of the Guarantee Price and the next $50,000.00 of Auction proceeds to offset Auction expenses advanced by the Auctioneer. All

---

[2] To the extent of any inconsistency between the Engagement Agreement and this Application, the Engagement Agreement shall govern.

        Auction proceeds in excess of $650,000.00 (exclusive of buyer's premium and sales tax) shall be split 90% to the Debtor and 10% to Auctioneer. The Debtor's share shall be paid 14 business days following the Auction.

(d)    The Auctioneer shall charge and collect sales and use taxes to Auction buyers, where applicable, unless Auction buyers present a tax exempt certificate. The Auctioneer will be authorized to file all applicable sales and use tax and to remit the funds collected at the sale for such taxes to the appropriate taxing authority.

(e)    Buyer's Premium is compensation for the services provided under this Agreement. The Auctioneer shall charge and retain a 15% buyer's premium for each item sold onsite and an 18% buyer's premium for each item sold online.

13.    The Debtor believes that the foregoing terms are reasonable, in accordance with the applicable industry standards and legal standards, and that the Engagement Agreement should be approved and the Auctioneer should be employed on the terms set forth in the Engagement Agreement pursuant to 11 U.S.C. § 327(a) and § 328(a).

### Basis for Relief

14.    Section 327(a) of the Bankruptcy Code authorizes a debtor in possession, with the court's approval, to employ auctioneers that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the debtor in possession in

carrying out its duties. As addressed above and based upon the Declaration, the Auctioneer does not represent an interest adverse to the Debtor's estate and is a disinterested person.

15. Section 328(a) of the Bankruptcy Code permits a debtor in possession, with the court's approval, to employ a professional person (such as an auctioneer) under section 327 of the Bankruptcy Code, on any reasonable terms or conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Further, once compensation is approved under section 328(a), the court may only allow different compensation after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of fixing such terms and conditions. 11 U.S.C. § 328(a).

16. Further, Bankruptcy Rule 6005 provides as follows: "The order of the court approving the employment of an appraiser or auctioneer shall fix the amount or rate of compensation."

17. Here, it is necessary that the Debtor employ the Auctioneer. The Debtor believes that the sale of the Equipment at auction is the best way to maximize value for the Debtor's estate. The Auctioneer's services will not duplicate the services that other professionals will be providing the Debtor in this case.

18. As set forth in this Application and the Engagement Agreement, the rate of compensation of the Auctioneer has been fixed and should be approved under sections 327(a) and 328(a) of the Bankruptcy Code. The Auctioneer should not be required to file any fee applications or further notices with this Court.

### Notice

19. Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' prepetition secured lenders; (c) the Official Committee of Unsecured Creditors of Revstone Industries, LLC; and (d) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

20. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) granting this Application; (b) authorizing the Debtor to retain and employ the Auctioneer on the terms set forth herein and the Engagement Agreement effective as of the date of this Application; and (c) granting such other and further relief as the Court deems just and proper.

Dated: February 21, 2013

PACHULSKI STANG ZIEHL & JONES LLP

/s/ 

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
Maxim B. Litvak (CA Bar No. 215852)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
        akornfeld@pszjlaw.com
        mlitvak@pszjlaw.com
        tcairns@pszjlaw.com

[Proposed] Counsel for US Tool & Engineering, LLC