IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF US TOOL & ENGINEERING, LLC
PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY
CODE FOR AUTHORITY TO (A) CONDUCT AN AUCTION FOR
PERSONAL PROPERTY ASSETS, AND (B) SELL ASSETS TO THE SUCCESSFUL
BIDDERS AT AN AUCTION FREE AND CLEAR OF ALL ENCUMBRANCES**

US Tool & Engineering, LLC, one of the above-captioned debtors and debtors in

possession (the "Debtor"), files this motion (the "Motion") for entry of an order, in the form

attached hereto as **Exhibit A**, pursuant to sections 105(a) and 363 of title 11 of the United States

Code (the "Bankruptcy Code"), authorizing the Debtor to (a) conduct an auction for substantially

all of its personal property assets primarily consisting of the equipment described on **Exhibit B**

hereto, as such exhibit may be amended or supplemented (the "Equipment"), and (b) sell the

Equipment to the successful bidder(s) at an auction free and clear of all encumbrances in

accordance with the auction procedures described herein.  The Debtor further requests authority

to (a) use the proceeds of the auction to satisfy expenses specifically relating to the sale of the

Equipment, including utilities, rent, taxes and insurance, pursuant to sections 363 and 506 of the

Bankruptcy Code, and (b) abandon any of the Equipment that cannot be sold at auction pursuant

---

[1]  The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers
are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool &
Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors
is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

to section 554 of the Bankruptcy Code.  In support of the Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief sought herein are sections 105(a), 363, 506 and 554 of the Bankruptcy Code, Rules 6004(h) and 6005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6005-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### Background

3.      On January 7, 2013, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to manage its property as a debtor in possession.  No trustee, examiner or committee has been appointed in the Debtor's chapter 11 case.

4.      The Debtor has terminated operations and its principal remaining asset is the Equipment.  The Debtor estimates that the Equipment may be worth in the range of $750,000 to $1.25 million.  Boston Finance Group, LLC ("BFG") asserts a lien against the Equipment and a claim against the Debtor in an amount exceeding $4.5 million.  BFG also asserts an unsecured guarantee claim against Revstone Industries, LLC ("Revstone") for any deficiency in BFG's claim against the Debtor.

1

5.      The Equipment is located in the Debtor's leasehold facility in Lansing, Michigan (the "Facility"), which is currently under the management of a court-appointed receiver (the "Receiver"). The Equipment is properly safeguarded within the Facility under the supervision of the Receiver. The Equipment is also covered under a property insurance policy. The Debtor's representatives have been granted access to the Facility by the Receiver in order to inspect the Equipment and solicit bids from liquidators.

6.      The Debtor believes, in the exercise of its sound business judgment, that the best mechanism to maximize the value of the Equipment is to conduct a public auction (the "Auction").

7.      Concurrently herewith, the Debtor has filed an application to retain and employ Myron Bowling Auctioneers, Inc., Utica Leaseco, LLC, PPL Group LLC, and Maynard Industries (1991) Inc. (collectively, the "Auctioneer") as auctioneer for the Debtor in connection with the sale of the Equipment.

### Relief Requested

8.      By this Motion, the Debtor seeks entry of an order (a) authorizing the Debtor to conduct the Auction for the Equipment; (b) authorizing the Debtor to sell the Equipment to the successful bidders at the Auction free and clear of all encumbrances; and (c) approving the procedures for the auction as summarized below. The Debtor further requests authority to (a) use the proceeds of the Auction to satisfy expenses specifically relating to the sale of the Equipment, including utilities, rent, taxes and insurance, pursuant to sections 363 and 506 of the Bankruptcy Code and (b) abandon any of the Equipment that cannot be sold at the Auction pursuant to section 554 of the Bankruptcy Code.

2

## Proposed Procedures for Auction

9.    To facilitate the Auction, the Debtor proposes the implementation and approval of the following procedures:

(a)    The Auctioneer shall guarantee the Debtor the sum of $600,000.00 (the "Guarantee Price"). The Auctioneer shall pay the Debtor a deposit of 10% upon execution of the agreement with the Auctioneer, which shall be credited to the Guarantee Price. The balance of the Guarantee Price shall be paid to the Debtor the day before the Auction.

(b)    The Auctioneer shall conduct a public auction of the Equipment, free and clear of any liens, claims, interests and encumbrances, on location at the Facility approximately six (6) weeks following Court approval, on a date to be determined. The Equipment shall be sold "as is, where is," with all faults, and without any representation or warranty whatsoever. The Auctioneer shall be granted access to the Facility to conduct the Auction.

(c)    The Auctioneer shall retain the first $600,000.00 of Auction proceeds as reimbursement of the Guarantee Price and the next $50,000.00 of Auction proceeds to offset Auction expenses advanced by the Auctioneer. All Auction proceeds in excess of $650,000.00 (exclusive of buyer's premium and sales tax) shall be split 90% to the Debtor and 10% to Auctioneer. The Debtor's share shall be paid 14 business days following the Auction.

(d)    The Auctioneer shall charge and collect sales and use taxes to Auction buyers, where applicable, unless Auction buyers present a tax exempt

3

certificate.  The Auctioneer will be authorized to file all applicable sales

and use tax and to remit the funds collected at the sale for such taxes to the

appropriate taxing authority.

(e)     Buyer's Premium is compensation for the services provided under this

Agreement.  The Auctioneer shall charge and retain a 15% buyer's

premium for each item sold onsite and an 18% buyer's premium for each

item sold online.

### Basis for Relief

**A.     Applicable Legal Standards for Auction and Sale Procedures**

10.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a

debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the

ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Section 363(b) does

not set forth a standard for determining when it is appropriate for a court to authorize the

disposition of a debtor's assets prior to confirmation of a plan.  However, courts in this Circuit

and others have required that the decision to sell assets outside the ordinary course of business be

based upon a debtor's sound business judgment.  *See In re Martin,* 911 F.3d 389, 395 (3d Cir.

1996); *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Delaware & Hudson Ry.*

*Co.,* 124 B.R. 169, 175-76 (D. Del, 1991); *In re Trans World Airlines Inc.,* No, 01-0056, 2001

Bankr. LEXIS 980, at *29 (Bankr. D. Del. Apr, 2, 2001).

11.     In structuring bidding procedures, auctions and sales pursuant to section

363(b) of the Bankruptcy Code, a debtor has broad discretion to construct a transaction that, in

its business judgment, will deliver the most value to the entire estate, including its creditors and

4

all stakeholders. *See In re Quality Stores, Inc.,* 272 B.R. 643, 647 (Bankr. W.D. Mich. 2002)

(noting that debtors have "wide business discretion" in selling assets under section 363); *In re*

*Wilson Freight Co.,* 30 B.R. 971, 975 (Bankr. S.D.N.Y. 1983) (in approving a debtor's right to

set a minimum price threshold at an auction conducted pursuant to section 363(b), the court

noted that "the Code grants the debtor substantial discretion as to the method of conducting the

sale and as to negotiating and obtaining bids."); *see also In re Williams,* 152 B.R. 123, 127

(Banks. N.D. Tex. 1992) (holding that a debtor in possession has fiduciary obligations to the

entire estate).

       12.     Section 105(a) of the Bankruptcy Code provides a bankruptcy court with

broad powers in the administration of a case under title 11.  Section 105(a) provides that "[t]he

court may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of [title 11]." 11 U.S.C. § 105(a).  Provided that a bankruptcy court does not employ

its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of

its section 105(a) power is proper. *See In re Fesco Plastics Corp.,* 996 F.2d 152, 154 (7th Cir.

1993); *In re Pincus,* 280 B.R. 303, 312 (Bank. S.D.N.Y. 2002).  Pursuant to section 105(a), a

court may fashion an order or decree that helps preserve or protect the value of a debtor's assets.

*See, e.g., In re Chinichian,* 784 F. 2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power

of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the

Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.,* 61 B.R. 531, 537 (Bankr. W.D.

Tenn. 1986) (noting that bankruptcy court is "one of equity and as such it has a duty to protect

whatever equities a debtor may have in property for the benefit of its creditors as long as that

protection is implemented in a manner consistent with the bankruptcy laws.").

5

13.     Section 506(c) of the Bankruptcy Code contemplates that a debtor in possession may recover from property securing an allowed secured claim the reasonable, necessary costs of preserving, or disposing of such property to the extent of any benefit to the holder of the claim.

14.     Section 554(a) of the Bankruptcy Code provides that a debtor in possession may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

**B.      The Auction and Sale Procedures Should Be Approved:  A "Sound Business Purpose" Justifies the Auction and the Sale of the Equipment**

15.     The Debtor submits that the Auction and sale procedures set forth herein are a sound exercise of its business judgment, which is in the best interests of its estate and all parties in interest.  The Debtor has terminated operations and believes that the best mechanism for maximizing the value of the Equipment is through a public auction.  The procedures for the Auction summarized herein would allow the Debtor, with the assistance of the Auctioneer, to expeditiously liquidate the Equipment in the most efficient and cost-effective manner.  The proposed Auction also will minimize risk to the estate given that the Auctioneer has guaranteed a return of at least $600,000 to the Debtor.  Accordingly, the Debtor submits that the Auction is a sound exercise of its business judgment.

16.     Further, the Debtor seeks to use the proceeds of the auction to satisfy expenses specifically relating to the sale of the Equipment, including utilities, rent, taxes and insurance.  Such expenses are necessary costs that will have the effect of maximizing value from the Auction for the benefit of BFG, which asserts a lien in the Equipment.

6

17.    To the extent that any of the Equipment is not sold at the Auction, the Debtor requests authority to abandon it.  Any such Equipment would be a continuing burden on the estate and of inconsequential value of benefit to the estate because such Equipment cannot be sold and would require the estate to incur costs associated with moving, storing, and potentially insuring such Equipment.

**C.    The Sale of the Equipment on a Free and Clear Basis Satisfies the Requirements of Section 363(f) of the Bankruptcy Code**

18.    Under section 363(f) of the Bankruptcy Code, a debtor in possession may sell all or any part of its property free and clear of any and all liens, claims or interests in such property if:

(i)    such a sale is permitted under applicable non-bankruptcy law;

(ii)    the party asserting such a lien, claim or interest consents to such sale;

(iii)    the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property;

(iv)    the interest is the subject of a *bona fide* dispute; or

(v)    the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

*See* 11 U.S.C. § 363(1); *Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (ED. Pa. 1988) (noting that section 363(f) is written in the disjunctive; therefore, a court may approve a sale "free and clear" provided at least one of the subsections is met).

19.    Any secured creditor, including BFG, that fails to object to the Auction procedures proposed herein can be deemed by the Court to have consented thereto.  Further,

7

BFG's interests in the Equipment are adequately protected because such interests will attach with the same priority, enforceability and validity to any proceeds of sale.

**D.    Relief From the Fourteen Day Waiting Period Under Bankruptcy Rule 6004(h) is Appropriate**

20.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtor requests that the order approving this Motion be effective immediately by providing that the fourteen day stay under Bankruptcy Rule 6004(h) is waived.

21.    No previous request for the relief sought herein has been made to this or any other Court.

**Notice**

22.    Notice of this Motion has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtor's prepetition secured lenders; (c) the Official Committee of Unsecured Creditors of Revstone; and (d) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

8

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, (a) authorizing the Debtor to conduct the Auction for the Equipment pursuant to the procedures summarized herein; (b) authorizing the sale of the Equipment to the successful bidder(s) at the Auction free and clear of all encumbrances; and (c) granting such other and further relief as the Court deems just and proper.

Dated:  February 21, 2013

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
Maxim B. Litvak (CA Bar No. 215852)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
        akornfeld@pszjlaw.com
        mlitvak@pszjlaw.com
        tcairns@pszjlaw.com

[Proposed] Counsel for US Tool & Engineering, LLC