# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>(Jointly Administered) |
| In re:<br><br>GREENWOOD FORGINGS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-10027<br><br>Re: D.I. 4, 15, 32 |

**FINAL ORDER (I) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE BENEFITS, (II) AUTHORIZING CONTINUATION OF EMPLOYEE BENEFIT PLANS AND PROGRAMS POSTPETITION, AND (III) DIRECTING ALL BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS (RE: GREENWOOD FORGINGS, LLC)**

Upon the motion of Greenwood Forgings, LLC (the "Debtor") for an Order under Sections 105, 363, and 507 of the Bankruptcy Code (i) Authorizing Payment of Prepetition Wages, Salaries, and Employee Benefits, (ii) Authorizing Continuation of Employee Benefit Plans and Programs Postpetition, and (iii) Directing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations (the "**Motion**")[2], and the Court having reviewed the Motion and the Jaeger Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. The Debtor is authorized, but not directed, to pay the Prepetition Employee Obligations and Employee Benefits that have accrued by virtue of the services rendered by the Employees prior to the Petition Date in an aggregate amount not to exceed $150,000.

3. The Prepetition Employee Obligations and Employee Benefits that the Debtor is authorized, but not directed, to pay include, without limitation: (a) unpaid prepetition wages and salaries including, without limitation, (i) Payrolls, (ii) Employer Payroll Taxes, (iii) Deductions; (b) Reimbursable Expenses; (c) employee health and welfare benefit claims arising before the Petition Date including, without limitation, (i) medical, dental, vision and prescription drug coverage; (ii) health savings accounts and flexible spending accounts for health and dependent care under Section 125 of the Internal Revenue Code; (iii) basic life, executive life and voluntary life insurance; (iv) AD&D insurance; (v) short-term and long-term disability benefits; (vi) counseling, (vii) a 401(k) savings plan, (viii) voluntary accident injury insurance, (ix) voluntary critical injury coverage, and (x) PTO.

4. The Debtor is authorized, but not directed, to continue to honor, pay and maintain, in its sole discretion, all of the Employee Benefits to the extent such benefits were in effect as of the Petition Date.

5. The banks and other financial institutions that process, honor and pay any and all checks on account of Prepetition Employee Obligations and Employee Benefits may rely on the representation of the Debtor as to which checks are issued and authorized to be paid in

accordance with this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

6. Neither this Order, nor the Debtor's payment of any amounts authorized by this Order, shall (a) result in any assumption of any executory contract by the Debtor; (b) result in a commitment to continue any plan, program, or policy of the Debtor; (c) by deemed an admission as to the validity of the underlying obligations or a waiver of any rights the Debtor may have to subsequently dispute such obligations; or (d) impose any administrative, prepetition, or postpetition liabilities upon the Debtor.

7. Notwithstanding any other provision of this Order, no payment by the Debtor to any individual employee shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and (a)(5), expect upon further order of this Court.

8. Notwithstanding any other provisions of this Order, no payment that implicates § 503(c) of the Bankruptcy Code shall be made except upon further order of this Court.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived.

10. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

11. The Debtor is hereby authorized to take such actions as may be necessary to implement the relief granted by this Order.

12. The Debtor is hereby ordered to provide counsel and the financial advisors for the Official Committee of Unsecured Creditors of Revstone Industries, LLC (the "Committee") with the details of any and all payments that it makes pursuant to this Order or the related Interim Order subject to the terms of the confidentiality agreement between the Debtor and the

Committee, to identify the specific benefits programs under which it is making such payments, and shall identify any payments made to (i) Mr. or Mrs. George Hofmeister or any of their relatives by name and (ii) all other employees by employee identification number, within ten (10) business days of the entry of this Order with respect to any payment made pursuant to the related Interim Order, and within ten (10) business days of such payments being made with respect to any such future payments.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February 21, 2013
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:185958.2 73864/001