IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] ) | Case No. 12-13262 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Related to Docket No. 244** |

**Hearing: March 1, 2013 at 9:30 a.m. ET**

### DEBTORS' OBJECTION TO EMERGENCY MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PROHIBITING SPOLIATION AND PRESERVING EVIDENCE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this objection to the *Emergency Motion of Official Committee of Unsecured Creditors for An Order Prohibiting Spoliation and Preserving Evidence* [Docket No. 244] (the "Motion"), filed by the Official Committee of Unsecured Creditors (the "Committee") of Revstone Industries, LLC ("Revstone"). In support of the objection, the Debtors respectfully represent as follows:

1. The relief sought by the Motion is unnecessary. Huron Consulting Services LLC ("Huron") is already in the process of capturing a complete set of historical records from the Debtors' data systems and electronic communications, including (a) taking possession and control of the full system backup tapes created by the Debtors' IT department in connection with established back-up procedures, (b) copying hard drives from the computers of the Debtors' management, and (c) obtaining archived data from third party providers (Google

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

and Box.net). All imaging or copying of electronic media should be finalized by the end of this week and will be retained in the custody and control of the Debtors' counsel. Moreover, the Debtors have imposed "litigation hold" restrictions on their employees and representatives prohibiting the destruction of files and terminating all document destruction policies.

2.  The Motion -- like the Committee's Trustee Motion -- is based on the erroneous assertion that the Debtors continue to be controlled by George Hofmeister or his designees. In fact, the Debtors are now managed by John DiDonato of Huron, as Chief Restructuring Officer (the "CRO"). Two independent members of the Debtors' board of managers make-up a restructuring committee (the "Restructuring Committee"). Board decisions regarding bankruptcy or restructuring affecting the Debtors and their subsidiaries have been delegated to the Restructuring Committee and to the CRO. George Hofmeister remains a member of the Debtors three-person board of managers, which is composed of the two independent Restructuring Committee members and Mr. Hofmeister. However, Mr. Hofmeister has no control over the Debtors' day-to-day operations or their purse strings while in bankruptcy.[2]

3.  The relief sought by the Motion is draconian, without precedent, and not supported by the record. In particular, the Committee demands that it "be given immediate access to the Debtors' computer systems to make copies of any Documents, Communications, and electronic data on those systems." This request is hopelessly over-reaching in that it would require the Debtors to turnover all documents, including privileged files, to the Committee. In

---

[2] The Committee's reliance on section 5.15 of the operating agreement for Revstone is misplaced and irrelevant to the Motion. This issue will be addressed in the context of the Debtors' response to the Committee's Trustee Motion.

2

any event, as discussed above, the Debtors are already in the process of imaging and preserving the Debtors' electronic files, which process should be completed within a matter of days.

4.  Further, the Committee proposes that remote access to the Debtors' computer systems be prohibited for anyone other than the CRO and his staff, and that Mr. Hofmeister be prohibited from any access whatsoever. This proposal ignores that the Debtors still have a business to run and that includes providing computer access to the Debtors' employees and representatives. Further, there is no basis to prohibit Mr. Hofmeister from accessing emails, sending messages, or otherwise contributing to the Debtors' reorganization efforts (he just does not have any final approval authority). As noted above, the Debtors' computer systems are already in the process of being copied and will be properly safeguarded. There would be no point to even attempt to alter any such files on the Debtors' computer systems, and in any case, the Debtors' systems cannot be altered by anyone except a handful of information technology professionals without leaving an electronic footprint.

5.  In sum, the Motion presumes that there has been wrongdoing by Debtors' management in the past and that there is risk of spoliation of evidence in the future. This position (a) minimizes the role of the CRO who is in control of the Debtors' day-to-day operations, and (b) overlooks the document preservation policies that are currently in place, including the fact that historical files are already in the process of being copied under Huron's supervision and will be properly safeguarded. All other issues raised in the Motion with respect to the grounds for appointment of a trustee in the Revstone case will be fully vetted at the appropriate time in the context of that litigation.

3

WHEREFORE, the Debtors respectfully request that the Court enter an order denying the Motion, and granting such other and further relief as the Court deems just and proper.

Dated: February 27, 2013

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
Maxim B. Litvak (CA Bar No. 215852)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:  ljones@pszjlaw.com
           akornfeld@pszjlaw.com
           mlitvak@pszjlaw.com
           tcairns@pszjlaw.com

[Proposed] Counsel for Debtors and Debtors in Possession

4