IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: March 12, 2013 at 4:00 p.m. (prevailing Eastern time)**
**Hearing Date:  March 19, 2013 at 2:00 p.m. (prevailing Eastern time)**

**MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a),
327, 328 AND 330 OF THE BANKRUPTCY CODE FOR AN ORDER
AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY AND
COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE
DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") move the Court for entry of an order authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course of the Debtors' businesses (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are:  Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY  40505.

2.      The statutory bases for the relief sought herein are sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "Bankruptcy Code").

## Background

3.      On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC. No committee has been appointed in the cases of Spara, LLC, Greenwood Forgings, LLC and US Tool and Engineering, LLC.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

5.      The Debtors and their affiliates (collectively referred to herein as the "Company") are premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-performance products and processes.  The Company is also a premier designer, manufacturer and supplier of components for the global aerospace, energy, military, defense and transportation industries.  Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and

2

molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

6.      The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012 and incorporated herein by reference.

### The Debtors' Ordinary Course Professionals

7.      The Debtors customarily retain the services of various attorneys, accountants and other professionals to represent them in matters arising in the ordinary course of their businesses, unrelated to these Chapter 11 Cases (each an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals"). A list of the Ordinary Course Professionals utilized or expected to be utilized by the Debtors is attached as Exhibit A hereto.[2]

8.      In contrast, the Debtors have filed or will file individual retention applications for any professionals that the Debtors seek to employ in connection with the conduct of these Chapter 11 Cases (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be approved by this Court, and with the terms of the orders approving each Chapter 11 Professional's employment.

9.      The Ordinary Course Professionals will not be involved in the administration of these Chapter 11 Cases. Rather, they will provide services in connection with

---

[2] As discussed more fully below, the Debtors reserve the right to amend such list in the future in their sole discretion, pursuant to the procedures set forth herein.

3

the Debtors' ongoing business operations or services ordinarily provided by in-house counsel to

a corporation.  As a result, the Debtors do not believe that the Ordinary Course Professionals are

"professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must

be approved by this Court.[3]  Nevertheless, out of an abundance of caution, the Debtors seek an

order authorizing the retention and payment of all Ordinary Course Professionals during the

pendency of these Chapter 11 Cases.

> 10.    The Debtors anticipate employing, among others, certain of the Ordinary

Course Professionals listed on <u>Exhibit A</u> to perform ongoing services during the pendency of

these Chapter 11 Cases.  In particular, attorneys performing litigation-related services for the

Debtors are among the Ordinary Course Professionals listed on <u>Exhibit A</u>.  Although litigation

will be stayed upon the commencement of the Chapter 11 Cases, the Debtors, out of an

abundance of caution, seek authority to retain certain of the Ordinary Course Professionals that

provide litigation support (as well as other professionals) should circumstances render continued

litigation support necessary during the pendency of these Chapter 11 Cases.

### **Relief Requested**

> 11.    By the Motion, pursuant to sections 105(a), 327, 328 and 330 of the

Bankruptcy Code, the Debtors seek entry of an order by this Court authorizing them to (a) retain

and employ the Ordinary Course Professionals on an "as needed" basis without the submission

---

[3] *See, e.g., In re That's Entertainment Mkt 'g Group, Inc.,* 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Group, Inc.,* 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship,* 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.,* 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

of separate, formal retention applications for each Ordinary Course Professional, and

(b) establish procedures to compensate the Ordinary Course Professionals under sections 328,

330 and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred.

### Basis for Relief

12.    The Debtors cannot continue to operate their businesses as debtors in

possession unless they retain and pay for the services of the Ordinary Course Professionals listed

on Exhibit A.  The work of the Ordinary Course Professionals, albeit ordinary course, is directly

related to the preservation of the value of the Debtors' estates, even though the amount of fees

and expenses incurred by the Ordinary Course Professionals represents only a small fraction of

that value.

13.    The operation of the Debtors' businesses would be severely hindered if the

Ordinary Course Professionals were delayed in performing their work on behalf of the Debtors

while the Debtors (i) submitted to this Court an application, affidavit and proposed retention

order for each Ordinary Course Professional; (ii) waited until such order was approved before

such Ordinary Course Professional continued to render services; and (iii) withheld payment of

the normal fees and expenses of the Ordinary Course Professionals until they complied with the

compensation procedures applicable to Chapter 11 Professionals.

14.    Further, a number of Ordinary Course Professionals are unfamiliar with

the fee application procedures employed in bankruptcy cases.  Some Ordinary Course

Professionals might be unwilling or unable to assume the administrative and cost burden of such

procedures, and may therefore be unwilling to work with the Debtors if these requirements are

imposed, forcing the Debtors to incur additional and unnecessary expenses to retain other

5

professionals without such background and expertise and at potentially higher rates. The uninterrupted services of the Ordinary Course Professionals are vital to the Debtors' continuing operations and their ultimate ability to reorganize. More importantly, the cost of preparing and prosecuting these retention applications and fee applications would be significant, and such costs would be borne by the Debtors' estates.

15.    Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of the Chapter 11 Professionals would unnecessarily burden the Clerk's office, this Court and the U.S. Trustee's office with unnecessary fee applications while significantly adding to the administrative costs of these cases without any corresponding benefit to the Debtors' estates. This Motion proposes a procedure to alleviate such a burden.

16.    Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, their creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

<u>**Proposed Retention Procedure**</u>

17.    The Debtors propose that they be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Bankruptcy Rule 2014 and in order to provide the interested parties and this Court with appropriate comfort

6

and assurances, each Ordinary Course Professional will be required to file with this Court, and to serve upon (i) the Debtors, Revstone Industries, LLC, 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505, Attn: Dan Smith; (ii) Huron Consulting Services LLC, 550 W. Van Buren Street, Chicago, IL 60607, Attn: John DiDonata; (iii) attorneys to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Laura Davis Jones, Esq.; (iv) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq.; and (v) counsel to the Official Committee of Unsecured Creditors, Womble Carlyle, Sandridge and Rice, PLLC, Attn: Steven K. Kortanek, Esq. (collectively, the "Notice Parties"), a disclosure affidavit of such proposed professional (the "Affidavit," a form of which is attached as Exhibit B hereto) on the later of: (i) twenty-eight (28) days after entry of an order of this Court granting the Motion; or (ii) the date an Ordinary Course Professional provides any services to the Debtors. Such Affidavit shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Federal Rule of Bankruptcy Procedure 2014; and (e) to the extent that the Ordinary Course Professional was not providing services prior to the filing of the chapter 11 cases, the date on which such services began postpetition. The Debtors will not make any payments to any Ordinary Course Professionals who have failed to file such an Affidavit.

18.    The Debtors further request that the Notice Parties will have seven (7) days from the date of the filing and service of the Affidavit (the "Objection Period") to object to

DOCS_DE:186050.1 73864/001

the retention of the Ordinary Course Professional in question. Any such objection must be timely filed with this Court and served upon the Ordinary Course Professional, the Debtors, and the Notice Parties. If an objection is filed and cannot be resolved and/or withdrawn within twenty one (21) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors at a mutually convenient time.[4] If no timely objection is filed and received, or if an objection is withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court.

19.    The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed on Exhibit A hereto, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with this Court one or more supplements to Exhibit A (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtors propose that, as with the Ordinary Course Professionals set forth on Exhibit A, each additional Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties an Affidavit on the later of (a) twenty-one (21) days after the Supplemental Notice is filed or (b) the date such Ordinary Course Professional provides any services to the Debtors. The Notice Parties then would be given seven (7) days after service of each required Affidavit to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection is submitted, or the objection is withdrawn, the

---

[4]  If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

8

Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

### Proposed Payment Procedure

20.    The Debtors seek authority to pay, without formal application to and order from this Court, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate billing statement setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; provided, however, that such interim fees and expenses do not exceed the maximum authority under the authorized caps established herein.  Further, the Debtors will not pay any fees and expenses to an Ordinary Course Professional unless (i) the professional has filed its Affidavit, (ii) the Objection Period has expired, and (iii) no timely objection is pending.  If a timely objection is received, no payment will be made until (a) such objection is resolved or (b) the requested payment of fees and expenses is otherwise approved by the Court.

**A.    Monthly Payment Caps Proposed By The Debtors.**

21.    The Debtors propose that they be permitted to pay, without formal application to this Court by any one Ordinary Course Professional, fees and expenses not exceeding a total of $25,000 for any one calendar month to any Ordinary Course Professional, unless otherwise authorized by this Court.  The Debtors also propose that aggregate monthly payments to Ordinary Course Professionals be limited to $100,000 unless otherwise authorized by this Court.

9

22.    If in any given month the fees and expenses for any one Ordinary Course Professional exceeds $25,000, such Ordinary Course Professional shall be required to apply for approval by the Court of all such Ordinary Course Professional's fees and expenses for such month under sections 330 and 331 of the Bankruptcy Code; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $25,000 as a credit against the invoices for such month ultimately allowed by the Court.

23.    The Debtors propose to except from such monthly limitations any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on the Debtors' behalf.  In other words, the limitations would apply only to direct disbursements by the Debtors.

**B.    The Debtors Propose To File Periodic Statements Of Payments Made.**

24.    The Debtors further propose to file a payment summary statement with this Court not more than thirty (30) days after the last day of March June, September and December of each year these Chapter 11 Cases are pending, or such other period as this Court directs, and to serve such statement upon the Notice Parties.  The summary statement will include the following information for each Ordinary Course Professional:  (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered.

**Authority for the Requested Relief**

25.    Numerous courts, including courts in this district, have routinely granted the same or similar relief to chapter 11 debtors in other chapter 11 cases. *See, e.g., In re AFA*

10

*Investment Inc., et al.*; Case No. 12-11127 (MFW) (Bankr. D. Del. April 20, 2012); *In re NewPage Corp.*, Case No. 11-12804 (KG) (Bankr. D. Del. Oct. 4, 2011); *In re Nebraska Book Company, Inc.*, Case No. 11-12005 (PJW) (Bankr. D. Del. July 21, 2011); *In re Latham International, Inc.*, Case No 09-14490 (CSS) (Bankr. D. Del. Jan. 21, 2010); *In re Progressive Molded Products, Inc.*, Case No 08-11253 (KJC) (Bankr. D. Del. June 20, 2008); *In re Sharper Image Corp.*, Case No. 08-10322 (KG) (Bankr. D. Del. Feb. 19, 2008); *In re Charys Holding Co. Inc.*, Case No. 08-10289 (BLS) (Bankr. D. Del. Feb. 14, 2008); *In re Pope & Talbot, Inc.*, Case No. 07-11738 (Bankr. D. Del. Nov. 19, 2007) (CSS); *In re Remy Worldwide Holdings, Inc.*, Case No. 07-11481 (Bankr. D. Del. October 8, 2007) (KJC); and *In re Mortgage Lenders Network USA, Inc.*, Case No. 07-10146 (Bankr. D. Del. February 5, 2007).

26. The Debtors and their estates will be well served by authorizing the retention of the Ordinary Course Professionals because of such professionals' past relationship with, and understanding of, the Debtors and their operations. It is in the best interest of all of the parties and the creditors to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtors' businesses.

## Notice

27. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' prepetition secured lenders; (c) counsel to the Official Committee of Unsecured Creditors; (d) the Ordinary Course Professionals; and (e) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

11

The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

28.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as this Court deems appropriate.

Dated:  February 28, 2013

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       tcairns@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession

DOCS_DE:186050.1 73864/001