# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, <u>et al.</u>,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: March 12, 2013 at 4:00 p.m. (prevailing Eastern time)**
**Hearing Date: March 19, 2013 at 2:00 p.m. (prevailing Eastern time)**

## MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) AND LOCAL RULE 2016-2 FOR ORDER AUTHORIZING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The above-captioned debtors and debtors in possession (the "Debtors"), submit this motion (the "Motion") for an order authorizing the establishment of an orderly and regular process for the allowance and payment of interim compensation and reimbursement of expenses for attorneys and other professionals retained in the Debtors' chapter 11 cases. In support of this Motion, the Debtors respectfully represent:

### Jurisdiction

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

2.    The statutory bases for the relief sought herein are sections 105(a) and 331 of the Bankruptcy Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

## Background

3.    On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC. No committee has been appointed in the cases of Spara, LLC, Greenwood Forgings, LLC and US Tool and Engineering, LLC.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

5.    The Debtors and their affiliates (collectively referred to herein as the "Company") are premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-performance products and processes.  The Company is also a premier designer, manufacturer and supplier of components for the global aerospace, energy, military, defense and transportation industries.  Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

6.    The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in*

2

*Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012 and incorporated herein by reference.

**Relief Requested**

7.      By this Motion, pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), the Debtors seek an order authorizing the establishment of an orderly and regular process for the allowance and payment of interim compensation and reimbursement of expenses for attorneys and other professionals (collectively, the "Professionals") whose retentions are authorized by this Court pursuant to section 327 or 1103 of the Bankruptcy Code. The Professionals seeking compensation will be required to file fee applications for allowance of payment of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy the requirements of Local Rule 2016-2. Additionally, the Debtors seek approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of any statutory committee appointed in these cases.

**Retention of Professionals**

8.      By separate applications that have already been filed, the Debtors seek authority to retain and employ Pachulski Stang Ziehl & Jones LLP, as counsel to the Debtors. From time to time, the Debtors also may need to retain additional Professionals to assist in these chapter 11 cases. In addition, the Official Committee of Unsecured Creditors (the "Committee") has been appointed in these cases, and has retained Professionals to assist it in fulfilling its statutory and fiduciary obligations.

3

## Proposed Procedures

9.    The Debtors propose that, except as otherwise provided in an order of the

Court authorizing the retention of a particular Professional, the Professionals be permitted to

seek interim payment of compensation and reimbursement of expenses in accordance with the

following procedures (collectively, the "Interim Compensation Procedures"):

    a.    On or before the 25th day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by overnight mail on each of the following parties (collectively, the "Notice Parties"):

        i.    Debtors, Revstone Industries, LLC, 2250 Thunderstick Dr., Suite 1203, Lexington, KY  40505 Attn: Dan Smith;

        ii.    Huron Consulting Services, LLC, 550 W. Van Buren Street, Chicago, IL 60607, Attn: John DiDonato;

        iii.    Counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn:  Laura Davis Jones, Esq.;

        iv.    The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Jane Leamy, Esq.;

        v.    Counsel to the Official Committee of Unsecured Creditors, Womble Carlyle, Sandridge and Rice, PLLC, Attn:  Steven K. Kortanek, Esq.; and

        vi.    Counsel to Wells Fargo Capital Finance, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169-0075.

    Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months.  All Monthly Fee Applications shall comply with the

Bankruptcy Code, the Bankruptcy Rules, the applicable Third Circuit law and Local Rule 2016-2.

b.  Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

c.  Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") If a Notice of Objection was timely received and remains unresolved, the Debtors are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to the lesser of (i) the Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

d.  If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in an Reduced Monthly Payment (an "Incremental Resolution Payment"). If, however, the parties are unable to reach a complete resolution of the objection within ten days after service of the Notice of Objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application

5

hearing, at which time the Court will consider the Objection, if requested by the parties.

e.  At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

   i.   the Monthly Fee Applications that are the subject of the request;

   ii.  the amount of fees and expenses requested;

   iii. the amount of fees and expenses paid to date or subject to an Objection;

   iv.  the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

   v.   any other information requested by the Court or required by the Local Rules.

   Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

f.  The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

g.  The first Interim Fee Period will cover the month in which the Petition Date occurs and the two full months immediately following such month. Thus, as applicable to these chapter 11 cases, the first Interim Fee Period will cover December 3, 2012,

6

through February 28, 2013. Each Professional must file and serve its first Interim Fee Application Request on or before the 45th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Application Requests must be filed on or before April 15, 2013.

h.      The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

i.      Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

10.      The Debtors also request that each member of any statutory committee be permitted to submit statements of expenses (excluding third-party attorney or other fees or expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and submit for reimbursement in accordance with the Interim Compensation Procedures. Approval of these Interim Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules or the practices of this Court.

11.     In addition, the Debtors request that the Court limit the notice of interim and final fee application requests to (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002, and requested such notice.  The Debtors further request that (a) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Application Requests, any final fee application requests and any notices of hearing on interim or final fee application requests (the "Hearing Notices") and (b) all other parties entitled to notice shall be entitled to receive only the Hearing Notices.  Providing notice of interim and final fee application requests in this manner will permit the parties most active in these chapter 11 cases to review and, if warranted, object to professional fees and expenses, and will save the expense of undue duplication and mailing.

12.     The Debtors will include all payments made to Professionals in accordance with the Interim Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals as of the date of such report.

### Applicable Authority

13.     Pursuant to section 331 of the Bankruptcy Code and Bankruptcy Rule 2016, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days or more often if the court permits.  Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Thus, this Court has authority to enter an order authorizing the proposed Interim Compensation Procedures.  The proposed Interim Compensation Procedures comply with the requirements of section 331 of the Bankruptcy Code and Bankruptcy Rule 2016, and further requires that all Professionals comply with Local Rule 2016-2.

8

DOCS_DE:185744.1 73864/001

14. The proposed Interim Compensation Procedures will enable the Debtors to closely monitor the costs of administration of these cases, maintain a level cash flow, and implement efficient cash management procedures. Moreover, these procedures will also allow the Court and the key parties in interest to verify the reasonableness and necessity of the compensation and reimbursement sought pursuant to the Interim Compensation Procedures.

15. The proposed procedures are similar to those approved in other cases in this District. *See, e.g., In re AFA Investment Inc., et al.*; Case No. 12-11127 (MFW) (Bankr. D. Del. April 20, 2012); *In re NewPage Corporation*, Case No. 11-12804 (KG) (Bankr. D. Del. Oct. 4, 2011); *In re Nebraska Book Company, Inc.*, Case No. 11-12005 (PJW) (Bankr. D. Del. July 21, 2011); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (KG) (Bankr. D. Del. Feb. 18, 2011); *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (Bankr. D. Del. Dec. 17, 2010); *In re OTC Holdings Corp.*, Case No. 10-12636 (Bankr. D. Del. Sept. 17, 2010); *In re NEC Holdings Corp.*, Case No. 10-11890 (Bankr. D. Del. July 13, 2010); *In re Majestic Star Casino, LLC*, Case No. 09-14136 (KG) (Bankr. D. Del. Nov. 23, 2009); *In re Sun Times Media Group, Inc.*, Case No. 09-11092 (CSS) (Bankr. D. Del. Nov. 20, 2009); *In re Masonite*, Case No. 09-10844 (PJW) (Bankr. D. Del. Apr. 15, 2009). The Debtors submit that similar relief is warranted in these chapter 11 cases.

## Notice

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' prepetition secured lenders; (c) counsel to the Official Committee of Unsecured Creditors; and (d) those persons who have requested notice pursuant to

Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE the Debtors respectfully request an order (i) approving the Interim Compensation Procedures, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: February 28, 2013

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com


[Proposed] Counsel for Debtors and Debtors in Possession