## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, <u>et al.</u>,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**APPLICATION FOR ORDER AUTHORIZING THE
DEBTORS TO EMPLOY AND RETAIN RUST CONSULTING/OMNI
BANKRUPTCY TO PROVIDE ADMINISTRATIVE SERVICES TO THE
DEBTORS PURSUANT TO SECTIONS 327(a), 328 AND 1107(b) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014**

The above-captioned Debtors and Debtors in Possession (the "Debtors")

respectfully submit this application for entry of an order, pursuant to §§ 327(a), 328 and 1107(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), authorizing the Debtors to retain Rust

Consulting/Omni Bankruptcy ("Rust Omni") to provide certain administrative services to the

Debtors (the "Application") on the terms and conditions set forth in  engagement agreement

attached hereto as <u>Exhibit A</u> (the "Engagement Agreement").  In support of the Application, the

Debtors relies upon and incorporates by reference the declaration of Paul H. Deutch in Support

of the Application (the "Deutch Declaration"), a copy of which is attached hereto as <u>Exhibit B</u>.

In further support of the Application, the Debtors respectfully represent as follows:

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are:  Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY  40505.

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334.  Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as Debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC.  No committee has been appointed in the cases of Spara, LLC, Greenwood Forgings, LLC and US Tool and Engineering, LLC.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

4.      The Debtors and their affiliates (collectively referred to herein as the "Company") are premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-

2

performance products and processes.  The Company is also a premier designer, manufacturer and supplier of components for the global aerospace, energy, military, defense and transportation industries.  Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

## Relief Requested

5.      By this Application, the Debtors respectfully request entry of an order, pursuant to §§ 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1, authorizing the employment and retention of Rust Omni to provide certain administrative services (the "Administrative Services") in connection with these chapter 11 cases pursuant to the terms and conditions of the Engagement Agreement.[2]

## Administrative Services to be Provided[3]

6.      The Debtors seek to retain Rust Omni to provide the following Administrative Services, among others, if and to the extent requested:

　　　　a.      Assist the Debtors in analyzing claims filed against its estate;

　　　　b.      Assist with the preparation of the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "Schedules");

---

[2]  Contemporaneously herewith, the Debtors have filed an Application to Appoint Rust Omni as Claims and Noticing Agent for the Debtors pursuant to § 156(c) of title 28 of the United States Code, § 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002(f) and Local Rule 2002-1 in accordance with the Court's *Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c)*.

[3]  The services set forth herein are only a summary of the services to be provided by Rust Omni.  If there are any discrepancies between this Application and the Engagement Agreement, the Engagement Agreement shall govern.

3

    c.  Tabulate votes and perform subscription services as may be requested or required in connection with any and all Chapter 11 plans that may be filed by the Debtors and provide ballot reports and related balloting and tabulation services to the Debtors and its professionals;

    d.  Generate an official ballot certification and testify, if necessary, in support of the ballot tabulation results; and

    e.  Perform such other administrative services as may be requested by the Debtors that are not otherwise allowed under the 156(c) Order.

    7.  Section 327(a) of the Bankruptcy Code provides that a Debtors, subject to court approval "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtors] in carrying out the [Debtors]'s duties under this title." 11 U.S.C. § 327(a).

    8.  Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

    9.  The size and complexity of the Debtors' businesses will make preparation of Schedules administratively burdensome to the Debtors' employees who are also actively engaged in continuing the Debtors' ordinary course business. In view of these challenges, the

4

Debtors submit that retention of Rust Omni to provide Administrative Services is both necessary

and in the best interests of the Debtors, the estates and other parties-in-interest.

10.    Rust Omni is one of the country's leading Chapter 11 administrators, with

significant experience in noticing, claims administration, solicitation, balloting, and facilitating

other administrative aspects of Chapter 11 cases.  Rust Omni has substantial experience

providing administrative services in matters of this size and complexity.  *See, e.g., In re Cylex,*

*Inc., Case No. 12-13259 (BLS) (Bankr D. De 6); In re Mervyn's Holding, Inc.*, Case No. 08-

11586 (Bankr. D. Del.); *In re Perkins Marie Callender's*, Case No. 11-11795 (Bankr. D. Del.);

*In re Innkeeper USA Trust*, Case No. 10-13800 (Bankr. S.D.N.Y.); and *In re Refco, Inc.*, Case

No. 05-60006 (Bankr. S.D.N.Y.).

11.    The Debtors submit that using Rust Omni to provide the Administrative

Services will provide the most cost-effective and efficient administration for these chapter 11

cases.  The Debtors chose Rust Omni based on its experience, reputation, and the

competitiveness of its fees.  By retaining Rust Omni to provide Administrative Services in these

chapter 11 cases, the administration of the cases will be expedited, so the Debtors and the

Debtors' professionals will be substantially relieved of handling the Administrative Services.

Accordingly, the Debtors believe that Rust Omni is well qualified to provide the Administrative

Services and that Rust Omni's retention in such capacity is in the best interests of the Debtors'

estate and its creditors.

5

### Rust Omni's Disinterestedness

12.     The Debtors have many creditors, and accordingly, Rust Omni may have rendered and may continue to render services to certain of these creditors. Rust Omni has not and will not represent the separate interests of any such creditor in this case. Additionally, Rust Omni employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the Debtors. Except as may be disclosed in the Deutch Affidavit, Rust Omni has represented that it neither holds nor represents any interest adverse to the Debtors' estates in connection with any matter on which it would be employed and that it is a "disinterested person," as referenced in Bankruptcy Code § 327(a) and as defined in Bankruptcy Code § 101(14), as modified by Bankruptcy Code § 1107(b). If any new facts or relationships are discovered regarding Rust Omni's relationships with parties in interest in these cases, the Debtors understand that Rust Omni will file a supplemental disclosure with the Court.

### Rust Omni's Compensation

13.     Rust Omni will apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Commencement Date in connection with the performance of Administrative Services in these chapter 11 cases, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee and further orders of this Court.

14.     Rust Omni has informed the Debtors that, subject to Court approval, it will bill at its standard hourly rates, which are set forth in the Engagement Agreement.

DOCS_DE:186081.4 73864/001

15.     The Debtors believe these rates are consistent with market rates for comparable services. Rust Omni will maintain detailed records of actual and necessary costs and expenses incurred in connection with the Administrative Services described above.

### Basis for Relief

16.     The Debtors submit that the retention of Rust Omni to provide Administrative Services is appropriate under §§ 327(a), 328, and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers a trustee (or Debtors-in-possession in a chapter 11 case), with the Court's approval, to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

a)     is not a creditor, an equity security holder, or an insider;

b)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

c)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11 U.S.C. § 101(14). Further, § 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under § 327 of this title by a Debtors in possession solely because of such person's employment by or representation of the Debtors before the commencement of the case." 11 U.S.C. § 1107(b). As set forth above, except as may be disclosed in the Deutch Affidavit, Rust Omni has represented that it neither holds nor represents any interest adverse to the Debtors' estates in connection with any matter on which it would be employed and that it is a

7

"disinterested person," as referenced in § 327(a) and as defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b).

17.    By retaining Rust Omni to provide Administrative Services in these cases, the Debtors, the estates, the creditors and other parties-in-interest will benefit from Rust Omni's experience as an administrative and balloting agent and the efficient and cost-effective methods that Rust Omni has developed.  For the foregoing reasons, the Debtors believe that its retention of Rust Omni to provide Administrative Services is appropriate and in the best interests of the Debtors, the estates, creditors and other parties-in-interest.

### Notice

18.    Notice of this Application shall be provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' prepetition secured lenders; (c) counsel to the Official Committee of Unsecured Creditors; and (d)  those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

19.    No previous application for the relief sought herein has been made to this or any other court.

DOCS_DE:186081.4 73864/001

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto granting the Application and such other relief as may be just or proper.

Dated:  February 27, 2013

**Revstone Industries, LLC** *et al.*

By: _____ James M. Lukenda

Title:   Deputy Chief Restructuring Officer

9