## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### APPLICATION OF DEBTORS PURSUANT TO 28 U.S.C. § 156(c) AND LOCAL RULE 2002-1(f) FOR AN ORDER AUTHORIZING THE RETENTION OF RUST CONSULTING/OMNI BANKRUPTCY AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submit this application (the "Application") for entry of an order (the "Order"), substantially in the form attached hereto, pursuant to 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Rust Consulting/Omni Bankruptcy ("Rust Omni") as noticing and claims agent (the "Claims Agent") in connection with these chapter 11 cases. In support of this Application, the Debtors rely upon the Declaration of Paul H. Deutch (the "Deutch Declaration") attached hereto as <u>Exhibit A</u> and further respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

**Jurisdiction and Venue**

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.    The statutory predicates for the relief sought herein are section 156(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

**Background**

3.    On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC.  No committee has been appointed in the cases of Spara, LLC, Greenwood Forgings,

LLC and US Tool and Engineering, LLC.  No trustee or examiner has been appointed in any of

the Debtors' chapter 11 cases.

        5.      The Debtors and their affiliates (collectively referred to herein as the

"Company") are premier designers and manufacturers of highly engineered components for

automotive and other industrial sectors focusing on case and formed metals, tooling, and high-

performance products and processes.  The Company is also a premier designer, manufacturer

and supplier of components for the global aerospace, energy, military, defense and

transportation industries.  Certain affiliates specialize in thermoform plastics, forging, casting,

fabricating and molding of various types of ferrous and non-ferrous metals, as well as the

performance of precision machining and fabrication.

### Relief Requested

        6.      By this Application, the Debtors seek an Order pursuant to section

156(c) of the Bankruptcy Code and Local Rule 2002-1(f) authorizing and approving the

retention and employment of Rust Omni to act as the claims and noticing agent to assume full

responsibility for the distribution of notices and the maintenance, processing and docketing of

proofs of claim filed in the Debtors' cases and provide the services set forth below.

        7.      The Debtors' selection of Rust Omni to act as the claims and noticing

agent has satisfied the Court's *Protocol for the Employment of Claims and Noticing Agents*

*under 28 U.S.C. § 156(c)*, in that the Debtors have obtained and reviewed engagement

proposals from at least two other court-approved claims and noticing agents to ensure selection

through a competitive process.  Moreover, the Debtors submit that, based on all engagement

proposals obtained and reviewed, Rust Omni's rates are competitive and reasonable given Rust

Omni's quality of services and expertise.  The terms of Rust Omni's retention are set forth in

the Services Agreement dated February 27, 2013 (the "Services Agreement") attached hereto

as Exhibit B and incorporated herein by this reference.

### Basis For Relief

8.      Section 156(c) of title 28 of the United States Code, which governs the

staffing and expenses of the Court, authorizes the Court to use facilities other than those of the

office of the clerk of the bankruptcy court (the "Clerk's Office") for the administration of

bankruptcy cases.  Section 156(c) provides that:

> Any court may utilize facilities or services, either on or off the
> court's premises, which pertain to the provision of notices, dockets,
> calendars, and other administrative information to parties in cases
> filed under the provisions of title 11, United States Code, where
> the costs of such facilities or services are paid for out of the assets
> of the estate and are not charged to the United States.

28 U.S.C. §156(c).

9.      Section 105(a) of the Bankruptcy Code provides that "[the] court may

issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title."

10.      In addition, Local Rule 2002-1(f) provides, in relevant part, as follows:

> Upon motion of the debtor or trustee, at any time without notice or hearing,
> the Court may authorize the retention of a notice and/or claims clerk under 28
> U.S.C. § 156(c).  In all cases with more than 200 creditors or parties in interest,
> unless the Court orders otherwise, the debtor shall file such motion on the first
> day of the case or within seven (7) days thereafter.  The notice and/or claims clerk
> shall perform the below functions:

i.      Serve the following notices: (a) 341 Notice (Notice of Commencement of Case); (b) Notice of Claims Bar Date in Chapter 11 cases; (c) Objections to Claims and Transfers of Claims; (d) Notice of Hearing on confirmation of Plan/Disclosure Statement; (e) Notice of Hearing on motions filed by United States Trustee; and (f) Notice of Transfer of Claim;

ii.     Within seven (7) days of mailing, file with the Court, a copy of the notice served with a Certificate of Service attached, indicating the name and complete address of each party served;

iii.    Maintain copies of all proofs of claims and proofs of interest filed in the case;

iv.     Maintain the official claims register and record all Transfers of Claims and make changes to the creditor matrix after the objection period has expired. The claims clerk shall also record any order entered by the Court which may affect the claim by making a notation on the claims register and monitor the Court's docket for any claims related pleading filed and make necessary notations on the claims register. No claim or claim information should be deleted for any reason;

v.      Maintain a separate claims register and separate creditor mailing matrix for each debtor in jointly administered cases;

vi.     File a quarterly updated claims register with the Court in alphabetical and numerical order. If there has been no claims activity, the claims clerk may file a Certification of No Claim Activity;

vii.    Maintain up-to-date mailing list of all creditors and all entities who have filed proofs of claim or interest and/or request for notices for each case and provide such list to the Court or any interested party upon request (within forty-eight (48) hours);

viii.   Allow public access to claims and the claims register at no charge; and

ix.     Within fourteen (14) days of entry of an Order dismissing a case or within thirty (30) days of entry of a Final Decree, forward to the Clerk (a) an updated claims register, (b) a CD of all imaged claims; and (c) and excel spreadsheet containing all claims information along with an updated mailing list. The claims register and mailing list should be provided in both paper and on disc and in alphabetical and numerical order. The mailing list disc should be in .txt format. The Claims agent shall box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154

x.      Within fourteen (14) days of entry of an Order converting a case, forward to the Clerk (a) all claims and an updated claims register, (b) a CD of all imaged claims, and (c) an excel spreadsheet containing all claims

information, along with an updated 2002 list and updated creditor mailing list, which shall contain the names and addresses of all creditors. The claims register, 2002 list and creditor mailing list shall be provided in both paper and on disc, in both alphabetical and numerical order. The creditor mailing list disc and the 2002 list disc should be in .txt format; and

xi.    Upon conversion of a chapter 11 case to a chapter 7 case, if there are more than 200 creditors, the claims agent appointed in the chapter 11 case shall (i) continue to serve all notices required to be served, at the direction of the chapter 7 trustee or the Clerk's office or (ii) submit a termination order. If a Termination Order has been granted, the Claims Agent shall comply with Del. Bankr. L.R. 2002-1(f)(x) above.

Del. Bankr. L.R. 2002-1(f).

11.    Accordingly, the Court is empowered pursuant to 28 U.S.C. § 156(c) to utilize outside agents and facilities for notice and claims purposes, provided that the Debtors' estates pay the cost of such services. The number of creditors in these cases exceeds 200. Thus, pursuant to Local Rule 2002-1(f), and for the reasons set forth herein, the Debtors believe it is necessary and in the best interests of their creditors and estates to retain Rust Omni in order to assume full responsibility for, among other things, the distribution of notices and proof of claim forms and the maintenance, processing and docketing of all proofs of claim filed in the Debtors' chapter 11 cases.

### Qualifications of Rust Omni

12.    Rust Omni has substantial experience in the matters upon which it is to be retained and has provided identical or substantially similar services in other chapter 11 cases in this and other jurisdictions, such as: *In re American Suzuki Motor Corporation,* Case No. 12-22808 (Bankr. C.D. Cal.); *In re Back Yard Burgers, Inc., et al.,* Case No. 12-12882 (Bankr. D. Del.); *In re Allied Systems* Holdings, *Inc., et al.,* Case No. 12-11564 (Bankr. D. Del.); *In re*

*Mervyn's Holding, Inc.,* Case No. 08-11586 (Bankr. D. Del.); *In re Perkins Marie Callender's*,

Case No. 11-11795 (Bankr. D. Del.); *In re Innkeeper USA Trust*, Case No. 10-13800 (Bankr.

S.D.N.Y.); and *In re Refco, Inc.*, Case No. 05-60006 (Bankr. S.D.N.Y.). Thus, the Debtors

believe that Rust Omni is well-suited to serve as Claims and Noticing Agent in these chapter

11 cases.

13.     The Debtors believe that the retention of Rust Omni as Claims and

Noticing Agent in this chapter 11 case will expedite service of Bankruptcy Rule 2002 notices,

streamline the claims administration process, and permit the Debtor to focus on its

reorganization efforts.  Accordingly, the Debtors' estates, and especially their creditors, will

benefit as a result of Rust Omni's experience and cost-effective methods.

### Services To Be Provided

14.     This Application pertains only to the work to be performed by the

Claims Agent under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local

Rule 2002-1(f), and any work to be performed by Rust Omni outside of this scope is not

covered by this Application or by any Order granting approval hereof.  By separate Section

327 application, the Debtors will seek authority to retain and employ Rust Omni to perform

additional administrative services.  Specifically, Rust Omni will perform the following tasks in

its role as claims and noticing agent (the "Claims and Noticing Services"), as well as all quality

control relating thereto:

  a.   prepare and serve required notices in the Debtors' chapter 11 cases, which
       may include:

(i)      notice of the commencement of the Debtors' chapter 11 cases and the initial meeting of creditors pursuant to § 341(a) of the Bankruptcy Code;

(ii)     notice of the claims bar date;

(iii)    notice of objections to claims;

(iv)    notice of any hearings on a disclosure statement and confirmation of a plan of reorganization, if any;

(v)     notice of transfers of claims;

(vi)    notice of any motion to convert, dismiss, appoint a trustee, or appoint an examiner filed by the United States Trustee's Office; and

(vii)   other miscellaneous notices to any entities, as the Debtors may deem necessary or appropriate for an orderly administration of the its chapter 11 case;

(viii)  maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

b.   maintain (i) a list of all potential creditors, equity security holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;

c.   Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for filing proofs of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be affected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

d.   maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

e.   for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical

order) with their addresses, (iii) the manner of service, and (iv) the date served;

f.  process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

g.  maintain the official claims register for the Debtors (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with a certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed; (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vi) any disposition of the claim;

h.  implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

i.  allow public access to claims and the Claims Register at no charge;

j.  maintain an up-to-date mailing list for all creditors and entities that have filed a proof of claim or interest and/or request for notices in these chapter 11 cases and provide such list to the Court or any interested party upon request (within forty-eight (48) hours);

k.  record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

l.  relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of the Claims and Noticing Agent, not less than weekly;

m.  upon completion of the docketing process for all claims received to date, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

n.  monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register;

o.  assist the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtors or the Court, including through the use of a case website and/or call center;

p.  if the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to Claims and Noticing Agent of entry of an order converting the case;

q.  thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing the Claims and Noticing Agent and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of this case;

r.  within seven (7) days of notice to the Claims and Noticing Agent of entry of an order closing this chapter 11 case, provide to the Court the final version of the Claims Register as of the date immediately before the close of the case;

s.  at the close of these cases, box and transport all original documents, in proper format, as provided by the Clerk's Office, to (i) Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154 or (ii) any other location requested by the Clerk's Office.; and

t.  comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements.

### Terms of Retention

15.    The Debtors propose to retain Rust Omni at the rates and under the terms set forth in the Services Agreement.  Compensation for Rust Omni's services as Claims and Noticing Agent will be paid from the Debtors' estates in the ordinary course of business without further application to this Court as provided by 28 U.S.C. § 156(c) and § 503(b)(1)(A) of the Bankruptcy Code.  Rust Omni will maintain records of all services showing dates, categories of services, fees charged and expenses incurred and will serve monthly invoices for services rendered by Rust Omni in its capacity as Claims and Noticing Agent on the Debtors, the United States Trustee for the District of Delaware, counsel for the Debtors, counsel for the official committee appointed in this case, and any party who specifically requests service of the monthly invoices.  If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter by the Court.

16.     Rust Omni has informed the Debtors that, subject to Court approval, it will bill at the hourly rates which are set forth in the Services Agreement. The Debtors believes that these rates are consistent with market rates for comparable services.

17.     If Rust Omni's services are terminated, Rust Omni shall perform its duties until a complete transition with the Clerk's Office or any successor Claims and Noticing Agent occurs, provided, however, that the provision of such transition services shall be subject to the terms of the Services Agreement, including with respect to payment.

18.     Rust Omni shall perform the duties within the scope of its appointment under 28 U.S.C. § 156(c) regardless of whether Rust Omni has received payment in accordance with the Services Agreement. To the extent Rust Omni requires redress for non-payment of its fees and expenses, it will seek relief from the Court.

19.     Rust Omni will comply with all requests of the Clerk's Office, the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c), and all the relevant statutory provisions and rules of procedure, including the Local Rules, general orders of the Bankruptcy Court and applicable guidelines.

20.     The Debtors also request that this Court retain jurisdiction to hear and determine all matters arising from or related to this Application.

## Rust Omni's Disinterestedness

21.     To the best of the Debtors' knowledge, and as disclosed in the Deutch Declaration, Rust Omni (a) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, except that Rust Omni was employed by the Debtors prior to the

Petition Date as allowed by Section 1107(b) of the Bankruptcy Code, and (b) does not hold or

represent an interest materially adverse to the Debtors' estates.

22.    The Deutch Declaration represents that, to the best of Rust Omni's

knowledge, Rust Omni is not materially connected with the Debtors, their creditors, other

parties-in-interest, the United States Trustee, or any person employed by the Office of the

United States Trustee and that to the best of Rust Omni's knowledge, after due inquiry, Rust

Omni does not, by reason of any direct or indirect relationship to, connection with, or interest

in the Debtors, hold or represent any interest materially adverse to the Debtors, their estates, or

any class of creditors or equity interest holders with respect to the matters upon which it is to

be engaged.

23.    Rust Omni is not a creditor of the Debtors.

24.    Should Rust Omni discover any new relevant facts or relationships

bearing on the matters described herein during the period of its retention, Rust Omni will use

reasonable efforts to file promptly a supplemental declaration.

25.    The Debtors have been informed that, Rust Omni will not share with any

person or firm the compensation to be paid for professional services rendered in these cases,

except as among partners and employees of Rust Omni.

26.    In connection with its retention as notice and claims agent, Rust Omni

represents, among other things, that:

        a.  Rust Omni will not consider itself employed by the United States government
            and shall not seek any compensation from the United States government in its
            capacity as the notice and claims agent in these chapter 11 cases;

b. By accepting employment in these chapter 11 cases, Rust Omni waives any rights to receive compensation from the United States government in its capacity as the notice and claims agent in these chapter 11 cases;

c. In its capacity as the notice and claims agent in these chapter 11 cases, Rust Omni will not be an agent of the United States and will not act on behalf of the United States; and

d. Rust Omni will not employ any past or present employees of the Debtors in connection with its work as the notice and claims agent in these chapter 11 cases.

## Notice

27.    Notice of this Application shall be provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b)  the Debtors' prepetition secured lenders; (c) counsel to the Official Committee of Unsecured Creditors; and (d)  those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

28.    No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto: (a) authorizing the Debtors to retain and employ Rust Omni as noticing and claims processing agent and (b) granting such other and further relief as this Court deems just and proper.

Dated:  February 27, 2013

Revstone Industries, LLC *et al.*

By:     James M. Lukenda
Title:   Deputy Chief Restructuring Officer