## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>GREENWOOD FORGINGS, LLC[1]<br><br>Debtor. | Chapter 11<br><br>Case No.: 13-10027 (BLS) |

**APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327(A), 328, AND 1107(B); RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; AND RULE 2014-1 OF THE LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE AUTHORIZING THE EMPLOYMENT OF WERB & SULLIVAN AS TEMPORARY BANKRUPTCY COUNSEL FOR THE DEBTOR _NUNC PRO TUNC_ TO THE PETITION DATE UNTIL SUBSTITUTION OF COUNSEL**

Werb & Sullivan, files this application (the "Application") for the entry of an order, pursuant to 11 U.S.C. §§ 327(a), 328, and 1107(b); Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the limited retention and employment of Werb & Sullivan ("Werb & Suillivan" or the "Firm") as Debtor's temporary bankruptcy counsel _nunc pro tunc_ to the Petition Date (defined below) until substitution of counsel. In support of the Application, Werb & Sullivan respectfully states as follows:

### BACKGROUND

A.    **The Bankruptcy Case**

1.    On January 7, 2013 (the "Petition Date"), the above-captioned debtor and debtor in possession (the "Debtor" or "Greenwood Forgings") filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The last four digits of the Debtor's federal tax identification number are 9285. The Debtor's mailing address is 2250 Thunderstick Dr., Ste. 1203, Lexington, Kentucky 40505.

2.     The Debtor continues to manage its property and financial affairs as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3.     To date, the Office of the United States Trustee has not appointed any official committee in the Debtor's case. No trustee or examiner has been requested or appointed in this case.

**B.     Debtor's Business and Financial Condition**

4.     . The Debtor is a designer and manufacturer of aluminum forgings to the automotive and powersports markets and has a long history of providing safety critical components in a timely manner to major Tier 1 and Tier 2 automotive suppliers. The primary manufacturing facilities of the Debtor are located in Greenwood, South Carolina, and the Debtor employs approximately 50 people.

5.     The reverberations and transitions in the automobile industry since 2008 have had a lasting impact on the Company's operations. The Company has been negatively impacted by the continued lack of liquidity in the credit market for middle market borrowers. As a result, the Company has only been able to obtain financing at high interest rates with overly restrictive covenants. As a result, the Debtor has experienced covenant defaults that have led to litigation and resulted in a significant judgment against the Debtor and several of its affiliates. Specifically, Boston Finance Group, LLC ("**BFG**") obtained a Final Judgment on April 9, 2012 in the State Court of Michigan, Circuit Court for the County of Grand Traverse [Case No. 12-28975-CK] ("**MI State Court**") against the Debtor in the amount of $4,805,666.62, and for additional amounts with respect to several of the Debtor's affiliates, for an aggregate judgment amount of $26,713,464.89 plus interest (the "**Judgment**"). Combined with the overall slow recovery of the economy, the Judgment and the cumulative effect of the Debtor's high interest rate financing have generated liabilities significantly in excess of assets.

The Debtor's current estimate of assets is $7,248,000 and current estimate of liabilities is $11,994,000.

6.      Despite having partially satisfied, as of December 3, 2012, the aforesaid Judgment, BFG remained unwilling to allow the Debtor any additional time to reach a reasonable solution in respect of the remaining unpaid portion of the Judgment as it relates to the Debtor and the other affiliates subject to the judgment, and sought to seize assets and enforce post-judgment remedies, including seeking the appointment of a receiver.

7.      The Company believed that its only option to sustain viable operations was for the Debtor to initiate the Chapter 11 process, on an emergency basis, in order to continue to progress toward the Company's goal of reorganizing its operations and maximizing recoveries to all creditors. The Debtor believes that the appointment of a receiver in the MI State Court action would have only served to administratively deplete the estate while failing to maximize the value of the estate for the creditors and all constituents. Therefore, the Debtor's best alternative was to file this Chapter 11 proceeding.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

9.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

10.     The statutory predicates for the relief sought herein are Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, as complemented by Bankruptcy Rule 2014 and Del. Bankr. LR 2014-1.

**RELIEF REQUESTED**

11.     By the Application, Werb & Sullivan seeks the entry of an order pursuant to 11

U.S.C. §§ 327 (a), 328, and 1107(b) authorizing it to employ Werb & Sullivan as its temporary

bankruptcy counsel, *nunc pro tunc* to the Petition Date, to perform the limited legal services for

the Debtor that were necessary during these Chapter 11 cases until the substitution of counsel and

completion of work by Werb & Sullivan.  On January 29, 2013, the law firm of Pachulski Stang

Ziehl & Jones substituted for Werb & Sullivan as counsel for the Debtor.

12.     Werb & Sullivan seeks to be employed as temporary bankruptcy counsel to

Debtor in connection with Debtor's Chapter 11 case because: (i) Debtor filed its petition in these

proceedings through Werb & Sullivan on an emergency expedited basis; (ii) Werb & Sullivan

previously provided legal services to non-debtor affiliates of Debtor and Debtor's parent is

familiar with the services provided by Werb & Sullivan; (iii) Werb & Sullivan has extensive

experience and knowledge in the field of debtor and creditors' rights; (iv) Werb & Sullivan is

well qualified to represent as temporary bankruptcy counsel for limited service in this Chapter 11

case; (v) Werb & Sullivan's bankruptcy and restructuring attorneys have developed a familiarity

with the Debtor's business and affairs and many of the legal issues which have arisen in the

context of this Chapter 11 case; and (vi) it was initially intended by the Debtor that Werb &

Sullivan would only be employed to file the Petition on an emergency basis until substitution of

counsel.  Werb & Sullivan has represented the Debtor briefly with respect to pending litigation

and is generally familiar with its general corporate and legal affairs.

13.     Werb & Sullivan commenced legal representation of the Debtor with respect to

its financial difficulties on or about January 7, 2013, including matters related to the BFI claims,

consultation regarding the filing of the bankruptcy, the preparation of all pleadings, schedules

and statements to be filed, and the limited representation of the Debtor regarding this

proceeding.  Until substitution of counsel on January 29, 2013, Werb & Sullivan also rendered the following services to the Debtor:

(a)   provided legal advice with respect to the Debtor's powers and duties as Debtor-in- possession in the management of its property and administration of its estate;

(b)   took necessary action to protect and preserve the Debtor's estate;

(c)   consulted with the Debtor's management and financial advisors in connection with the operating, financial and other business matters relating to the ongoing activities of the Debtor;

14.   Werb & Sullivan served as temporary bankruptcy counsel to the Debtor on a short notice and on an expedited basis, pursuant to emergency request of the Debtor, to prepare and file the Chapter 11 Petition, and handle Debtor's Chapter 11 case until substitution of counsel. The professional services the Firm rendered to the Debtors include: emergency and expedited preparation and filing of the Chapter 11 Petition until substitution of counsel.  The Firm also handled a number of other pressing preliminary matters after the filing of the Petition until substitution of counsel such as First Day Motions and Motions at Hearings regarding the Cash Collateral Order.  The Firm also prepared and filed Court Agendas and Court Binders for the first two Court Hearings and represented the Debtor at the first two Court Hearings.  The Firm also negotiated extensively with the Debtor's First Secured Lender, Bridgeport, and the Second Secured Lender and Judgment Holder, Boston, including with regard to the Cash Collateral Order.  The Firm also filed Debtor's response to BFI's Motion for adequate assurance payments and replacement liens, prepared for and attended the Court Hearing in this regard, and negotiated extensively with BFI concerning an acceptable Cash Collateral Order.  The Firm filed Debtor's Petition on January 7, 2013 and Substitution of Counsel was filed on January 29, 2013.

15.   To the best of Werb & Sullivan's knowledge, and except as disclosed in the

Declaration of Duane D. Werb, Esquire (the "Declaration"), which is attached hereto and made

a part hereof as Exhibit "A," Werb & Sullivan has not represented and does not have any

connection with the Debtor, its creditors, equity security holders or any other parties in interest

or its respective attorneys or accountants, the United States Trustee or any person employed in

the Office of the United States Trustee, or any of the Delaware bankruptcy judges in any matter

relating to the Debtor or its estate except as otherwise set forth in the Declaration.

      16.     To the best of the Werb & Sullivan's knowledge, and except as otherwise disclosed

in the Declaration, Werb & Sullivan does not hold or represent any interest adverse to the Debtor

and its estates, and Werb & Sullivan is a "disinterested person" as that term is defined in Section

101(14) of the Bankruptcy Code.

## BASIS FOR RELIEF

      17.     Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with
> the court's approval may employ one or more attorneys,
> accountants, appraisers, auctioneers, or other professional
> persons, that do not hold or represent an interest adverse to
> the estate, and that are disinterested persons, to represent or
> assist the trustee in carrying out the trustee's duties under this
> title.

11 U.S.C. § 327(a).

      18.     Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> (a) The trustee . . . with the court's approval, may employ
> or authorize the employment of a professional person under
> section 327 of this title . . . on any reasonable terms and
> conditions of employment, including on a retainer, on an
> hourly basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

      19.     Section 1107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> Notwithstanding section 327(a) of this title, a person is not disqualified for

employment under section 327 of this title by a Debtor in possession solely because of such person's employment by or representation of the Debtor before the commencement of the case.

20.    Subject to Bankruptcy Court approval in accordance with Section 330 of the Bankruptcy Code, Werb & Sullivan will charge the Debtor for its legal services as temporary bankruptcy counsel from the Petition Date to the January 29, 2013 substitution of counsel, on an hourly basis in accordance with its ordinary and customary rates in effect on the date such services are rendered, and submits that such rates are reasonable. The terms of the engagement are set forth in the attached Declaration.

21.    Werb & Sullivan's bankruptcy attorneys are highly skilled and have developed a familiarity with the Debtor's business and affairs. Therefore, Werb & Sullivan believed that the limited employment of Werb & Sullivan as temporary bankruptcy counsel until substitution of counsel was in the best interests of the Debtor, its estate, and its creditors.

## NOTICE AND NO PRIOR REQUEST

22.    Notice of the Application has been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtor's twenty (20) largest unsecured creditors, (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other further notice is required.

WHEREFORE, Werb & Sullivan respectfully requests the entry of an order, pursuant to Sections 327, 328 and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1: (i) authorizing the Debtor to employ, effective as of the Petition Date, the firm of Werb & Sullivan to represent, as its attorneys, the Debtor on a limited basis as temporary bankruptcy counsel to the Debtor in possession in this Chapter 11 bankruptcy case until the January 29, 2013 substitution of counsel and Werb & Sullivan has completed its work; and (ii) granting such other and further relief as it deems just and proper.

Dated: March 5, 2013

/s/ Duane D. Werb
Duane D. Werb (No. 1042)
WERB & SULLIVAN
300 Delaware Avenue, Suite 1300
Wilmington, Delaware  19801
Telephone:  (302) 652-1100
Fax: (302) 652 – 1111

*Proposed Limited Temporary Bankruptcy
Counsel to Debtor*