IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**EXPEDITED MOTION OF DEBTOR SPARA, LLC FOR ENTRY OF ORDER DIRECTING THE EXAMINATION OF SANDEEP GUPTA, JOHN FERNANDO AND BOSTON FINANCE GROUP, LLC PURSUANT TO BANKRUPTCY RULE 2004**

Spara, LLC, a debtor and debtor in possession in the above captioned cases (the "Debtor" or "Spara"), hereby submits this expedited[2] motion (the "Motion") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District Court of Delaware (the "Local Rules") for the entry of an order directing the examination of Sandeep Gupta, John Fernando and Boston Finance Group, LLC ("BFG") regarding the operations of non-Debtor affiliate Lexington Logistics, LLC ("Lexington") and BFG's management of Lexington, as further described below. In support of the Motion, the Debtor respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] The Debtor has filed a motion contemporaneously herewith seeking a reduction in time to allow this Motion to be heard at the regularly scheduled omnibus hearing on Tuesday, March 19, 2013, at 2:00 p.m.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Debtor's bankruptcy case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2004, and Rule 2004-1 of the Local Rules.

## BACKGROUND

3.      On December 3, 2012 (the "Spara Petition Date"), Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC. No committee has been appointed in the cases of Spara, LLC, Greenwood Forgings, LLC and US Tool and Engineering, LLC.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

5.      The Debtors and their affiliates (collectively referred to herein as the "Company") are premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-performance products and processes.  The Company is also a premier designer, manufacturer and supplier of components for the global aerospace, energy, military, defense and transportation industries.  Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

## BACKGROUND RELATED TO LEXINGTON

6.      On June 21, 2011, the Debtor entered into a loan agreement for financing from BFG in the principal amount of $6,000,000 (the "Spara Loan") under the terms of a Promissory Note (the "Spara Promissory Note").  In connection with and to secure the obligations owing under the Spara Loan, the Debtor executed in favor of, and delivered to, BFG a Pledge Agreement (the "Spara Pledge Agreement"), in which the Debtor pledged 100% of the membership interests (the "Lexington Membership Interest Collateral") in Lexington.[3]

7.      On January 10, 2012, BFG filed a Complaint against certain of the Debtors in these cases and certain non-Debtor affiliates as a result of numerous defaults under various loan documents, including the Spara Loan.  On April 9, 2012, the Circuit Court for the

---

[3] The Debtor reserves all rights to contest any liens asserted by BFG, as well as all rights to oppose any exercise of any alleged rights related to such liens.

County of Grand Traverse, Michigan, entered a final judgment, among other things, declaring

certain of the Debtors jointly and severally liable to BFG in the liquidated amount of

$6,708,500.00 plus costs on account of the Spara Loan and related loan documents.

        8.      The Spara Pledge Agreement also afforded BFG remedies upon a default

with respect to the Lexington Membership Interest Collateral.  Due to the defaults prior to the

Spara Petition Date, BFG exercised certain of its rights and remedies, including without

limitation exercising voting rights, installing itself as manager of Lexington and appointing

certain new officers of Lexington by unanimous written consent of sole member BFG dated

November 6, 2012.  The officers appointed included John Fernando as President and Chief

Operating Officer.  Upon information and belief, at present BFG is purportedly exercising all

voting rights for Lexington, Sandeep Gupta has been purportedly installed by BFG as Chief

Restructuring Officer of Lexington, and John Fernando previously held the positions of President

and Chief Operating Officer of Lexington.

        9.      Lexington itself is party to a certain Loan and Security Agreement with

Fifth Third Bank, as Agent ("Fifth Third"), dated June 24, 2011 (as amended, the "Lexington

Fifth Third Loan Agreement").  Lexington is purportedly obligated to Fifth Third in the

maximum principal amount of $22,112,208.35 with respect to a term loan, $8,000,000.00 with

respect to revolving commitments of Fifth Third and $1,000,000 with respect to outstanding

letters of credit.  The obligations of Lexington to Fifth Third are purportedly secured by an all

asset lien encumbering all of Lexington's then owned and after acquired real and personal property and the proceeds thereof.

10.     After the Spara Petition Date on January 10, 2013, BFG filed the *Boston Finance Group, LLC's Motion for Modification of the Automatic Stay and for Adequate Protection* [Case No. 12-23623, Docket No. 33] (the "Stay Relief Motion") to foreclose on its asserted lien in the membership interests of Lexington.  In their Stay Relief Motion, BFG asserted that Lexington was indebted to Fifth Third in an amount in excess of $24 million. Furthermore, BFG asserted that Lexington is in default under its obligations to Fifth Third but, nevertheless, Fifth Third has made certain protective advances to Lexington following Lexington's default in order to provide Lexington with minimal liquidity.

11.     On January 31, 2013, the Debtor filed a preliminary objection to BFG's request to modify the automatic stay [Case No. 12-23623, Docket No. 60] (the "Objection").  In the Objection, the Debtor disputes BFG's assertion that the Debtor's estate does not have any equity in Lexington because (a) BFG bases its estimate of Debtor's equity interest in Lexington on a single paragraph in the self-serving declaration of Lexington's general counsel in support of the Stay Relief Motion and (b) the Debtor has no information with which to test BFG's valuation because BFG and its employees, now exercising control of Lexington, have refused the Debtor's requests for a review of Lexington's books and records.

12.    The Debtor and BFG exchanged discovery requests related to the assertions made in the Stay Relief Motion.  On February 6, 2013, the Court held a hearing on the Stay Relief Motion and refused to order BFG's proposed immediate foreclosure sale of the Debtor's interests in Lexington or to issue a declaratory judgment that BFG acted in a commercially reasonable manner in connection with such foreclosure.  Instead, the Court directed BFG and the Debtor to engage in discovery regarding the valuation of the Debtor's membership interest.  The Court also scheduled a date for a trial on the Stay Relief Motion.

13.    The Debtor and BFG have conferred several times after the February 6 hearing to seek a resolution of the issues raised in the Stay Relief Motion.  As of the date hereof, BFG remains in effective operational control of Lexington and continues to refuse to provide the Debtor with the current books and records of Lexington for review.  BFG has not provided documents responsive to the Debtor's discovery.  Further, BFG has recently informed the Debtor that BFG has suspended negotiations with Fifth Third, purportedly will not contest Fifth Third's foreclosure of the Lexington collateral and intends to withdraw the Stay Relief Motion.[4]

14.    Despite BFG's control, Lexington remain a wholly-owned operating subsidiary of the Debtor with potential value to the Debtor's bankruptcy estate.  Without a review of Lexington's books and records and current operational status, the Debtor has no ability to determine, among other things, whether it should attempt to reclaim control over Lexington. The purpose of this Motion is to obtain information about Lexington, its assets and operations,

---

[4] The Debtor reserves all rights against BFG related to the potential foreclosure by Fifth Third.

information the Debtors need in order to determine, among other things, whether the Debtor

should take additional steps to maximize the value of the Lexington membership interests for the

benefit of its estate.

## RELIEF REQUESTED

15.     By this Motion, the Debtor seeks entry of an order directing Mr. Gupta,

Mr. Fernando, and BFG to produce certain documents to the Debtor relating to the topics set

forth on Exhibit A (the "Document Requests") attached to this Motion.  The Debtor further

requests that responses to the Document Requests be delivered to the attention of Laura Davis

Jones, at Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box

8705, Wilmington, DE 19899-9705 (Courier 19801) within 10 days after entry of an order

granting this Motion or at such other place and time as may be agreed upon by the parties.

16.     The Debtor further seeks entry of an order directing Mr. Gupta and Mr.

Fernando to appear for oral examination regarding the Document Requests, and further directing

BFG to designate a person to appear for oral examination regarding the Document Requests.

The oral examinations will occur at the offices of Pachulski Stang Ziehl & Jones LLP, 919 North

Market Street, 17th Floor, Wilmington, Delaware 19801, or other mutually agreeable location, on

a date or dates to be set by Debtor's counsel.

## BASIS FOR RELIEF

17.     Bankruptcy Rule 2004 provides that the Court may order the examination

and the production of documentary evidence of "any entity" concerning any matter that relates

"to the liabilities and financial condition of the debtor, or to any matter which may affect the

administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a

plan." Fed. R. Bankr. P. 2004(b); *see also Harrow v. Street (In re Fruehauf Trailer Corp.)*, 369

B.R. 817, 827-28 (Bankr. D. Del. 2007) (noting the "extensive document discovery" that

occurred pursuant to a subpoena issued under Fed. R. Bankr. P. 2004). The term "entity"

includes individuals, partnerships and corporations. *See* 11 U.S.C. §§ 101(15) and (41).

18.    The scope of a Rule 2004 examination is "unfettered and broad," as the

plain language of the rule indicates. *See In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400

(Bankr. W.D. Pa. 2008). Indeed, Bankruptcy Rule 2004 affords parties-in-interest an extremely

broad right of discovery and "is even broader than that of discovery permitted under [the Federal

Rules of Civil Procedure], which themselves contemplate broad, easy access to discovery." *In re

Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (citations omitted). *See

also In re Teleglobe Communications Corp.*, 493 F.3d 345, 354 n. 6 (3rd Cir. 2007) (Rule 2004

allows parties with an interest in the bankruptcy estate to conduct discovery into matters

affecting the estate); *In re Washington Mutual*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (a "Rule

2004 [examination] is commonly recognized as more in the nature of a 'fishing expedition'")

(citations omitted).

19.    In addition, the Court may order BFG to designate informed persons to

testify on its behalf regarding the whereabouts of the Server. *See e.g.*, *In re Analytical Sys., Inc.*,

71 B.R. 408, 412 (Bankr. N.D. Ga. 1987) ("The application of the discovery device of

Bankruptcy Rule 7030 (Fed.R.Civ.P. 30), for a corporation to designate and inform persons to

testify on its behalf to Bankruptcy Rule 2004 examinations is both consistent with and assists in the accomplishment of expeditious administration.").

20.    Finally, the broad access afforded by Rule 2004 extends to third parties, such as Mr. Gupta, Mr. Fernando and BFG. *See e.g., In re Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (Bankruptcy Rule 2004 examination "may extend to creditors and third parties who have had dealings with the debtor'). This is because "[t]h clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Cos., Inc.,* 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

21.    In this case, an Order pursuant to Rule 2004 is both appropriate and necessary. The Debtor has no ability to assess the value of the estate's interest in the Lexington membership interest without information on Lexington's ongoing operations, assets and liabilities. Moreover, because the Debtor is required to routinely report its interest in entities in which the Debtor holds a substantial or controlling interest pursuant to Rule 2015.3, the Debtor must have information regarding Lexington's value, operations and profitably to meet its ongoing statutory reporting requirements.

22.    The Debtor seeks to examine the parties who most likely have knowledge regarding Lexington's assets and operations – specifically, (a) Mr. Sandeep Gupta, the current purported Chief Restructuring Officer of Lexington, (b) Mr. John Fernando, a former officer of Lexington and current senior officer of BFG, and (c) BFG and its designated representative.

This inquiry falls squarely within the permissible scope of discovery under Bankruptcy Rule 2004.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

23.    Attached hereto as Exhibit B is a certification of Timothy P. Cairns, counsel to the Debtor, demonstrating compliance with Local Rule 2004-1, and stating that prior to the filing of this Motion, he conferred with counsel with respect to the subject matter of this Motion and no agreement was reached.

## NOTICE

24.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' prepetition secured lenders; (c) Mr. Gupta; (d) Mr. Fernando; (e) BFG; (f) counsel to the Official Committee of Unsecured Creditors; and (g) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25.    No prior request for the relief requested herein has been presented to this or any other court.

**WHEREFORE**, for the reasons discussed herein, the Debtor respectfully

requests entry of an Order substantially in the form submitted herewith:  (i) granting the Motion

in its entirety; (ii) directing Mr. Gupta, Mr. Fernando, and BFG to produce certain documents to

the Debtor relating to the topics set forth on the Document Requests; (iii) directing Mr. Gupta

and Mr. Fernando to appear for oral examination regarding the Document Requests; (iv)

directing BFG to designate a person to appear for oral examination regarding the Document

Requests; and (v) granting such other and further relief as this Court deems just and proper under

the circumstances.

Dated:  March ℒ, 2013

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
Maxim B. Litvak (CA Bar No. 215852)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
        akornfeld@pszjlaw.com
        mlitvak@pszjlaw.com
        tcairns@pszjlaw.com

Counsel for Debtor and Debtors in Possession