IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 394** |

**DEBTORS' RESPONSE TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN EXPEDITED HEARING FOR COMMITTEE'S MOTION TO EXPEDITE THE SCHEDULED HEARING FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

The debtors and debtors in possession (the "Debtors") in the above-captioned cases hereby present their response to the Committee's Motion to Shorten[2] seeking an expedited hearing on its motion to re-schedule the trial on the Committee's pending motion for appointment of a chapter 11 trustee from May 14-15, 2013 to a date on or before the omnibus hearing scheduled for April 17, 2013 (the "Scheduling Motion"). For the reasons stated below, an expedited hearing on the Scheduling Motion is not appropriate at this time.

On Saturday, March 16, 2013 at approximately 8:30 p.m. (eastern), the Committee filed its Motion to Shorten seeking an emergency hearing to consider the rescheduling of the agreed date for a trial on the Committee's motion to appoint a Chapter 11 trustee in these cases. The alleged notice for the Motion to Shorten falls well-short of any legitimate interpretation of due process. The Motion to Shorten, effectively a request to expedite a hearing for a motion to expedite

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Capitalized terms not defined herein shall have the same meaning as defined in the Motion to Shorten.

DOCS_DE:186420.3 73864/001

a hearing, is requested to be heard on a single business days' notice. Notably, the Committee seeks to schedule its Motion to Shorten at a hearing when this Court is scheduled to hear twelve contested matters, including several matters contested by the Committee itself. Indeed, the Debtors have spent the last three weeks immersed in a defense of the proposed retention of Huron, opposing the Committee's objections, including extensive depositions and discovery continuing to the day before the hearing. While the Debtors are occupied defending one set of challenges, the Committee seeks to expedite another set of challenges with virtually no notice or opportunity to be heard.

Finally, the Motion to Shorten and Rescheduling Motion both fail to recognize that the scheduled trial date for the Trustee Motion was consensually agreed to by the Debtors, the Committee and the Office of the United States Trustee. In fact, the Debtors and the Committee have already agreed in principle to a scheduling order for the Trustee Motion (and only are waiting on the United States Trustee to agree to the form of the order). Now, when the Debtors have allocated resources and planned its strategy for a two-month preparation for trial, it is unfathomable that the Committee seeks to retrade its previous scheduling agreement on virtually no notice to the Debtors.

In addition to their objections to the procedural deficiencies described above, the Debtors dispute that there is "cause" to justify rescheduling an agreed trial date, or there is "cause" to justify an immediate hearing to consider the rescheduling. The Debtors submit that the parties should first have an opportunity to discuss the rescheduling of the hearing on the Trustee Motion and attempt to reach consensus. If no agreement can be reached among the parties in interest, the

2

Committee's Rescheduling Motion can be brought before the Court on a more reasonable timeframe.

The Debtors reserve their right to respond in greater detail when and if the Committee's Scheduling Motion is scheduled for a hearing and an objection deadline related to the Rescheduling Motion is set by this Court or further notice of the Committee.

WHEREFORE, the Debtors respectfully request that the Court deny the Committee's request for an emergency hearing for the Scheduling Motion.

| Dated: March 18, 2013 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Laura Davis Jones*<br>Laura Davis Jones (Bar No. 2436)<br>David M. Bertenthal (CA Bar No. 167624)<br>Timothy P. Cairns (Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile:  (302) 652-4400<br>Email: ljones@pszjlaw.com<br>          dbertenthal@pszjlaw.com<br>          tcairns@pszjlaw.com<br><br>[Proposed] Counsel to the Debtors and Debtors in Possession |