IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) Chapter 11 ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] ) Case No. 12-13262 (BLS) ) | |
| Debtors. ) (Jointly Administered) ) | |
| ) **Related Docket Nos. 356 and 399** | |

**CONSENT ORDER DIRECTING EXAMINATION OF
SANDEEP GUPTA AND LEXINGTON LOGISTICS, LLC
PURSUANT TO BANKRUPTCY RULE 2004**

Upon consideration of the *Expedited Motion of the Debtor Spara, LLC for Entry of Order Directing the Examination of Sandeep Gupta, John Fernando and Boston Finance Group, LLC Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Motion")[2] and any responses thereto; the movant having reached agreement with Sandeep Gupta and Lexington Logistics, LLC ("Lexington"); and after a hearing on the Motion; and upon the record thereof; and after due deliberation thereon; and good and sufficient cause existing therefor, it is hereby

**ORDERED** that:

1. The Motion is granted as to Mr. Gupta, as set forth herein. This Order does not address the Motion as it relates to John Fernando or Boston Finance Group, LLC.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

2. Mr. Gupta, in his capacity as Chief Restructuring Officer of Lexington and on behalf of Lexington, is directed to produce documents to Debtor Spara, LLC ("Spara") responsive to request numbers 3 (financial statements), 7 (business plans/projections) and 11 (litigation claims) set forth in the Document Requests attached to the Motion to the attention of Laura Davis Jones, at Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-9705 (Courier 19801) within five (5) business days after entry of this order or at such other place and time as may be agreed upon by the parties.

3. Mr. Gupta, in his capacity as Chief Restructuring Officer of Lexington and on behalf of Lexington, shall direct litigation counsel to Lexington to provide an update to, and respond to questions from, counsel for Spara as to the status of any litigation claims that Lexington may have against third parties within five (5) business days after entry of this order or at such other time as may be agreed upon by the parties.

4. Mr. Gupta, in his capacity as Chief Restructuring Officer of Lexington and on behalf of Lexington, shall produce documents to Spara relating to the remaining topics set forth on the Document Requests attached to the Motion and shall deliver such documents or other responses to the attention of Laura Davis Jones, at Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-9705 (Courier 19801) within thirty (30) days after entry of this order or at such other place and time as may be agreed upon by the parties.

5. Following the production of documents referenced in paragraphs 2 and 4 above, Mr. Gupta shall appear for oral examination regarding Lexington, such examination to take place on a date mutually acceptable to the parties at a location in Chicago, Illinois agreed by the parties.

6. The Debtor's rights are reserved to request additional discovery and/or examination in connection with this matter, including, without limitation, requests based on any information that may be revealed as a result of the examination authorized pursuant to this Order.

7. Notwithstanding any other provisions of this Order, Mr. Gupta's and Lexington's rights to assert any applicable claims of privilege, now or in future, and Spara's rights to contest any such claims are fully reserved.

8. The provisions of this Order as they apply to Lexington's litigation claims against third parties are subject to reaching a mutually acceptable agreement between Spara and Lexington to the extent that any privilege is asserted by Lexington as to such issues. The provisions of this Order as they apply to the provision of documents or information that are asserted as confidential by Lexington are subject to reaching a mutually acceptable confidentiality agreement between Spara and Lexington.

9. This Court retains jurisdiction to resolve any disputes arising under or related to this Order, including any discovery disputes that may arise between or among the parties, and to interpret, implement and enforce the provisions of this Order. In the event of any

dispute, the parties agree that this Court shall adjudicate the issue and may do so on shortened notice via a telephonic hearing.

Dated: March 20, 2013

                              HONORABLE BRENDAN L. SHANNON
                              UNITED STATES BANKRUPTCY JUDGE