IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>(Jointly Administered)<br><br>Related Docket Numbers: 185, 190, 205, 240, 241<br>Related Case: 13-10028; Docket No. 21 |

## ORDER REGARDING BOSTON FINANCE GROUP'S
## MOTION FOR MODIFICATION OF THE AUTOMATIC STAY

Upon consideration of the Motion of Boston Finance Group, LLC ("**BFG**") for Modification of the Automatic Stay and for Adequate Protection (the "**Adequate Protection Motion**"); and Debtor, US Tool & Engineering, LLC's ("**Debtor**" or "**US Tool**") objection thereto [D.I. 220] and the Limited Objection of the Official Committee of Unsecured Creditors to Boston Finance Group, LLC's Motion for Modification of the Automatic Stay and for Adequate Protection [D.I. 218] (collectively, the "**Adequate Protection Objections**"); and upon consideration of the Application Of US Tool & Engineering, LLC Pursuant To Sections 327(a) Of The Bankruptcy Code, Rules 2014 And 6005 Of The Federal Rules Of Bankruptcy Procedures And Local Rule 2014-1 For Authorization To Employ And Retain Auctioneer To The Debtor [Docket No. 240] (the "**Auctioneer Application**"), and the Motion Of US Tool & Engineering, LLC Pursuant To Sections 105(a) And 363 Of The Bankruptcy Code For Authority To (A) Conduct An Auction For Personal Property Assets, And (B) Sell Assets To The Successful Bidders At An Auction Free And Clear Of All Encumbrances [Docket No. 241] (the

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

"**Sale Motion**"), and the Limited Objection of Boston Finance Group, LLC to (i) Application Of US Tool & Engineering, LLC Pursuant To Sections 327(a) Of The Bankruptcy Code, Rules 2014 And 6005 Of The Federal Rules Of Bankruptcy Procedures And Local Rule 2014-1 For Authorization To Employ And Retain Auctioneer To The Debtor, and (ii) Motion Of US Tool & Engineering, LLC Pursuant To Sections 105(a) And 363 Of The Bankruptcy Code For Authority To (A) Conduct An Auction For Personal Property Assets, And (B) Sell Assets To The Successful Bidders At An Auction Free And Clear Of All Encumbrances (the "**BFG Limited Objection**"), and the Debtor having filed a Notice of Competing Bid Regarding Pending Application of US Tool & Engineering, LLC for Authorization to Employ and Retain Auctioneer to the Debtor [D.I. 296] and a Notice for Bid for Assets of US Tool & Engineering, LLC [D.I. 384] (the "**Sale Notice**") and the Court having jurisdiction to consider the Adequate Protection Motion, the Sale Motion, and the Auctioneer Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Adequate Protection Motion and the Sale Motion requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and hearings having been held on February 6, 2013, February 21, 2013, March 1, 2013, and March 19, 2013 (the "**Hearings**"); and this Court having reviewed the Adequate Protection Motion, the Sale Motion, and the Auctioneer Application and the exhibits thereto, the record of the US Tool Chapter 11 Case[2] and the arguments of counsel made and the evidence proffered or adduced, as applicable, at the Hearings; and this Court having determined that the legal and factual bases set forth in the Adequate Protection Motion and at the Hearings establish just cause for the relief granted herein; and this Court having found that the relief requested in the Adequate Protection

---

[2] Capitalized terms used herein and not defined herein shall have the meaning set forth in the Adequate Protection Motion.

Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and this Court having found the form and manner of notice of the Hearings is good, sufficient and appropriate under the circumstances and that no other or further notice need be provided or is necessary; and after due deliberation and sufficient cause appearing therefor, this Court:

**FINDS AND DETERMINES THAT:**

A. On January 7, 2013 (the "**Petition Date**"), US Tool filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

B. On February 4, 2013, BFG filed the Adequate Protection Motion in the US Tool Chapter 11 Case [Related Case No. 13-10028, Docket No. 21].

C. The Debtor ceased operating its business prior to the commencement of the US Tool Chapter 11 Case.

D. The Debtor desires to dispose of the furniture, machinery, and equipment in which US Tool holds an interest.

E. The Debtor lacks equity in property of the estate that is BFG's collateral and believes that the value of the collateral evidenced by the Sale Notice is adequate and fair.

F. BFG is willing to credit bid for the collateral and has agreed that for the purposes of its claims against US Tool and Revstone Industries, LLC ("**Revstone**"), as the guarantor of US Tool's obligations to BFG, that it will reduce any claims that it files or that are scheduled in favor of BFG in the US Tool Chapter 11 Case and the Revstone Chapter 11 Case (solely on account of the Revstone guaranty) by the amount of $675,000.

G. In consideration of BFG's agreement in the prior paragraph F, US Tool and Revstone, through counsel, represented to the Court at the March 19, 2013 hearing that they

waive their right to challenge any aspect of BFG's disposition of the collateral under applicable state law as not being commercially reasonable.

Based on the foregoing and the record in this case,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Adequate Protection Motion and the Sale Motion shall be resolved in accordance with the terms of this Order; as set forth below.

2. Any Objections to the Adequate Protection Motion and the Sale Motion that are inconsistent with the relief granted in this Order are OVERRULED.

3. The Auctioneer Application is DENIED.

4. The automatic stay is hereby modified to allow BFG to exercise its rights under applicable state law to dispose of its collateral, including, without limitation, the right to credit bid to acquire title to such collateral.

5. BFG shall reduce any claim that it files or that is scheduled in favor of BFG in the US Tool Chapter 11 Case, or the Revstone Chapter 11 Case on account of Revstone's guaranty obligation, following the disposition of its collateral by $675,000, unless BFG's credit bid exceeds $675,000, then by the amount of the actual credit bid.

6. The US Tool Debtor and the Revstone Debtor are hereby determined to waive their respective rights to object to or otherwise challenge the commercial reasonableness of the time, manner, place, or price of the disposition of BFG's collateral by BFG under applicable state law.

7. Notwithstanding Bankruptcy Rule 6004(h) or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

8.  This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from, based upon or related to this Order.

Dated: Mar 20, 2013
Wilmington, Delaware

_____
Brendan L. Shannon
United States Bankruptcy Judge