IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related Docket Nos. 305, 351, 380 |

**ORDER AUTHORIZING THE RETENTION OF RUST CONSULTING/OMNI BANKRUPTCY AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS**

Upon the Application of Debtors Pursuant to 28 U.S.C. § 156(c) and Local Rule 2002-1(f) for an Order Authorizing the Retention of Rust Consulting/Omni Bankruptcy ("Rust Omni") as Claims and Noticing Agent for the Debtors (the "Application")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), as more particularly set forth in the Application; and pursuant to the Declaration of Paul H. Deutch in Support of the Application, the Services Agreement and the First Day Declaration; and the Court having reviewed the Application, the objection filed to the relief requested and the Debtors' reply to such objection; and upon consideration of the arguments made by counsel at a hearing to consider the Application; and the Court having found that the relief requested is in the best interests of the Debtors' estates, their creditors and all other parties in interest; and the Court having found that due and sufficient notice of the Application has been given; and the Court having found that the Court has jurisdiction to consider the Application and the relief requested therein; and the Court

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] To the extent not defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

having reviewed the Application and having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that, notwithstanding the terms of the Services Agreement attached to the Application, the Application is approved solely as set forth in this Order; and it is further

**ORDERED** that the Debtors shall be, and hereby are, authorized to retain and employ Rust Omni as notice and claims processing agent and perform the services set forth in the Application in accordance with the terms and conditions set forth in the Services Agreement, and Local Rule 2002-1(f) as of the Petition Date; and it is further

**ORDERED** that except as modified herein, the terms of the Services Agreement are approved; and it is further

**ORDERED** that Rust Omni is appointed as agent for the Clerk's Office and custodian of records and, as such, is designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain an official claims register for the Debtors and to provide the Clerk's Office with a certified duplicate thereof on a monthly basis unless otherwise directed by the Clerk's Office; and it is further

**ORDERED** that the Debtors are authorized to compensate Rust Omni in accordance with the terms of the Rust Omni Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Rust Omni and the rates charged for each, and to reimburse Rust Omni for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, and subject to the procedures set forth below, without the need for

Rust Omni to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; and it is further

**ORDERED** that Rust Omni shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices; and it is further

**ORDERED** that the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved; and it is further

**ORDERED** that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the approved fees and expenses of Rust Omni under this Order shall be an administrative expense of the Debtors' estates; and it is further

**ORDERED** that Rust Omni shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court; and it is further

**ORDERED** that notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Rust Omni, or provide contribution or reimbursement to Rust Omni, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Rust Omni's gross negligence,

willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Rust Omni's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Rust Omni should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order; and it is further

**ORDERED** that if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these cases, Rust Omni believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, Rust Omni must file an application therefore in this Court, and the Debtors may not pay any such amounts to Rust Omni before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Rust Omni for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Rust Omni. All parties in interest shall retain the right to object to any demand by Rust Omni for indemnification, contribution or reimbursement; and it is further

**ORDERED** that to the extent that there may be any inconsistency between the terms of the Application, the Services Agreement and this Order, the terms of this Order shall govern; and it is further

**ORDERED** that Rust Omni shall not cease providing claims processing services during the chapter 11 cases for any reason without prior order of this Court authorizing Rust Omni to do so; provided, however, that Rust Omni may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtors, the Office of the United States Trustee and any official committee of creditors appointed in these cases by facsimile or overnight delivery; provided further, that except as expressly provided herein, the Debtors and Rust Omni may otherwise terminate or suspend other services as provided under the Services Agreement.; and it is further

**ORDERED** that in the event Rust Omni is unable to provide the services set forth in this Order, Rust Omni will immediately notify the Clerk's Office and counsel for the Debtors and cause to have all original proofs of claim and computer information turned over to the Clerk's Office or another claims agent with the advice and consent of the Clerk's Office and counsel for the Debtors; and it is further

**ORDERED** that the Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Rust Omni but is not specifically authorized by this Order; and it is further

**ORDERED** that Rust Omni shall comply with all requests of the Clerk's Office and follow the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and it is further

**ORDERED** that the Debtors and Rust Omni are authorized to take such other action as is reasonably necessary to comply with all of the duties set forth in the Application and this Order; and it is further

**ORDERED** that, notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 20, 2013

The Honorable Brendan L. Shannon
United States Bankruptcy Court Judge