IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, <u>et al.</u>,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: April 10, 2013 at 4:00 p.m. (prevailing Eastern time)**
**Hearing: April 17, 2013 at 10:30 a.m. (prevailing Eastern time)**

### MOTION OF GREENWOOD FORGINGS, LLC AND US TOOL AND ENGINEERING LLC FOR ORDER EXTENDING DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF BANKRUPTCY CODE

Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC ( the

"Debtors"), hereby file this motion (the "Motion") to request the entry of an order, pursuant to

section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), extending the

time period for the Debtors to assume or reject any of the leases under which any of the Debtors

are the lessee that may be considered unexpired leases of nonresidential real property (the

"Unexpired Leases"), through and including August 5, 2013.  In support of this Motion, the

Debtors respectfully represent as follows:

### <u>Jurisdiction</u>

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are:  Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY  40505.

Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

3.      On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC and Spara, LLC. No committee has been appointed in the cases of Greenwood Forgings, LLC and US Tool and Engineering, LLC. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

5.      The Debtors and their affiliates (collectively referred to herein as the "Company") are premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-

performance products and processes.  The Company is also a premier designer, manufacturer and

supplier of components for the global aerospace, energy, military, defense and transportation

industries.  Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and

molding of various types of ferrous and non-ferrous metals, as well as the performance of

precision machining and fabrication.

### Relief Requested

6.    The Debtors seek an order extending the time for the Debtors to assume,

assume and assign, or reject the Unexpired Leases through and including August 5, 2013.

7.    Absent a further order from the Court, the Debtors would be required to

assume, assume and assign, or reject the Unexpired Leases by no later than May 7, 2013, which

is the deadline established under section 365(d)(4) of the Bankruptcy Code.

8.    To the best of the Debtors' knowledge, information and belief, the Debtors

have timely performed all of their postpetition obligations under the Unexpired Leases as

required by section 365(d)(3) of the Bankruptcy Code.

### Argument

9.    Section 365(d)(4) of the Bankruptcy Code grants the Court substantial

discretion to extend the time for the Debtors to assume, assume and assign, or reject the

Unexpired Leases for "cause."[2]  In construing the legislative history, the bankruptcy court in

*In re Unit Portions of Delaware, Inc.*, 53 B.R. 83 (Bankr. E.D.N.Y. 1985), concluded:

---

[2]   Section 365(d)(4) provides:
(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which
the debtors are the lessee shall be deemed rejected, and the trustee shall immediately surrender that
nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired
lease by the earlier of -

3

> Congress recognized that there might be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this 60-day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for an extension additional time to make this assessment.

Id. at 85.

10.     Many courts have discussed what constitutes sufficient cause to extend the time period within which a debtors may assume, assume and assign, or reject an unexpired nonresidential lease. *In re Wedtech Corp.*, 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the Court cited the following factors, among others, to determine whether "cause" existed:

a.     where the lease is an important asset of the estate, such that the decision to assume or reject it would be central to any plan;

b.     where the debtors has had insufficient time to intelligently appraise its financial situation and the potential value of the lease in terms of a potential plan; and

c.     the existence of any other facts indicating the lack of reasonable time to decide whether to assume or assign a lease.

Id. at 471-72. *See also In re Channel Home Centers, Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtors needs additional time to determine whether the assumption or rejection of particular leases called for by the plan of reorganization that it is attempting to develop."), *cert. denied*, 114 S.Ct. 184

---

(i) the date that is 120 days after the date of the order for relief; or
(ii) the date of the entry of an order confirming a plan.
(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.
11 U.S.C. § 365(d)(4).
To date, there are no reported case regarding the revisions to section 365(d)(4). Since the revisions to section 365(d)(4) did not include a definition of the term "cause" it is appropriate to look to the Court's interpretation of the term "cause" prior to the enactment of the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*.

4

(1993). In enacting section 365(d)(4), Congress clearly recognized "that is some cases [the time period provided in section 365(d)(4)] will not be enough time for bankruptcy lessees to decide whether to assume or reject leases. In those circumstances, upon adequate demonstration of cause, bankruptcy courts may grant lessees extensions of time in which to assume or reject." *In re Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 830 (5th Cir. 1990); *see also In re Musikahn Corp.*, 57 B.R. 938, 942 (Bankr. E.D.N.Y. 1986).

11.    Cause under the *Wedtech* factors exists in the Debtors' cases. The Debtors are currently evaluating whether to assume, assume and assign, or reject their Unexpired Leases in an effort to maximize their potential value for the Debtors' estates. At this time, however, the Debtors have not yet concluded their evaluation as to which leases they will assume and which leases they will reject. Moreover, the Debtors do not anticipate that they will be able to make a determination as to which leases to assume or reject by the May 7, 2013 deadline.

12.    Since the Petition Date, the Debtors and their advisors have focused on activities central to the Debtors' chapter 11 cases including, among other things, stabilizing and maintaining day-to-day operations of the Debtors and their non-Debtor affiliates, preparing the Debtors' schedules of assets and liabilities and statements of financial affairs, and addressing numerous active litigation matters. As a result the Debtors have not been able to evaluate the Unexpired Leases in order to determine potential value for the estate. Because an evaluation of the Debtors' restructuring options is ongoing, it is important that the Debtors take steps to preserve value, including that which may be found in the Unexpired Leases.

5

13.    Moreover, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice the landlords that are parties to the Unexpired Leases. Pending the Debtors' election to assume or reject the Unexpired Leases, the Debtors will perform all of their undisputed obligations arising from and after the Petition Date in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code, including the payment of postpetition rent.  The requested extension will not adversely affect the substantive rights of any of the landlords to the remaining Unexpired Leases.

14.    Accordingly, the Debtors contend that the most appropriate course of action is to extend the deadline for making such determinations for an additional 90 days, through and including August 5, 2013 in order to review the value of the Unexpired Leases.

15.    Therefore, an extension of time is necessary to allow the Debtors to consider its options with respect to the Unexpired Leases.

## Notice

16.    Notice of this Motion shall be provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b)  counsel to the Debtors' prepetition secured lenders; (c) counsel to the Official Committee of Unsecured Creditors; (d) the notice parties listed in the Unexpired Leases; and (e)  those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

DOCS_DE:186059.1 73864/001

**No Prior Request**

17.     No prior request for the particular relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) granting the Debtors an extension of time pursuant to 365(d)(4) of the Bankruptcy Code to assume or reject all Unexpired Leases through and including August 5, 2013, subject to and without prejudice to the right of the Debtors to seek further extension of time; and (ii) granting such other and further relief as the Court may deem proper.

Dated:  March 27, 2013

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com

Counsel to the Debtor and Debtor in Possession