## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, <u>et al.</u>,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: May 9, 2013, at 4:00 p.m. (prevailing Eastern time)**
**Hearing: May 16, 2013, at 10:00 a.m. (prevailing Eastern time)**

### DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(D) EXTENDING THE TIME PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") the Court for the entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), (a) extending the period under section 1121(b) of the Bankruptcy Code during which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") and (b) extending the period under section 1121(c)(3) of the Bankruptcy Code during which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," together with the Exclusive Filing Period, the "Exclusive Periods"). This is the first request by the Debtors for an extension of the Exclusive Periods. In support of the Motion, the Debtors respectfully state as follows

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

## Jurisdiction and Venue

1.      The Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (L), and (O). Venue of the Debtors' chapter 11 cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Section 1121(d) of the Bankruptcy Code provides the basis for the relief requested herein.

## Background

3.      On December 3, 2012, Debtors Revstone Industries, LLC ("Revstone") and Spara, LLC ("Spara") commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 7, 2013, Debtors Greenwood Forgings, LLC ("Greenwood") and US Tool and Engineering, LLC ("US Tool") commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC and Spara, LLC.  No committee has been appointed in the cases of Greenwood Forgings, LLC and US Tool and Engineering, LLC.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

5.      The Debtors and their affiliates (collectively referred to herein as the "Company") are premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-performance products and processes.  The Company is also a premier designer, manufacturer and supplier of components for the global aerospace, energy, military, defense and transportation industries.  Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

6.      For Revstone and Spara, the current Exclusive Filing Period expires on April 2, 2013 and the current Exclusive Solicitation Period expires on June 1, 2013.  For Greenwood and US Tool, the current Exclusive Filing Period expires on May 7, 2013 and the current Exclusive Solicitation Period expires on July 8, 2013.

## Relief Requested

7.      By this Motion, the Debtors seek to extend the Exclusive Filing Period from the current April 2, 2013 deadline for Revstone and Spara, and the current May 7, 2013 deadline for Greenwood and US Tool, through and including July 31, 2013 for all of the jointly administered Debtors.  The Debtors further seek to extend the Exclusive Solicitation Period from the current June 1, 2013 deadline for Revstone and Spara, and the current July 8, 2013 deadline in Greenwood and US Tool, through and including September 30, 2013 for all of the jointly administered Debtors.  The Debtors further request that the extension be without prejudice to the

Debtors' right to seek additional extensions of the Exclusive Periods for cause in accordance
with section 1121(d).

### Basis for Relief

8.      Section 1121(d) of the Bankruptcy Code grants the Court authority to
extend the Exclusive Periods "for cause" after notice and a hearing.  11 U.S.C. § 1121(d).
Although the term "cause" is not defined by the Bankruptcy Code, the legislative history
indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement."
H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997).  *See also In re McLean Indus., Inc.*, 87 B.R.
830, 833 (Bankr. S.D. N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978),
*reprinted in* 1978, U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of N. H.*, 88 B.R. 521, 534
(Bankr. D. N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility").

9.      To facilitate this legislative intent, a debtor should be given a reasonable
opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and
nonfinancial information concerning the ramifications of any proposed plan for disclosure to
creditors.  *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322,
327 (Bankr. S.D. N.Y. 1987).  The decision to extend a debtor's exclusive periods to file a plan
and solicit acceptances thereof is committed to the sound discretion of the bankruptcy court,
based upon the facts and circumstances of each particular case.  *See, e.g., First Am. Bank of N.Y.
v. Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

10.     Courts have relied on a variety of factors when determining whether cause
exists for an extension of a debtor's exclusive periods to file a plan and solicit acceptances

thereof, any of which may provide sufficient grounds for extending those periods. These factors include (a) the size and complexity of the case, (b) the necessity of sufficient time to negotiate and prepare adequate information, (c) the existence of good faith progress toward reorganization, (d) whether the debtor is paying its debts as they come due, (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (f) whether the debtor has made progress in negotiating with creditors, (g) the length of time the case has been pending, (h) whether the debtor is seeking the extension to pressure creditors, and (i) whether unresolved contingencies exist. *See, e.g., In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex 1996); *In re Grand Traverse Dev. Co. Ltd. P'ship*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); *In re Texaco, Inc.*, 76 B.R. at 327. However, the identified criteria are only factors, not all of which are necessarily relevant in every case. *See In the Matter of Federated Department Stores and Allied Stores Corporation*, 1990 Bankr. Lexis 711, *6 (Bankr. S.D. Ohio 1990). Moreover, no one factor is dispositive, and the Court is not restricted to counting factors. *Dow Corning*, 208 B.R. at 669.

11.     Cause exists in the chapter 11 cases for extending the Exclusive Periods as requested in this Motion, as several of the above-noted factors are present. Since the commencement of the chapter 11 cases, the Debtors have:

- Obtained important first day orders in the Revstone and Greenwood cases authorizing the Debtors to (i) continue their existing cash management system, (ii) pay certain prepetition claims of employees and maintain the related benefit programs, (iii) maintain their insurance programs; and (iv) provide adequate assurance to their utility

providers to insure continuity of service throughout the chapter 11 cases;

- Retained replacement counsel upon the withdrawal of previous counsel;

- Appointed John D. DiDonato of Huron Consulting Services, LLC, as Chief Restructuring Officer and additional Huron personnel as officers of the Company to assist with restructuring activities;

- Appointed two independent managers to the boards of each of the Debtors and created an independent restructuring committee consisting the independent managers to address all decisions regarding the Debtors' chapter 11 cases and the restructuring efforts of Revstone, Spara, and their subsidiaries, including asset sales;

- Investigated several sources of debtor in possession financing for these chapter 11 cases and conducted discussions with potential DIP financiers;

- Responded to numerous document and information requests from the Committee and Boston Finance Group ("BFG") related to Company operations, potential asset sales, DIP financing, retention of professionals, and other matters;

- Filed the Debtors' schedules of assets and liabilities and statements of financial affairs;

- Responded to numerous objections from the Committee and BFG to administrative motions related to retention of professionals;

- Conducted extensive discovery and engaged in a hearing regarding a challenge to the Debtors' retention of Huron to provide

- Developed alternatives for the auction of assets of US Tool, negotiated the retention of an auctioneer for the assets, litigated BFG's relief from stay motion seeking to foreclose on US Tool assets and cooperated with BFG to support the auction of the US Tool assets;

- Engaged in settlement discussions and prepared a strategy for response to the Committee's pending motion to appoint a chapter 11 trustee in these cases;

- Analyzed and addressed issues with respect to pending litigation and strategies to maximize recoveries to the estates;

- Developed detailed financial projections and scenarios for the Debtors' business operations, and conducted weekly calls with Committee advisers on budget; and

- Addressed numerous issues with their suppliers, customers and vendors to ensure that the Debtors continue to operate in chapter 11.

12.    The Debtors have made significant progress in the chapter 11 cases; however, significant tasks lie ahead and certain contingencies remain, warranting an extension of the Exclusive Periods. The Debtors are developing a comprehensive process for the sale and/or restructuring of the assets of the Debtors and the Debtors' interest in their subsidiary companies. In the near term, the Debtors will continue to devote substantial time to developing and completing the process for sale and/or restructuring of their assets, and intend to move expeditiously to prepare and file a plan in these cases.

13.    In the near future, the Debtors intend to file a motion to set bar dates for filing claims in these cases including: (a) a deadline for filing proofs of claim for all claims arising prior to the respective Petition Dates; (b) a deadline for all governmental units to file claims against the Debtors arising before the respective Petition Dates; (c) a deadline for all parties asserting a request for payment of administrative claims, including claims arising under Section 503(b)(9) of the Bankruptcy Code. In connection with these bar dates, the Debtors will

review and analyze the claims received to identify those that require objection and to incorporate certain aspects of that review in the disclosure statement relating to a proposed plan.

14.    The Debtors have acted in good faith to maximize the value of their estates for the benefit of all creditors.  The Debtors and their professionals continue to expeditiously move these cases forward.

15.    At this time, and especially in light of relatively early stage of these cases and the contingencies that remain, it would not be prudent for the Debtors to abandon their exclusivity rights.  Accordingly, by this Motion, the Debtors seek to extend their Exclusive Periods, without prejudice to the Debtors' right to request further extensions of the Exclusive Periods.

16.    The extensions of the Exclusive Periods sought herein will not harm or prejudice the Debtors' creditors or other parties in interest in these chapter 11 cases and will, in the Debtors' opinion, further the intent of section 1121 of the Bankruptcy Code, which is to afford the Debtors a meaningful and reasonable opportunity to complete the Sale Process and negotiate with their creditors regarding a potential plan.  These chapter 11 cases do not bear characteristics that would justify the denial of an extension of the exclusive periods.  *See, e.g., In re Gagel & Gagel*, 24 B.R. 674 (Bankr. S.D. Ohio 1982) (denying extension of exclusivity period because extension would be fruitless); *Dow Corning*, 208 B.R. at 670 (stating that an extension of the exclusive period should be denied if debtor appeared to be attempting to delay the administration of the bankruptcy case).  The Debtors are not seeking the extensions to delay administration of their cases or to pressure creditors to accept unsatisfactory plans.  On the

contrary, these requests are intended to facilitate an orderly, efficient, and cost-effective plan process for the benefit of all creditors.

17.    Moreover, the Debtors submit that the requested extensions are reasonable and relatively modest.  Courts in this District have, on numerous occasions, granted extensions of exclusivity in similar chapter 11 cases.  *See, e.g. In re Point Blank Solutions, Inc., et al.*, Case No. 09-14019 (PJW) (Bankr. D. Del. June 27, 2011) (granting fourth motion to extend exclusivity period); *In re Champion Enterprises, Inc., et al.*, Case No. 09-14019 (KG) (Bankr. D. Del. May 13, 2010) (same), *In re Western Nonwovens, Inc., et al.*, Case No. 08-11435(PJW) (Bankr. D. Del. Aug. 11, 2009) (same); *In re Mortgage Lenders Network USA, Inc.*, Case No. 07-10146 (PJW) (Bankr. D. Del. February 5, 2007) (granting motion to extend exclusivity periods); *In re Global Home Products LLC*, Case No. 06-10340 (KG) (Bankr. D. Del. Sept. 5, 2006) (same).

18.    Accordingly, the Debtors submit that the extension of the Exclusive Periods requested herein is reasonable and appropriate under the circumstances and should be granted as being in the best interests of the Debtors' estates and creditors.

### Notice

19.    Notice of this Motion has been given to the following parties or to their counsel: (i) the Office of the United States Trustee; (ii) the Debtors' pre-petition secured lenders; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.  Pursuant to Del. Bankr. LR 2002-1(e), the

Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**No Prior Request**</u>

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of an Order, substantially in the form attached hereto, extending the Debtors' Exclusive Filing Period through and including July 31, 2013 and the Debtors' Exclusive Solicitation Period through and including September 30, 2013, and for such other and further relief as this Court deems appropriate.

Dated: April ___, 2013

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@ pszjlaw.com
       dbertenthal@ pszjlaw.com
       tcairns@pszjlaw.com

Counsel for the Debtors and Debtors in Possession