IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Hearing Date: To be scheduled only if required**
**Objection Deadline: April 17, 2013 at 4:00 p.m. Eastern Time**

# MOTION OF DEBTORS FOR AN ORDER (1) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM, (2) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (3) FIXING BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS, (4) DESIGNATING FORM AND MANNER OF NOTICE THEREOF, AND (5) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (the "Debtors") hereby move this Court (the "Motion") for entry of an order, pursuant to sections 501, 502(b)(9) and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(7) and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (1) fixing bar date for the filing of proofs of claim, (2) fixing bar date for the filing of proofs of claim by governmental units, (3) fixing bar date for the filing of requests for allowance of administrative expense claims, (4) designating the form and

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

manner of notice thereof, and (5) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 501, 502(b)(9) and 503 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003, and Local Rule 2002-1(e).

### Background

4. On December 3, 2012, Debtors Revstone Industries, LLC and Spara, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Revstone/Spara Petition Date"). On January 7, 2013, Debtors Greenwood Forgings, LLC and US Tool and Engineering, LLC commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Greenwood/US Tool Petition Date" and collectively, with the Revstone/Spara Petition Date, the "Petition Dates"). The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the cases of Revstone Industries, LLC

and Spara, LLC. No committee has been appointed in the cases of Greenwood Forgings, LLC and US Tool and Engineering, LLC. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

6. The Debtors and their affiliates (collectively referred to herein as the "Company") are premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-performance products and processes. The Company is also a premier designer, manufacturer and supplier of components for the global aerospace, energy, military, defense and transportation industries. Certain affiliates specialize in thermoform plastics, forging, casting, fabricating and molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

7. The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012 and incorporated herein by reference.

8. On January 16, 2013, Revstone and Spara filed their statements of financial affairs and schedules of assets and liabilities with the Court (the "Revstone/Spara Schedules"). The statutory meeting of creditors under 11 U.S.C. § 341 for Revstone and Spara was conducted on January 29, 2013 and February 14, 2013.

9. On March 13, 2013, Greenwood and US Tool filed their statements of financial affairs and schedules of assets and liabilities with the Court (the "Greenwood/US Tool

3

Schedules"). The statutory meeting of creditors under 11 U.S.C. § 341 for Greenwood and US Tool was conducted on February 14, 2013.

### Request for Relief

10. By this Motion, the Debtors seek the issuance and entry of an order of this Court, pursuant to Bankruptcy Rule 3003(c) and Local Rule 2002-1(e), (a) establishing **June 28, 2013 at 4:00 p.m. (prevailing Eastern time)** as the deadline for filing proofs of claim (the "Claims Bar Date") with Rust Consulting/Omni Bankruptcy (the "Claims Agent") for all claims arising prior to the Petition Dates;[2] (b) establishing **July 8, 2013 at 4:00 p.m. (prevailing Eastern time)** as the deadline for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file claims against the Debtors arising before the Petition Dates with the Claims Agent (the "Governmental Unit Bar Date"), which date is at least 180 days after the Greenwood/US Tool Petition Date in accordance with Bankruptcy Code § 502(b)(9); (c) establishing **June 28, 2013 at 4:00 p.m. (prevailing Eastern time)** as the deadline (the "Administrative Claims Bar Date" and, together with the Claims Bar Date and the Governmental Unit Bar Date, the "Bar Dates") for all parties asserting a request for payment of administrative claims (i) arising between the Petition Dates and May 31, 2013 (but excluding claims for fees and expenses of professionals retained in these proceedings and members of the Committee in this case) and (ii) whenever arising under Section 503(b)(9) of the Bankruptcy Code, to file with the Bankruptcy Court a request for payment of such administrative expense (the "Administrative

---

[2] Pursuant to Local Rule 2002-1(e), the Debtors are requesting a Claims Bar Date that will allow creditors to receive at least sixty (60) days' notice of the bar date. Such notice period is in excess of the twenty one (21) days contemplated in Bankruptcy Rule 2002(a)(7).

4

Expense Requests") and, if desired, a notice of hearing on such Administrative Expense Request;[3] (d) authorizing and approving the form and content of the proposed notice of the Bar Dates, by mail in substantially the form annexed hereto as Exhibit A and incorporated herein (the "Bar Date Notice") and by publication in substantially the form annexed hereto as Exhibit B (the "Publication Notice"); (e) approving the manner and method of the Debtors' dissemination of the Bar Date Notice to creditors, equity holders, and other interested parties, as set forth in the attached order; and (f) granting the Debtors such other and further relief as is just and proper.

11. The following claims are excepted from the provisions of the Bar Date Order (the "Excepted Claims") and are not required to be filed on or before the Bar Dates:

a. claims already duly filed in these Cases with the Claims Agent, or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801;

b. claims listed in the Debtors' Schedules, if the claimant does not dispute the amount or manner in which its claim is listed in the Schedules or the nature of the claim as listed and if such claim is not designated therein as "contingent," "unliquidated," "subject to adjustment," "disputed," or "unknown" (or assigned a zero amount); and

c. claims arising on or after the Petition Dates, except as provided pursuant to the Administrative Claims Bar Date.

---

[3] Administrative Expense Requests filed without a notice shall not be scheduled for hearing.

**Basis for Relief**

12.     Bankruptcy Rule 3003(c)(3) provides that the Court "shall fix . . . the time within which proofs of claim or interest may be filed." Local Rule 2002-1(e) provides that a request for such bar date may be granted by the Court, without notice or a hearing, on 14 days' notice to the United States Trustee and the Committee, provided that the Schedules have been filed, the Bankruptcy Code § 341 meetings have been held, and that the bar date shall be not less than sixty (60) days from the date that the bar date notice is served (and not less than 180 days from the Petition Dates for governmental units), all of which are contemplated by this Motion.

13.     Furthermore, Bankruptcy Rule 3002(a) provides that an unsecured creditor or an equity security holder must file a proof of claim, except as provided in Bankruptcy Rule 3003. Bankruptcy Rule 3003(b), which applies in chapter 11 cases, provides that the Schedules filed by a debtor shall constitute *prima facie* evidence of the validity and the amount of the claims of creditors, unless they are scheduled as disputed, contingent, unliquidated or unknown. In other words, no filing of a claim is necessary by a creditor for a claim that appears on the Schedules and which is not scheduled as disputed, contingent, unliquidated or unknown by the debtor and to which the debtor is in agreement.

14.     Bankruptcy Rule 3003(c)(2), in turn, provides that any creditor or equity security holder whose claim or interest is not listed in the Schedules, or is listed as disputed, contingent, unliquidated or unknown, shall file a proof of claim within the time prescribed by subsection (c)(3) of that Bankruptcy Rule, and any such creditor who fails to file such a proof of

6

claim shall not be treated as a creditor with respect to such claim or interest for the purpose of receiving any distribution from the estate.

15. Prior to the date hereof, creditors and equity security holders may have filed proofs of claim or interest with the Clerk of the Court or the Court-appointed Claims Agent in these cases. In order to avoid the result that creditors file duplicative claims in response to the Bar Date Notice to be served by the Debtors, the Debtors hereby propose that creditors who have already filed proofs of claim with the Court or Claims Agent not be required to file a proof of claim a second time.

16. Upon information and belief, the list of creditors that is contained in the Debtors' Schedules (or as listed in any supplements or amendments thereto) and the original matrix of creditors filed at the inception of the case includes the names and addresses of all known creditors and potential creditors of the Debtors.

17. The Debtors intend to serve a copy of the Bar Date Notice on or before **April 26, 2013**, by U.S. Postal Service first class mail, postage prepaid, on the following parties: (i) all known creditors, (ii) all parties listed on the Debtors' master mailing matrix; (iii) all entities having filed a notice of appearance and demand for papers, (iv) the Debtors' equity security holders, and (v) the Office of the United States Trustee. The proposed Bar Date Notice is attached hereto as <u>Exhibit A</u>.

18. In order to provide broad and appropriate notice to potential creditors, the Debtors propose, pursuant to Fed. R. Bankr. P. 2002(l), to publish notice of the Bar Dates in a national newspaper. Specifically, the Debtors intend to publish notice of the Bar Dates in the

national edition of the USA Today. The Debtors believe that this broad, national publication provides more than adequate notice of the Bar Dates to potential unknown holders of claims. The proposed Publication Notice is attached hereto as Exhibit B.

19. For the reasons set forth above, the Debtors request approval of this Motion without notice and hearing pursuant to Del. Banrk. L.R. 2002-1(e).

## Notice

20. Notice of this Motion has been given to the following parties or, in lieu thereof, to its counsel, if known: (i) the Office of the United States Trustee and (ii) counsel to the Official Committee of Unsecured Creditors. The Debtors submit that, in light of the nature of the relief requested and Local Rule 2002-1(e), no other or further notice need be given.

## No Prior Request

21. No prior application for the relief sought herein has been duly made by the Debtors to this or any other Court.

DOCS_DE:185723.3 73864/001

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and issue and enter the affixed order (a) fixing June 28, 2013, as the Claims Bar Date for prepetition claims, (b) fixing July 8, 2013, as the Governmental Unit Bar Date; (c) fixing June 28, 2013, as the Administrative Claims Bar Date; (d) fixing the method and manner of the Debtors' delivery of notice of the establishment of the Bar Dates to creditors and other parties in interest, and (e) granting the Debtors such other and further relief as this Court deems just, proper and equitable.

Dated: April 5, 2013

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com

Counsel for Debtors and Debtors in Possession

DOCS_DE:185723.3 73864/001