IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, <u>et al.</u>,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 455** |

**ORDER (1) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM,
(2) FIXING BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY
GOVERNMENTAL UNITS, (3) FIXING BAR DATE FOR THE FILING OF REQUESTS
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS,
(4) DESIGNATING FORM AND MANNER OF NOTICE THEREOF,
<u>AND (5) GRANTING RELATED RELIEF</u>**

Upon the Motion[2] of the above-captioned debtors and debtors in possession

(the "Debtors"), seeking the issuance and entry of an order, pursuant to sections 501, 502(b)(9)

and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 (a)(7) and

3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware 2002-1(e) (the "Local Rules") (i) fixing a bar date for the filing of proofs of claim, (ii)

fixing a bar date for the filing of proofs of claim by governmental units, as defined in section

101(27) of the Bankruptcy Code, (iii) fixing bar date for the filing of requests for allowance of

administrative expense claims, (iv) designating the form and manner of notice thereof, and (v)

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

granting related relief; and it appearing that the relief sought in the Motion and the entry of this

Order is appropriate and necessary in order for the Debtors to determine the nature, scope and

classification of all claims; and it appearing that the relief sought in the Motion is reasonable and

in the best interests of the Debtors and their estates; and no adverse interest being represented,

and sufficient cause appearing therefore, and upon due deliberation given, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that all claims, as defined in section 101(5) of title 11 of the United

States Code (the "Bankruptcy Code"), **arising prior to the Petition Dates**, including any claims

against the Debtors' estates based on the Debtors' primary, secondary, direct, indirect, fixed,

secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated,

matured, unmatured, legal or equitable liability, or otherwise (each a "Claim"), except as

otherwise provided for or specifically excepted herein, shall be filed with Rust Consulting/Omni

Bankruptcy (the "Claims Agent"), in writing, together with supporting documentation,

substantially conforming with Official Bankruptcy Form 10, or as otherwise prescribed or

authorized under the Bankruptcy Rules on or before **June 28, 2013, at 4:00 p.m. prevailing

Eastern time** (the "Claims Bar Date"), at the office of the Claims Agent as set forth in the Bar

Date notice; and it is further

ORDERED, that all governmental units (which shall include all entities defined as

such in section 101(27) of the Bankruptcy Code, including any such entities that hold a Claim

arising from prepetition tax years or periods or prepetition transactions to which a Debtors was a

party) holding or wishing to assert Claims against the Debtors arising before the Petition Dates,

are required to file a proof of Claim on account of any claims such governmental unit holds or

wishes to assert against the Debtors, so that the proof of Claim is **actually received** by the

Claims Agent on or before **4:00 p.m. prevailing Eastern Time on July 8, 2013**

(the "Governmental Unit Bar Date"); and it is further

          ORDERED, that all parties asserting a request for payment of administrative

expenses arising between the Petition Dates and May 31, 2013 (but excluding claims for fees and

expenses of professionals retained in these proceedings and members of the Committee in this

case) or whenever arising under Section 503(b)(9) of the Bankruptcy Code, shall file a request

for payment of such administrative expense with the Bankruptcy Court (the "Administrative

Expense Request") and, if desired, a notice of hearing on such Administrative Expense Request[3]

so that the Administrative Expense Request is **actually filed** on or before **4:00 p.m. prevailing**

**Eastern Time on June 28, 2013** (the "Administrative Claims Bar Date"); and it is further

          ORDERED, that the following claims are *excepted* from the provisions of this

Order and are not required to be filed on or before the Claims Bar Date, the Governmental Unit

Bar Date, or Administrative Claims Bar Date, unless otherwise ordered by the Court:

          a.      claims already duly filed in the chapter 11 cases with the Claims

Agent or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street,

3rd Floor, Wilmington, DE 19801;

          b.      claims listed in the Debtors' schedules of assets and liabilities and

statement of financial affairs (the "Schedules"), if the claimant does not dispute the (i) amount or

manner in which its claim is listed on the Schedules or (ii) the nature and status of the claim and

---

[3] Administrative Expense Requests filed without a notice of hearing shall not be scheduled for hearing.

if such claim is not designated in the Schedules as "contingent", "unliquidated", "subject to adjustment", "disputed", or "unknown" (or assigned a zero amount); and

        c.     claims arising on or after the Petition Dates, except as provided pursuant to the Administrative Claims Bar Date; and it is further

ORDERED, that the holder of any proof of Claim required to be filed pursuant to the provisions of this Order and not filed on or before the Claims Bar Date, the Governmental Unit Bar Date, or the Administrative Claims Bar Date, as applicable, shall be forever barred and prohibited from voting on any Plan filed in these chapter 11 cases or participating in any distribution in these cases including, but not limited to, any distribution under a confirmed plan; and it is further

ORDERED, that in accordance with Bankruptcy Rule 2002, the Debtors are hereby authorized to cause notice of the Claims Bar Date, the Governmental Unit Bar Date, and the Administrative Claims Bar Date, in a form substantially of that annexed to the Motion as Exhibit A and incorporated herein, which form is hereby approved, to be given by first class mail, postage prepaid, on or before **April 26, 2013**, upon (i) all known creditors, (ii) all parties listed on the Debtors' master mailing matrix; (iii) all entities having filed a notice of appearance and demand for papers, and (iv) the Office of the United States Trustee; and it is further

ORDERED that the Debtors' claim agent shall prominently display the bar date on its website at www. Omnimgt.com/RevstoneIndustries within two (2) days of entry of this order; and it is further

ORDERED that the Debtor is hereby authorized to cause notice of Claims Bar Date, the Governmental Unit Bar Date, and the Administrative Claims Bar Date, in a form

substantially of that annexed to the Motion as <u>Exhibit B</u>, to be published in the national edition

of the USA Today; and it is further

       ORDERED that this Court shall retain jurisdiction to interpret, implement and

enforce the terms and provisions of this Order.

Dated: April **22**, 2013

                                            Honorable Brendan L. Shannon
                                            United States Bankruptcy Court