IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | (Joint Administration) |
| | ) | |
| Debtors. | ) | |

**Objection Deadline: June 11, 2013 @ 4:00 p.m. (Eastern Time)**
**Hearing Date: June 18, 2013 @ 10:00 a.m. (Eastern Time)**

## DEBTORS' MOTION TO FILE UNDER SEAL CONFIDENTIAL SETTLEMENT COMMUNICATION

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order authorizing the Debtors to file under seal the confidential settlement communication attached hereto as Exhibit A. In support of this Motion, the Debtors respectfully represent and set forth as follows:

### Background

1. On December 3, 2012, Revstone Industries, LLC ("Revstone") and its sister company, Spara, LLC ("Spara"), commenced their respective cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On January 7, 2013, Revstone subsidiaries, Greenwood Forgings, LLC ("Greenwood") and US Tool & Engineering, LLC ("US Tool"), commenced their respective cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); US Tool & Engineering, LLC (6450); and Contech Castings, LLC (7930). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

DOCS_DE:187425.2 73864/001

have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On December 18, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Revstone case. No committee has been appointed in the cases of Spara, Greenwood or US Tool. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

3.  As part of the Debtors' ongoing discussions with the Committee and efforts to resolve various issues and concerns raised by the Committee, the Debtors engaged in extensive negotiations with the Committee to establish certain Milestones (as defined in the Confidential Settlement Communication) related to the disposition of various assets and the preparation of a plan in these cases.

4.  The Confidential Settlement Communication and Milestones set forth the agreements reached between the Debtors and the Committee related to the sale of various assets and development of a plan in these cases. The Debtors and Committee agreed that the information contained within the Confidential Settlement Communication should remain confidential. Accordingly, the Debtors, with the support of the Committee, seek to file the Confidential Settlement Communication under seal.

### Jurisdiction

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

### Relief Requested

7. By this Motion, the Debtors, with the consent of the Committee, seek the entry of an order authorizing the Debtors to file the Confidential Settlement Communication, attached hereto as Exhibit A, under seal.

### Basis for Relief

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities and individuals from the revelation of confidential information, such as the Confidential Settlement Communication. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).[2] Bankruptcy Rule 9018 makes clear that relief under section 107(b) of the Bankruptcy Code can be entered "with or without notice." Fed. R. Bankr. P. 9018.

9. Commercial information has been defined to include any information that would cause "an unfair advantage to competitors by providing them information as to the

---

[2] The Congressional intent of section 107(b) was to require the bankruptcy court on request of a party in interest to seal trade secrets, confidential research, development or commercial information. *See* Senate Report No. 989 § 107.01, 107-2. (section 107(b) "requires the court, on the request of a party in interest, to protect trade secrets, confidential research, development, or commercial information").

commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (citing In re Itel Corp., 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)). Under section 107(b) of the Bankruptcy Code, courts have entered orders limiting access to filed documents where parties have demonstrated good cause. See, e.g., In re Epic Assoc. V., 54 B.R. 445, 450 (Bankr. E.D. Va. 1985); In re Nunn, 49 B.R. 963, 964-65 (Bankr. E.D. Va. 1985). Courts may deny access to judicial documents when open inspection may be used as a vehicle for an improper purpose. In re Orion Pictures Corp., 21 F.3d at 27 (citing Nixon v. Warner Comm'n, Inc., 435 U.S. 589, 597 (1978)).

        10.     Here, the information set forth in the Confidential Settlement Communication that the Debtors and Committee agreed to keep confidential falls squarely in the protections of section 107(b). The Confidential Settlement Communication reveals various aspects of the Debtors' and Committee's confidential negotiations, the Debtors' strategy with regard to the disposition of certain assets and the development and filing of a plan of reorganization. More specifically, the Confidential Settlement Communication establishes, among other things, target dates (or Milestones) for the completion of certain objectives related to the asset sales. Because the Debtors efforts in this regard are ongoing, revealing the Milestones could chill bidding and provide potential bidders with unfair leverage in their dealings with the Debtors because potential purchasers would understand the time constraints presented by the Milestones. In such a situation, the Debtors' estates could be irreparably harmed. Accordingly, the Debtors submit that the information contained in the Confidential Settlement Communication contains "commercial information" and should be subject to the protections of section 107(b) of the Bankruptcy Code. *See In re Orion Pictures Corp.*, 21 F.3d at

27 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (courts also may deny access to judicial documents when open inspection may be used as a vehicle for an improper purpose.).

11. The Debtors shall provide, on a confidential basis, the Confidential Settlement Communication to the Office of the United States Trustee. As noted herein, the Committee has direct knowledge of the Confidential Settlement Communication and the information contained therein. Under the plain language of section 107(b) of the Bankruptcy Code, therefore, and in light of the Court's broad equitable powers under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," the requested relief should be granted.

## Notice

12. Notice of this Motion has been provided to the following parties, or, in lieu thereof, to their counsel if known: (i) the Office of the United States Trustee; (ii) any lienholders of record against Revstone; (iii) counsel to the Committee; and (iv) those parties that have requested service under Bankruptcy Rule 2002.

## No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Debtors respectfully request that the Court enter an order, substantially in the form as the proposed order attached hereto as Exhibit B, (i) authorizing the Debtors to file the Confidential Settlement Communication under seal, and (ii) granting further relief as is just and proper.

Dated: May 15, 2013

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Maxim Litvak (CA Bar No. No. 215852)
Timothy P. Cairns (Bar No. 4228)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302/652-4100
Facsimile: 302/652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       mlitvak@pszjlaw.com
       tcairns@pszjlaw.com

Counsel to Debtors and Debtors in Possession