# EXHIBIT B

# [Subordination Agreement]

SUBORDINATION AGREEMENT

THIS AGREEMENT is made effective as of the 27th day of Jul;y, 2010, between **Bridgeport Capital Funding, LLC** with an address of 101 Convention Center Drive, Suite 700, Las Vegas, NV 89109, its successors and assigns (hereinafter referred to as "Bridgeport"), **Contech Forgings, LLC** with an address of 2250 Thunderstick Drive, Suite 1203, Lexington, Kentucky 40505, its successors and assigns (hereinafter referred to as "Contech"), and **MIDS, LLC** with an address of 2250 Thunderstick Drive, Suite 1203, Lexington, Kentucky 40505, its successors and assigns (hereinafter referred to as "MIDS").

WHEREAS, Bridgeport and Contech have entered into that certain Accounts Receivable Purchase and Security Agreement ("Factoring Arrangement") dated July 26, 2010, and MIDS and Contech intend to enter into a funding arrangement (the "Loan"); and

WHEREAS, MIDS is unwilling to make the Loan to Contech unless Bridgeport agrees to subordinate its interest in and to the collateral comprised of Inventory (the "Collateral") listed in that certain Loan and Security Agreement evidencing and securing the Loan (the terms of which are incorporated herein); and

WHEREAS, Bridgeport is willing to subordinate its interest in the Collateral to MIDS;

NOW, THEREFORE, the parties hereto agree as follows:

A.     Bridgeport subordinates for the benefit of MIDS its security interest in the Collateral described hereinabove. Bridgeport's security interest is evidenced by those certain UCC-1 Financing Statement(s) filed in the Office of the Secretary of State for Delaware on July 26, 2010, bearing File No. 20102593402, as well as the Secretary of State for South Carolina on July 28, 2010 bearing Filing No. 100728-1347294, and the Secretary of State for Michigan on July 28, 2010 bearing Filing No. 2010102194-5. This Subordination shall be evidence of authority allowing the filing of a UCC-3 with the aforesaid State(s) and Office(s) further evidencing the subordination contemplated hereby, provided, however, that Bridgeport shall have the right to review and approve the form of each such UCC-3 prior to its being filed. MIDS agrees that it will provide access to Bridgeport to the computer software and hardware of Contech in the event that MIDS comes into possession of the same.

B.     This Agreement will also serve as confirmation of Bridgeport's authority to fully and finally subordinate its interest in the Collateral to MIDS.

C.     Bridgeport hereby warrants and represents that this Agreement, the subordination evidenced hereby and the filing of a UCC-3 does not create an event of default or breach of any loan agreement or other instruments or documents evidencing, securing or in connection with the Factoring Arrangement.

D.     No Modifications. This Agreement shall not be modified except as signed by the party to be charged with the modification.

E. **Law to Govern; UCC Terms.** The internal laws of the State of Nevada shall control interpretation of this Agreement. Terms used herein that are not otherwise defined shall have the meaning given in the Uniform Commercial Code as in effect in the State of South Carolina.

F. **Counterparts.** This Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if all signatures were upon the same instrument. Delivery of an executed counterpart of the signature page to this Agreement by facsimile shall be effective as delivery of a manually executed counterpart of this Agreement, and any party delivering such an executed counterpart of the signature page to this Agreement by facsimile to any other party shall thereafter also promptly deliver a manually executed counterpart of this Agreement to such other party, provided that the failure to deliver such manually executed counterpart shall not affect the validity, enforceability, or binding effect of this Agreement.

IN WITNESS WHEREOF, the parties to this agreement have signed it effective as of the date first written above.

BRIDGEPORT CAPITAL FUNDING, LLC
By Bridgeport Capital Services, Inc., as servicing agent

By: _____
Title: Larry Powali, Senior Vice President

MIDS, LLC

By: _____
Title: _____

CONTECH FORGINGS, LLC

By: _____
Title: Chairman

--#4820-6110-3367 v.2--

Page 2 of 2

E. **Law to Govern; UCC Terms.** The internal laws of the State of Nevada shall control interpretation of this Agreement. Terms used herein that are not otherwise defined shall have the meaning given in the Uniform Commercial Code as in effect in the State of South Carolina.

F. **Counterparts.** This Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if all signatures were upon the same instrument. Delivery of an executed counterpart of the signature page to this Agreement by facsimile shall be effective as delivery of a manually executed counterpart of this Agreement, and any party delivering such an executed counterpart of the signature page to this Agreement by facsimile to any other party shall thereafter also promptly deliver a manually executed counterpart of this Agreement to such other party, provided that the failure to deliver such manually executed counterpart shall not affect the validity, enforceability, or binding effect of this Agreement.

IN WITNESS WHEREOF, the parties to this agreement have signed it effective as of the date first written above.

BRIDGEPORT CAPITAL FUNDING, LLC
By Bridgeport Capital Services, Inc., as servicing agent

By: _____
Title: Larry Powali, Senior Vice President

MIDS, LLC

By: _____
Title: _____

CONTECH FORGINGS, LLC

By: _____
Title: _____

--#4820-6110-3367 v.2--