IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC, et al.[1]<br><br>Debtors. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 12-13262 (BLS)<br><br>Related Docket No. 652 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION FOR AN ORDER PROVIDING LIMITED RELIEF OF (A) AUTHORIZING THE DEBTOR REVSTONE INDUSTRIES LLC TO (I) CONSENT TO AND (II) TAKE ACTIONS THAT IT DETERMINES ARE REASONABLY NECESSARY TO CONSUMMATE THE SALE OF CERTAIN OF THE ASSETS OF ITS NON-DEBTOR INDIRECT SUBSIDIARIES CONTECH CASTINGS, LLC AND CONTECH CASTINGS REAL ESTATE HOLDINGS, LLC AND (B) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Revstone Industries, LLC ("Revstone"), one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby objects (the "Limited Objection") to certain of the relief requested in the Debtors' Motion for an Order Providing Limited Relief of (A) Authorizing the Debtor Revstone Industries LLC to (I) Consent to and (II) Take Actions that it Determines are Reasonably Necessary to Consummate the Sale of Certain of the Assets of its Non-Debtor Indirect Subsidiaries Contech Castings, LLC and Contech Castings Real Estate Holdings, LLC (collectively, "Contech"); and (B) Granting

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC ("Spara") (6613); Greenwood Forgings, LLC ("Greenwood") (9285); and US Tool and Engineering, LLC ("US Tool") (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

Related Relief (Docket No. 652) (the "Sale Motion").[2] In support of this Limited Objection, the Committee respectfully states as follows:

## BACKGROUND

1. On December 3, 2012 (the "Petition Date"), Revstone and Spara, LLC each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors are operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. To date, no trustee or examiner has been appointed.

2. Since the Petition Date, Greenwood and U.S. Tool & Engineering, LLC, which are indirect subsidiaries of Revstone, have also filed petitions under chapter 11 of the Bankruptcy Code.

3. On December 17, 2012, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to Bankruptcy Code section 1102(a)(1).

4. On June 11, 2013, the Debtors filed the Sale Motion seeking, inter alia, an order authorizing Revstone to consent to and take actions necessary to consummate the sale of substantially all assets of Contech to Shiloh Die Cast Midwest LLC ("Shiloh"). The Debtors requested hearing on shortened notice for the Sale Motion. See Docket No. 653. On June 12, 2013, the Court entered an order granting an expedited hearing on the Sale Motion. See Docket No. 654.

## LIMITED OBJECTION

5. The Committee does not object to the sale of Contech generally. Indeed, the Committee supports the sale of Contech's assets and would also support the sale of Contech through a sale under Bankruptcy Code section 363, if the Contech entities were debtors under the

---

[2] Capitalized terms not otherwise defined herein will have the meaning ascribed to them in the Sale Motion.

2

supervision of this Court and subject to the disclosure and other requirements imposed on debtors. However, as the Debtors readily admit in the Sale Motion, "the Assets are not property of the Debtors' Estates." Sale Motion ¶ 12. Accordingly, the Court does not have jurisdiction to authorize the sale of Contech's assets.

6. Instead, through the Sale Motion, the Debtors seek the entry of an overly broad comfort order, on shortened notice, through which this Court would bless the sale of certain non-Debtor assets (substantially all of the assets of Contech Castings, LLC, and Contech Castings Real Estate, LLC). The proposed form of order amounts to a request for an improper judicial stamp of approval on a marketing and sale process that was, until the filing of the Sale Motion, conducted outside of the oversight of this Court, the Office of the United States Trustee, the Committee, and other parties in interest in these bankruptcy cases. Critically, although the Debtors updated the Committee's advisors generally with respect to the progress of these proposed sales, the sale process for the Contech Assets has occurred outside the supervision of the Court and without the oversight generally accorded asset sales in bankruptcy cases. Additionally, the sales have not been conducted in accordance with sale procedures vetted with parties in interest in these bankruptcy cases and approved by this Court.

7. The Committee's response to the Debtors' attempt to stretch this Court's subject matter jurisdiction beyond the breaking point is simple and straightforward – if the Debtors and/or Contech want the sale of Contech's assets to be afforded the protections offered by the Bankruptcy Code, Contech Castings, LLC and Contech Castings Real Estate, LLC must first, in fact, be debtors. Absent bankruptcy filings by Contech Castings, LLC, and Contech Castings Real Estate, LLC, this Court lacks the requisite subject matter jurisdiction to grant most of the relief requested in the Sale Motion. See, e.g., Wilkinson v. EMC Mortgage (In re

Wilkinson), 2012 Bankr. LEXIS 163, at * 14 (Bankr. W.D. Tex. Jan. 12, 2012) (court lacks subject matter jurisdiction over property that is not estate property); Jacobs v. Jacobs (In re Jacobs), 401 B.R. 202, 206-7 (Bankr. D. Md. 2008) (bankruptcy court lacks subject matter jurisdiction to determine ownership of property that is not estate property); EDS Acquisitions, LLC v. Jenkins (In re Jenkins), 2006 Bankr. LEXIS 3684, at *4 (Bankr. N.D. Ga. Oct. 30, 2006) (denying 9019 because court lacks subject matter jurisdiction over property that is not part of the estate). Not even the insistence of the proposed stalking horse bidder on the entry of a comfort order from this Court, see Asset Purchase Agreement (the "APA"), attached to the Sale Motion as Exhibit A, § 6.4, can confer such subject matter jurisdiction on this Court where it otherwise does not exist. See Binder v. Price Waterhouse & Co. LLP ( In re Resorts Int'l, Inc.), 372 F.3d 154, 161 (3d Cir. 2004 ) (where the bankruptcy court lacks subject matter jurisdiction, the parties cannot create jurisdiction by agreement); LaRoche Indus. v. Orica Nitrogen LLC ( In re LaRoche Indus.), 312 B.R. 249, (Bankr. D. Del. 2004) ("neither the bankruptcy court nor the parties can write their own jurisdictional ticket").

8. At most, this Court could grant the Debtor Revstone the limited authority that the Debtor Revstone, as the sole member of the non-debtor parent of Contech Castings, LLC,[3] might need to authorize the sale of the assets of Revstone's second and third tier subsidiaries. However, the findings of fact and conclusions of law set forth in the proposed form of order filed with the Sale Motion extend beyond the limited relief the Debtors claim to seek in the Sale Motion. Specifically, the Debtors have asserted that the Sale Motion was filed "out of an abundance of caution." Sale Motion at 1. The Debtors have further argued that by the Sale

---

[3] Revstone holds one hundred percent (100%) of the membership interests of Revstone Transportation, LLC ("Transportation"), a non-debtor. Transportation, in turn, holds one hundred percent (100%) of the membership interests of Contech Castings, LLC, a non-debtor, which entity holds one hundred percent (100%) of the membership interests in Contech Castings Real Estate, LLC, a non-debtor.

4

Motion, "the Debtors seek the limited relief of authorization for Revstone Industries to consent to and take actions it determines are reasonably necessary to consummate [the Sale] . . . to [the] . . . Stalking Horse Purchaser . . . or the . . Successful Bidder." Id. at 2. In fact, the Debtors request, among other things, that this Court find:

- "the relief requested is in the best interests of the Debtors, their Estates, their creditors and all other parties in interest;" Proposed form of order at 2;

- "Other parties interested in bidding on the Assets were provided, upon request, sufficient information to make an informed judgment on whether to bid on the assets;" Id. ¶ G;

- "The Debtors have demonstrated a sufficient basis and compelling circumstances requiring Revstone Industries to . . . take actions it determines are reasonably necessary for non-Debtor Contech to consummate the Sale of non-Estate assets pursuant to the Agreement, and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their Estates and their creditors; Id. ¶ H;

- "Such business reasons include, but are not limited to, the facts that (i) the Agreement and the Closing (as defined in the Agreement) will present the best opportunity to realize the value of Contech on a going concern basis; (ii) there is substantial risk of deterioration of the value of the Assets if the sale is not consummated quickly; and (iii) the Agreement constitutes the highest and best offer for the Assets;" Id.;

- "potential purchasers were afforded a full, fair and reasonable opportunity to qualify as bidders and submit their highest and best offer to purchase certain of the Sellers' Assets;" Id. ¶ I;

- "potential purchasers were provided, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Assets;" Id.;

- "(the "Purchaser") submitted the highest or otherwise best offer as determined by the Sellers;" Id. ¶ K;

- "Revstone Industries has determined, as an appropriate exercise of its business judgment, that the offer of the Purchaser . . . (i) is the highest and best offer received by the Sellers; (ii) is fair and reasonable; (iii) is in the best interests of the Debtors' creditors and Estates; and (iv) constitutes full

5

and adequate consideration and reasonably equivalent value for the Assets;" Id. ¶ L; and

- "Revstone Industries is authorized to consent to Contech's execution of the Agreement and all other documents contemplated thereby, and to take actions it determines are reasonably necessary to consummate the transactions contemplated by the Agreement." Id. ¶ O.

9. The proposed findings of fact and conclusions of law go well beyond the limited relief the Debtors argue in the Sale Motion that they are seeking, i.e., authorization from Revstone, to the extent required, to permit Contech to enter into the Agreement and take steps to consummate the Sale. Moreover, the proposed findings of fact and conclusions of law reference the exercise of the business judgment of the Debtors generally, three of which, Spara, Greenwood, and US Tool, presumably have not taken nor are required to take any action, as a governance matter, in connection with the Sale of the Assets. In fact, as set forth in the Sale Motion, non-debtors Contech Castings, LLC, and Contech Castings Real Estate, LLC, in their "sole and absolute discretion" have determined the reasonableness of the proposed sale procedures. Specifically, these non-debtors have determined, among other things:

- The qualification of potential purchasers,
- The stalking horse purchaser identity,
- The propriety of employee incentive payments exceeding $750,000;
- The reasonableness of a proposed Break-up Fee of $2 million,
- The appropriate overbid in any auction;
- Whether or not to conduct an auction;
- The reasonableness of subsequent bid increments (in the event of an auction);
- The value to be assigned to any competing bids, and
- Ultimately, the identity of the Successful Bidder.

It is unclear, therefore, what business judgment was or will be exercised by Revstone, in connection with the Sale beyond authorizing the parent of Contech Castings, LLC, to authorize such sale (to the extent that such authorization is even required under the applicable operating agreements for such entities), and therefore, any finding that the Debtors have exercised their business judgment is improper in this instance.

10. Notwithstanding the complete lack of the customary controls and oversight that traditionally accompany sales in bankruptcy cases, which, in part, justify the protections afforded <u>debtors</u> selling assets (and purchasers buying assets from <u>debtors</u>), the Debtors seek, through the Sale Motion, certain of the same protections typically afforded debtors and purchasers of debtor assets for the non-debtors and the purchaser of non-debtor Contech's assets. In essence, the Debtors, through the Sale Motion, attempt to reap certain of the protections afforded by the Bankruptcy Code for non-debtor entities without subjecting such entities to the disclosure, third-party oversight, reporting, and other requirements that are the necessary burdens for debtors seeking bankruptcy protection from this Court. The Court should not countenance the Debtors' attempt to avail themselves, for the benefit of their subsidiaries, of the protections afforded by the Bankruptcy Code without subjecting the same subsidiaries to the disclosure and other requirements imposed by the Bankruptcy Code.

11. To the extent the Court is willing to bless the proposed sale, the current proposed procedures should nonetheless be modified. The sale procedures for which the Debtors seek post hoc approval through the Sale Motion, exclude, among other parties in interest in these bankruptcy cases, the Committee. For example, the Committee is not included as a notice party for any competing bids that are submitted. Additionally, there are no provisions in the sale procedures for Committee participation in any auction that may be held. Further, neither the

Committee nor its advisors are afforded customary consultation rights with regard to the qualification of potential bidders, the determination of higher and better offers, the value assigned to bids received, and/or the selection of the highest and best offer. Thus, the sale procedures established by the non-debtors fail to provide any of the meaningful creditor input and oversight that is fundamental to the bankruptcy process.

12. In addition to the objections set forth above, the relief requested by the Sale Motion is premature. Specifically, the Debtors have indicated that the proposed sale and stalking horse bid will be subject to higher and better offers, and, provided there is an alternate bid, an auction. It is possible that the successful bidder will not seek the jurisdictionally improper "comfort order" that the proposed stalking horse bidder has requested in this instance. Moreover, the entry into a settlement with the Pension Benefit Guaranty Corporation (the "PBGC") with respect to its purported liens on the Assets and potential claims against the proposed stalking horse purchaser as a result of such purchaser's acquisition of the Assets on or before July 16, 2013, is a condition to closing. See Sale Motion at ¶ 19(e); APA § 6.15. Such settlement with the PBGC has not yet occurred and if it does not occur by the date set forth in the APA, the proposed stalking horse bidder, even if selected as the successful bidder, may not close on the sale of the Assets. Accordingly, the relief requested by the Debtors in the Sale Motion, even if otherwise appropriate (which it is not), is premature. Accordingly, the Committee respectfully requests that the Sale Motion, as drafted, be denied.

## RESERVATION OF RIGHTS

13. In light of the lack of certainty surrounding the actual purchaser of the assets of Contech, the Committee reserves its right to raise further objections upon identification of the successful purchaser and a review of the final asset purchase agreement.

WHEREFORE, for all of the foregoing reasons, the Committee respectfully requests that this Court deny the Sale Motion. Alternatively, the Committee respectfully requests that the Court limit the relief granted through the Sale Motion to approval of the limited action required by Revstone to consent to the sale of assets by Revstone's second and third tier non-debtor subsidiaries.

Dated: Wilmington, Delaware
       June 21, 2013

/s/ Ericka F. Johnson
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Matthew P. Ward (Del. Bar No. 4471)
Ericka F. Johnson (Del. Bar No. 5024)
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Ste. 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 661-7738
E-mail: mdesgrosseilliers@wcsr.com
E-mail: maward@wcsr.com
E-mail: erjohnson@wcsr.com

Counsel for the Official Committee of Unsecured Creditors of Revstone Industries, LLC

WCSR 30519667v3