# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: June 26, 2013 at 1:30 p.m.<br>Related Docket No.: 652, 653, 654 |

## OBJECTION OF BOSTON FINANCE GROUP, LLC TO DEBTORS' MOTION FOR ORDER RELATED TO SALE OF CERTAIN OF THE ASSETS OF NON-DEBTOR INDIRECT SUBSIDIARIES CONTECH CASTINGS, LLC AND CONTECH CASTINGS REAL ESTATE HOLDINGS, LLC

Boston Finance Group, LLC ("**BFG**"), by and through its undersigned counsel, hereby files this objection (the "**Objection**") to the motion of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an Order Providing Limited Relief Of (A) Authorizing The Debtor Revstone Industries, LLC To (I) Consent To And (II) Take Actions That It Determines Are Reasonably Necessary To Consummate The Sale Of Certain Of The Assets Of Its Non-Debtor Indirect Subsidiaries Contech Castings, LLC And Contech Castings Real Estate Holdings, LLC; And (B) Granting Related Relief [Docket No. 652] (the "**Contech Sale Motion**"). In support of this Objection, BFG respectfully represents as follows:

## PRELIMINARY STATEMENT

Notwithstanding the Debtors' determination to exclude the assets of and equity interests in Contech Castings, LLC or Contech Castings Real Estate Holdings, LLC (together,

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtors' federal tax identification numbers are as follows: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

EAST\56361586.2

the "**Contech Entities**") from the above captioned Chapter 11 cases and the jurisdiction of this Court, the Debtors now seek an order from this Court blessing the Contech Entities' sale of assets. No such blessing is, however, necessary. More importantly, any imprimatur put on the transaction by this Court is neither proper nor appropriate. Thus, although BFG is not a creditor of either Contech Entity and, thus, does not have, and does not assert, any right to object to the board and management at the Contech Entities deciding to proceed with the transaction described, BFG does object to the Contech Sale Motion on three grounds. Specifically, as a creditor of Revstone Industries, the sole member of Revstone Transportation, LLC, which is the sole member of Contech Castings, LLC, BFG contends that the Contech Sale Motion should not be approved because: (i) the Court does not have subject matter jurisdiction with respect to the matter, (ii) the Contech Sale Motion is simply not ripe for consideration; and (iii) any approval of the actions of the Debtors may significantly prejudice the interests of the creditors of the Debtors and Revstone Transportation, LLC.

**LIMITED BACKGROUND**

1. On December 3, 2012 (the "**Petition Date**"), Debtors Revstone Industries, LLC ("**Revstone Industries**") and Spara, LLC ("**Spara**") each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). On January 7, 2013, Debtors Greenwood Forgings, LLC ("**Greenwood**") and US Tool & Engineering, LLC ("**US Tool**") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their properties and control of their businesses pursuant to 11 U.S.C. §§ 1107 and 1108.

2. On December 5, 2012, Revstone Industries filed the Declaration of Jay N. Brown In Support of First Day Pleadings [Docket No. 10] (the "**First Day Declaration**"). Exhibit A to

the First Day Declaration is an organizational chart of Revstone Industries (the "**Organizational Chart**").  According to the Organizational Chart, Contech Castings Real Estate Holdings, LLC is the wholly owned subsidiary of Contech Castings, LLC, which is a wholly owned subsidiary of Revstone Transportation, LLC, which in turn is a wholly owned subsidiary of Revstone Industries.

3.  On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors in the case of Revstone Industries.  No official committee has been appointed in the cases of Spara, Greenwood or US Tool.  No trustee or examiner has been appointed in any of the Debtors' cases.

4.  On February 6, 2013, this Court entered an order permitting the Debtors' cases to be jointly administered solely for procedural purposes.

5.  On June 11, 2013, the Debtors filed the Contech Sale Motion, pursuant to which the Debtors seek this Court's authorization for Revstone Industries to consent to the sale of the assets of the Contech Entities (the "**Contech Sale**").  Exhibit A to the Contech Sale Motion is a form of asset purchase agreement (the "**APA**") and Exhibit B to the Contech Sale Motion is a form of proposed order (the "**Proposed Order**").

6.  Contemporaneous with the filing of the Contech Sale Motion, the Debtors filed the Motion To Fix Hearing Date On And Shorten Time To Object Or Respond To Debtors' Motion For Order Providing Limited Relief Of (A) Authorizing The Debtor Revstone Industries, LLC To (I) Consent To And (II) Take Actions That It Determines Are Reasonably Necessary To Consummate The Sale Of Certain Assets Of Its Non-Debtor Indirect Subsidiaries Contech Castings, LLC And Contech Castings Real Estate Holdings, LLC; And (B) Granting Related Relief [Docket No. 653] (the "**Motion to Shorten**").

7. By order dated June 12, 2013 [Docket No. 654], the Court granted the Motion to Shorten, setting a hearing on the Contech Sale Motion for June 26, 2013 at 1:30 p.m. with an objection deadline of June 21, 2013 at 4:00 p.m.

**OBJECTION**

8. BFG is not a creditor of either of the Contech Entities. BFG is, however, a creditor of Revstone Industries, the sole member of Revstone Transportation, LLC, which is the sole member of Contech Castings, LLC. Thus, although BFG does not have, and does not assert, any right to object to the Contech Entities proceeding with the proposed sale transaction, BFG contends that the Contech Sale Motion should not be approved because (i) the Court does not have subject matter jurisdiction with respect to the matter and (ii) the Contech Sale Motion is not ripe for adjudication. Additionally, to the extent that the Debtors seek this Court's imprimatur on the sale, BFG contends that the proposed sale order prejudices its rights regarding claims it holds against Revstone Industries and the potential claims it holds against the directors, officers, representatives or professionals acting on behalf of the Contech Entities with respect to the proposed sale.

**I. THIS COURT LACKS SUBJECT MATTER JURISDICTION**

9. This Court must examine, either on request of the parties or *sua sponte*, whether it maintains subject matter jurisdiction. See Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (citing Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 384 (1884)) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings and the court should raise the question *sua sponte*). Thus, before this Court may put its imprimatur on the manner and substance of the Contech Entities' sale of assets it must first determine that it has jurisdiction with respect to the Contech Sale Motion. It does not.

10. Neither Contech Entity is a debtor under the Bankruptcy Code. Instead, the Contech Entities are indirect subsidiaries of the Debtor, Revstone Industries, and only affiliates of the other Debtors. Moreover, as the proposed sale order expressly states "the Assets that Contech is selling, and the sale of which the Debtors have consented to, *are not property of the Estates*." Proposed Order ¶ J (emphasis added). Nonetheless, the Debtors ask this Court to find that:

> C. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of these chapter 11 cases and the [Contech Sale] Motion in this district is proper pursuant to 28 U.S.C §§1408 and 1409.
>
> D. The statutory predicates for the relief sough in the [Contech Sale] Motion and the basis for the approvals and authorizations herein are (i) Bankruptcy Code §§ 105 and, to the extent applicable, 363; and Bankruptcy Rules 2002, 6004, 9006, and 9014.

This Court cannot properly make any such findings. See In re Winstar Commc'ns, Inc., 284 B.R. 40, 51 (Bankr. D. Del. 2002) ("[The] action may have an effect on the ultimate value which the estate receives for the stock it owns, but it does not alter the estate's rights, liabilities, options or freedom of action. If the court were to find that this action was under the jurisdiction of the Bankruptcy Court, the decision would have the result of bringing every wholly owned subsidiary into every Bankruptcy case regardless of the circumstances and . . . such a decision could result in debtors and others abusing the system by withholding from Bankruptcy or bringing into Bankruptcy subsidiaries in a revolving door fashion.").

## II. THE CONTECH SALE MOTION IS NOT RIPE FOR ADJUDICIATION

11. Even assuming that approval of the Contech Sale were within the Court's jurisdiction, which it is not, this Court's approval of the Contech Sale is premature given the conditions precedent to closing.

12. Specifically, the APA provides that closing on the sale is contingent on a settlement of claims held by the Pension Benefit Guaranty Corporation (the "**PBGC**"), which claims are not required to be settled for a number of weeks. In particular, section 6.15 of the APA provides that a condition precedent to the obligations of the purchaser is entry by the Contech Entities into a definitive, enforceable and executed settlement agreement with the PBGC by July 16, 2013. The APA requires that such settlement provide for the PBGC to fully, unconditionally and completely release any claims and/or liens it may have against the Purchaser and the Purchased Assets (each as defined in the APA).

13. Upon information and belief, no such settlement has been reached. Thus, although BFG understands that negotiations are underway, it is not clear at this time that the Contech Entities will be able to achieve this resolution as required by the Purchaser. Moreover, any such settlement will itself likely require Bankruptcy Court approval, given the nature and extent of the claims asserted by the PBGC against the Debtor and non–Debtor entities, thus making the satisfaction of the July 16, 2013 deadline difficult to achieve. Consequently, given that the Contech Sale cannot close without a definitive agreement with the PBGC, the Court should consider the Contech Sale Motion, if it does at all, when and if a definitive agreement with the PBGC is submitted for Court approval.

### III. RESERVATION OF RIGHTS AND FURTHER OBJECTIONS

14. Finally, even assuming, arguendo, that the Court concludes that it has jurisdiction and may properly enter an order on the Contech Sale Motion, BFG contends that the Court cannot enter the Proposed Order in the form proposed. Indeed, to do so may significantly prejudice the creditors of the Debtors. Specifically, in addition to the findings noted above, the Proposed Order contains findings, including but not limited to the following:

- That sufficient information was provided to parties interested in bidding on the Contech Entities' assets. Proposed Order ¶ G.

- That the Debtors demonstrated a sufficient basis and compelling circumstances for Revstone Industries to consent to the sale and take actions it determines are reasonably necessary to consummate the Contech Sale. Proposed Order ¶ H.

- That the Debtors' exercise of business judgment was appropriate and approval for the underlying bases of such business judgment, including that the APA is the best opportunity to realize value for the Contech Entities' assets, the risk of substantial deterioration to the value of such assets, and that the APA constitutes the highest and best offer for the assets. Proposed Order ¶ H.

- That the underlying sale process was full, fair and reasonable to achieve the Contech Sale. Proposed Order ¶ I.

- That the final purchaser selected (whether the stalking horse or following an auction) submitted the highest and best offer. Proposed Order ¶ K.

- That Revstone Industries exercised appropriate business judgment in determining that the purchaser selected submitted the highest and best offer. Proposed Order ¶ L.

- That the negotiation of and entry into the APA was done in good faith, based on arms' length bargaining and without collusion or fraud of any kind. Proposed Order ¶ N.

- That Revstone Industries exercised sound business judgment in thinking this Court has authority to consent to the sale and take actions to consummate the sale. Proposed Order ¶ P.

15. These findings, however, suggest that Revstone Industries' consent and actions are required to consummate the transaction. As a matter of corporate law, that is simply not true, and nowhere do the Debtors explain why such consent is needed[2] or what actions Revstone Industries may "determine[] are reasonably necessary to consummate the Agreement." Furthermore, the finding in paragraph H of the Proposed Order goes further by seeking a determination that the *Debtors* are exercising appropriate business judgment, notwithstanding the fact that all of the Debtors except Revstone Industries are merely affiliates of the Contech

---

[2] BFG was advised that such consent is being required by the purchaser. Even if that were the case, this Court lacks the jurisdiction to authorize Revstone Industries providing consent over a matter to which no such consent is legally required.

Entities. Consequently, if such findings are part of an order, BFG and other creditors arguably would be barred from challenging Revstone Industries providing any consent or taking certain actions (other than on the basis that they were not reasonably necessary) and insulate the board, the officers, directors, representatives and professionals of Revstone Transportation, LLC and Revstone Industries from liability for a sale that is related to assets not within this Court's jurisdiction that the Contech Entities have determined to consummate.

## CONCLUSION

WHEREFORE, Boston Finance Group, LLC respectfully requests that this Court deny the Contech Sale Motion and grant such other and further relief as this Court deems just and proper.

Dated: June 21, 2013  
       Wilmington, Delaware

/s/Stuart M. Brown  
Stuart M. Brown (DE 4050)  
**DLA PIPER LLP (US)**  
919 N. Market Street, 15th Floor  
Wilmington, DE 19801  
Telephone: (302) 468-5700  
Facsimile: (302) 394-2341  
Email: stuart.brown@dlapiper.com

-and-

Gregg M. Galardi (DE 2991; NY 4535506)  
Sarah E. Castle (NY 4932240)  
**DLA PIPER LLP (US)**  
1251 Avenue of the Americas  
New York, NY 10020-1104  
Telephone: (212) 335-4500  
Facsimile: (212) 335-4501  
Email: gregg.galardi@dlapiper.com  
       sarah.castle@dlapiper.com

*Counsel to Boston Finance Group, LLC*