## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | Case No. 12-13262 (BLS) |
| Debtors. | (Jointly Administered) |

### APPLICATION OF BOSTON FINANCE GROUP, LLC FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES AGAINST GREENWOOD FORGINGS, LLC

Boston Finance Group, LLC ("**BFG**"), by and through its undersigned counsel, hereby files this application for allowance of an administrative expense against the estate of Greenwood Forgings, LLC (the "**Application**"). In support of the Application, BFG respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Application are Bankruptcy Code §§ 503(b) and 507(a)(2).

### BACKGROUND

2. On December 3, 2012, Revstone Industries, LLC ("**Revstone**") and Spara, LLC ("**Spara**") each filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtors' federal tax identification numbers are as follows: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

3.      On January 7, 2013 (the "**Petition Date**"), Greenwood Forgings, LLC ("**Greenwood**") and US Tool & Engineering, LLC ("**US Tool**"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court.  Revstone, Spara, Greenwood and US Tool are collectively referred to herein as the "**Debtors**."  The Debtors' cases are procedurally jointly administered; they are not substantively consolidated.

4.      BFG asserts claims, entitled to administrative priority under sections 503(b)(1) and 507(a)(2), against Greenwood arising from BFG's post-petition losses, costs, claims, damages and expenses, including, but not limited to, attorneys' fees and related expenses, in accordance with the indemnification obligations of Greenwood, as more fully described below.

5.      Prior to the Petition Date, Greenwood executed that certain Loan and Security Agreement (the "**Greenwood Loan Agreement**"), dated September 30, 2010, by and between Greenwood, as borrower, and BFG, as lender, and in connection therewith Greenwood made that certain Promissory Note in favor of BFG, dated September 30, 2010 (the "**Greenwood Promissory Note**"), in the original principal amount of $4,000,000.00 with a maturity date of September 30, 2012.   True and correct copies of the Greenwood Loan Agreement and Greenwood Promissory Note are attached hereto collectively as Exhibit A.

6.      Under Section 20.10(b) of the Greenwood Loan Agreement, Greenwood agreed to "indemnify, protect and hold [BFG]…harmless from and against any and all liabilities, obligations losses, damages, penalties, actions, judgments suits, costs, expenses and disbursements of any kind or nature, including reasonable fees and expenses of legal counsel, which may be imposed on, incurred by or asserted against [BFG] by [Greenwood] or other third parties and arise out of or relate to [the Greenwood Loan Documents] or any other matter

- 2 -

whatsoever related to the transactions contemplated by or referred to in [the Greenwood Loan Documents]." (such obligations, the "**Indemnification Obligations**").

7.      On April 23, 2013 this Court entered an order (the "**Bar Date Order**") in the Debtors cases fixing June 28, 2013, at 4:00 p.m. as the date by which proof of claim for all prepetition claims against the various Debtors must be filed (the "**Claims Bar Date**") and further fixing June 28, 2013, at 4:00 p.m. as the date by which any application for administrative expenses against the Debtors' estates must be filed (the "**Administrative Claims Bar Date**") arising between the Petition Date and May 31, 2013.

8.      On May 30, 2013, BFG filed a proof of claim, assigned Claim No. 153 (the "**Initial Claim**") with the claims agent, asserting various claims on account of the Greenwood Loan Documents.

9.      On June 25, 2013, BFG filed a proof of claim (the "**Greenwood Claim**") amending the Initial Claim to include a claim based on the Indemnification Obligations, the Greenwood Claim is incorporated by reference as if set forth in its entirety herein.

**ADMINISTRATIVE EXPENSES ASSERTED**

10.      BFG hereby applies for allowance and payment of administrative expenses in an amount to be determined by the Court on account of the Indemnification Obligations.

11.      Section 503(b)(1) of the Bankruptcy Code provides that "after notice and a hearing, there shall be allowed, administrative expenses," on certain categories of claims arising after the Petition Date.  11 U.S.C. § 503(b)(1).  Section 507(a)(2) of the Bankruptcy Code provides that all "administrative expenses allowed under section 503(b)" are entitled to the second highest priority of payment, after certain domestic support obligations.  11 U.S.C. § 507(a)(2).

EAST\56476569.4

12.     BFG has already incurred and suffered substantial costs, losses, claims, damages and expenses, including attorneys' fees and related expenses, for which Greenwood is obligated on account of the Indemnification Obligations.

13.     As certain of the costs, losses, claims, damages and expenses, including attorneys' fees and related expenses, that compromise Greenwood's liability under the Indemnification Obligations were incurred and continue to be incurred following the Petition Date, such obligations are entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code.  See Jeld-Wen, Inc. v. Van Brunt (In re Grossman's Inc.), 607 F.3d 114 (3d Cir. 2010) (recognizing timing of injury as the prerequisite for determining when a claim 'arises' under the Bankruptcy Code).

14.     Greenwood's liability under the Indemnification Obligations is fixed in part and contingent in part.  Therefore, BFG applies for allowance and payment of administrative expenses on account of the costs to which it is entitled under the Indemnification Obligations, including, but not limited to, attorneys' fees and related expenses, incurred in connection with the Indemnification Obligations.

15.     BFG specifically reserves its right to amend and/or supplement this Application to reflect any additional claims against Greenwood, or to specify additional interest, fees, costs, expenses or other charges of or claims incurred by BFG in connection with the Indemnification Obligations.

16.     BFG reserves the right to assert any additional claim entitled to administrative priority, including, without limitation, for reimbursement of its costs and expenses that substantially contributed to the preservation or enhancement of value and recovery of the creditors in any or all of the above-captioned cases.

17.    BFG hereby asserts a claim, and reserves the right to amend this application to assert any additional direct claim of BFG, resulting from any post-Petition Date act or omission, including any breach of any duty, that caused direct harm to BFG, its interests or unsecured creditors of the Debtor's estate.

WHEREFORE, Boston Finance Group, LLC respectfully requests that this Court enter an order granting this Application and allowing BFG's administrative expense, consistent with the Indemnification Obligations and granting such other and further relief as this Court finds is just and equitable.


Dated: June 27, 2013                    /s/Stuart M. Brown
      Wilmington, Delaware            Stuart M. Brown (DE 4050)
                                            **DLA PIPER LLP (US)**
                                            919 N. Market Street, 15th Floor
                                            Wilmington, DE 19801
                                            Telephone: (302) 468-5700
                                            Facsimile: (302) 394-2341
                                            Email: stuart.brown@dlapiper.com

                                            -and-

                                            Gregg M. Galardi (DE 2991; NY 4535506)
                                            Sarah E. Castle (NY 4932240)
                                            **DLA PIPER LLP (US)**
                                            1251 Avenue of the Americas
                                            New York, NY 10020-1104
                                            Telephone:  (212) 335-4500
                                            Facsimile:  (212) 335-4501
                                            Email: gregg.galardi@dlapiper.com
                                                          sarah.castle@dlapiper.com

                                            *Counsel to Boston Finance Group, LLC*

EAST\56476569.4