IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Revstone Industries, LLC, *et al.*,[1] | ) | Case No.: 12-13262 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Hearing Date: August 21, 2013 at 11:00 a.m. E.T.**
**Objection Deadline: August 19, 2013 at 4:00 p.m. E.T.**

**DEBTOR'S MOTION FOR AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) SCHEDULING CONFIRMATION HEARING; (III) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN, INCLUDING (A) APPROVING FORM AND CONTENT OF SOLICITATION PACKAGE; (B) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; (C) APPROVING FORMS OF BALLOTS; (D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS; (V) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; AND (VI) GRANTING RELATED RELIEF**

Revstone Industries, LLC, one of the above-captioned debtors and debtors in

possession (the "Debtor"), by and through its undersigned counsel, pursuant to sections 1125 and

1126 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"),

Rules 2002, 3016, 3017, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Del. Bankr. L.R. 3017-1(a) and 3017-1(b), moves for the entry of an

order:  (i) approving the Disclosure Statement (as defined below); (ii) scheduling the

Confirmation Hearing (as defined below); (iii) approving the form and manner of notice of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

Confirmation Hearing; (iv) establishing procedures for solicitation and tabulation of votes to

accept or reject the *Chapter 11 Plan of Reorganization for Revstone Industries, LLC* dated July

22, 2013 (including all exhibits thereto and as amended, modified or supplemented from time to

time, the "Plan"),[2] including (A) establishing a Record Date and approving procedures for

distributing solicitation packages; (B) approving the form and content of the Debtor's proposed

solicitation package, including ballots; (C) establishing a voting deadline for receipt of ballots;

and (D) approving procedures for tabulating acceptances and rejections of the Plan; (v)

establishing the deadline and procedures for filing objections to confirmation of the Plan; and

(vi) granting related relief.  In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

predicates for the relief requested herein are sections 1125 and 1126 of the Bankruptcy Code,

Bankruptcy Rules 2002, 3016, 3017, 3020 and 9006 and Del. Bankr. L.R. 3017-1(a) and 3017-

1(b).

## The Debtor's Chapter 11 Case

2.     On December 3, 2012 (the "Petition Date"), the Debtor commenced its

bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.

---

[2] Unless otherwise defined in this Motion, all capitalized terms used herein shall have the respective meanings
ascribed to them in the Plan.

3.      The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012 and incorporated herein by reference.

4.      The Debtor is continuing in possession of its property and is managing its business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      On December 18, 2012, the Office of the United States Trustee appointed a committee of unsecured creditors and appointed five initial members thereto (the "Creditors' Committee").

6.      On January 16, 2013, the Debtor filed its Schedules and Statements with the Bankruptcy Court, which set forth, *inter alia*, the assets of the Debtor and the prepetition claims against the Debtor based on its books and records [Docket Nos. 129 and 130]. The Debtor reserves its right to make amendments to the Schedules and Statements.

7.      On April 23, 2013, the Court entered its order [Docket No. 523] establishing June 28, 2013, as the deadline for filing claims against the Debtor that arose prior to the Petition Date (the "General Bar Date"), July 8, 2013, as the bar date for governmental units, and June 28, 2013, as the deadline for filing requests for allowance of administrative claims.

8.      Concurrently herewith, the Debtor filed the Plan and *Disclosure Statement in Respect of Chapter 11 Plan of Reorganization for Revstone Industries, LLC* (the "Disclosure Statement"). Under the Plan, there are five (5) classes of claims and one (1) class of equity

security holders.  Class 1 (Priority Non-Tax Claims) is the only class that is unimpaired.  All

remaining classes are impaired and entitled to vote as follows:

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Not entitled to Vote |
| Class 2 – Miscellaneous Secured Claims | Impaired | Entitled to Vote |
| Class 3 – Wells Claims | Impaired | Entitled to Vote |
| Class 4 – Convenience Claims | Impaired | Entitled to Vote |
| Class 5 – General Unsecured Claims | Impaired | Entitled to Vote |
| Class 6 – Interests in the Debtor | Impaired | Entitled to Vote |

### Relief Requested

9.     By this Motion, the Debtor requests entry of an order:  (i) approving the

Disclosure Statement; (ii) scheduling the Confirmation Hearing; (iii) approving the form and

manner of notice of the Confirmation Hearing; (iv) establishing procedures for solicitation and

tabulation of votes to accept or reject the Plan, including (A) approving the form and content of

the Debtor's proposed solicitation package relating to the Plan and the accompanying Disclosure

Statement; (B) establishing a Record Date and approving procedures for distributing solicitation

packages; (C) approving the form of ballots; (D) establishing a voting deadline for the receipt of

ballots; and (E) approving procedures for tabulating acceptances and rejections of the Plan; (v)

establishing the deadline and procedures for filing objections to confirmation of the Plan; and

(vi) granting related relief.

### Basis for Relief Requested

#### A.    Approval of the Disclosure Statement

10.     Section 1125 of the Bankruptcy Code requires a bankruptcy court to

approve a written disclosure statement prior to allowing a party to solicit acceptances for a

chapter 11 plan. *See* 11 U.S.C. § 1125(b). To approve a disclosure statement, a court must find

that the disclosure statement contains "adequate information," which is defined as "information

of a kind, and in sufficient detail . . . that would enable a hypothetical reasonable investor typical

of holders of claims or interests . . . to make an informed judgment about the plan." 11 U.S.C. §

1125(a)(1).

        11.    The primary purpose of a disclosure statement is to provide creditors and

interest holders affected by a proposed plan with all material information needed to make an

informed decision whether to vote for the plan. *See, e.g., Century Glove, Inc. v. First Amer.*

*Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) (stating that section 1125 "seeks to guarantee

a minimum amount of information to the creditor asked for its vote"); *Prudential Ins. Co. of*

*Amer. v. Monnier (In re Monnier Bros.)*, 755 F.2d 1336, 1342 (8th Cir. 1985); *In re Phoenix*

*Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001). Congress intended that such

informed judgments would be needed to both negotiate the terms of, and vote on, a plan of

reorganization. *Century Glove*, 860 F.2d at 100.

        12.    In evaluating whether a disclosure statement provides "adequate

information," the Bankruptcy Court is given wide discretion to make a determination based upon

the facts of the particular case. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d

414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate

information will be determined by the facts and circumstances of each case.").

        13.    Courts within the Third Circuit and elsewhere acknowledge that

determining what constitutes "adequate information" for the purpose of satisfying section 1125

resides within the sound discretion of the court. *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *Cadle Co. II, Inc. v. PC Liquidation Corp. (In re PC Liquidation Corp.)*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely in the discretion of the bankruptcy court." (citation omitted)); *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995) (same); *Phoenix Petroleum*, 278 B.R. at 393 (same).

14.    In the instant case, the Disclosure Statement contains, among other things, information concerning (i) the business of the Debtor; (ii) significant events that have occurred in the chapter 11 case; (iii) treatment of creditors under the Plan; (iv) which parties in interest are entitled to vote; (v) selected historical information; (vi) means for implementation of the Plan; (vii) how distributions under the Plan will be made; (viii) certain factors creditors should consider before voting; (ix) procedures for confirming the Plan; (x) a liquidation analysis; and (xi) certain tax consequences. The Debtor will continue to review the Disclosure Statement filed, and based upon its ongoing review and further material developments in these Chapter 11 Cases, may make additional changes and disclosures prior to the Disclosure Statement hearing. Any such additional disclosures would only increase the amount of information being provided to parties in interest, and consequently, will only further substantiate why the Disclosure Statement contains adequate information.

15.     Accordingly, the Debtor submits that the Disclosure Statement contains "adequate information" as that phrase is defined in section 1125(a)(1) of the Bankruptcy Code. The Debtor believes that the Disclosure Statement should be approved.

**B.     Scheduling a Confirmation Hearing**

16.     Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). Additionally, Bankruptcy Rule 2002(b) requires 28 days' notice of any hearing to consider approval of a disclosure statement or confirmation of a plan. In accordance with the provisions of section 1128(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017, the Debtor hereby requests entry of an order setting a date for the confirmation hearing (the "Confirmation Hearing").

17.     The Debtor requests that the Confirmation Hearing be held at least forty-five (45) days after the hearing on the Disclosure Statement subject to the Court's availability. The Debtor also requests that the Confirmation Hearing may be adjourned from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.

**C.     Approval of Form and Manner of Solicitation Packages**

18.     The Bankruptcy Rules provide that copies of a plan (or court-approved summary of plan), court-approved disclosure statement, and notice of voting deadline be

provided to all creditors, equity security holders, and the United States trustee, unless the Court orders otherwise.  Fed. R. Bankr. P. 3017(d).

19.    The Debtor proposes to transmit or cause to be transmitted to holders of Claims in Classes 2 through 6, the only classes entitled to vote on the Plan (collectively, the "Voting Classes"), by mail or CD-Rom, a solicitation package containing the following:

(a)  a notice in substantially the form attached hereto as Exhibit A (the "Confirmation Hearing Notice") of: (i) the order approving the Disclosure Statement, (ii) the commencement date of the Confirmation Hearing, (iii) the deadline and procedures for filing objections to confirmation of the Plan, (iv) the deadline for receipt of ballots to accept or reject the Plan, and (v) voting procedures;

(b)  the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing);

(c)  a ballot (the "Ballot"), proposed forms of which are annexed hereto as Exhibits B1 – B3, and a Ballot return envelope; and

(d)  such other materials as the Court may direct (collectively, the "Solicitation Package").

To avoid duplication and reduce expenses, the Debtor proposes that creditors who have more than one claim shall receive only one Solicitation Package and one Ballot for each class of claim. The Debtor submits that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

20.    The Debtor will mail a copy of the Confirmation Hearing Notice to (b) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the Office of the United States Trustee; and (d) those parties that have requested service under Bankruptcy Rule 2002.

21.     The Debtor will also post the Confirmation Hearing Notice along with the Plan and Disclosure Statement on the website maintained by the Debtor's claims agent, Rust Consulting/Omni Bankruptcy. The Debtor also requests the authority, but not the obligation, to publish the Confirmation Hearing Notice once in the National Edition of the *USA Today* within five (5) business days after entry of the Solicitation Order and to pay the costs of such publication. By way of this Motion, the Debtor requests approval of the publication of the Confirmation Hearing Notice substantially in the form attached hereto as <u>Exhibit A</u> in the event that the Debtor chooses to publish the Confirmation Hearing Notice.

22.     Pursuant to section 1126(f) of the Bankruptcy Code, creditors holding claims in Class 1 (Priority Non-Tax Claims) under the Plan, which are unimpaired, are deemed to have accepted the Plan, and are not entitled to vote.    Accordingly, the Debtor proposes that it should not be required to transmit a Solicitation Package to holders of claims in Class 1 of the Plan (the "<u>Non-Voting Class</u>"). Therefore, the Debtor proposes to mail or cause to be mailed to each such holder of claims in the Non-Voting Class, a notice substantially in the form attached hereto as <u>Exhibit C</u> (the "<u>Non-Voting Class Notice</u>"), which sets forth: (i) the Non-Voting Class; (ii) a summary of the Plan; (iii) the date and time of the Confirmation Hearing; and (iv) the deadline and procedures for filing objections to the Plan. The Non-Voting Class Notice will indicate that the Non-Voting Class is entitled to receive a copy of the Plan and Disclosure Statement, in electronic format unless specifically requested otherwise, at the expense of the Debtor, upon making a written request to counsel for the Debtor.

**D.     <u>Approval of Form and Manner of Notice of the Confirmation Hearing Notice</u>**

23.     Bankruptcy Rule 2002(b) requires at least 28 days' notice by mail to all creditors and indenture trustees of the time set for filing objections to confirmation of a chapter 11 plan and the hearing to consider confirmation of a chapter 11 plan. Bankruptcy Rule 2002(d) requires that equity security holders be given notice of the foregoing in the manner and the form directed by the Court.

24.     The Debtor proposes that if the Court approves the Disclosure Statement and grants the relief requested by this Motion, the Confirmation Notice in substantially the form attached hereto as Exhibit A, be served as part of the Solicitation Package via first-class mail to holders of Claims in the Voting Classes. The Debtor further proposes that, with respect to the Non-Voting Class, service by first-class mail of the Non-Voting Class Notice be deemed adequate and sufficient notice of the Confirmation Hearing and deadline to object to confirmation of the Plan.

**E.      Establishment of Record Date and Approval of Procedures for Distribution of Solicitation Packages**

25.     The Debtor proposes that the Court establish the date of the hearing to approve the Disclosure Statement, or August 21, 2013, as the record date (the "Record Date") for purposes of determining the creditors and equity interest holders who are entitled to receive a Solicitation Package or a Non-Voting Class Notice.

26.     The Debtor further requests, consistent with the Debtor's retention of Rust Consulting/ Omni Bankruptcy ("Rust/Omni"), that Rust/Omni be permitted to serve the Solicitation Package, inspect, monitor, and supervise the solicitation process, serve as the

tabulator of the ballots and certify to the Court the results of the balloting (in such capacity, Rust/Omni shall be referred to as the "Solicitation Agent").

27.    The Solicitation Agent will transmit the Solicitation Package to the known holders of Claims and Interests in the Voting Classes based upon names and addresses in the proofs of claim filed by the claimants, or the Debtor's schedules if no proof of claim was filed. Each holder of an Allowed Claim in the Voting Classes will be required to return a properly executed ballot so that it is received by the Solicitation Agent prior to the Voting Deadline (as defined below) in order for that holder's ballot to be counted.

28.    The Solicitation Agent will mail notice of the Disclosure Statement hearing to all known creditors and holders of equity interests **at least twenty-eight (28) days** in advance of the deadline to object to confirmation of the Plan. The Debtor expects that certain of such notices will be returned by the United States Postal Service as undeliverable.[3] The Debtor believes that it would be costly and wasteful to mail Solicitation Packages or Non-Voting Class Notices to the same addresses from which notices of the Disclosure Statement hearing are returned as undeliverable. Therefore, the Debtor seeks the Court's approval to dispense with such addresses unless the Debtor is provided with an accurate address prior to the Disclosure Statement hearing. The Debtor further proposes that it may, but shall not be required to, attempt to locate the correct address and resend prior to the Voting Deadline (as defined below) the

---

[3]  Upon the return of an undeliverable notice, the Debtor, through Rust/Omni, will perform a review of the notice address with the address set forth on the proofs of claim filed with the Court to confirm that the Debtor's notice address conforms to the creditor's address set forth in the proofs of claim.  To the extent any errors occur, such creditor will be mailed the Solicitation Package or Non-Voting Class Notice, as applicable.  Further, the Debtor, through Rust/Omni, will incorporate into the creditor address database all change of address notices received from creditors.

Solicitation Packages that are returned as undeliverable.  The Debtor further proposes that to the

extent any Solicitation Packages are returned as undeliverable and are re-sent, the initial mailing

date shall be the date of service for the purpose of calculating notice.

**F.**     **Approval of Forms of Ballots**

29.     Bankruptcy Rule 3017(d) requires that ballots for accepting or rejecting

the Plan should substantially conform to Official Form No. 14.  The Debtor proposes to use the

ballots (the "Ballots") substantially in the form annexed hereto as <u>Exhibits B-1 through B-3.</u>  The

Ballots are based on Official Form No. 14, but have been modified to address the particular

requirements of the Debtor's chapter 11 case and the Plan.  The Debtor proposes that the Ballots

be distributed only to holders of Claims in the Voting Classes, as these are the only Classes

entitled to vote to accept or reject the Plan.

**G.**     **Voting Deadline for Receipt of Ballots**

30.     Pursuant to Bankruptcy Rule 3017(c), at the time of or before approval of

the Disclosure Statement, "the court shall fix a time within which the holders of claims and

interests may accept or reject a plan."  Fed. R. Bankr. P. 3017(c).  The Debtor respectfully

requests that the Court establish a date **twenty-eight (28) days** after service of the Confirmation

Hearing Notice as the voting deadline (the "<u>Voting Deadline</u>"), which shall serve as the deadline

by which all Ballots accepting or rejecting the Plan must be received by the Solicitation Agent,

unless extended by the Debtor in writing.  The Debtor requests that to be counted as votes to

accept or reject the Plan, all Ballots must be properly executed, completed, and delivered to the

Solicitation Agent by: (a) first class mail, (b) overnight courier, or (c) personal delivery by no later than the Voting Deadline.

31.    The Solicitation Agent shall file with the Bankruptcy Court, no later than **five (5) days** prior to the Confirmation Hearing, an affidavit regarding the results of the tabulation of the Ballots received on the Plan.

**H.    Procedures for Vote Tabulation**

32.    The Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors . . . that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, the Bankruptcy Rules provide that "the court after notice and hearing may temporarily allow a claim in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

33.    With respect to Claims, and solely for purposes of voting on the Plan, the Debtor proposes the following:

(a)    If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim amount contained on a timely filed Proof of Claim or, if no timely filed Proof of Claim was filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Debtor's Schedules of Assets and Liabilities;

(b)    If a Claim for which a Proof of Claim has been timely filed is wholly contingent, unliquidated or disputed, undetermined or unknown in amount, such claim shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

(c)     If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

(d)     If a holder of a Claim in a Voting Class casts a Ballot with respect to a claim that is the subject of an objection filed no later than **twenty-one (21) days** prior to the Confirmation Hearing, the Debtor requests, in accordance with Bankruptcy Rule 3018, that the party's Ballot not be counted, unless the Court temporarily allows such claim for purposes of voting to accept or reject the Plan, and that such creditor be required to file a motion for such relief (the "Rule 3018 Motion") no later than a date that is **fourteen (14) days** before the Confirmation Hearing, and that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing.   Notwithstanding the foregoing, if the Debtor files an objection to a claim and requests that such claim be allowed in a specific amount, such creditor's ballot shall be counted in such specified amount;

(e)     Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

(f)     Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

(g)     If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed amended Proof of Claim, regardless of whether or not the Debtor has objected to such Claim, and only the amending Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

(h)     For purposes of the numerosity requirement of § 1126(c), separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(i)     If a Claim has been disallowed by agreement of the applicable creditor or order of the Court at any time before the Voting Deadline, such Claim shall also be disallowed for voting purposes; and

(j)    If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

34.    Additionally, the Debtor proposes that the following voting procedures and standard assumptions be used in tabulating the Ballots:

a. Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the confirmation of the Plan;

b. Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their ballot, such ballot will not be counted for voting purposes;

c. Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d. Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f. Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h. Delivery of the original, executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court;

i. No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

j. The Debtor expressly reserves the right, subject to the consent of the Court, to amend at any time and from time to time the terms of the Plan (subject to

compliance with § 1127 and the terms of the Plan regarding modification). If the Debtor makes material changes in the terms of the Plan the Debtor will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

k.  If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l.  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

m.  The Debtor, in its sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in its sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

n.  Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, in its sole discretion, which determination shall be final and binding;

o.  If a designation is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

p.  Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q.  Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r.  Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s.   No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

t.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

u.   The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

35.     Finally, if no Holder of a Claim or Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Plan shall be deemed **accepted** by the Holders of such Claims or Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

**I.     Establishment of Deadline and Procedures for Filing any Objections to Confirmation of the Plan and the Confirmation Brief**

36.     Bankruptcy Rule 3020(b) provides that objections to the confirmation of a proposed chapter 11 plan must be filed with the bankruptcy court and served on the debtor, the trustee, any committee appointed under the Bankruptcy Code, and on any other entity designated by the bankruptcy court, within a time specified by the bankruptcy court.  Bankruptcy Rules 2002(b) and 2002(d) require 28 days' notice of the Confirmation Hearing and the deadline to object to confirmation of the Plan.

37.     To comply with the 28-day notice requirement of Bankruptcy Rule 2002(b) and 2002(d) and the solicitation schedule described above, and to permit the Debtor adequate time to respond to any objections prior to the Confirmation Hearing, the Debtor respectfully requests that the Court establish a date that is **twenty-eight (28) days** after the date of service of the Confirmation Hearing Notice as the date (the "Confirmation Objection Deadline") by which any objection, comment or response to confirmation of the Plan (including

any supporting memoranda) must be filed with the Court and served on the parties identified below, together with proof of service.

38.    The Debtor further proposes that objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party, including the amount of the claim or number of shares of stock held; and (c) state with particularity the basis and nature of any objection to the confirmation of the Plan. Any such objection must be filed with the Court and served so that it is received by the following parties on or before the Confirmation Objection Deadline: (a) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Laura Davis Jones, Esq.; (b) counsel to the Restructuring Committee, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654; Attn: Ryan Dahl, Esq.; (c) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane Leamy, Esq.; (d) counsel to Boston Financial Group, (i) DLA Piper LLP (US), 919 N. Market Street, 15th Floor, Wilmington, DE 19801, Attn: Stuart Brown and (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020, Attn: Gregg M. Galardi, Esq; and (e) counsel to the Official Committee of Unsecured Creditors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attn: Matthew P. Ward, Esq.

39.    The Debtor requests that the Court establish a date that is **five (5) days** before the Confirmation Hearing as the date by which the Debtor must file with the Court a brief supporting confirmation of the Plan (including any supporting memoranda) and replying to any

objections or responses.  The Debtor shall serve the brief on the parties that filed objections or

responses to the Plan, the Office of the United States Trustee, counsel for the Creditors'

Committee, and all parties who have requested notice in these cases pursuant to Bankruptcy Rule

2002.

        40.     The Debtor submits that the foregoing procedures for providing notice of

the Confirmation Hearing, the Confirmation Objection Deadline and related matters fully comply

with Bankruptcy Rules 2002 and 3017.  Accordingly, the Debtor requests that the Court approve

the proposed procedures as appropriate and in compliance with the requirements of the

Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

### Notice

        41.     Notice of this Motion has been provided to the U.S. Trustee, counsel to the

Creditors' Committee, and those parties who have requested notice in these cases.  In light of the

nature of the relief requested herein, the Debtor submits that no other or further notice is

required.

        WHEREFORE, the Debtor respectfully requests that the Court enter an order, in

substantially the form attached hereto:  (i) approving the Disclosure Statement; (ii) scheduling

the Confirmation Hearing; (iii) approving the form and manner of notice of the Confirmation

Hearing; (iv) establishing procedures for solicitation and tabulation of votes to accept or reject

the Plan, including (A) establishing a Record Date and approving procedures for distributing

solicitation packages; (B) approving the form and content of the solicitation package, including

the form of ballots; (C) establishing a voting deadline for the receipt of ballots; and (D)

approving procedures for tabulating acceptances and rejections of the Plan; (v) establishing the

deadline and procedures for filing objections to confirmation of the Plan; and (vi) granting

related relief.

Dated: July 22, 2013                    PACHULSKI STANG ZIEHL & JONES LLP


                                        _____
                                        Laura Davis Jones (Bar No. 2436)
                                        David M. Bertenthal (CA Bar No. 167624)
                                        Timothy P. Cairns (Bar No. 4228)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, DE 19899-8705 (Courier 19801)
                                        Telephone: (302) 652-4100
                                        Facsimile:  (302) 652-4400
                                        E-mail:       ljones@pszjlaw.com
                                                      dbertenthal@pszjlaw.com
                                                      tcairns@pszjlaw.com

                                        Counsel for Revstone Industries, LLC