**EXHIBIT A**

**Confirmation Hearing Notice**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Revstone Industries, | ) | Case No.: 12-13262 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtor. | ) | |

**NOTICE OF (A) HEARING TO CONSIDER CONFIRMATION OF
CHAPTER 11 PLAN FOR REVSTONE INDUSTRIES, LLC; (B) DEADLINE FOR
CASTING VOTES TO ACCEPT OR REJECT PLAN; AND (C) RELATED MATTERS**

**TO:    HOLDERS OF CLAIMS AND EQUITY INTERESTS OF REVSTONE INDUSTRIES,
LLC**

On _____, 2013, the above-captioned debtor in possession Revstone Industries, LLC (the "Debtor") filed the *Chapter 11 Plan of Reorganization for Revstone Industries, LLC* dated _____, 2013 [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").[1] Concurrently therewith, the Debtor filed the related *Disclosure Statement in Respect of Chapter 11 Plan of Reorganization for Revstone Industries, LLC* [Docket No. ___] (as it may be amended, the "Disclosure Statement").

On _____, 2013, this Court entered an order approving the Disclosure Statement (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on _____, **2013** commencing at __:__ _.m. prevailing Eastern time before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom No. 1, Wilmington, Delaware 19801.

The record date for determining which holders of claims or interests in the Debtor may vote on the Plan is _____, 2013 (the "Record Date"). If you have received with this Notice a ballot form (a "Ballot"), you are eligible to vote to accept or reject the Plan.

For your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot and **return the completed Ballot to the address indicated on the Ballot so that it is received by 5:00 p.m. Eastern Time on** _____, **2013** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.

If an objection is pending with respect to your Claim as of _____, 2013, your vote will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan, and you are required to file a motion for such relief (the "Rule 3018 Motion") no later than _____, 2013,

---

[1]  Unless otherwise defined herein, all capitalized terms shall have the respective meanings ascribed to them in the Plan.

which may be heard on or prior to the Confirmation Hearing.   Notwithstanding the foregoing, if the Debtor files an objection to a claim and requests that such claim be allowed in a specific amount, your Ballot shall be counted in such specified amount.

The Bankruptcy Court has established _____, 2013, at 4:00 p.m., prevailing Eastern time, as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline").  All objections must state with particularity the legal and factual grounds for such objection. (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the Court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties:  (a) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn:  Laura Davis Jones, Esq.; (b) counsel to the Restructuring Committee, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654; Attn: Ryan Dahl, Esq.; (c) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane Leamy, Esq.; (d) counsel to Boston Financial Group, (i) DLA Piper LLP (US), 919 N. Market Street, 15th Floor, Wilmington, DE  19801, Attn: Stuart Brown and (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY  10020, Attn: Gregg M. Galardi, Esq; and (e) counsel to the Official Committee of Unsecured Creditors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attn: Matthew P. Ward, Esq.

**Objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.**

**The Plan contains the proposed injunction, release and exculpation provisions set forth on Annex A hereto.**

Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan may do so by (i) calling Rust/ Omni, the Notice and Balloting Agent, at (818) 906-8300 or (ii) viewing such documents by accessing the Notice and Balloting Agent's website free of charge: http://www.omnimgt.com/revstoneindustries or the Court's website: www.deb.uscourts.gov.  Please note that a PACER password and login are needed to access documents on the Court's website.

The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, counsel for the Creditors' Committee, and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

Dated:  August __, 2013                    PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:        *ljones@pszjlaw.com*
                   *dbertenthal@pszjlaw.com*
                   *tcairns@pszjlaw.com*

Counsel for Revstone Industries, LLC

## Annex A

The Plan contains the following provisions at Article X:

## RELEASES, INJUNCTIONS AND EXCULPATION PROVISIONS

### A.      Injunctions

### 1.      Generally

**Unless otherwise provided in the Plan or the Confirmation Order, all injunctions and stays provided for in the Chapter 11 Case pursuant to sections 105 and 362 of the Bankruptcy Code or otherwise in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date.  From and after the Effective Date, all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action or other proceeding, or otherwise asserting any claim or interest, seeking to hold (i) the Reorganized Debtor or its Estate, or (ii) the property of the Debtor or its Estate, liable for any Claim, obligation, right, interest, debt or liability that has been released pursuant to the Plan.**

### 2.      Injunction Related to Rights of Action and Claims, Administrative Expenses and Interests

**Except as provided in the Plan or in the Confirmation Order, as of the Confirmation Date, all Entities that have held, currently hold or may hold a Claim, Administrative Expense, Interest or other debt or liability that is stayed, Impaired or terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against property of the Debtor or its Estate on account of all or such portion of any such Claims, Administrative Expenses, Interests, debts or liabilities that are stayed, Impaired or terminated:  (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; and (d) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan.**

### B.      Discharge of the Debtor

Except as otherwise provided in the Plan or in the Confirmation Order, rights afforded in, and all consideration distributed under, this Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtor or any of its assets or properties.  Upon the Effective Date, the Debtor shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, without limitation, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a Claim

based upon such debt is Allowed under Section 501 of the Bankruptcy Code, or (b) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, or (c) the Holder of a Claim based upon such debt accepted this Plan.

## C.    Exculpation

As of and subject to the occurrence of the Effective Date, for good and valuable consideration, including the consideration provided under the Plan, the Debtor and (i) its Representatives (solely acting in the capacity as a Representative of the Debtor) other than the George Hofmeister Parties, (ii) the members of the Creditors' Committee (solely acting in such capacity), and (iii) the Creditors' Committee's Representatives (solely acting in the capacity as a Representative of the Creditors' Committee), shall neither have nor incur any liability to any Person or Entity for any act taken or omitted to be taken, on or after the Petition Date, in connection with, or related to, the formulation, preparation, dissemination, implementation, administration, Confirmation or Consummation of the Plan or any contract, instrument, waiver, release or other agreement or document created or entered into, in connection with the Plan, or any other act taken or omitted to be taken in connection with the Chapter 11 Case up to and including the Effective Date; provided, however, that the foregoing provisions of this subsection shall have no effect on the liability of any Person or Entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct. For the avoidance of doubt, the scope of the exculpation provided under this Section X.C does not cover any of the George Hofmeister Parties.

## D.    Debtor's Release of CRO, Independent Managers, and Other Parties

**As of and subject to the occurrence of the Effective Date, for good and valuable consideration, the Debtor, for itself and the Estate, hereby irrevocably, unconditionally and generally releases (i) the Debtor's present and former officers, managers, attorneys, professionals and other agents, including, without limitation, the Debtor's Chief Restructuring Officer and Messrs. James Shein and Richard Newsted, the independent managers on the Board of Managers of the Debtor (in their respective capacity as managers of the Debtor, including in their respective role as the sole members of the Restructuring Committee of the Debtor's Board of Managers), other than the George Hofmeister Parties, and (ii) the Creditors' Committee and its authorized professionals (collectively, the "Released Parties"), from any and all claims, obligations, rights, suits, damages, causes of action, and liabilities, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity or otherwise, based on or relating to in any way the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement, arising prior to the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of the Released Parties that constitutes willful misconduct or gross negligence. For the avoidance of doubt, the scope of the release provided under this Section X.D does not cover any of the George Hofmeister Parties.**

## E.    Release by Opt-In Creditors

As of and subject to the occurrence of the Effective Date, for good and valuable consideration, each Creditor (the "Creditor-Releasors") that affirmatively elects to grant this release by checking the appropriate box on the Ballot provided to such Creditor-Releasor in connection with solicitation of such Creditor-Releasor's vote to accept or to reject the Plan, for itself and its respective Representatives, shall, by virtue of its affirmative election, be deemed to have completely, conclusively, unconditionally and irrevocably released the Debtor, the Estate and their respective Representatives other than the George Hofmeister Parties (the "Released Debtor Parties") from any and all claims, obligations, rights, suits, damages, causes of action, and liabilities, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity or otherwise, based on or relating to in any way the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement, arising prior to the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of the Released Debtor Parties that constitutes willful misconduct or gross negligence; provided, however, the foregoing shall not constitute a waiver or release of any right of the Holder of an Allowed Claim to payment under the Plan on account of such Allowed Claim.

F.      **Release by Debtor's Non-Debtor Affiliates of the Restructuring Committee**

Except as otherwise specifically provided in the Plan, for good and valuable consideration, as of the Effective Date, the non-Debtor corporate affiliates identified in Schedule 1 attached hereto (the "Releasor Affiliates") [to come] shall conclusively, absolutely, unconditionally, irrevocably and forever release and discharge the members of the Restructuring Committee (solely acting in such capacity) and the Restructuring Committee's Representatives (solely acting in the capacity as a Representative of the Restructuring Committee) from any and all claims, obligations, rights, suits, damages, causes of action, and liabilities whatsoever, arising prior to the Effective Date and directly or indirectly arising from or relating to, in whole or in part, the Debtor and/or the Chapter 11 Case.

## **EXHIBITS B-1 through B-3**

### **Ballots**

**EXHIBIT B-1**: FORM OF BALLOT FOR CLASS 2 (MISCELLANEOUS SECURED CLAIMS); CLASS 3 (WELLS CLAIMS); AND CLASS 4 (CONVENIENCE CLAIMS)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Revstone Industries, LLC, *et al.*,[1] | ) Case No.: 12-13262 (BLS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**BALLOT TO ACCEPT OR REJECT**
**CHAPTER 11 PLAN OF REORGANIZATION FOR REVSTONE INDUSTRIES, LLC**

**CLASS __: CREDITORS HOLDING ____CLAIMS**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS __ CLAIMS AGAINST REVSTONE INDUSTRIES, LLC. PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY 5:00 P.M., PREVAILING EASTERN TIME, ON _____, 2013 (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTOR, IT WILL NOT BE COUNTED. FACSIMILE AND E-MAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Chapter 11 Plan of Reorganization for Revstone Industries, LLC* dated _____, 2013 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan")[2] described in the related *Disclosure Statement in Respect of Chapter 11 Plan of Reorganization for Revstone Industries, LLC* approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in Classes 2 through 6 who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if at least one of the voting Classes votes to accept the Plan, and it finds that the Plan (a) provides fair and equitable

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If no Holder of a Claim or Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Plan shall be deemed **accepted** by the Holders of such Claims or Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT (818) 906-8300 OR HTTP://WWW.OMNIMGT.COM/REVSTONEINDUSTRIES.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.** The undersigned, the Holder of a Class __ ____Claim against Revstone Industries, LLC in the amount set forth below, votes to (check <u>one</u> box):

☐ Accept the Plan.          ☐ Reject the Plan.

Amount of Claim: $_____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| _____ | _____ |
| Signature | |
| _____ | _____ |
| If by Authorized Agent, Name and Title | Street Address |
| | _____ |
| | City, State, Zip Code |
| _____ | _____ |
| Date Completed | Telephone Number |

**Item 3.  OPTIONAL:  Release of Released Debtor Parties**.  Holders of Class __ Claims may elect to grant the following voluntary release by checking the box below.

> "Release by Opt-In Creditors.  As of and subject to the occurrence of the Effective Date, for good and valuable consideration, each Creditor (the "Creditor-Releasors") that affirmatively elects to grant this release by checking the appropriate box on the Ballot provided to such Creditor-Releasor in connection with solicitation of such Creditor-Releasor's vote to accept or to reject the Plan, for itself and its respective Representatives, shall, by virtue of its affirmative election, be deemed to have completely, conclusively, unconditionally and irrevocably released the Debtor, the Estate and their respective Representatives other than the George Hofmeister Parties (the "Released Debtor Parties") from any and all claims, obligations, rights, suits, damages, causes of action, and liabilities, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity or otherwise, based on or relating to in any way the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement, arising prior to the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of the Released Debtor Parties that constitutes willful misconduct or gross negligence; provided, however, the foregoing shall not constitute a waiver or release of any right of the Holder of an Allowed Claim to payment under the Plan on account of such Allowed Claim."

☐     The above holder of a Class __ _____ Claim elects to grant the above release in favor of the Released Debtor Parties.

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.    In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Solicitation Agent at the following address:

Revstone Industries, LLC

Rust Consulting/Omni Bankruptcy

5955 DeSoto Avenue, Suite #100

Woodland Hills, CA 91367

**Ballots must be *received* by the Solicitation Agent by 5:00 p.m., Prevailing Eastern Time, on_____, 2013 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Solicitation Agent is enclosed for your convenience. ***Ballots submitted by facsimile or e-mail will not be accepted.***

2.    Please sign and date your ballot as required in Item 2. Your signature is required before your ballot may be counted.

3.    If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan unless there is an objection to your claim pending as of _____, 2013. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor, or any other party in interest, in any other context (*e.g.*, the right to contest the amount or validity of any claim for purposes of allowance under the Plan). If your claim is subject of an objection that was filed by filed _____, 2013, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan. In order for a claim subject to a timely filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than _____, 2013. Notwithstanding the foregoing, if the Debtor files a timely objection to your claim and request that your claim be allowed in a specific amount, and you file a timely and valid Ballot, your Ballot shall be counted in such specified amount.

4.    The following voting procedures apply to your Ballot:

   a.    Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the confirmation of the Plan;

   b.    Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their ballot, such ballot will not be counted for voting purposes;

   c.    Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

   d.    Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

   e.    Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

   f.    Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g.      The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h.      Delivery of the original, executed Ballot to the Solicitation Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court;

i.      No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

j.      The Debtor expressly reserves the right, subject to the consent of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with § 1127 and the terms of the Plan regarding modification).  If the Debtor makes material changes in the terms of the Plan the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

k.      If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l.      If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

m.      The Debtor, in its sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice.  Except as otherwise provided herein, the Debtor may, in its sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

n.      Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, in its sole discretion, which determination shall be final and binding;

o.      If a designation is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

p.      Any holder of an Impaired Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q.      Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r.      Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s.      No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

t.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

u.      The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      PLEASE RETURN YOUR BALLOT PROMPTLY.   THE SOLICITATION AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

**EXHIBIT B-2**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Revstone Industries, LLC, *et al.*,[1] | ) Case No.:  12-13262 (BLS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**BALLOT TO ACCEPT OR REJECT**
**CHAPTER 11 PLAN OF REORGANIZATION FOR REVSTONE INDUSTRIES, LLC**

**CLASS 5:  CREDITORS HOLDING GENERAL UNSECURED CLAIMS AGAINST**
**REVSTONE INDUSTRIES, LLC**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 5**
**GENERAL UNSECURED CLAIMS AGAINST REVSTONE INDUSTRIES, LLC.**
**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.**
**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE**
**ENCLOSED ENVELOPE PROMPTLY.  IF THE SOLICITATION AGENT HAS NOT**
**RECEIVED THIS BALLOT BY 5:00 P.M., PREVAILING EASTERN TIME, ON**
**_____, 2013 (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE**
**DISCRETION OF THE DEBTOR, IT WILL NOT BE COUNTED.  FACSIMILE AND E-**
**MAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Chapter 11 Plan of Reorganization for Revstone Industries, LLC* dated _____, 2013 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan")[2] described in the related *Disclosure Statement in Respect of Chapter 11 Plan of Reorganization for Revstone Industries, LLC* approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of Classes 2 through 6 who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if at

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are:  Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

least one of the voting Classes votes to accept the Plan, and it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If no Holder of a Claim or Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Plan shall be deemed **accepted** by the Holders of such Claims or Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT (818) 906-8300 OR HTTP://WWW.OMNIMGT.COM/REVSTONEINDUSTRIES.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> PLEASE COMPLETE ITEM 1.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote.**  The undersigned, the holder of a General Unsecured Claim against Revstone Industries, LLC. in the amount set forth below, votes to (check <u>one</u> box):

☐ Accept the Plan            ☐ Reject the Plan.

Amount of Claim:  $_____

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant and make the other elections set forth in this Ballot.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| _____ | _____ |
| Signature | |
| _____ | _____ |
| If by Authorized Agent, Name and Title | Street Address |
| | _____ |
| | City, State, Zip Code |
| _____ | _____ |
| Date Completed | Telephone Number |

**Item 3.   Convenience Class Opt In.**   Holders of Class 5 General Unsecured Claim may elect to have their General Unsecured Claims treated as a Class 4 Convenience Claim instead of a Class 5 General Unsecured Claim.   Class 4 Convenience Claims that are Allowed in the amount of less than $____ shall receive Cash equal to ____ percent (__%) of their Allowed General Unsecured Claim pursuant to the terms of the Plan.   In order to have your General Unsecured Claim treated as a Class 4 Convenience Claim instead of a Class 5 General Unsecured Claim, you must (i) agree that your Allowed General Unsecured Claim shall be reduced to no more than $_____ even if it is determined that your Allowed General Unsecured Claim exceeds $____ and (ii) you must check the "opt in" box below.   Holders of Class 5 General Unsecured Claims who opt in to Class 4 Convenience Claim treatment hereby waive their right to receive distributions as Class 5 General Unsecured Claims.

☐   The above signed Holder of a General Unsecured Claims elects to Opt In to Class 4 Convenience Claim treatment and agrees that its Allowed General Unsecured Claim shall be reduced to no more than $_____.

**Item 4.   OPTIONAL:  Release of Released Debtor Parties.**   Holders of Class 5 General Unsecured Claims may elect to grant the following voluntary release by checking the box below.

"<u>Release by Opt-In Creditors</u>.  As of and subject to the occurrence of the Effective Date, for good and valuable consideration, each Creditor (the "Creditor-Releasors") that affirmatively elects to grant this release by checking the appropriate box on the Ballot provided to such Creditor-Releasor in connection with solicitation of such Creditor-Releasor's vote to accept or to reject the Plan, for itself and its respective Representatives, shall, by virtue of its affirmative election, be deemed to have completely, conclusively, unconditionally and irrevocably released the Debtor, the Estate and their respective Representatives other than the George Hofmeister Parties (the "Released Debtor Parties") from any and all claims, obligations, rights, suits, damages, causes of action, and liabilities, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity or otherwise, based on or relating to in any way the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement, arising prior to the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of the Released Debtor Parties that constitutes willful misconduct or gross negligence; provided, however, the foregoing shall not constitute a waiver or release of any right of the Holder of an Allowed Claim to payment under the Plan on account of such Allowed Claim."

☐   The above signed holder of a General Unsecured Claim elects to grant the above release in favor of the Released Debtor Parties.

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Solicitation Agent at the following address:

> Revstone Industries, LLC
> Rust Consulting/Omni Bankruptcy
> 5955 DeSoto Avenue, Suite #100
> Woodland Hills, CA 91367

**Ballots must be *received* by the Solicitation Agent by 5:00 p.m., Prevailing Eastern Time, on_____, 2013 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Solicitation Agent is enclosed for your convenience. ***Ballots submitted by facsimile or e-mail will not be accepted.***

2.      Please sign and date your ballot as required in Item 2. Your signature is required before your ballot may be counted.

3.      If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan unless there is an objection to your claim pending as of _____, 2013. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor, or any other party in interest, in any other context (*e.g.*, the right to contest the amount or validity of any claim for purposes of allowance under the Plan). If your claim is subject of an objection that was filed by filed _____, 2013, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan. In order for a claim subject to a timely filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than _____, 2013. Notwithstanding the foregoing, if the Debtor files a timely objection to your claim and request that your claim be allowed in a specific amount, and you file a timely and valid Ballot, your Ballot shall be counted in such specified amount.

4.      The following voting procedures apply to your Ballot:

a.      Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the confirmation of the Plan;

b.      Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their ballot, such ballot will not be counted for voting purposes;

c.      Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.      Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.      Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.      Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

DOCS_LA:269599.3 73864/001

g.    The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h.    Delivery of the original, executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court;

i.    No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

j.    The Debtor expressly reserves the right, subject to the consent of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with § 1127 and the terms of the Plan regarding modification). If the Debtor makes material changes in the terms of the Plan the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

k.    If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l.    If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

m.    The Debtor, in its sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in its sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

n.    Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, in its sole discretion, which determination shall be final and binding;

o.    If a designation is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

p.    Any holder of an Impaired Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q.    Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r.    Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s.    No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

t.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

u.      The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      **PLEASE RETURN YOUR BALLOT PROMPTLY.  THE SOLICITATION AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.**

**EXHIBIT B-3**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Revstone Industries, LLC, *et al.*,[1] | ) | Case No.:  12-13262 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**BALLOT TO ACCEPT OR REJECT**
**CHAPTER 11 PLAN OF REORGANIZATION FOR REVSTONE INDUSTRIES, LLC**

**CLASS 6:  INTEREST HOLDERS IN**
**REVSTONE INDUSTRIES, LLC**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 6**
**INTERESTS IN REVSTONE INDUSTRIES, LLC.  PLEASE READ AND FOLLOW THE**
**ATTACHED INSTRUCTIONS CAREFULLY.  PLEASE COMPLETE, SIGN AND DATE**
**THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.  IF**
**THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY 5:00 P.M.,**
**PREVAILING EASTERN TIME, ON _____, 2013 (THE "VOTING DEADLINE"),**
**UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTOR, IT WILL NOT**
**BE COUNTED.  FACSIMILE AND E-MAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Chapter 11 Plan of Reorganization for Revstone Industries, LLC* dated _____, 2013 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan")[2] described in the related *Disclosure Statement in Respect of Chapter 11 Plan of Reorganization for Revstone Industries, LLC* approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Interest(s) under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of Classes 3 through 6 who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if at least one of the voting Classes votes to accept the Plan, and it finds that the Plan (a) provides fair and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are:  Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If no Holder of a Claim or Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Plan shall be deemed **accepted** by the Holders of such Claims or Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT AT (818) 906-8300 OR HTTP://WWW.OMNIMGT.COM/REVSTONEINDUSTRIES.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED IN ITEM 2 BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.
PLEASE COMPLETE ITEM 3 IF YOU WISH TO PROVIDE A RELEASE IN FAVOR OF THE RELEASED DEBTOR PARTIES. ***THIS RELEASE IS OPTIONAL***.

**Item 1.  Class Vote.**  The undersigned, the holder of a Class 8 Interest against Revstone Industries LLC in the amount set forth below, votes to (check <u>one</u> box):

☐ Accept the Plan.          ☐ Reject the Plan.

Number of LLC Membership Interests Held:  _____

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the Interest holder or has the power and authority to vote to accept or reject the Plan on behalf of the Interest holder.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| _____ | _____ |
| Name of Interest Holder | Social Security or Federal Tax I.D. No. (optional) |
| _____ | |
| Signature | |
| _____ | _____ |
| If by Authorized Agent, Name and Title | Street Address |
| | _____ |
| | City, State, Zip Code |
| _____ | _____ |
| Date Completed | Telephone Number |

**Item 3. OPTIONAL: Release of Released Debtor Parties.** Holders of Class 6 Interests may elect to grant the following voluntary release by checking the box below.

"Release by Opt-In Creditors. As of and subject to the occurrence of the Effective Date, for good and valuable consideration, each Creditor (the "Creditor-Releasors") that affirmatively elects to grant this release by checking the appropriate box on the Ballot provided to such Creditor-Releasor in connection with solicitation of such Creditor-Releasor's vote to accept or to reject the Plan, for itself and its respective Representatives, shall, by virtue of its affirmative election, be deemed to have completely, conclusively, unconditionally and irrevocably released the Debtor, the Estate and their respective Representatives other than the George Hofmeister Parties (the "Released Debtor Parties") from any and all claims, obligations, rights, suits, damages, causes of action, and liabilities, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity or otherwise, based on or relating to in any way the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement, arising prior to the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of the Released Debtor Parties that constitutes willful misconduct or gross negligence; provided, however, the foregoing shall not constitute a waiver or release of any right of the Holder of an Allowed Claim to payment under the Plan on account of such Allowed Claim."

☐   The above signed holder of an Interest against Revstone Industries, LLC elects to grant the above release in favor of the Released Debtor Parties.

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Solicitation Agent at the following address:

Revstone Industries, LLC
Rust Consulting/Omni Bankruptcy
5955 DeSoto Avenue, Suite #100
Woodland Hills, CA 91367

**Ballots must be *received* by the Solicitation Agent by 5:00 p.m., Prevailing Eastern Time, on_____, 2013 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Solicitation Agent is enclosed for your convenience. ***Ballots submitted by facsimile or e-mail will not be accepted.***

2.  Please sign and date your ballot as required in Item 2. Your signature is required before your ballot may be counted.

3.  If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan unless there is an objection to your claim pending as of _____, 2013. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor, or any other party in interest, in any other context (*e.g.*, the right to contest the amount or validity of any claim for purposes of allowance under the Plan). If your claim is subject of an objection that was filed by filed _____, 2013, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan. In order for a claim subject to a timely filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than _____, 2012. Notwithstanding the foregoing, if the Debtor files a timely objection to your claim and request that your claim be allowed in a specific amount, and you file a timely and valid Ballot, your Ballot shall be counted in such specified amount.

4.  The following voting procedures apply to your Ballot:

a.  Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the confirmation of the Plan;

b.  Claims shall not be split for purposes of voting; thus, each holder must vote the full amount of its Claim(s)/Interests within each class to either accept or reject the Plan. If a holder attempts to split such vote on their ballot, such ballot will not be counted for voting purposes;

c.  Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.  Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.  Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.  Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g.      The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h.      Delivery of the original, executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court;

i.      No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

j.      The Debtor expressly reserves the right, subject to the consent of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with § 1127 and the terms of the Plan regarding modification). If the Debtor makes material changes in the terms of the Plan the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

k.      If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l.      If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

m.      The Debtor, in its sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in its sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

n.      Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, in its sole discretion, which determination shall be final and binding;

o.      If a designation is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

p.      Any holder of an Impaired Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q.      Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r.      Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s.      No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

t.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

u.      The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      PLEASE RETURN YOUR BALLOT PROMPTLY.  THE SOLICITATION AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

# EXHIBIT C

## Notice of Non-Voting Status

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Revstone Industries, LLC, *et al.*,[1] | ) Case No.: 12-13262 (BLS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO CLASSES DEEMED TO ACCEPT OR REJECT CHAPTER 11 PLAN OF REORGANIZATION FOR REVSTONE INDUSTRIES, LLC**

**TO:    HOLDERS OF CLAIMS IN CLASS 1 (PRIORITY NON-TAX CLAIMS)**

PLEASE TAKE NOTICE that on _____, 2013, Revstone Industries, LLC, the debtor in possession (the "Debtor") filed the *Chapter 11 Plan of Reorganization for Revstone Industries, LLC* dated _____, 2013 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") [Docket No. ____].

PLEASE TAKE FURTHER NOTICE that on _____, 2013, the United States Bankruptcy Court for the District of Delaware entered an order (the "Disclosure Statement Order") [Docket No. ___] approving the adequacy of the *Disclosure Statement in Respect of Chapter 11 Plan of Reorganization for Revstone Industries, LLC* approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement") [Docket No. ____] and establishing procedures for soliciting votes on the Plan.

PLEASE TAKE FURTHER NOTICE that in accordance with the terms of the Plan, Class 1 (Priority Non-Tax Claims) is unimpaired and, therefore, pursuant to Section 1126(f) of the Bankruptcy Code, the holders of Claims in Class 1 are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a holder of a claim in Class 1.

PLEASE TAKE FURTHER NOTICE that a hearing to consider confirmation of the Plan will be held on _____, **2013** commencing at __:__ _.m. prevailing Eastern Time (the "Confirmation Hearing") before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom No. 1, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, counsel for the Creditors'

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

Committee, counsel for the Prepetition Lenders, and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the confirmation of the Plan must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; and (iv) be filed with the Bankruptcy Court and served so as to be received by: (a) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Laura Davis Jones, Esq.; (b) counsel to the Restructuring Committee, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654; Attn: Ryan Dahl, Esq.; (c) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane Leamy, Esq.; (d) counsel to Boston Financial Group, (i) DLA Piper LLP (US), 919 N. Market Street, 15th Floor, Wilmington, DE 19801, Attn: Stuart Brown and (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020, Attn: Gregg M. Galardi, Esq; and (e) counsel to the Official Committee of Unsecured Creditors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attn: Matthew P. Ward, Esq.

PLEASE TAKE FURTHER NOTICE that this notice is provided to you for informational purposes only. Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan may do so by (i) calling Rust/Omni, the Notice and Balloting Agent, at (818) 906-8300 or (ii) viewing such documents by accessing the Notice and Balloting Agent's website free of charge: http://www.omnimgt.com/revstoneindustries or the Court's website: www.deb.uscourts.gov. Please note that a PACER password and login are needed to access documents on the Court's website.

Dated: August __, 2013

PACHULSKI STANG ZIEHL & JONES LLP

_____

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail:      *ljones@pszjlaw.com*
             *dbertenthal@pszjlaw.com*
             *tcairns@pszjlaw.com*