IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Revstone Industries, LLC, *et al.*,[2] | ) Case No.:  12-13262 (BLS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | **Related to Docket No. ____** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) SCHEDULING
CONFIRMATION HEARING; (III) APPROVING FORM AND MANNER OF NOTICE
OF CONFIRMATION HEARING; (IV) ESTABLISHING PROCEDURES FOR
SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN,
INCLUDING (A) APPROVING FORM AND CONTENTS OF SOLICITATION
PACKAGE; (B) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES
FOR DISTRIBUTION OF SOLICITATION PACKAGES; (C) APPROVING FORMS OF
BALLOTS; (D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS
AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS; (V)
ESTABLISHING DEADLINE AND PROCEDURES
FOR FILING OBJECTIONS TO CONFIRMATION
OF PLAN; AND (VI) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Disclosure Statement in Respect of*

*Chapter 11 Plan of Reorganization for Revstone Industries, LLC* (the "Disclosure Statement") and

the *Debtor's Motion for an Order (i) Approving the Disclosure Statement (ii) Scheduling the*

*Confirmation Hearing; (iii) Approving Form and Manner of Notice of Confirmation Hearing;*

*(iv) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan,*

*Including (a) Approving the Form and Contents of the Solicitation Package; (b) Establishing*

*Record Date and Approving Procedures for Distributing Solicitation Packages; (c) Approving*

---

[2] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers
are:  Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool &
Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each of the Debtors
is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

*the Forms of Ballots; (d) Establishing Voting Deadline for Receipt of Ballots; and (e) Approving*

*Procedures for Vote Tabulations; (v) Establishing the Deadline and Procedures for Filing*

*Objections to Confirmation of Plan; and (vi) Granting Related Relief* (the "<u>Motion</u>")[3] filed by

Revstone Industries, LLC (the "<u>Debtor</u>"); and after considering objections to the Motion, if any;

and upon the record and after due deliberation thereon; and the Court finding that proper and

adequate notice of the hearing on approval of the Disclosure Statement and of the Motion has

been given to all parties in interest, and no other or further notice or hearing being necessary; and

after due deliberation and sufficient cause appearing therefor; IT IS HEREBY FOUND,

ORDERED AND ADJUDGED as follows:[4]

      1.     The Motion is GRANTED as provided herein.

<u>**Approval of Disclosure Statement**</u>

      2.     The Disclosure Statement contains "adequate information" within the

meaning of section 1125 of the Bankruptcy Code regarding the *Chapter 11 Plan of*

*Reorganization for Revstone Industries, LLC* dated July 22, 2013 (including all exhibits thereto

and as amended, modified or supplemented, the "<u>Plan</u>").  Therefore, the Disclosure Statement is

approved pursuant to 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b).

      3.     All objections to the adequacy of the Disclosure Statement, if any, are, to

the extent not consensually resolved as set forth herein, OVERRULED in their entirety.

---

[3] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. Fed. R. Bank. P. 7052.

## Confirmation Hearing

4.      The hearing to consider confirmation of the Plan shall commence on ____,

**2013 at    :    . m. (prevailing Eastern time)** (the "Confirmation Hearing").  The

Confirmation Hearing may be continued from time to time by announcing such continuance in

open court or otherwise, all without further notice to parties in interest, and the Plan may be

modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a

result of, the Confirmation Hearing, without further notice to interested parties.

## Approval of Solicitation Packages

5.      The Debtor shall transmit, or cause to be transmitted, the Solicitation

Packages, no later than _____, **2013** by first class, United States mail (or by

international courier if the addresses are not located in the United States) or by CD-Rom, to (a)

holders of Class 2 through 6 claims, the only classes entitled to vote on the Plan (collectively, the

"Voting Classes").

6.      To avoid duplication and reduce expenses, the Debtor shall serve only one

Solicitation Package to each creditor who has more than one claim, but shall include the

appropriate Ballots for each class of claim.

7.      Pursuant to Bankruptcy Rule 3017(d), the Debtor is not required to

transmit a Solicitation Package to the Non-Voting Classes.  The Debtor shall transmit or cause to

be transmitted no later than _____, **2013**, by first class, United States mail (or by

international courier if the addresses are not located in the United States), to each holder of a

claim or interest in the Non-Voting Classes, at its address to which notices are required to be sent

pursuant to Bankruptcy Rule 2002(g), a notice substantially in the form attached hereto as

Exhibit C (the "Non-Voting Class Notice"). The Non-Voting Class Notice will indicate that

Accepting Non-Voting Classes are entitled to receive a copy of the Plan and Disclosure

Statement, in electronic format unless specifically requested otherwise, at the expense of the

Debtor upon request. The Non-Voting Class Notice shall be deemed a summary of the Plan for

purposes of compliance with Bankruptcy Rule 3017(d).

**Approval of Form and Manner of Notice of the Confirmation Hearing**

8.      The Confirmation Hearing Notice, in substantially the form attached

hereto is approved. As set forth above, the Confirmation Hearing Notice shall be included as

part of the Solicitation Package and sent via regular mail to all creditors and parties in interest

entitled to vote on the Plan. In addition, the Debtor shall serve the Confirmation Hearing Notice

upon (b) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the

Office of the United States Trustee; and (d) those parties that have requested service under Fed.

R. Bankr. P. 2002.

**Record Date and Approval of Procedures for Distribution of Solicitation Packages**

9.      _____, **2013** shall be the record date (the "Record Date") for

purposes of determining which parties are entitled to receive the Solicitation Packages or the

Non-Voting Class Notice and, where applicable, vote on the Plan.

10.     Rust Consulting/ Omni Bankruptcy ("Rust/Omni" or "Solicitation Agent")

shall serve the Solicitation Package and notices regarding the Confirmation Hearing, inspect,

monitor and supervise the solicitation process, serve as the tabulator of the ballots and certify to the Court the results of the balloting.

11.    The Debtor and/or the Solicitation Agent, as applicable, are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service.  The Debtor and/or the Solicitation Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Notice that are returned as undeliverable.

12.    In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation Package, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing address of the creditor on the official docket of Claims against the Debtor.

### Approval of Forms of Ballots

13.    The Ballots, substantially in the form attached hereto, are approved.

### Deadline for Receipt of Ballots

14.    Unless extended by the Debtor or its counsel in writing, Ballots accepting or rejecting the Plan must be received on or **before _____, 2013 at 5:00 p.m. (Prevailing Eastern Time)** (the "Voting Deadline"), to Rust/Omni at the following address:

Revstone Industries, LLC
Rust Consulting/Omni Bankruptcy
5955 DeSoto Avenue, Suite #100

Woodland Hills, CA 91367

15.     Ballots received via facsimile, electronic mail or other electronic

transmission will not be counted unless approved by the Debtor.

### Procedures for Vote Tabulation

16.     Votes may not be changed after the Voting Deadline unless the Court, for

cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a).

17.     Ballots must be properly executed and counted.  Any Ballot that is

illegible or contains insufficient information to permit the identification of the holder of a Class 2

through 6 Claim will not be counted.

18.     The following tabulation procedures are approved solely for purposes of

voting on the Plan:

(a) If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim amount contained on a timely filed Proof of Claim or, if no timely filed Proof of Claim was filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Debtor's Schedules of Assets and Liabilities;

(b) If a Claim for which a Proof of Claim has been timely filed is wholly contingent, unliquidated or disputed, undetermined or unknown in amount, such claim shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

(c) If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

(d) If a holder of a Claim in a Voting Class casts a Ballot with respect to a claim that is the subject of an objection filed no later than **twenty-one (21) days** prior to the Confirmation Hearing, the Debtor requests, in accordance with Bankruptcy Rule 3018, that the party's Ballot not be counted, unless the Court temporarily allows such claim for purposes of voting to accept or reject the Plan, and that such creditor be required to file a motion for such relief (the "Rule 3018 Motion") no later than a date that is **fourteen (14) days** before the Confirmation Hearing, and

that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing.   Notwithstanding the foregoing, if the Debtor files an objection to a claim and requests that such claim be allowed in a specific amount, such creditor's ballot shall be counted in such specified amount;

(e)  Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

(f)  Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

(g)  If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed amended Proof of Claim, regardless of whether or not the Debtor has objected to such Claim, and only the amending Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

(h)  For purposes of the numerosity requirement of § 1126(c), separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(i)  If a Claim has been disallowed by agreement of the applicable creditor or order of the Court at any time before the Voting Deadline, such Claim shall also be disallowed for voting purposes; and

(j)  If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

19.    The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.  Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the confirmation of the Plan;

b.  Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on their ballot, such ballot will not be counted for voting purposes;

c.  Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.  Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.  Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.  Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g.  The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h.  Delivery of the original, executed Ballot to the Solicitation Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court;

i.  No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

j.  The Debtor expressly reserves the right, subject to the consent of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with § 1127 and the terms of the Plan regarding modification).  If the Debtor makes material changes in the terms of the Plan the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

k.  If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l.  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

m. The Debtor, in its sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in its sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

n. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, in its sole discretion, which determination shall be final and binding;

o. If a designation is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

p. Any holder of an Impaired Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r. Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

t. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

u. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

20.     If no Holder of a Claim or Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Plan shall be deemed **accepted** by the Holders of such Claims or Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

21.     The Solicitation Agent shall file with the Bankruptcy Court, no later than five (5) calendar days prior to the Confirmation Hearing an affidavit regarding the results of the tabulation of the Ballots received on the Plan.

22.     The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim.

**Deadline and Procedures for Filing
Objections to Confirmation of the Plan and the Confirmation Brief**

23.     All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 together with proof of service, and shall (a) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtor's chapter 11 case, (b) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection, and (c) be served upon the following parties (the "Notice Parties") so as to be received on or **before _____ , 2013 at 4:00 p.m. (Prevailing Eastern Time)** (the "Plan Objection Deadline"):  (a) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn:  Laura Davis Jones, Esq.; (b) counsel to the Restructuring Committee, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654; Attn: Ryan Dahl, Esq.; (c) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane Leamy, Esq.; (d) counsel to Boston Financial Group, (i) DLA Piper LLP (US), 919 N. Market Street, 15th Floor, Wilmington, DE

19801, Attn: Stuart Brown and (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, 27th

Floor, New York, NY 10020, Attn: Gregg M. Galardi, Esq; and (e) counsel to the Official

Committee of Unsecured Creditors, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware

Avenue, Suite 1501, Wilmington, DE 19801, Attn: Matthew P. Ward, Esq.

24.    All objections not timely filed and served in accordance with the

provisions of this Order are hereby deemed waived and will not be considered by this Court.

25.    The Debtor shall file at least **five (5) calendar days** before the

Confirmation Hearing a brief supporting confirmation of the Plan (including any supporting

memoranda) and replying to any objections or responses.  The Debtor shall serve the brief on the

parties that filed objections or responses to the Plan, the Office of the United States Trustee, and

counsel for the Creditors' Committee and all parties who have requested notice in these cases

pursuant to Bankruptcy Rule 2002.

26.    Prior to mailing the Disclosure Statement, Solicitation Packages or the

Non-Voting Class Notice, the Debtor may fill in any missing dates and other information, correct

any typographical errors and make such other non-material, non-substantive changes as they

deem necessary.

27.    To the extent that the Debtor, in its sole discretion, elects to publish the

Confirmation Hearing Notice, such publication substantially in the form of Confirmation

Hearing Notice is approved and the Debtor, to the extent that it elects to publish the

Confirmation Hearing Notice, shall publish the Confirmation Hearing Notice in the national

edition of *USA Today* on or before the date that is five business days after the date of entry of this order and may pay the costs attendant to such publication.

28.     The Debtor and the Solicitation Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

29.     This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.

Dated: _____, 2013

_____
Honorable Brendan L. Shannon
United States Bankruptcy Judge