# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| METAVATION, LLC, | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (I) AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS AND REIMBURSABLE EXPENSES, (II) AUTHORIZING CONTINUATION OF EMPLOYEE BENEFIT PLANS AND PROGRAMS POSTPETITION, AND (III) AUTHORIZING ALL BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS**

Upon the *Motion of the Debtor for an Order under Sections 105, 363, and 507 of the Bankruptcy Code (i) Authorizing Payment of Prepetition Wages, Salaries, and Employee Benefits, (ii) Authorizing Continuation of Employee Benefit Plans and Programs Postpetition, and (iii) Directing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations* (the "**Motion**")[2], and the Court having reviewed the Motion and the DiDonato Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The Debtor is authorized, but not directed to pay, the Prepetition Employee Obligations and Employee Benefits that have accrued by virtue of the services rendered by the Employees prior to the Petition Date, subject to the following caps, provided however, any payment authorized pursuant to this Order shall be made in accordance with and subject to the provisions of any approved postpetition financing order and related budget:

| | |
|---|---|
| Unpaid Wages (including Employer Tax Obligations) | $300,000 |
| Temporary Workers' Compensation | $250,000 |
| Reimbursement Obligations | $35,000 |
| Medical Plan Contributions | $150,000 |
| Dental Plan Contributions | $7,500 |
| Life and AD&D Insurance, Disability Insurance and Voluntary Life Insurance Programs | $15,000 |
| Ceridian Payments (Payroll Administrator) | $5,000 |

3.      The Prepetition Employee Obligations and Employee Benefits that the Debtor is authorized, but not directed, to pay include, without limitation: (a) unpaid prepetition wages and salaries including, without limitation, (i) Payrolls, (ii) Employer Payroll Taxes, (iii) Deductions; (b) Reimbursable Expenses; (c) employee health and welfare benefit claims arising before the Petition Date including, without limitation, (i) medical, dental, vision and prescription drug

coverage; (ii) health savings accounts and flexible spending accounts for health and dependent care under Section 125 of the Internal Revenue Code; (iii) basic life, executive life and voluntary life insurance; (iv) AD&D insurance; (v) short-term and long-term disability benefits; (vi) counseling, (vii) a 401(k) savings plan, (viii) voluntary accident injury insurance, (ix) voluntary critical injury coverage,  and (x) PTO.

4.      The Debtor is authorized, but not directed, to continue to honor, pay and maintain, in its sole discretion, all of the Employee Benefits to the extent such benefits were in effect as of the Petition Date.

5.      The Debtor and any other third parties administering withholding obligations on behalf of the Debtor, are authorized, but not directed, to make payments to applicable third parties with respect to the Withholding Obligations, and the Employer Tax Obligation, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

6.      The banks and other financial institutions that process, honor and pay any and all checks on account of Prepetition Employee Obligations and Employee Benefits may rely on the representation of the Debtor as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

7.      Neither this Order, nor the Debtor's payment of any amounts authorized by this Order, shall (a) result in any assumption of any executory contract by the Debtor; (b) result in a commitment to continue any plan, program, or policy of the Debtor; (c) be deemed an admission as to the validity of the underlying obligations or a waiver of any rights the Debtor may have to

subsequently dispute such obligations; (d) impose any administrative, prepetition, or postpetition liabilities upon the Debtor.

8.      Notwithstanding any other provision of this Order, no payment by the Debtor to any individual employee shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and (a)(5), except upon further order of this Court.

9.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion or otherwise deemed waived.

10.      To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

11.      The Debtor is hereby authorized to take such actions as may be necessary to implement the relief granted by this Order. This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection, pending the entry of a final order by this Court.

12.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: July ___, 2013

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE