IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related to Docket No. 787** |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| METAVATION, LLC, | ) | Case No. 13-11831 (BLS) |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | **Related to Docket No. 6** |

**ORDER AUTHORIZING (I) MAINTENANCE OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING BUSINESS FORMS, (III) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, AND (IV) CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS, AND (V) WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS**

Upon consideration of the motion (the "Motion")[2] filed by Metavation, LLC a debtor and debtor-in-possession ("Metavation" or the "Debtor") in the above-captioned chapter 11 cases seeking entry of an Order under sections 105, 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") authorizing (i) the maintenance of existing bank accounts including the authority to pay routine prepetition banking fees owed to financial institutions, (ii) the continued use of existing business forms, (iii) the continued use of the existing cash management system for the Debtor, (iv) the continued performance of

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

intercompany transactions, and (v) a limited waiver of 11 U.S.C. section 345(b) deposit and investment guidelines; and it appearing that the relief requested is in the best interests of the Debtor's estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation, and cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtor is authorized, but not directed, in the reasonable exercise of its business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit A to the Motion (the "Bank Accounts"); (ii) to use, in their present form, checks and other documents related to the Bank Accounts; and (iii) to treat the Bank Accounts for all purposes as accounts of the Debtor as Debtor in possession; and it is further

ORDERED that Wells Fargo and any other bank (collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the Debtor as debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be; and it is further

ORDERED that (i) existing arrangements, between the Debtor and Wells Fargo with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtor and Wells Fargo and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect; (ii) the Debtor and Wells Fargo, without further order of this Court, agree to and implement changes to the cash management system and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts with notice to the United States Trustee and counsel to any official committee appointed in this case; and (iii) in the course of providing cash management services to the Debtor, Wells Fargo is authorized, without further Order of this Court, to continue to deduct from the appropriate accounts of the Debtor, the Bank's customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising prepetition or postpeition, and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from automated clearing house transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers; and is further

ORDERED that no later than the close of business on the fifth (5th) business day following entry of this Order, the Debtor shall, to the extent not provided, provide Wells Fargo with copies of any orders granting any "first day motions" via email, and a letter setting forth a

list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks") with details setting forth (a) the account numbers, check numbers and dollar amounts for each such Prepetition Check, designating whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court and (b) all account numbers for which the Debtor does not write checks on and state "no outstanding items - no stop payments needed," and that a Bank's reliance on the Prepetition Check List in connection with its honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order; and it is further

ORDERED that each Bank that maintains a disbursement account of the Debtor shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check, automated clearing house debit, wire transfer or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtor to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be, nor shall be liable to, the Debtor or its estate or otherwise in violation of this Order; and it is further

ORDERED that the Debtor may continue to fund its business and operations through the Bank Accounts; and it is further

ORDERED that the Debtor shall at all times maintain sufficient balances in accounts at each of the Banks to secure its obligations to the Banks for cash management and related services to the Debtor; and it is further

ORDERED that the Debtor shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtor's Cash Management System.  In connection with the ongoing utilization of their Cash Management System, the Debtor shall continue to maintain detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly on the applicable accounts; and it is further

ORDERED that nothing contained herein shall prevent the Debtor from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and appropriate, with notice to the United States Trustee, the Debtor's principal lenders, and to any official committee appointed in these cases; *provided, however*, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein; and it is further

ORDERED that the Debtor is authorized to continue to use its checks and existing business and correspondence forms until such time as they are reasonably able to effectuate the necessary changes required to add the words "debtor in possession" to such forms; and it is further

ORDERED that the Debtor is authorized to continue utilizing its Cash Management System to manage the Debtor's cash, in a manner consistent with the Debtor's prepetition practice; and it is further

ORDERED that, subject to the following paragraph of this Order, the Debtor is (i) authorized, on an interim basis, to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation, as requested in the Motion, all in accordance with the Debtor's customary prepetition Cash Management System, in addition to the investments and deposits permitted by Bankruptcy Code § 345 and (ii) granted a 60-day extension of time to comply with the investment and deposit requirements of section 345 of the Bankruptcy Code, which extension is without prejudice to the Debtor's ability to seek a final waiver of those requirements; and it is further

ORDERED, for banks at which the Debtor holds accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order the Debtor shall (a) contact each bank, (b) provide the bank with each of the Debtor's employer identification numbers, and (c) identify each of its accounts held at such banks as being held by a Debtor in possession; and it is further

ORDERED that nothing contained herein shall prevent any of the Banks from terminating any cash management services not less than thirty (30) days prior written notice to the Debtor and upon terms reasonably satisfactory to such Bank; and it is further

ORDERED that the Debtor shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the date hereof; and it is further

ORDERED that pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, the Debtor is authorized to continue to consummate Intercompany Transactions in the ordinary course of business; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that the notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply, and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July 24, 2013

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE