IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Revstone Industries, LLC, et al.,[1] | : | Case No. 12-13262 (BLS) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Related Docket Nos. 794, 795, 820, 841** |
|  | : |  |
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| Metavation, LLC, | : | Case No. 13-11831 (BLS) |
|  | : |  |
| Debtor. | : | Joint Administration Requested |
|  | : |  |
|  | : | **Related Docket Nos. 19, 20, 49, 65** |
|  | : |  |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO MOTION OF METAVATION, LLC AND REVSTONE
INDUSTRIES, LLC PURSUANT TO BANKRUPTCY RULE 9018 TO FILE
UNDER SEAL MOTION OF METAVATION, LLC AND REVSTONE
INDUSTRIES, LLC PURSUANT TO 11 U.S.C. §§ 105, 362 & 363 AND
BANKRUPTCY RULES 4001 AND 9019 FOR ENTRY OF INTERIM AND
FINAL ORDERS (A) APPROVING AUTOMOTIVE SALE TRANSACTIONS
SUPPORT AGREEMENT, (B) MODIFYING THE AUTOMATIC STAY, AND
(C) SCHEDULING A FINAL HEARING**

The Official Committee of Unsecured Creditors (the "Committee") of

Revstone Industries, LLC ("Revstone"), one of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), by and through its undersigned

---

[1]     The debtors in these chapter 11 bankruptcy cases and the last four digits of each Debtor's
federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613);
Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450).  The location
of the Debtors' headquarters and the service address for each of the Debtors is 2250
Thunderstick Dr., Suite 1203, Lexington, KY 40505.

counsel, hereby objects (the "Objection") to Revstone and Metavation, LLC's ("Metavation") Motion to File under Seal (Revstone Docket No. 795; Metavation Docket No. 20) (the "Motion to Seal") the Debtors' Motion for Entry of Interim and Final Orders (A) Approving Automotive Sale Transactions Support Agreement, (B) Modifying the Automatic Stay, and (C) Scheduling a Final Hearing (Revstone Docket No. 794; Metavation Docket No. 19) (the "Support Agreement Motion").  In support of the Objection, the Committee respectfully states as follows:

## BACKGROUND

### A.    The Bankruptcy Cases

1.      On December 3, 2012 (the "Petition Date"), Revstone and Spara, LLC ("Spara"), each filed a voluntary petition for relief under chapter 11 of 11 U.S.C. §§ 101-1532 (as amended and applicable to these bankruptcy cases, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      Since the Petition Date, Greenwood Forgings, LLC ("Greenwood"), US Tool & Engineering, LLC ("US Tool"), and Metavation, which are indirect subsidiaries of Revstone, have also filed petitions under chapter 11 of the Bankruptcy Code.

3.      The Debtors are operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.  To date, no trustee or examiner has been appointed.

2

4.      On December 17, 2012, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to Bankruptcy Code section 1102(a)(1).

**B.      The Metavation Support Agreement Motion**

5.      Metavation filed a petition for relief under chapter 11 of the Bankruptcy Code on July 22, 2013.  On July 23, 2013, Metavation filed a series of "first day" motions, including the Support Agreement Motion as well as the Motion to Seal.[2]

6.      On July 24, 2013, the Court held a hearing (the "First Day Hearing") during which the Court considered the "first day" motions filed by Metavation, including the Support Agreement Motion.  Following the First Day Hearing, the Court entered an interim order approving the Support Agreement Motion (Revstone Docket No. 820; Metavation Docket No. 49), and scheduling a final hearing on the Support Agreement Motion on August 21, 2013.

7.      The Court did not rule on the Debtors' Motion to Seal at the First Day Hearing.  Instead, the Court directed the Debtors to file an amended support agreement motion containing "substantive and informative" information for general creditors (the "Amended Support Agreement Motion") (First Day Hearing Tr., at p. 77) (excerpts of which are attached hereto as Exhibit A).

---

[2]      The Committee was not provided advanced notice of the first day motions, including the Support Agreement Motion.  Rather, the Committee received a copy of the Support Agreement Motion less than 24 hours prior to the hearing to approve such motion on an interim basis.  Perhaps more importantly, despite the Committee's repeated requests, the Debtors' professionals have never provided the Committee with a copy of the customer support agreement with Ford Motor Company.

8.      The Debtors filed their Amended Support Agreement Motion on July 29, 2013 (Revstone Docket No. 841; Metavation Docket No. 65).

## OBJECTION

9.      The Debtors seek to file the Support Agreement Motion under seal because it allegedly contains "confidential and proprietary information." Motion to Seal, ¶ 14.   But as the Debtors themselves acknowledge, the Support Agreement Motion provides only a summary of the information contained in the support agreements that are the subject thereof.  Id.  There is no valid basis for sealing a summary of a document containing allegedly confidential information.

10.      As the Court noted at the First Day Hearing, the Bankruptcy Code contemplates public access to materials filed in connection with bankruptcy cases.  (First Day Hearing Tr., at pp. 77-78).  Subject to certain limitations, "the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).  Parties seeking to deny public access to court documents must overcome a strong presumption.  See, e.g., Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc., 800 F.2d 339, 334 (3d Cir. 1986); U.S. v. Martin, 746 F.2d 964, 968 (3d Cir. 1984).

11.      The Debtors claim that the details of proposed sales, including timing and pricing details, should be treated as trade secrets or commercial information.  Motion to Seal, ¶ 14.  It is one thing to keep sale milestones and pricing details out of the public domain for cause (if shown), but it is quite another to omit all eight pages of the Support Agreement Motion that summarize the support

4

agreements' key terms.  At the very least, creditors are entitled to review the

Debtors' summary of the key terms of the support agreements, with sales milestones

and pricing details redacted.

12.     The bankruptcy process is heavily dependent upon creditor

participation, which requires full disclosure of a debtor's affairs.  See In re Alterra

Healthcare Corp., 353 B.R. 66, 74 (Bankr. D. Del. 2006).  The Motion to Seal fails to

allege any factual support for the proposition that creditors should be denied access

to a synopsis of the support agreements' key terms.  Creditors have previously

expressed their frustration with such broad requests to seal information with little

explanation or analysis.  (See Revstone Docket No. 573, Objection of Comvest

Capital II, L.P. to Debtors' Motion to File under Seal Confidential Settlement

Communication).[3]  Accordingly, the Committee objects to the Motion to Seal to the

extent that it excludes creditors and parties-in-interest from evaluating the key terms

of the support agreements that are the subject of such motion.

---

[3]     The Committee has previously moved to seal certain docket entries on the basis of the
Debtors' assertions that certain information was confidential.  The Committee sought to seal
those docket entries temporarily, and only until the Court could rule on the Committee's
contention that those docket entries should, in fact, not be sealed.  See, e.g., Motion of the
Official Committee of Unsecured Creditors to File Temporarily Under Seal, Revstone
Docket No. 166 (emphasis added).

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that this Court deny the Motion to Seal and grant the Committee such further relief as is just and proper.

Dated: Wilmington, Delaware
       August 41, 2013

                /s/ Mark L. Desgrosseilliers
                Mark L. Desgrosseilliers (Del. Bar No. 4083)
                Matthew P. Ward (Del. Bar No. 4471)
                Ericka F. Johnson (Del. Bar No. 5024)
                Womble Carlyle Sandridge & Rice, LLP
                222 Delaware Avenue, Ste. 1501
                Wilmington, DE  19801
                Telephone:  (302) 252-4320
                Facsimile:  (302) 661-7738
                E-mail: mdesgrosseilliers@wcsr.com
                E-mail: maward@wcsr.com
                E-mail: erjohnson@wcsr.com

                Counsel for the Official Committee of
                Unsecured Creditors of Revstone Industries,
                LLC