**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, <u>et al.</u>,[1] | Case No. 12-13262 (BLS) |
| Debtor. | (Jointly Administered) |
| | **Related Docket Nos.:  875, 876, and 877**<br>**Hearing Date:  TBD** |

**OBJECTION OF BOSTON FINANCE GROUP, LLC TO MONTHLY
STAFFING REPORTS OF HURON CONSULTING SERVICES LLC**

Boston Finance Group, LLC ("**BFG**"), by and through its undersigned counsel, hereby

files this objection (the "**Objection**") to (a) Staffing Report By Huron Consulting Services LLC

For The Period April 1, 2013 Through April 30, 2013 [Docket No. 875]; (b) Staffing Report By

Huron Consulting Services LLC For The Period May 1, 2013 through May 31, 2013 [Docket No.

876]; and (c) Staffing Report By Huron Consulting Services LLC For The Period June 1, 2013

through June 30, 2013 [Docket No. 877] (collectively, the "**Huron Staffing Reports**").   In

support of the Objection, BFG respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction to consider this Objection and these contested matters

under 28 U.S.C. §§ 157 and 1334.   These contested matters are core proceedings under 28

U.S.C. § 157(b)(2).   Venue of these cases and this Objection in this district is proper under 28

U.S.C. §§ 1408 and 1409.

---

[1]     The debtors in these Chapter 11 cases and the last four digits of each debtor's federal tax identification numbers are:  Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450).  The location of the each of the debtors' headquarters and the service address is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

## BACKGROUND

**A.**     **The Revstone Debtors' Chapter 11 Cases**

2.     On December 3, 2012, Revstone Industries, LLC ("**Revstone**") and Spara, LLC ("**Spara**") each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  On January 7, 2013, ("**Greenwood**") and US Tool & Engineering, LLC ("**US Tool**", and collectively with Revstone, Spara and Greenwood, the "**Revstone Debtors**") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3.     On December 18, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors in the case of Revstone Industries (the "**Committee**").  No official committee has been appointed in the cases of Spara, Greenwood or US Tool.  No trustee or examiner has been appointed in any of the above-captioned Chapter 11 cases.  BFG is a creditor of all of the Revstone Debtors.

4.     Pachulski Stang Ziehl & Jones LLP ("**Pachulski**") substituted in as bankruptcy counsel for Revstone and Spara on January 17, 2013 and for Greenwood and US Tool as of January 28, 2013.

5.     On February 6, 2013, the Court entered an order permitting the cases of the Revstone Debtors to be jointly administered solely for procedural purposes.

6.     On February 13, 2013, the Revstone Debtors filed the Motion Of The Debtors To Employ And Retain Huron Consulting Services LLC To: (I) Provide A Chief Restructuring Officer And Additional Personnel For The Debtors Pursuant To 11 U.S.C. § 363(b), *Nunc Pro Tunc* To January 17,2013; And (II) Provide Financial Advisory Services To The Debtors

Pursuant To 11 U.S.C. § 327(a), *Nunc Pro Tunc* To The Period Between December 17, 2013 And January 16, 2013 [Docket No. 198] (the "**Huron Application**").

7.        On March 21, 2013, the Court entered an order approving Huron's retention to provide a Chief Restructuring Officer and additional personnel for the Revstone Debtors [Docket No. 428] (the "**Huron Retention Order**").    The portion of the Huron Application seeking retention as a financial advisor was withdrawn.

8.        The Huron Retention Order directed Huron to file monthly staffing reports by the 20th of each month detailing its staffing over the prior month and file compensation reports on no less than a quarterly basis.  See Huron Retention Order at ¶ 5, 6.  Since the Revstone Petition Date, Huron has filed only one quarterly fee application, covering the period from January 17, 2013 through March 31, 2013 [Docket No. 562].[2]  Huron failed to file any monthly staffing reports from its retention until August 1, 2013, when it filed monthly staffing reports for the months of April, May and June, 2013.

9.        On June 28, 2013, BFG filed the *Objection Of Boston Finance Group, LLC To First And Second Monthly Applications For Compensation And Reimbursement Of Expenses Of Pachulski Stang Ziehl & Jones LLP* [Docket No. 718] (the "**BFG First Pachulski Fee Objection**"), objecting to the fees and expenses sought by Pachulski in its first and second monthly applications for compensation.

10.        On July 31, 2013, BFG filed the Objection Of Boston Finance Group, LLC To Third Monthly And First Quarterly Applications For Compensation And Reimbursement Of Expenses Of Pachulski Stang Ziehl & Jones LLP [Docket No. 853] (the "**BFG Second Pachulski Fee Objection**" and together with the BFG First Pachulski Fee Objection, the "**BFG**

---

[2]        BFG did not object to the first quarterly compensation report filed by Huron.  Given the excessive fees incurred to date in these cases, BFG expressly reserves and does not waive its right to object prior to any final hearing to consider the first quarterly compensation report and any subsequent reports filed by Huron.

**Fee Objections**"), objecting to the fees and expenses sought by Pachulski in its third monthly and first quarterly applications for compensation.[3]

11.    No hearing has been scheduled or held to consider the applications submitted by Pachulski for compensation and reimbursement of expenses and the BFG Fee Objections.

12.    On August 1, 2013, the Revstone Debtors, on behalf of Huron, filed the Huron Staffing Reports.  The Huron Staffing Reports do not allocate the services performed between the various Revstone Debtors and any non-debtor affiliates for which Huron has performed work.

**B.    The Metavation Chapter 11 Case**

13.    On July 22, 2013, Metavation, LLC ("**Metavation**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Metavation Case**").

14.    Also on July 22, 2013, Metavation filed the Motion of Metavation, LLC to Employ and Retain Huron Consulting Services LLC ("**Huron**") to Provide a Chief Restructuring Officer, Other Officers, and Additional Personnel for the Debtor Pursuant to 11 U.S.C. Section 363(b), *Nunc Pro Tunc* to the Petition Date [Case No. 13-11831, Docket No. 11] (the "**Metavation Huron Application**").    Attached as Exhibit A to the Metavation Huron Application is the Declaration of John C. DiDonato (the "**DiDonato Declaration**").

15.    On August 18, 2013, the Committee filed its Objection Of The Official Committee Of Unsecured Creditors Of Revstone Industries, LLC To Motion Of Metavation, LLC To Employ And Retain Huron Consulting Services LLC To Provide A Chief Restructuring Officer, Other Officers, And Additional Personnel For The Debtor Pursuant To 11 U.S.C. § 363(b), *Nunc Pro Tunc* To The Petition Date [Case No. 13-11831, Docket No. 142] (the "**Committee Huron Objection**").

---

[3]    BFG incorporates in full the BFG Fee Objections as if set forth in full herein.

**OBJECTION**

16.     The Huron Staffing Reports, much like those submitted by the Revstone Debtors'
other professionals in these cases, do not allocate the services performed between the various
Revstone Debtors and any non-debtor affiliates for which Huron has performed work.
Moreover, to date Huron has failed to timely comply with the mandatory provisions set forth in
the Huron Retention Order to the detriment of creditors, who have been unable to monitor the
extensive accrual of professional fees in these cases.

17.     The Huron Retention Order provides that the Huron Staffing Reports shall remain
subject to Court review in the event so requested.  See Huron Retention Order ¶ 5.  Accordingly,
BFG hereby requests review by the Court of the Huron Staffing Reports.  Moreover, BFG
expressly reserves its right to object to any quarterly compensation reports filed by Huron,
because, among other reasons, Huron has failed to allocate its fees and expenses among each of
the Revstone Debtors and their non-debtor affiliates, the fees incurred have been excessive and
not beneficial to the various estates, and Huron has failed to timely comply with the express
provisions of its retention order to the substantial detriment to creditors.

18.     As BFG has repeatedly stated elsewhere with respect to professional fees in these
cases, BFG maintains that each case should stand on its own with respect to the propriety of the
fees and expenses incurred and the benefits provided to the specific Debtor estate.  See In re
Amdura Corp., 139 B.R. 963, 971 (Bankr. D. Colo. 1992) (ordering interim compensation
procedures in jointly administered case that required allocation of professional fees among the
various debtors with a permissible portion of fees allocable to all debtors).  The assets of an
administratively solvent Debtor cannot be used to pay professional fees in related,
administratively insolvent cases.  See In re Eagle Creek Subdivision, LLC, Case No. 08-04292-

8-JRL, 2009 WL 313383 (Bankr. E.D.N.C. Feb. 5, 2009) ("[T]he court finds that the professionals are not entitled to surcharge successful cases with the expenses of administratively insolvent cases merely because the cases are affiliated.  To the extent that more and more of the [debtors' cases] are becoming administratively insolvent, professionals work at their own peril.").

19.    The Huron Staffing Reports include work performed for non-debtor affiliates, including Metavation and other second and third tier subsidiaries.  Yet Huron has not and will not seek direct reimbursement for these fees and expenses.  Rather, it will expect Revstone to directly pay Huron for all obligations accrued to date, leaving Revstone to seek collection on its intercompany claims against Metavation (that are now rendered unsecured nonpriority claims by virtue of the staggered filings of the various Chapter 11 cases).  See DiDonato Declaration at ¶ 17 ("Huron has post-petition claims against the [Revstone] Debtors for its fees and expenses. A portion of these fees have been allocated to Metavation.  However, this allocation is not a direct obligation of Metavation to Huron.").

20.    Accordingly, because of the prejudice to Revstone's creditors for Huron's failure to appropriately allocate fees and expenses among each of the Revstone Debtors and non-debtors for whom Huron performs work, and Huron's apparent intention to not allocate fees and expenses going forward, BFG requests review by the Court for the Huron Staffing Reports.

### RESERVATION OF RIGHTS

21.    BFG expressly reserves, and does not waive, its right to object to the Huron Staffing Reports and any and all other monthly staffing reports or quarterly compensation reports filed by Huron on additional bases, including but not limited to any allocation of fees and expenses among the Revstone Debtors.  In addition, as a creditor of Revstone and certain non-

debtor affiliates, BFG expressly reserves, and does not waive, its right to challenge any payments by Revstone on behalf of any of the Revstone Debtors and any non-debtors on any grounds that applicable bankruptcy or nonbankruptcy law permits, and to seek payment from Huron on account of any prepetition or postpetition payments made by Revstone to Huron.

## CONCLUSION

WHEREFORE, Boston Finance Group, LLC respectfully requests, in light of this Objection, that this Court (i) deny any approval of the Huron Staffing Reports without prejudice to Huron re-filing applications that allocate its fees and expenses among the various Revstone Debtors and any non-debtors and (ii) grant such other and further relief as this Court deems just and proper.

Dated:  August 21, 2013  
       Wilmington, Delaware

/s/  Gregg M. Galardi  
Stuart M. Brown (DE 4050)  
**DLA PIPER LLP (US)**  
919 N. Market Street, 15th Floor  
Wilmington, DE 19801  
Telephone: (302) 468-5700  
Facsimile: (302) 394-2341  
Email: stuart.brown@dlapiper.com

-and-

Gregg M. Galardi (DE 2991; NY 4535506)  
Sarah E. Castle (NY 4932240)  
**DLA PIPER LLP (US)**  
1251 Avenue of the Americas  
New York, NY 10020-1104  
Telephone:  (212) 335-4500  
Facsimile:  (212) 335-4501  
Email: gregg.galardi@dlapiper.com  
       sarah.castle@dlapiper.com

*Counsel to Boston Finance Group, LLC*