IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| METAVATION, LLC, | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor | ) | |

**FINAL ORDER PURSUANT TO SECTIONS 105, 362 & 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 (A) APPROVING AUTOMOTIVE SALE TRANSACTIONS SUPPORT AGREEMENT AND (B) MODIFYING THE AUTOMATIC STAY**

This matter came before the Court on the amended motion (the "Motion")[2] of (i) Metavation, LLC, a debtor and debtor-in-possession ("Metavation"), for an interim order and (ii) Metavation and Revstone Industries, LLC ("Revstone") for a final order pursuant to sections 105, 362 and 363 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the *Automotive Sale Transactions Support Agreement* (the "Support Agreement"), modifying the automatic stay and scheduling a Final Hearing. On July 24, 2013, the Court entered an order granting the Motion on an interim basis (the "Interim Order") and scheduled a final hearing on the Motion for August 21, 2013 at 10:00 a.m. (the "Final Hearing"). A copy of the Interim Order is annexed hereto as Exhibit 1. The Court finds upon the record of the Interim Hearing and the

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Capitalized terms not defined herein shall have their meaning set forth in the Motion.

DOCS_DE:189181.3 73864/001

Final Hearing, and all the proceedings had before this Court; and any objections to the Motion having been withdrawn or overruled; and this Court having found and determined that the relief sought in the Motion and its legal and factual bases establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Motion is granted on a final basis, as set forth herein; and it is further

ORDERED that the Support Agreement filed under seal at Metavation Docket No. 19 and Revstone Docket No. 794 and as modified pursuant to this Final Order is hereby approved pursuant to Sections 105, 362 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 on a final basis as to Metavation and Revstone; and it is further

ORDERED that the findings of fact and conclusions of law set forth in the Interim Order are hereby incorporated herein; and it is further

ORDERED that the automatic stay provisions of Section 362 of the Bankruptcy Code are hereby modified and vacated without further notice, application or order of the Court to the extent necessary to permit the Supporting Customers to exercise any rights available under the Support Agreement and the Access Agreement. In addition, and without limiting the foregoing, upon the occurrence of an Event of Default and after providing three (3) business days prior written notice (the "Enforcement Notice") to counsel for Metavation, counsel for the Committee in the Revstone Case, counsel for the Official Committee of Unsecured Creditors for Metavation (if appointed), and the U.S. Trustee, each Supporting Customer shall be entitled to take any action and exercise all rights and remedies provided to it by this Order; provided,

however, nothing herein shall be deemed to require Chrysler to provide the Enforcement Notice three (3) business days prior to exercising its rights under the Agreement to Limit Setoffs and Grant Access and Security relating to non-debtor Contech Castings, LLC, as amended. Notwithstanding any other provision of this Final Order or the Support Agreement, nothing in this Final Order or the Support Agreement limits or impairs the security interests, liens, claims, rights or remedies of GE CF Mexico, S. de R.L. de C.V. f/k/a GE CF Mexico, S.A. de C.V. ("GE Mexico") under applicable law with respect to Eptec S.A. de C.V. ("Eptec"). In addition, nothing in this Final Order grants a security interest or lien on the equity in Eptec (which equity is held, subject to a pledge asserted by GE Mexico, by Metavation Mexico, LLC and Metavation Mexico II, LLC) or the assets of Eptec.

ORDERED that Section 1.3 of the Support Agreement is hereby amended and restated in its entirety as follows:

> 1.3 On the Effective Date, this Agreement shall be binding upon all Parties but will not be binding on Revstone to the extent Court approval is necessary in the Revstone Chapter 11 Case. In the event the Revstone Approval Order is not entered in the Revstone Chapter 11 Case by August 22, 2013, then this Agreement shall be terminated and of no further force and effect as to Revstone to the extent approval is necessary but remains enforceable as to the remainder of the Revstone Group.

ORDERED that Section 3.1 of the Support Agreement is hereby amended and restated in its entirety as follows:

> 3.1 During the Term, Metavation and Contech will operate their respective Business in accordance with the Budgets. The Budgets will not include, and the impacted Customers of the respective Business will not have an obligation to fund (whether directly or indirectly through increased operating expense funding) any unfunded pension liability or any amounts that would otherwise be used to fund any unfunded pension liability, unpaid minimum contribution obligation to the pension plans, unpaid premium payments to the PBGC with respect to the Hillsdale

Hourly Pension Plan or Hillsdale Salary Pension Plan, excise tax, interest, make whole payments, or agency hearing or litigation costs relating to any of the foregoing; provided however, nothing in this section 3.1 or this Agreement will alter, modify or impair the obligations of the Revstone Group to make any contributions or payments required under E.R.I.S.A., the Internal Revenue Code, or other applicable laws, statutes or regulations.

ORDERED that the Sale Support Payment is not property of the estate until the requirements of Section 4.2 of the Support Agreement are satisfied, and it is further

ORDERED that, nothwithstanding Schedule 1.1(b) of the Support Agreement, any receiver appointed for Metavation upon an Event of Default shall have only the power to effectuate the Supporting Customers' right of access and no other rights whtsoever as to Metavation.

ORDERED that the terms and conditions of this Final Order shall be immediately valid, binding and enforceable on all parties in interest and fully effective upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: August 22, 2013
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:189181.3 73864/001