IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | Case No. 12-13262 (BLS) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 976** |
| In re: | Chapter 11 |
| METAVATION, LLC,[2] | Case No. 13-11831 (BLS) |
| Debtor. | **Related Docket No. 195** |

## ORDER APPOINTING FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND CONSIDERATION OF FEE APPLICATIONS

The Court having entered the *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* in the jointly administered cases of Revstone Industries, LLC (the "Revstone Interim Compensation Order"), on March 20, 2013 [Case No. 12,-13262, Docket No. 415]; and the Court having entered orders in both the Revstone Industries, LLC jointly administered cases and the Metavation, LLC case directing the appointment of a fee auditor in both cases; and it further appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] The Debtor in this Chapter 11 Case is Metavation, LLC and the last four digits of the Debtor's federal tax identification numbers is 5884. The location of the Debtor's headquarters is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.is 2250 Thunderstick Dr., Suite 1203, Lexington, KY  40505.

157(b)(2); and the Debtors and the Official Committee of Unsecured Creditors of Revstone Industries, LLC (the "Revstone Committee") having conferred and reached agreement with respect to this Order; and the Court having determined that sufficient cause exists to appoint a fee examiner;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Employment of Fee Examiner. Stuart Maue is hereby appointed and employed as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, as described in this Order.

2. Scope of Order. This Order applies to: (i) all professionals in these cases employed or to be employed pursuant to section 327, 328, or 1103 of Title 11 of the United States Code (the "Bankruptcy Code"); (ii) all members of official committee of Revstone Industries, LLC (the "Revstone Committee Members") appointed in these cases; and (iii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court. This Order does **not** apply to: (a) fees earned by professionals that represent a percentage of a specified transaction, (b) ordinary course professionals employed by the Debtors in accordance with the *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* (the "Revstone Ordinary Course Professionals Order"), dated March 20, 2013 [Case No. 12-13262, Docket No. 416] and any order approving the retention of ordinary course professionals in the Metavation case; provided however, to the extent that the fees and expenses of any professional employed pursuant to the Revstone Ordinary Course Professionals Order or

2

any order approving the retention of ordinary course professionals in the Metavation case shall exceed the compensation cap set forth therein, such fees and expenses shall be reviewed by the Fee Examiner as set forth herein, or (c) as otherwise ordered by the Court. The parties subject to the terms of this Order are hereinafter referred to as "Applicants."

3. Purpose of Order. The Court has determined that, in conjunction with the appointment of a fee examiner, it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Applicants to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[3]

4. Effect on Interim Compensation Procedures. The terms of the Revstone Interim Compensation Order and any similar order entered in the Metavation case shall not be modified by this Order, except that: at the time of filing each Monthly Fee Application and each Interim Fee Application Request (as defined in the Revstone Interim Compensation Order), the Applicant filing such application shall also send to the Fee Examiner the application, including the time entries and itemized expenses that comprise portions of the Monthly Fee Applications and Interim Fee Application (the "Fee and Expense Detail"). The Fee Applications and Fee and Expense Detail shall be sent to the Fee Examiner, via e-mail to jtheil@smmj.com and hard-copy format via first class, U.S. Mail, to John F. Theil, Esq., Stuart Maue, 3840 McKelvey Road, St. Louis, MO  63044.

5. The fee and expense detail shall be sent to the Fee Examiner via e-mail in a searchable electronic format, such as LEDES or Excel. If the fee and expense detail has been submitted in the electronic format with the monthly applications, it is not necessary to resubmit that detail in conjunction with the filing of an interim quarterly fee application, unless the detail

---

[3] Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective

3

has been changed or modified. If a case professional is unable to convert its fee and expense detail to the LEDES or Excel formats, the case professional may discuss an alternative electronic format with Stuart Maue.

6.      With respect to any fee applications that have been filed prior to the entry of this Order, the Applicants shall provide the fee and expense detail to the Fee Examiner within twenty (20) days of the entry of this Order.

7.      <u>Duties of Fee Examiner and Related Procedures</u>. During the course of its review, the Fee Examiner shall be responsible for general familiarity with the docket in these chapter 11 cases. The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

8.      The Fee Examiner shall review and analyze in detail the monthly, interim quarterly, and final fee applications submitted by each Applicant pursuant to sections 330 and 331 of the Bankruptcy Code, Local Rules, and United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330. Within thirty (30) days of receipt of the interim quarterly and final fee applications and the electronic copy of the fee and expense detail, the Fee Examiner shall provide a preliminary report regarding such review to the Applicant. This period may be extended by mutual consent of the Fee Examiner and the Applicant. The preliminary report will not be filed with the Court or sent to the Notice Parties. The preliminary report shall be submitted to the Applicant via U.S. Mail and an electronic copy shall be submitted via email in pdf format.

9.      The Applicant shall thereafter have thirty (30) days to provide to the Fee Examiner additional information or comments in response to the preliminary report. The

---

January 30, 1996 ("Guidelines").

response to the preliminary report shall be in writing in a searchable electronic format, such as Microsoft Word, WordPerfect, or Excel, and forwarded to the Fee Examiner by e-mail. The case professional may also respond informally to the issues raised in the preliminary report telephonically or via email communication.

10. Within twenty (20) days after the date the case professional's response to the preliminary report is received, the Fee Examiner shall file a final report with the Court regarding each quarterly interim or final fee application. This period may be extended by mutual consent of the Fee Examiner and the Applicant. The Fee Examiner shall serve the final report upon the respective Applicant and the Notice Parties (as defined in the Revstone Interim Compensation Order and any similar order entered in the Metavation case). The final report shall be in a format designed to opine whether the requested fees of the case professional meet the applicable standards of section 330 of the Bankruptcy Code, the Local Rules and United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330. Within twenty (20) days after the date of the final report for each interim and final fee application, the Applicant may file with the Court a response to such final report. This response shall be served upon the Notice Parties and the Fee Examiner.

11. Hearings on the quarterly interim fee applications shall be scheduled after the Fee Examiner has filed final reports for all quarterly interim fee applications submitted for that period. The hearing on the final fee applications shall be scheduled after the Fee Examiner has filed final reports for those applications.

12. Should a case professional fail to meet one or more deadlines set forth herein for the review of a quarterly interim fee application, and, in the discretion of the Fee Examiner, the case professional's failure to meet these deadlines does not allow sufficient time for the review

5

process to be completed, such quarterly interim fee application shall be heard at a subsequent hearing date.

13. The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the Revstone Committee, the United States Trustee, and other interested parties, consistent with Rule 706 of the Federal Rules of Evidence.

14. <u>Fees and Expenses of the Fee Examiner</u>. The fees and expenses of the Fee Examiner shall be subject to application and review, pursuant to Federal Rule of Evidence 706(b), and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the Fee Examiner's ordinary and customary hourly rates for services of this nature.

15. <u>Statutory Rights and Obligations of Interested Parties Unaffected</u>. This Order does not limit the statutory rights and obligations of interested parties in these cases, including, but not limited to, the rights of parties in interest to object to monthly fee applications, quarterly interim fee applications, and/or final fee applications.

16. <u>Service of this Order</u>. Counsel for the Debtors shall promptly serve a copy of this Order on the Notice Parties and each of the Applicants retained in these cases, and shall file a certificate of service upon completion of such service.

17. <u>Effect of this Order</u>. This Order shall be effective immediately as of the date hereof and shall remain in effect unless and until the Court orders otherwise. Fee applications filed with the Court for the time period starting December 3, 2012 shall be subject to this Order.

18. <u>Power of the Court</u>.  The Court shall retain authority to modify this Order upon notice to the parties.  Notwithstanding any of the other provisions in this Order, the Court shall retain the authority and responsibility to determine whether fees and expenses requested are reasonable and necessary fees and expense under section 330 of the Bankruptcy Code.

Dated: October 22, 2013

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge