**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | Case No. 12-13262 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: December 11, 2013**<br>**Related Docket No.: 1142** |

**BOSTON FINANCE GROUP LLC'S PRELIMINARY OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING THE TIME PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF**

Boston Finance Group, LLC ("**BFG**"), by and through its undersigned counsel, hereby files this objection (the "**Preliminary Objection**") to the motion of the above-captioned debtors and debtors in possession (the "**Debtors**") For An Order Pursuant To 11 U.S.C. § 1121(d) Further Extending The Time Periods During Which The Debtors Have The Exclusive Right To File A Plan And Solicit Acceptances Thereof [Docket No. 1142] (the "**Motion**") as it pertains to the debtor Spara, LLC. In support of the Preliminary Objection, BFG respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Preliminary Objection and these contested matters under 28 U.S.C. §§ 157 and 1334. These contested matters are core

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.



EAST\65947110.2

proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and this Preliminary Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**LIMITED BACKGROUND**

2. On December 3, 2012, Revstone Industries, LLC ("**Revstone**") and Spara, LLC ("**Spara**") each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). On January 7, 2013, Greenwood Forgings, LLC ("**Greenwood**") and US Tool & Engineering, LLC ("**US Tool**") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On April 1, 2013, the Debtors filed the Motion For An Order Pursuant To 11 U.S.C. § 1121(d) Extending The Time Periods During Which The Debtors Have The Exclusive Right To File A Plan And Solicit Acceptances Thereof [Docket No. 446], seeking to extend the time in which to file and solicit Chapter 11 plans for each of the Debtors by approximately three months.

4. On May 16, 2013, the Court entered the Order (I) Granting Debtors' Motion for An Order Pursuant To 11 U.S.C. § 1121(d) Extending The Time Periods During Which The Debtors Have The Exclusive Right To File A Plan And Solicit Acceptances Thereof and (II) Resolving The Motion Of Official Committee Of Unsecured Creditors For The Appointment Of A Chapter 11 Trustee [Docket No. 578] (the "**May Settlement Order**").

5. On July 30, 2013, the Debtors filed the Motion For An Order Pursuant To 11 U.S.C. § 1121(d) Further Extending The Time Periods During Which The Debtors Have The Exclusive Right To File A Plan And Solicit Acceptances Thereof [Docket No. 848], seeking an

additional three month extension of their time to file and solicit Chapter 11 plans for each of the Debtors.[2]

6. On August 29, 2013, the Court entered the Order Granting Debtors' Motion For An Order Pursuant To 11 U.S.C. § 1121(d) Further Extending The Time Periods During Which The Debtors Have The Exclusive Right To File A Plan And Solicit Acceptances Thereof [Docket No. 935].

7. On October 31, 2013, the Debtors filed the Motion For An Order Pursuant To 11 U.S.C. § 1121(d) Further Extending The Time Periods During Which The Debtors Have The Exclusive Right To File A Plan And Solicit Acceptances Thereof [Docket No. 1142], seeking another three month extension of their time to file and solicit Chapter 11 plans for each of the Debtors.

8. Because the Debtors waited to file the Motion until October 31, 2013, the hearing to consider the Motion has been scheduled for December 11, 2013 (the "**Hearing**").

## PRELIMINARY OBJECTION

9. These Chapter 11 cases are nearly a year old. Throughout this time, Spara and the other Debtors have enjoyed exclusivity pursuant to the Court's prior orders. Although creditors have patiently waited for the Debtors to file and pursue a plan for Spara's estate, no plan has has been forthcoming. Now, on the very last day of their second extended exclusive period, the Debtors have requested yet another three month extension (half of which they granted themselves by virtue of the local rules of the Court).

10. Because the Debtors have failed to take any action or make any progress in Spara's Chapter 11 case for a year, and have done nothing but pursue litigation against BFG

---

[2] Pursuant to the May Settlement Order and certain defaults by the Debtors thereunder, Revstone's exclusivity with respect to the Committee was terminated and the Committee thereafter filed a proposed Chapter 11 Plan for Revstone.

based on purported conduct with respect to a non-debtor subsidiary, Lexington, that will not, in even the most favorable circumstances, yield a recovery to Spara, BFG objects to any further extension of Spara's exclusive period to file a proposed Chapter 11 plan and solicit acceptances thereof.

## ARGUMENT

11. Except as may be terminated or extended by a court for cause, Bankruptcy Code section 1121 sets the period of time during which a debtor has the exclusive right to file a plan of reorganization and solicit acceptances thereof to 120 and 180 days, respectively. See 11 U.S.C. §§ 1121(b), (c). Although the Bankruptcy Code does not define "cause," bankruptcy courts have great latitude in deciding whether to terminate or extend exclusivity. See, e.g., In re Energy Conversion Devices, Inc., No. 12-43166, 2012 WL 2779036, at *2 (Bankr. E.D. Mich. June 11, 2012) (quoting In re Geriatrics Nursing Home, Inc., 187 B.R. 128, 132 (D.N.J. 1995) (interpreting the word "may" in Bankruptcy Code section 1121(d), coupled with the lack of definition for "cause," to confer upon the bankruptcy court great latitude in deciding whether to modify a debtor's exclusive period)); In re Sharon Steel Corp., 78 B.R. 762 (Bankr. W.D. Pa. 1987) (same).

12. Indeed, one of the fundamental purposes of Bankruptcy Code section 1121 is "to limit the delay that makes creditors the hostages of Chapter 11 debtors." United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.), 808 F.2d 363, 372 (5th Cir. 1987) (characterizing Bankruptcy Code section 1121 as "a congressional acknowledgement that creditors, whose money is invested in the enterprise no less than the debtor's, have a right to a say in the future of that enterprise"), aff'd, 484 U.S. 365 (1988); see also Century Glove, Inc. v. First Am. Bank of N.Y., 860 F.2d 94, 102 (3d Cir. 1988)

(discussing legislative history to Bankruptcy Code section 1121(d) and noting that "unlimited exclusivity gave a debtor 'undue bargaining leverage,' because it could use the threat of delay to force unfair concessions") (emphasis omitted).

13. Under Bankruptcy Code section 1121(d)(1), a court may extend a debtor's exclusive period for "cause" after notice and a hearing. "Cause" is undefined in the Bankruptcy Code, but courts have identified a number of non-exclusive factors that may be considered in determining whether an extension of exclusivity is warranted, including:

> (1) the size and complexity of the case; (2) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with its creditors; (7) the amount of time that has elapsed in the case; (8) whether the debtor is using exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an unresolved contingency exists.

See In re Adelphia Commc'ns Corp., 352 B.R. 578, 586–87 (Bankr. S.D.N.Y. 2006) (citing In re Dow Corning, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997) and explaining that while "cause" is not defined in the Bankruptcy Code, courts have developed a list of factors to inform the inquiry).

14. In this case, no cause exists to yet again further extend Spara's exclusive time to file and solicit a Chapter 11 plan. Spara's Chapter 11 case is not complex; it is a non-operating holding company whose only assets are direct and indirect equity interests in various subsidiaries. Further, Spara has taken no successful actions since commencing its Chapter 11 case nearly a year ago: Spara has been unable to obtain debtor in possession financing; Spara has not found any sources willing to provide exit financing; and Spara has not even attempted to propose a Chapter 11 plan. Although the Motion states that the Debtors have "[c]ontinued

efforts to investigate sources of potential DIP financing in the case of Spara, LLC," Motion at 9, to date the Debtors have not sought approval for any such financing.

15. Spara's only actions in the past year have been an investigation of BFG, and multiple attempts to seek discovery from BFG (the most recent of which this Court denied in large part). See Motion at 11-12. Spara has not made any progress in negotiating with its creditors, the largest of which are BFG and the Pension Benefit Guaranty Corporation (the "**PBGC**"). In fact, the PBGC asserts contingent and unliquidated claims for controlled group liability that, if matured, liquidated and enforceable, could dwarf any possibility of a recovery to unsecured creditors and the equity holder of Spara.

16. Moreover, the Debtors have abused the protections afforded by Rule 9006-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). Pursuant to Local Rule 9006-2, a bridge order is not required if a motion to extend the time to take an action is filed before such time expires. This rule is provided to alleviate the need for a series of temporary orders on ministerial matters and thereby reduce the administrative burdens of the Bankruptcy Court. It is not intended to allow a debtor to end-run the deadlines prescribed by the Bankruptcy Rules.

17. In this case, the Motion will not be heard until forty-one days following the expiration of the Debtors' existing exclusive period, nearly half of the requested extension of time. Due to the late date of the hearing and by virtue of Local Rule 9006-2, Spara has essentially granted itself a de facto extension without cause and parties in interest will therefore be deprived of any opportunity to participate and meaningfully object to the relief requested in

the Motion.[3] BFG files this Preliminary Objection more than 30 days prior to the Hearing in order to provide notice to the Debtors of BFG's objection.

18. Accordingly, BFG opposes any extension of time of the Debtors' exclusive period with respect to Spara. It is time to permit all parties in interest to pursue a plan of reorganization so that creditors may finally realize a recovery on their claims.

**RESERVATION OF RIGHTS**

19. BFG expressly reserves, and does not waive, its right to supplement this Preliminary Objection and to object to the Motion on any additional grounds governing law permits. Further, BFG expressly reserves, and does not waive, its right to seek discovery with respect to the Motion and to supplement this Preliminary Objection based on such discovery.

[3] Due to the number of entities involved, BFG would have sought to shorten notice on the Motion and opposes any extension of time for Spara. In an effort to avoid burdening the Court with such a request, however, BFG files this objection and seeks to minimize the length of the extension sought.

## CONCLUSION

WHEREFORE, Boston Finance Group, LLC respectfully requests, in light of this Preliminary Objection, that this Court deny the Motion and grant such other and further relief as this Court deems just and proper.

Dated: November 7, 2013
Wilmington, Delaware

**DLA PIPER LLP (US)**

/s/Gregg M. Galardi
Stuart M. Brown (DE 4050)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com

-and-

Gregg M. Galardi (DE 2991; NY 4535506)
Sarah E. Castle (NY 4932240)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: gregg.galardi@dlapiper.com
sarah.castle@dlapiper.com

*Counsel to Boston Finance Group, LLC*