UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| ) | |
| REVSTONE INDUSTRIES, LLC, *et al.*,[1] ) | Case No. 12-13262 (BLS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | **Ref. D.I. 1142** |
| ) | **Hearing Date: December 11, 2013 at 11:00 a.m. (ET)** |

**OBJECTION BY HILLSDALE HOURLY PENSION PLAN, HILLSDALE SALARIED PENSION PLAN, REVSTONE CASTINGS FAIRFIELD GMP LOCAL 359 PENSION PLAN, AND THE FOURSLIDES INC. PENSION PLAN TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING THE TIME PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF**

Hillsdale Hourly Pension Plan, Hillsdale Salaried Pension Plan, Revstone Castings Fairfield GMP Local 359 Pension Plan, and the Fourslides Inc. Pension Plan (collectively, the "**Plans**") submit this objection (the "**Objection**") to the *Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and Solicit Acceptances Thereof* [D.I. 1142] (the "**Third Extension Motion**").

## JURISDICTION

1.     This Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]     The Debtors in these chapter 11 cases are: Revstone Industries, LLC ("**Revstone**"), Spara, LLC ("**Spara**"), Greenwood Forgings, LLC ("**Greenwood**"), and U.S. Tool & Engineering, LLC ("**U.S. Tool**") (collectively, the "**Debtors**").

01:14557769.1

## BACKGROUND

2. Revstone and Spara filed petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on December 3, 2012. On January 7, 2013 Greenwood and U.S. Tool also filed Chapter 11 petitions in this Court. On February 6, 2013 the Court entered an *Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only.* [D.I. 173]. All of the Debtors' cases are now jointly administered.

3. On April 1, 2013, the Debtors filed the *Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and Solicit Acceptances Thereof* [D.I. 446] (the "**First Extension Motion**").

4. On May 5, 2013, Greenwood filed a motion seeking to sell certain of its assets under section 363 of the Bankruptcy Code [D.I. 558], the Court entered an order approving the sale on May 30, 2013 [D.I. 634], and the sale subsequently closed.

5. On May 16, 2013, the Court entered an order (the "**First Extension Order**") granting the First Extension Motion [D.I. 578]. The First Extension Order extended Debtors' exclusive right to file a plan to July 31, 2013 and exclusive right to solicit votes to September 30, 2013.

6. After Revstone breached certain milestones pursuant to a confidential settlement recognized in the First Extension Order, the Official Committee of Unsecured Creditors (the "**Committee**") filed on July 8, 2013 its *Disclosure Statement with Respect to Plan of Reorganization of the Official Committee of Unsecured Creditors* [D.I. 736], which attached a proposed plan of reorganization. On July 22, 2013, Revstone filed its *Chapter 11 Plan of Reorganization for Revstone Industries, LLC* and its *Disclosure Statement in Respect of Chapter 11 Plan of Reorganization for Revstone Industries, LLC* [D.I. 774-75]. While both plans were

later amended [D.I. 949, 984-85], neither plan has been confirmed, nor is either plan currently in a posture to be confirmed.

7. On July 22, 2013, a related entity, TPOP, LLC f/k/a Metavation, LLC ("**TPOP**"), also filed a petition for relief under Chapter 11 of the Bankruptcy Code. TPOP, LLC's Chapter 11 case is not jointly administered with the Debtors. Substantially all of TPOP's assets were sold pursuant to an order entered on August 30, 2013 [D.I. 216, Case No. 13-11831]. On November 18, 2013, the United States Trustee and the Pension Benefit Guaranty Corporation each filed a motion seeking to convert TPOP's Chapter 11 case to a Case under Chapter 7 of the Bankruptcy Code [D.I. 306-07, Case No. 13-11831].

8. On July 30, 2013, the Debtors filed their *Motion for an Order pursuant to 11 U.S.C. § 1121(d) Further Extending the Time Periods During Which the Debtors Have the Exclusive Right to File a Plan and Solicit Acceptances Thereof* [D.I. 848] (the "**Second Extension Motion**"). On August 29, 2013, the Court entered an Order (the "**Second Extension Order**") granting the Second Extension Motion [D.I. 935]. The Second Extension Order further extended Debtors' exclusive right to file a plan to October 31, 2013 and exclusive right to solicit votes to December 31, 2013.

9. On October 22, 2013, the Court filed a letter directed to Debtors' counsel in which it expressed, among other things, its concern regarding the direction of these cases and the need to quickly advance the cases to a resolution. *See* D.I. 1121. The Court also expressed concern with how the Debtors' estates could "carry the freight associated with contested confirmation of competing plans, and the ongoing impasse between the parties offers little hope for resolution" *See id.* Finally, the Court cited to the instructive case of *In re Marvel*

*Entertainment Group, Inc.*, 140 F.3d 463, 474 (3d Cir. 1998), where acrimony and deadlock between debtors and stakeholders warranted appointment of a chapter 11 trustee. *See id.*

10. On November 20, 2013, the Committee filed the *Motion of the Official Committee of Unsecured Creditors to (i) Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. §§ 1104(a)(1) and 1104(a)(2); or, Alternatively, (ii) Convert Case to Chapter 7 Pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(a)* [D.I. 1167].

11. On October 31, 2013, Debtors filed the Third Extension Motion seeking to extend Debtors' exclusive period to file a chapter 11 plan of reorganization (the "**Filing Period**") from October 31, 2013 to January 31, 2014, and to extend Debtors' exclusive period to solicit acceptances (the "**Solicitation Period**") (together with the Filing Period, the "**Exclusivity Periods**") to such a plan from December 31, 2013 to March 31, 2014.

## OBJECTION

12. As more fully set forth below, the Court should deny the Third Extension Motion because Debtors have not met their burden of establishing cause sufficient to warrant an extension and because allowing the Exclusivity Periods to expire will facilitate moving the cases toward a fair and equitable resolution.

**A.  The Third Extension Motion should be denied because the Debtors have not established cause.**

13. Debtors bear the burden of demonstrating the existence of good cause sufficient to warrant an extension of the Exclusivity Periods. *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007). Section 1121(d) "requires that an affirmative showing of cause, *supported by evidence*, be made by the party seeking the extension … of time." *Id.* (emphasis added); *see also Southwest Oil Co. of Jour-Danton, Inc.*, 84 B.R. 448, 451 (Bankr. W.D. Tex.

1987) (denying motion to extend because the debtors' *prima facie* case based on recitations and allegations in their motion to extend was ultimately unsupported by facts).

14. Extensions are disfavored under the law, and courts should not routinely grant them. *In re Southwest Oil*, 84 B.R. at 450. Congress has "expressly recognized the problems faced by creditors where a debtor unreasonably delays proposing a plan of reorganization." *Id.* (citing *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) (dictum) ("Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostage of Chapter 11 debtors.")).

15. The Third Extension Motion provides little evidence in support of the request for an additional extension of the Exclusivity Periods. Indeed, Debtors fail to meet one of the most important factors for establishing cause: showing significant progress towards formulation of a successful plan of reorganization.

16. "In virtually every case where an extension has been granted, the debtor has shown substantial progress has been made in formulating a plan during the first 120 days." *In re Southwest Oil*, 84 B.R. at 451 (examining cases); *see also In re Sharon Steel Corp.*, 78 B.R. 762, 765 (Bankr. W.D. Penn. 1987) (rejecting motion to extend because debtor failed to disclose "information which would indicate sufficient progress in its negotiations to justify an extension of the exclusivity period"). Along with substantial progress, a "granted extension should be based on a showing of some promise of probable success" for reorganization. Rep. of the Comm. on the Judiciary, U.S. Senate, to accompany S.226, S. Rep. No. 95-989, 95th Cong., 2d Sess., at 118 (1978); *see also In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643 (8th Cir. B.A.P. 2003).

17. Here, the Third Extension Motion neither demonstrates "substantial progress" toward negotiation of a successful plan nor provides a reasonable "promise of probable success." While Debtors have completed a sale of Greenwood's assets and proposed a plan for Revstone, Debtors have neither demonstrated substantial progress toward the negotiation of a successful plan nor facts that indicate probable success. Moreover, all of the parties acknowledge that the proposed plan of reorganization for Revstone is presently not confirmable. As these cases have been pending for a year, the time has come to move these cases forward by allowing competing plans, and thereby encourage meaningful negotiations. *See Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 102 (3d Cir. 1988) (explaining that Congress intended Section 1121(d) to prevent the exclusivity periods from lasting so long that debtors gained "'undue bargaining leverage' ... to force unfair concessions"). While the Plans were willing to provide Debtors more time to negotiate plans early last Fall, those negotiations appear to have stalled. As set forth below, the Plans believe negotiations would be promoted by allowing the Exclusivity Periods to expire.

**B.   Denying the Third Extension Motion will facilitate progress toward a fair and equitable resolution.**

18. Even assuming cause exists, the Court may nonetheless deny the Third Extension Motion. *In re Sharon Steel*, 78 B.R. at 763 (finding that Congress's use of the word "may" means that "the court *may* refuse to extend the exclusivity period even if there is a showing of cause") (emphasis in original). "[A] transcendent consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002).

19. The Court will best facilitate the progress of these cases by denying the Third Extension Motion and allowing all realistic options to be explored in competing proposals.

Denying the Third Extension Motion will not prevent the Debtors from moving forward with the current plan, which Debtors have already had ample time to do. *In re R.G. Pharmacy*, 374 B.R. 484.

20. Furthermore, rather than impede negotiations, denying the Third Extension Motion will facilitate negotiations among all interested parties. *See In re Mayo Newhall Mem'l Hosp.*, 282 B.R. at 452 (citing David G. Epstein, et al., *Bankruptcy* § 11-15 (1992)). Allowing competing plans to be filed by non-debtor parties will allow those parties who clearly have an interest in securing a successful and speedy resolution to these cases to share and solicit support for their best ideas for the Debtors' reorganization. This should ultimately allow the best possible plan to be adopted more quickly than if the Debtors remain in exclusive control. *See In re Sharon Steel*, 78 B.R. at 766 ("The leverage accorded to the debtor by the period of exclusivity must give way to the legitimate interests of other parties in interests so that progress toward an effective reorganization of the debtor may be enhanced before it is too late.").

21. For these reasons, the Third Extension Motion should be denied.

## CONCLUSION

WHEREFORE, the Plans respectfully request that the Court deny the Third Extension Motion.

Date: December 4, 2013
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/    Kenneth J. Enos
Joel A. Waite (No. 2925)
Kenneth J. Enos (No. 4544)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jwaite@ycst.com
Email: kenos@ycst.com

-AND-

Dennis J. Connolly, Esq.
*(admitted pro hac vice)*
Kevin M. Hembree, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: dennis.connolly@alston.com
Email: kevin.hembree@alston.com

*Counsel to Hillsdale Hourly Pension Plan, Hillsdale Salaried Pension Plan, Revstone Castings Fairfield GMP Local 359 Pension Plan and Fourslides Inc. Pension Plan*

01:14557769.1

8