IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: January 30, 2014 at 10:00 a.m.<br>Obj. Deadline: January 23, 2014 at 4:00 p.m.<br>Related Docket Nos.: 1250, 1251 |

**STATEMENT OF POSITION OF BOSTON FINANCE GROUP, LLC
WITH RESPECT TO (I) MOTION OF WERB & SULLIVAN TO
COMPEL DEBTOR TO COMPLY WITH THIS COURT'S ORDER
DATED MAY 28, 2013 APPROVING THE PAYMENT OF
PROFESSIONAL FEES [D.I. NO. 622] AND TO COMPEL IMMEDIATE
PAYMENT PURSUANT TO SAID ORDER, AND (II) MOTION OF
GELLERT SCALI BUSENKELL & BROWN, LLC TO COMPEL
DEBTOR TO COMPLY WITH ORDER DATED MAY 22, 2013
APPROVING THE PAYMENT OF PROFESSIONAL FEES [D.I. NO. 601]
AND TO COMPEL PAYMENT OF SAID FEES**

Boston Finance Group, LLC ("**BFG**"), by and through its undersigned counsel, hereby files this statement of position (the "**Statement**") with respect to (i) *Motion Of Werb & Sullivan To Compel Debtor To Comply With This Court's Order Dated May 28, 2013 Approving The Payment Of Professional Fees [D.I. No. 622] And To Compel Immediate Payment Pursuant To Said Order* [Docket No. 1250] and (ii) *Motion Of Gellert Scali Busenkell & Brown, LLC To Compel Debtor To Comply With Order Dated May 22, 2013 Approving The Payment Of Professional Fees [D.I. No. 601] And To Compel Payment Of Said Fees* [Docket No. 1251] (the "**Motions**"). In support of the Statement, BFG respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

1

EAST\68746672.2

2

**LIMITED BACKGROUND**

1. On December 3, 2012, Revstone Industries, LLC ("**Revstone**") and Spara, LLC ("**Spara**") each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). On January 7, 2013, Greenwood Forgings, LLC ("**Greenwood**") and US Tool & Engineering, LLC ("**US Tool**" and together with Revstone, Spara and Greenwood, the "**Debtors**") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. Werb & Sullivan ("**Werb**") and Gellert Scali Busenkell & Brown, LLC ("**Gellert**") initially acted as co-counsel to Greenwood and US Tool, with Pachulski Stang Ziehl & Jones LLP ("**Pachulski**") substituting in as counsel to Greenwood and US Tool as of January 28, 2013.

3. On April 25, 2013, Werb filed its First Monthly Fee Application Of Werb & Sullivan For Compensation For Services Rendered And Reimbursement Of Expenses As Counsel For Greenwood Forgings, LLC For The Period January 7, 2013 Through April 17, 2013 [Docket No. 530] (the "**Werb Fee Application**"). By order dated May 28, 2013, the Court approved the Werb Fee Application on an interim basis [Docket No. 622].

4. On April 25, 2013, Gellert filed its First Month Application Of Gellert Scali Busenkell & Brown LLC For Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses Incurred For The Period January 7, 2013 Through April 24, 2013 [Docket No. 529] (the "**Gellert Fee Application**"). By order dated May 22, 2013, the Court approved the Gellert Fee Application on an interim basis [Docket No. 601].

5. On May 30, 2013, the Court entered the Order (a) Approving Asset Purchase Agreement And Authorizing The Sale Of Assets Outside The Ordinary Course Of Business, (b)

Authorizing The Sale Of Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests Pursuant To Sections 363(b), (f) And (m) Of The Bankruptcy Code, And (c) Granting Related Relief [Docket No. 634] (the "**Greenwood Sale Order**"), pursuant to which the Court approved the sale of substantially all of the assets of Greenwood (the "**Greenwood Sale**").  As Greenwood's prepetition secured lender with security interests in the Greenwood Assets and certain cash collateral, BFG consented to the Greenwood Sale subject to certain conditions set forth in the Greenwood Sale Order.

6. On January 10, 2014, Werb and Gellert filed the Motions, seeking to compel payment of the fees and expenses set forth in the Werb Fee Application and Gellert Fee Application, respectively.

## STATEMENT OF POSITION

7. Pursuant to the Greenwood Sale Order, BFG agreed to permit the Greenwood estate to retain $575,000 out of the proceeds of the Greenwood Sale on account of the reasonable, necessary costs of preserving, or disposing of, the Greenwood Assets (as defined in the Greenwood Sale Order) pursuant to Bankruptcy Code section 506(c) (the "**Reserve**"). Specifically, the Greenwood Sale Order provides:

> The Bid Protections in the amount of $75,000 shall be paid promptly from the proceeds received by Greenwood.  The remainder of the proceeds of the sale (net of the Bid Protections) will be indefeasibly distributed to Boston Finance Group, LLC ("BFG"), provided that the sum of $575,000 out of the sale proceeds (a) shall be retained by, and made available to, the Greenwood estate with the consent of BFG, pursuant to section 506(c) of the Bankruptcy Code, on account of the reasonable, necessary costs of preserving, or disposing of, the Greenwood Assets for the benefit of BFG and (b) shall be distributed by Greenwood pursuant to a designation of costs to be prepared by Greenwood.  In consideration of the foregoing, BFG releases and relinquishes (a) any and all liens or security interests in any of the remaining assets of the Greenwood estate, including cash collateral; and (b) any and all administrative claims against the Greenwood estate, whether arising under the cash collateral orders entered in the Greenwood case or otherwise, including any superpriority or diminution in value claims.  BFG further

> agrees not to object to any professional fee applications filed in the Greenwood case. All rights of BFG to assert a non-priority unsecured deficiency claim against Greenwood are preserved, as are all rights of the Greenwood estate to object to any such claim. Greenwood agrees not to seek any further rights or claims against BFG arising under section 506(c) of the Bankruptcy Code or similar rights including those under sections 105 and 552(b) of the Bankruptcy Code, provided that any other claims or defenses of Greenwood against BFG are preserved, as are all defenses of BFG thereto.

Greenwood Sale Order at ¶ 22.

8.  Pursuant to the Sale Order, BFG waived its right to object to Professional Fees filed in the Greenwood case. Greenwood, however, retains the exclusive right to assert a surcharge under Bankruptcy Code section 506(c), a right to which fiduciary duties attach. Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 12 (2000) ("[T]he trustee is obliged to seek recovery under [section 506(c)] whenever his fiduciary duties so require."). Other parties in interest do not have standing to review or otherwise assert claims under Bankruptcy Code section 506(c). Greenwood retains this exclusive right.

9.  BFG understands that the funds in the Reserve have not been distributed on account of the reasonable, necessary costs of preserving or disposing of the Greenwood Assets. Moreover, to BFG's knowledge, Greenwood has not prepared the designation of costs for distribution of the Reserve as contemplated by the Sale Order.

10.  To the extent the fees requested by Werb and Gellert meet the standards of 506(c), the funds from the Reserve should be distributed to such firms immediately. The Reserve was established precisely for that reason. Accordingly, to the extent the Werb and Gellert fees meet the standards of Bankruptcy Code section 506(c), BFG supports the relief requested by the Motion.

**RESERVATION OF RIGHTS**

11. In consideration of establishing the Reserve, BFG released and relinquished its liens, including liens on cash collateral, waived its administrative claims against the Greenwood estate and waived the right to object to Professional Fee applications filed in the Greenwood case.[2] BFG maintained a lien on certain of Greenwood's cash, as well as the sale proceeds, but consented to the use of $575,000 as a surcharge against BFG's collateral under section 506(c). Indeed, as set forth in the Sale Order, the use of these funds for 506(c) claims was a quid pro quo for BFG's waivers. To the extent the Reserve is not used for the purpose of satisfying 506(c) claims, BFG did not receive the benefit for which it bargained under the Sale Order. If the funds are not used for the purpose to which BFG consented, to pay 506(c) claims, or additional funds remain after payment in full of all 506(c) claims ultimately allowed, the funds in the Reserve should be returned to BFG.

12. Accordingly, BFG expressly reserves and does not waive its right to seek return of unused funds remaining in the Reserve. To the extent Greenwood believes such return of funds is not required, BFG reserves the right to assert its liens and to seek allowance of any and all of its administrative expense claims against Greenwood.

13. BFG further expressly reserves, and does not waive, its right to supplement this Statement, to object to or support the Motions and to seek discovery in connection therewith on any grounds governing law permits.

---

[2] To date, Werb and Gellert are the only professionals to have filed fee applications in the Greenwood Chapter 11 case. Greenwood's substitute counsel, Pachulski, has sought fees only in the Revstone Chapter 11 case.

**CONCLUSION**

WHEREFORE, Boston Finance Group, LLC respectfully requests, subject to the limitations set forth above, that this Court grant the Motions and such other and further relief as it deems just and proper.

Dated: January 23, 2014
       Wilmington, Delaware

**DLA PIPER LLP (US)**

/s/Gregg M. Galardi
Stuart M. Brown (DE 4050)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com

-and-

Gregg M. Galardi (DE 2991; NY 4535506)
Sarah E. Castle (NY 4932240)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: gregg.galardi@dlapiper.com
       sarah.castle@dlapiper.com

*Counsel to Boston Finance Group, LLC*