IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTOR'S EQUITY INTEREST IN REVSTONE WALLACEBURG CANADA, INC. OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) APPROVING PAYMENT OF A BREAK-UP FEE; AND (D) GRANTING RELATED RELIEF

Upon consideration of *Debtor's Motion for Order (A) Approving Bid Procedures for the Sale of the Debtor's Equity Interest in Revstone Wallaceburg Canada, Inc. Outside the Ordinary Course of Business; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee; and (D) Granting Related Relief* [Docket No. ___] (the "Motion")[2] filed by Revstone Industries, LLC (the "Debtor") for the entry of an order (the "Bidding Procedures Order" or this "Order"), inter alia, (i) approving the proposed auction and bidding procedures (the "Bidding Procedures") for the sale of the Debtor's equity interest in Revstone Wallaceburg Canada, Inc.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for the Debtors is 230 N. Limestone St., Ste. 100, Lexington, KY 40507.

[2] Capitalized terms used but not defined, herein shall have the same meanings ascribed to them in the Motion or in the Agreement, as applicable.

(the "Shares"); (ii) scheduling an auction (the "Auction") and sale hearing (the "Sale Hearing") to consider the sale and approve the form and manner of notice related thereto; (ii) approving the proposed bid protections, including, without limitation, the break-up fee (the "Break-Up Fee") to Zynik Capital Corporation (the "Stalking Horse Bidder") in accordance with that certain *Share Purchase Agreement* dated March 13, 2014 (the "Agreement"), for the purchase of the Shares; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

**FOUND AND DETERMINED THAT:**

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought in the Motion are Bankruptcy Code Sections 105, 363, 365, and 503[3] and Bankruptcy Rules 2002, 6004, and 6006. Venue for these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Notice of the Motion, the proposed entry of the Bidding Procedures Order, the Bidding Procedures, the Auction, and the hearing on the Motion (the "Bidding Procedures Hearing") has been provided as set forth in the Motion. The Debtor's notice of the Motion, the

---

[3] All section references herein shall be to title 11 of the United States Code, unless otherwise indicated.

proposed entry of the Bidding Procedures Order, the Bidding Procedures, the Auction, and the Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004, and 6006, and no other or further notice of, or hearing on, the Motion or this Bidding Procedures Order is required.

C.   The Debtor's proposed notices of sale procedures, auction date and sale hearing and of the Successful Bidder (such notice to be filed pursuant to paragraph 11 below) are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each of the foregoing.

D.   The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**, and as set forth in the Motion and as approved by this Order below, are fair, reasonable, and appropriate and are designed to maximize the value of the Debtor's estate.

E.   The Debtor has demonstrated a compelling and sound business justification for approving the payment of the Break-Up Fee under the circumstances and timing set forth in the Motion and the Agreement.

F.   The Debtor's granting of bid protections to the Stalking Horse Bidder is (a) an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of section 503(b) of the Bankruptcy Code, (b) of substantial benefit to the Debtor's estate, (c) effectively compensates the Stalking Horse Bidder for its efforts and expenditure of human and monetary capital necessary to drive the entire auction process, and (d) fair, reasonable and appropriate, in light of, among other things, (i) the size and nature of the proposed sale of the

Shares, (ii) the substantial efforts that have been expended by the Stalking Horse Bidder, and (iii) the benefits the Stalking Horse Bidder has provided to the Debtor's estate and creditors and all parties-in-interest herein.

G.     The Debtor has (i) articulated good and sufficient reasons to this Court to grant the relief requested in the Motion and the Agreement, and (ii) demonstrated sound business justifications to support such relief.

H.     Entry of this Bidding Procedures Order is in the best interests of the Debtor and its estate and creditors, and all other parties-in-interest. It is therefore:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is hereby GRANTED as set forth herein, and further the Bidding Procedures, including references to the Agreement, are hereby APPROVED, and fully incorporated into this Bidding Procedures Order, and shall apply with respect to the proposed sale of the Shares contemplated by the Motion. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

2.     All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced at the hearing on the Motion, or resolved by stipulation signed by the Debtor and filed with this Court, are overruled on their merits.

**I.     AUCTION AND BIDDING PROCEDURES**

3.     The Debtor is authorized to conduct an auction (the "<u>Auction</u>") with respect to the Shares. The Auction, if any, shall be conducted at the offices of Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899 (the

"Auction Site") at 10:00 a.m. (prevailing Eastern time) on June __, 2014 (the "Auction Date"), or at such other place and time or later date as the Debtor shall notify those bidders whose bids are deemed to be Qualified Bids and who expressed their intent to participate in the Auction as set forth in the Bidding Procedures. The Debtor is authorized, subject to the terms of this Bidding Procedures Order, to take all actions necessary, in the discretion of the Debtor, to conduct and implement such Auction.

4. The Debtor may (i) select, in its business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (ii) reject any bid that, in the Debtor's business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Bidding Procedures, or (c) not in the best interests of the Debtor and its estate, creditors, interest holders or parties-in-interest.

5. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

6. Subject to the terms of the Agreement, the Stalking Horse Bidder is deemed to be a Qualified Bidder, and the Stalking Horse Bidder's bid for the Shares is deemed a Qualified Bid. In the event there are no other Qualifying Bids, the Debtor shall accept the Stalking Horse Bid as the Successful Bid, subject to the terms of the Agreement.

## II. THE BIDDING PROTECTIONS

7. Pursuant to sections 105, 363, 503, and 507 of the Bankruptcy Code, the Debtor is hereby authorized to pay the Break-Up Fee pursuant to the terms and conditions set forth in the Agreement and the Bidding Procedures.

8. The Break-Up Fee is hereby approved and shall, if payable, be paid to the Stalking Horse Bidder as and to the extent set forth in the Agreement.

## III. ADDITIONAL NOTICE PROVISIONS

9. Within three (3) business days after the entry of this Bidding Procedures Order (the "Mailing Date"), the Debtor (or its agents) shall serve the Sale and Bid Procedures Notice, substantially in the form attached hereto as **Exhibit 2**, which form is hereby approved, by first-class mail, postage prepaid, upon (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors Revstone Industries, LLC; (c) all parties who are known by the Debtor to assert liens with respect to the Shares; (d) all entities who executed non-disclosure agreements with the Debtor in connection with a potential acquisition of any or all of the Shares or who otherwise have expressed to the Debtor an interest in purchasing the Shares or whom the Debtor believes may have an interest in bidding; (e) the Stalking Horse Bidder and its counsel; and (f) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure.

10. By the Mailing Date, or as soon thereafter as practicable, the Debtor (or its agents) shall serve by first-class mail, postage prepaid, a sale notice, substantially in the form

attached hereto as **Exhibit 3** (the "Creditor Notice"), which form is hereby approved, upon all other known creditors of the Debtor.

      11.    As soon as reasonably practicable after the Auction or, if there are no Qualified Bids other than the Stalking Horse Bidder's bid, within three (3) days after the Bid Deadline, the Debtor shall file with this Court a notice of the Successful Bidder, which identifies the Successful Bidder.

### IV.    ADDITIONAL PROVISIONS

      12.    The Debtor is authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

      13.    The Stalking Horse Reimbursement is hereby approved and shall, if payable, be paid to the Stalking Horse Bidder as and to the extent set forth in Section 6.9(g) of the Agreement.

      14.    A Sale Hearing to approve the sale of the Shares to any Successful Bidder shall be held at ___:__0__ .m. (prevailing Eastern time) on _____, 2014, in each case unless otherwise continued by the Debtor in accordance with the Bidding Procedures.

      15.    Objections, if any, to the Sale and the Sale Motion must be filed on or before 4:00 p.m. (prevailing Eastern time) on _____, 2014 (the "Sale Objection Deadline") and served on (i) the Debtor, Revstone Industries, LLC c/o Huron Consulting Group, 900 Wilshire Drive, Suite 270, Troy, Michigan, Attn: Laura Marcero; (iii) Debtor's counsel, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor,

Wilmington, Delaware 19899, Attn: Laura Davis Jones, Esq., ljones@pszjlaw.com, and Pachulski Stang Ziehl & Jones LLP, 150 California St., 15th Floor, San Francisco, California, 94111, Attn: David Bertenthal, Esq., dbertenthal@pszjlaw.com; (iv) counsel to the Stalking Horse Bidder, Simburg Ketter Sheppard & Purdy, LLP, 999 Third Avenue; Suite 2525, Seattle, Washington 98104, Attn: Andrew D. Shafer, Esq.; (v) counsel to the Official Committee of Unsecured Creditors of Revstone Industries, LLC: Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attn: Mark L. Desgrosseilliers, mdesgrosseilliers@wcsr.com; and (vi) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane Leamy, Esq., Jane.M.Leamy@usdoj.gov.

16. This Bidding Procedures Order shall be binding on the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor. Certain provisions of this Bidding Procedures Order that relate to bid protections shall inure to the benefit of the Stalking Horse Bidder and its affiliates, successors and assigns to the extent provided for by the Agreement.

17. This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Break-Up Fee, the Agreement, the Bidding Procedures, and the implementation of this Bidding Procedures Order.

20. In any event of a conflict among this Bidding Procedures Order, the Bidding Procedures and the Agreement, this Bidding Procedures Order shall govern.

Date:_____, 2014

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Bidding Procedures

DOCS_DE:192735.1 73864/001

# EXHIBIT 2

## Sale and Bid Procedures Notice

# EXHIBIT 3

## Creditor Notice

DOCS_DE:192735.1 73864/001