# Exhibit B

**Proposed Form of Sale Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) APPROVING SHARE PURCHASE AGREEMENT
AND AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE
OF BUSINESS; (II) AUTHORIZING THE SALE OF ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND
OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS
105, 363(b), 363(f) AND 363(m); AND (III) GRANTING RELATED RELIEF**

Upon the *Debtor's Motion for Order (A) Approving Share Purchase Agreement and Authorizing the Sale of Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) and 363(m); and (C) Granting Related Relief* (Docket No. ____) (the "Sale Motion")[2] filed by Revstone Industries, LLC (the "Debtor") for the entry of an order (the "Order"), *inter alia*, (i) approving the sale of substantially all of the Debtor's equity interest (the "Shares") in Revstone Wallaceburg Canada, Inc. ("RWCI"), free and clear of all Liens, Claims, interests and encumbrances (other than Permitted Liens and/or except as otherwise provided in the Agreement (as defined below)); (ii) approving the Debtor's entry into the Agreement with the Purchaser (as defined below) and

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 2250 Thunderstick Dr., Suite 1203, Lexington, KY 40505.

[2] Capitalized terms used, but not defined, herein shall have the meaning ascribed to them in the Sale Motion or in the Agreement, as applicable.

authorizing the Debtor to consummate the sale contemplated thereby; after holding a hearing on May 15, 2014 (the "Bidding Procedures Hearing"), the Court having entered an order dated May ___, 2014 (the "Bidding Procedures Order") [Docket No. ____], authorizing the Debtor to solicit and consider offers for the Shares and conduct an auction ("Auction") in accordance with the terms and conditions of the Bidding Procedures and approving, *inter alia*, (i) the Bidding Procedures; (ii) the form and manner of notice of the Auction and Sale Hearing (defined below); and the Court having conducted a hearing on the Sale Motion on June ___, 2014 (the "Sale Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding the Agreement; and the Court having reviewed and considered the Sale Motion, and the arguments of counsel made, and the evidence adduced, at the Bidding Procedures Hearing and the Sale Hearing; and upon the record of the Bidding Procedures Hearing and the Sale Hearing and this chapter 11 case and proceeding, and after due deliberation thereon, and good cause appearing therefor; it is hereby **FOUND AND DETERMINED THAT**:

    A.    **Findings and Conclusions**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    B.    **Jurisdiction and Venue**. The Court has jurisdiction over the Sale Motion and the sale pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  **Statutory Predicates**. The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code sections 105, 362, and 363, Bankruptcy Rules 2002, 6004, 6006 and 9014, and Local Rule 6004-1.

D.  **Notice**. Proper, timely, adequate, and sufficient notice of the Sale Motion, including, without limitation, the sale contemplated under the Agreement (the "Sale"), the Auction, the Sale Hearing, or of the entry of this Order have been provided in accordance with sections 102(1), and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007, and Local Rule 6004-1, and in compliance with the Bidding Procedures Order. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Sale Motion, including, without limitation, the Sale, the Auction, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

E.  **Opportunity to Object**. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

F.  **Title to the Shares**. The Shares constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

G.  **Business Justification**. The Debtor has demonstrated a sufficient basis and compelling circumstances requiring it to enter into the Agreement, and sell the Shares under section 363 of the Bankruptcy Code. Such action is an appropriate exercise of the Debtor's business judgment and in the best interests of the Debtor, its estate, their creditors and all other parties in interest. Such business reasons include, but are not limited to, the fact that (i) the Agreement constitutes the highest or otherwise best offer for the Shares; (ii) the Agreement and the Closing (as defined in the Agreement) will present the best opportunity to realize the value of

the Debtor's interest in RWCI; and (iii) unless the Sale is concluded expeditiously as provided for in the Sale Motion and pursuant to the Agreement, potential creditor recoveries may be substantially diminished. Entry of an order approving the Agreement and all provisions thereof is a necessary condition precedent to the Purchaser consummating the transaction.

H.   **Opportunity to Bid**. The Debtor and its professionals marketed the Shares and conducted the marketing and sale process as set forth in the Sale Motion and in accordance with the Bidding Procedures Order. The Auction process set forth in the Bidding Procedures Order and the Bidding Procedures afforded a full and fair opportunity for any entity to make a higher or otherwise better offer to purchase the Shares. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Shares.

I.   Zynik Capital Corporation (the "Purchaser") submitted the highest or otherwise best offer for the Shares, and the Purchaser is the Successful Bidder for the Shares in accordance with the Bid Procedures Order.

J.   **Highest or Otherwise Best Offer**. The total consideration provided by the Purchaser for the Shares is the highest or otherwise best offer received by the Debtor.

K.   **Good Faith Purchaser**. The Share Purchase Agreement with the Purchaser (the "Agreement") and the Sale contemplated thereby have been negotiated by the Debtor and the Purchaser in good faith, at arm's length and without collusion or fraud. The terms and conditions of the Agreement and the Sale, including the total consideration to be realized by the Debtor pursuant to the Agreement, are fair and reasonable, and the Sale are in the best interest of the Debtor, its creditors, and its estate. The Purchaser is a "good faith purchaser" of the Shares, entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code

with respect to the Sale and assignment of the Shares. The terms defined in the Agreement are incorporated by reference in this Order.

L.    The Agreement was not controlled by an agreement between potential or actual bidders within the meaning of Bankruptcy Code section 363(n). The Debtor and the Purchaser have not engaged in any conduct that would cause or permit the Agreement to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. The Purchaser is entitled to all the protections and immunities of section 363(n) of the Bankruptcy Code.

M.    The Purchaser will be acting in good faith in consummating the Sale at any time on or after entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d). The Purchaser is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

N.    **Corporate Power and Authority**. Subject to entry of this Order, the Debtor and the Purchaser have full corporate power and authority to execute and deliver the Agreement and to perform all of their respective obligations thereunder, and the Sale and assignment of the Shares has been duly and validly authorized by all corporate authority necessary to consummate the Sale. No consents or approvals, other than as expressly provided for in the Agreement and the entry of this Order, are required by the Debtor to consummate the Sale.

O.    **Free and Clear**. The Sale and assignment of the Shares to the Purchaser will be, as of the Closing, a legal, valid and effective transfer of such assets, and each such transfer and assignment vests or will vest the Purchaser with all right, title and interest of the Debtor to the Shares free and clear of all Liens, Claims (as defined in section 101(5) of the

5

Bankruptcy Code), interests and encumbrances (other than Assumed Liabilities and Permitted Liens and/or except as otherwise provided in the Agreement) (collectively, "Liens, Claims and Encumbrance") with any Liens, Claims and Encumbrances to attach to the consideration to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as of the Closing. The Purchaser would not enter into the Agreement to acquire the Shares if the Sale of the Shares were not free and clear of all Liens, Claims and Encumbrances, or if the Purchaser would, or in the future could, be liable for any such Liens, Claims and Encumbrances. A sale of the Shares other than one free and clear of all Liens, Claims and Encumbrances would adversely impact the Debtor's estate, and would likely yield substantially less value for the Debtor's estate, with less certainty than the Sale. Therefore, the Sale contemplated by the Agreement is in the best interests of the Debtor, its estate and creditors, and all other parties in interest.

P.  **Satisfaction of 363(f) Standards**. The Debtor may sell and assign the Shares free and clear of all Liens, Claims and Encumbrances, because, with respect to each creditor asserting a Lien, Claim and Encumbrance one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied. Those holders of Liens, Claims and Encumbrances who did not object or who withdrew their objections to the Sale Motion, the Sale or any Notice of Assignment and Cure are deemed to have consented to the Sale Motion and sale and assignment of the Shares to the Purchaser pursuant to Bankruptcy Code section 363(f)(2). Those holders of Liens, Claims and Encumbrances who did object fall within one or more of the other subsections of Bankruptcy Code section 363(f) and are adequately protected by having their Liens, Claims and Encumbrances, if any, attach to the proceeds of the sale ultimately attributable to the Shares in which such holders allege a Lien, Claim and Encumbrance, in the

same order of priority, with the same validity, force and effect that such holder had prior to the Sale, and subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

Q. The Sale contemplated under the Agreement does not amount to a consolidation, merger or de facto merger of the Purchaser and the Debtor and/or the Debtor's estate; there is not substantial continuity between the Purchaser and the Debtor; there is no common identity between the Debtor and the Purchaser; there is no continuity of enterprise between the Debtor and the Purchaser, the Purchaser is not a mere continuation of the Debtor or its estate; and the Purchaser does not constitute a successor to the Debtor or its estate. Except as provided by the terms of the Agreement, the Purchaser and its affiliates and their respective successors, assigns, members, partners, principals, and shareholders (or equivalent) shall have no obligations with respect to any liabilities of the Debtor, subject to the terms of the Agreement.

R. **No Fraudulent Transfer**. The Sale is not for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtor nor the Purchaser are or will be entering into the Agreement fraudulently.

S. **Fair Consideration**. The consideration for the Sale constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code), and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The Agreement represents a fair and reasonable offer to purchase the Shares and assume or acquire liabilities under the circumstances of the Debtor's case. Approval of the Agreement (as to the Debtor and

its assets) and the consummation of the sale is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest.

T. **Compliance with Bankruptcy Code.** The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation Bankruptcy Code sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale as of the effective date of assignment.

U. **Sale Not a Sub Rosa Plan.** The Sale and assignment of the Shares outside of a plan of reorganization pursuant to the Agreement neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor. The Sale does not constitute a sub rosa chapter 11 plan.

V. **Time is of the Essence.** Time is of the essence in consummating the Sale. In order to maximize the value of the Debtor's assets, it is essential that the Sale and assignment of the Shares occur within the time constraints set forth in the Agreement. Specifically, the Sale must be approved and consummated promptly in order to preserve the viability of the Debtor's equity interest in RWCI and to maximize the value to the Debtor, its estate, its creditors, and all other parties in interest. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

W. The Sale contemplated by the Agreement (as it relates to the Debtor and its equity interest in RWCI) are in the best interests of the Debtor and its estate, creditors, interest holders and all other parties in interest herein; and it is therefor,

**ORDERED, ADJUDGED AND DECREED THAT:**

1. **Relief Granted.** The relief requested in the Sale Motion is granted in its entirety.

2.   **Objections Overruled**.  All objections and responses to the Sale Motion, this Order, or the relief granted herein that have not been overruled, withdrawn, waived, settled, or otherwise resolved, are hereby overruled and denied on the merits with prejudice.

3.   **Notice**.  Notice of the Sale Motion, including without limitation, the sale set forth in the Agreement, the Auction, the Sale Hearing, and the Sale was fair and equitable under the circumstances and complied in all respects with section 102(1), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006, and 9007 and Local Rule 6004-1.

4.   **Prior Findings of Fact and Conclusions of Law**.  The Court's findings of fact and conclusions of law in the Bidding Procedures Order, including the record of the Bidding Procedures Hearing, are incorporated herein by reference.

5.   **Approval**.  The Agreement and the Sale are hereby approved and authorized in all respects, and the Debtor is hereby authorized and empowered to enter into, and to perform its obligations under, the Agreement and to execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the Agreement.

6.   **Good Faith Purchaser**.  The Purchaser is a good faith purchaser of the Shares and is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code.  Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under the Agreement or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur, any sale, transfer or assignment shall

be governed in all respects by the original provisions of this Order or the Agreement, as the case may be.

7.  **Section 363(n) of the Bankruptcy Code**. The Sale approved by this Order is not subject to avoidance or any recovery or damages pursuant to section 363(n) of the Bankruptcy Code.

8.  **Authorization of Performance by the Debtor**. The Debtor and its managers, officers, employees, agents, and representatives are authorized to fully perform under, consummate, and implement the terms of the Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Order, and the Sale, including, without limitation, deeds, assignments and other instruments of transfer, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession any or all of the Shares, as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Agreement, without any further corporate action or orders of the Court.

9.  The Purchaser and the Debtor shall have no obligation to proceed with the Closing until all conditions precedent to their respective obligations to do so have been met, satisfied or waived.

10. **Allocation by the Purchaser**. To the extent provided in the Agreement, the Purchaser is hereby authorized in connection with the consummation of the Sale to allocate the Shares among its affiliates, designees, assignees, and/or successors in a manner as it in its sole discretion deems appropriate and to assign, sublease, sublicense, transfer or otherwise dispose of any of the Shares or the rights under contracts to its affiliates, designees, assignees, and/or

successors with all of the rights and protections accorded under this Order and the Agreement, and the Debtor shall reasonably cooperate with and take all actions reasonably requested by the Purchaser to effectuate any of the foregoing.

11.     **Valid Transfer**. Effective as of the Closing (a) the sale and assignment of the Shares by the Debtor to the Purchaser shall constitute a legal, valid and effective transfer of the Shares notwithstanding any requirement for approval or consent by any person and vests the Purchaser with all right, title and interest of the Debtor in and to the Shares, free and clear of all Liens, Claims and Encumbrances, pursuant to section 363(f) of the Bankruptcy Code.

12.     **Free and Clear**. Upon the Closing, the Debtor shall be, and hereby is, authorized and empowered, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell and assign the Shares to the Purchaser. The Sale and assignment of the Shares to the Purchaser vests the Purchaser with all right, title and interest of the Debtor to the Shares free and clear of any and all Liens, Claims and Encumbrances, with all such Liens, Claims and Encumbrances to attach only to the proceeds of the Sale and assignment of the Shares with the same priority, validity, force, and effect as they now have in or against the Shares. The Sale Motion shall be deemed to provide sufficient notice as to the sale and assignment of the Shares free and clear of all Liens, Claims and Encumbrances in accordance with Local Rule 6004-1. Following the Closing, no holder of any Lien, Claim and Encumbrance on the Shares may interfere with the Purchaser's use and enjoyment of the Shares based on or related to such Lien, Claim and Encumbrance, and no interested party may take any action to prevent, interfere with or otherwise enjoin consummation of the Sale.

13.     The provisions of this Order authorizing the Sale and assignment of the Shares free and clear of Liens, Claims and Encumbrances shall be self-executing, and neither the Debtor

11

nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.

14. **Direction to Creditors**. On the Closing Date (as defined in the Agreement), each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Liens, Claims and Encumbrances in the Shares, if any, as such Liens, Claims and Encumbrances may otherwise exist.

15. **Direction to Surrender Possession or Control**. All persons or entities, currently or on or after the Closing Date, in possession or control of some or all of the Shares are directed to surrender possession or control of the Shares to the Purchaser on the Closing Date or at such time thereafter as the Purchaser may request.

16. **Transfer of Title and Interests**. All of the Debtor's interests in the Shares to be acquired by the Purchaser under the Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Purchaser. Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Shares acquired by the Purchaser under the Agreement and/or a bill of sale or assignment transferring indefeasible title and interest in the Shares, to the Purchaser.

17. Without limiting the effect or scope of the foregoing, except as otherwise provided in the Agreement, as of the Closing Date, the Purchaser and its affiliates and their respective successors, assigns, members, partners, principals and shareholders (or equivalent) shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto*

12

merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the Shares prior to the Closing.

18. Nothing in this Order or the Agreement releases, nullifies, precludes, or enjoins the enforcement of any environmental liability to a governmental unit that any entity would be subject to as the owner or operator of property after the date of entry of this Order. Nothing in this Order or the Agreement authorizes the transfer or assignment to Purchaser of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without Purchaser's complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

19. **Injunction**. Except to the extent expressly intended to enforce the Agreement, all persons and entities, including, but not limited to, the Debtor, employees, former employees, all debt security holders, administrative agencies, governmental tax and regulatory authorities, secretaries of state, federal, state and local officials, lenders, contract parties, bidders, lessors, warehousemen, customs brokers, freight forwarders, carriers, and other parties in possession of any of the Shares at any time, trade creditors and all other creditors, holding Liens, Claims and Encumbrances of any kind or nature whatsoever against or in the Debtor or in the Debtor's interests in the Shares (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor,

the Shares, the Sale, or the transfer of the Shares to the Purchaser, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting, commencing, continuing, or otherwise pursuing such Lien, Claim and Encumbrance, in any manner, in any action, claim, or other proceeding of any kind, directly or indirectly, against the Purchaser, or any affiliates, successors or assigns thereof, their property or the Shares on account of the purchase of the Shares. Following the Closing Date, no holder of a Lien, Claim or Encumbrance shall interfere with the Purchaser's title to or use and enjoyment of the Shares based on or related to such Lien, Claim and Encumbrance. For the avoidance of doubt, none of the foregoing shall prevent the Debtor, its estate, and their respective successors or assigns from pursuing claims, if any, against the Purchaser and/or its successors and assigns for any breach of the Agreement to the extent permitted thereby.

20. Except as provided in the Agreement, the Purchaser has not assumed and is not otherwise obligated for any of the Debtor's liabilities. Consequently, all persons, Governmental Units (as defined in section 101(27) of the Bankruptcy Code) and all holders of Liens, Claims and Encumbrances, based upon or arising out of liabilities retained by the Debtor, are hereby enjoined from taking any action against the Purchaser or the Shares, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens, Claims and Encumbrances or on account of any liabilities of the Debtor. All persons holding or asserting any Lien, Claim and Encumbrance on the Shares on account of liabilities of the Debtor are hereby enjoined from asserting or prosecuting such Liens, Claims and Encumbrances or cause of action against the Purchaser or the Shares for any such liability.

21. **No Bulk Sales**. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale and the Sale.

22. **Broker's Fees**. The Debtor is authorized and directed to utilize a portion of the proceeds of the Sale to satisfy in full the fees and expenses of its investment bankers, Stout Risius Ross, Inc., to the extent allowed by separate order of this Court.

23. **Amendments**. Subject to the terms of the Agreement, the Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtor and the Purchaser, without further action or order of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the Agreement and any related agreements. Any material modification, amendment, or supplement to the Agreement must be approved by Order of the Court following a motion on notice to all interested parties.

24. **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtor, and the Purchaser that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

25. **Binding Order**. This Order and the Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Debtor and the Purchaser, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in a chapter 7 case if this case is converted from chapter 11, all creditors of the Debtor (whether known or unknown), all non-Debtor parties to any contracts, filing agents, filing officers, title agents, recording agencies, governmental departments, secretaries of state, federal, state and local officials, and all

other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Shares. The Agreement and Sale shall not be subject to rejection or avoidance under any circumstances. This Order and the Agreement shall inure to the benefit of the Debtor, its estate, its creditors, the Purchaser and their respective successors and assigns.

26. **No Stay of Order**. Notwithstanding Bankruptcy Rules 6004 and 6006, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Time is of the essence in closing the Sale referenced herein, and the Debtor and the Purchaser intend to close the Sale as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

27. **Lift of Automatic Stay**. If and to the extent that section 362 may be applicable to a particular action in connection with the Agreement and Sale, the automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court, to allow the Purchaser to deliver any notice provided for in the Agreement and allow the Purchaser to take any and all actions permitted under the Agreement in accordance with the terms and conditions thereof.

28. **Retention of Jurisdiction**. The Court shall retain jurisdiction to (a) interpret, implement and enforce the terms and provisions of this Order, the Bidding Procedures Order, and the Agreement, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, in all respects, (b) to decide any disputes concerning this Order and the Agreement, or the rights and duties of the parties

hereunder or thereunder or any issues relating to the Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Shares, and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Liens, Claims and Encumbrances.

29.     **Subsequent Plan Provisions**. Nothing contained in any chapter 11 plan confirmed in the Debtor's chapter 11 case or any order confirming any such plan or any other order in the chapter 11 case of the Debtor (including any order entered after any conversion of the Debtor's case into a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with or derogate from, the provisions of the Agreement or this Order.

30.     **Further Assurances**. From time to time, as and when requested by any party to the Agreement, and subject to the terms of such Agreement, each such party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale, including, such actions as may be necessary to vest, perfect or confirm, or record or otherwise, in the Purchaser its right, title, and interest in and to the Shares.

31.     **Governing Terms**. To the extent this Order is inconsistent with any prior order or pleading in these chapter 11 cases, the terms of this Order shall govern. To the extent there is any inconsistency with between the terms of this Order and the terms of the Agreement (including all ancillary documents executed in connection therewith), the terms of the Order shall govern.

Dated: Wilmington, Delaware
_____, 2014

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE