IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 1322** |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TPOP, LLC,[2] | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | **Related Docket No. 402** |
| | ) | |
| | | Hearing: May 9, 2014 at 9:30 a.m. ET |

**NOTICE OF MODIFICATIONS TO SETTLEMENT AGREEMENT
WITH PENSION BENEFIT GUARANTY CORPORATION PURSUANT TO
GLOBAL RESOLUTION TERM SHEET BETWEEN DEBTORS, OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, BOSTON FINANCE
GROUP, LLC, AND PENSION BENEFIT GUARANTY CORPORATION**

**PLEASE TAKE NOTICE** that, on February 14, 2014, Debtors Revstone Industries, LLC ("Revstone"), Spara, LLC ("Spara"), Greenwood Forgings, LLC ("Greenwood"), US Tool & Engineering, LLC ("US Tool"), and TPOP, LLC ("TPOP"), debtors and debtors in possession in the above captioned proceedings (collectively, the "Debtors"), filed the following: (a) *Motion of Revstone Industries, LLC, et al. for Order Pursuant to 11 U.S.C. §§ 105 & 363 and Bankruptcy Rule 9019 Authorizing and Approving Settlement Agreement With*

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for the Debtors is 230 N. Limestone St., Ste. 100, Lexington, KY 40507.

[2] The Debtor in this chapter 11 case is TPOP, LLC f/k/a Metavation, LLC and the last four digits of the Debtor's federal tax identification numbers is 5884. The location of the Debtor's headquarters is 230 N. Limestone St., Ste. 100, Lexington, KY 40507.

*Pension Benefit Guaranty Corporation* [Docket No. 1322 (Revstone)], and (b) *Motion of TPOP, LLC for Order Pursuant to 11 U.S.C. §§ 105 & 363 and Bankruptcy Rule 9019 Authorizing and Approving Settlement Agreement With Pension Benefit Guaranty Corporation* [Docket No. 402 (TPOP)] (together, the "Motions").[3] By the Motions, the Debtors sought approval of the *Settlement Agreement* dated as of February 11, 2014 (the "PBGC Settlement Agreement"), by and among (i) the Debtors, (ii) certain of Revstone and Spara's non-debtor subsidiaries, and (iii) the Pension Benefit Guaranty Corporation (the "PBGC").

**PLEASE TAKE FURTHER NOTICE** that the following parties have objected to the Motions and the PBGC Settlement Agreement: (a) the Official Committee of Unsecured Creditors in Revstone's case (the "Committee") [Docket No. 421 (TPOP), 1378 (Revstone)], (b) Boston Finance Group, LLC ("BFG") [Docket Nos. 420 (TPOP), 1334, 1377 (Revstone)], (c) Revstone's and Spara's parent, Ascalon Enterprises, LLC ("Ascalon") [Docket No. 1375] (Revstone)], and (d) General Motors LLC ("GM") [Docket No. 1440 (Revstone)].

**PLEASE TAKE FURTHER NOTICE** that, in resolution of the objections of the Committee and BFG to the Motions,[4] the following parties have executed a *Global Resolution Term Sheet* (the "Term Sheet") that modifies the pending PBGC Settlement Agreement: (a) the Debtors, (b) the Committee, (c) BFG, and (d) the PBGC (the "Term Sheet Parties"). A copy of the Term Sheet, along with a Consensual Resolution Terms Chart, is attached hereto as **Exhibit 1**.[5] The Term Sheet Parties have also agreed to modify the PBGC

---

[3] Capitalized terms not defined herein shall have the meanings set forth in the Motions.
[4] The PBGC and BFG are members of the Committee.
[5] The Term Sheet is subject to the execution of definitive documentation.

Settlement Agreement in accordance with the modified Funding Schedule attached to Consensual Resolution Terms Chart.[6] To date, the objections of GM and Ascalon to the Motions have not been resolved and remain pending.

**PLEASE TAKE FURTHER NOTICE** that, under the terms of the Term Sheet, the Consensual Resolution Terms Chart, and the modified Funding Schedule: (a) the principal pending litigation in the Debtors' cases will be resolved, (b) the PBGC Settlement Agreement will be approved, as modified, and (c) the Debtors will have a definite exit strategy through a chapter 11 plan or plans. The Term Sheet, the Consensual Resolution Terms Chart, and the modified Funding Schedule provide for enhanced creditor recoveries beyond those contemplated by the original PBGC Settlement Agreement, while at the same time addressing BFG's claims through a combination of claim allowance and distribution of certain available assets at non-Debtor subsidiary levels.[7] Pending approval of the Term Sheet as a modification to the PBGC Settlement Agreement, all litigation amongst the Term Sheet Parties shall cease.

**PLEASE TAKE FURTHER NOTICE** that the material terms of the Term Sheet, the Consensual Resolution Terms Chart, and the modified Funding Schedule are as follows:

- Although the PBGC will continue to have an allowed general unsecured, non-priority claim against the Debtors and its domestic affiliates in the amount of $95 million pursuant to the PBGC Settlement Agreement, the PBGC's projected recovery will be reduced from $82 million to $77 million, and the PBGC's

---

[6] The modified Funding Schedule has been redacted consistent with the redactions that had been made to the original Funding Schedule attached to the PBGC Settlement Agreement filed with the Motions.

[7] Except as specifically modified by the Term Sheet and modified Funding Schedule, the PBGC Settlement Agreement remains in full force and effect, subject to approval by this Court.

3

minimum recovery will be reduced from $80 million to $75 million, allowing an additional $5 million of proceeds to be made available to the estates' other creditor constituents.

- The PBGC has agreed to a carve-out of $3 million from the non-Debtors' sale proceeds otherwise payable to the PBGC under the PBGC Settlement Agreement in order to provide an up-front recovery under a chapter 11 plan to Revstone's general unsecured creditors, other than BFG.

- The PBGC has agreed that the first $2 million of litigation proceeds otherwise payable to the PBGC under the PBGC Settlement Agreement will be distributed to the Revstone estate under a chapter 11 plan for the benefit of administrative claimants ($1.5 million) and general unsecured creditors ($500,000), other than BFG.

- Within two (2) business days following entry of an order approving the PBGC Settlement Agreement, as modified by the Term Sheet, BFG will be paid the sum of $7.3 million out of existing Revstone subsidiary sale escrows otherwise attributable to the PBGC under the PBGC Settlement Agreement. Such payment will be in full and final resolution of all claims of BFG against Spara, except as noted below.

- BFG will have an allowed administrative expense claim against Spara in the amount of $500,000 and an allowed administrative expense claim against Revstone in the amount of $700,000, which claims will be payable upon the effective date of a chapter 11 plan.

- BFG will have an allowed general unsecured claim against Revstone in the amount of $8.5 million. Such claim will not be payable out of the $3 million PBGC carve-out of non-Debtor sale proceeds addressed above or the $2 million of initial PBGC litigation proceeds addressed above.

- The Term Sheet Parties have agreed to certain professional fee reductions, reserves, governance provisions, both before and following the effective date of a chapter 11 plan or plans, and various other terms, including release and exculpation provisions, that are customarily included within a plan, each of which will be incorporated as part of the Debtors' plan confirmation process.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Motions and the PBGC Settlement Agreement, as modified by the Term Sheet, the Consensual Resolution Terms Chart, and the modified Funding Schedule, will commence on **May 9, 2014, at 9:30 a.m. prevailing Eastern time** (the "Settlement Hearing") before the Honorable Brendan

L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801. The Settlement Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to seek approval of the PBGC Settlement Agreement, as modified by the Term Sheet, the Consensual Resolution Terms Chart, the modified Funding Schedule, and the documentation contemplated thereby, at the Settlement Hearing.

Dated: May 1, 2014

PACHULSKI STANG ZIEHL & JONES LLP

/s/Laura Davis Jones
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        mlitvak@pszjlaw.com
        crobinson@pszjlaw.com

Counsel to Debtors and Debtors in Possession