IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, *et al.*,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 1322, 1477** |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TPOP, LLC,[2] | ) | Case No. 13-11831 (BLS) |
| | ) | |
| Debtor. | ) | **Related Docket No. 402, 471** |
| | ) | |

ORDER PURSUANT TO 11 U.S.C. §§ 105 & 363 AND
BANKRUPTCY RULE 9019 AUTHORIZING AND APPROVING
SETTLEMENT AGREEMENT, AS MODIFIED,
WITH PENSION BENEFIT GUARANTY CORPORATION

This matter came before the Court on the motions of Revstone Industries, LLC, Spara, LLC, Greenwood Forgings, LLC, US Tool & Engineering LLC, and TPOP, LLC, debtors and debtors in possession in the above captioned proceedings (collectively, the "Debtors") for an order pursuant to sections 105 and 363 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the *Settlement Agreement* dated as of February 11, 2014 (the "Settlement Agreement"), as modified by the *Global Resolution Term Sheet* that includes and incorporates the *Consensual Resolution Terms to Global Resolution Term Sheet* and the *Modified Funding*

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for the Debtors is 230 N. Limestone St., Ste. 100, Lexington, KY 40507.

[2] The Debtor in this chapter 11 case is TPOP, LLC f/k/a Metavation, LLC and the last four digits of the Debtor's federal tax identification numbers is 5884. The location of the Debtor's headquarters is 230 N. Limestone St., Ste. 100, Lexington, KY 40507.

*Schedule* attached thereto as exhibits (collectively, the "Term Sheet"), executed by the Debtors, the Official Committee of Unsecured Creditors of Revstone Industries, LLC (the "Committee"), the Pension Benefit Guaranty Corporation (the "PBGC") and Boston Finance Group, LLC ("BFG") and filed on May 1, 2014 [Revstone Docket No. 1477, TPOP Docket No. 471] (together, the "Motions"),[3] and upon the record of the hearing, and all the proceedings had before this Court; and any and all objections to the Motions, as modified hereby, having been withdrawn or overruled; and this Court having found and determined that the relief sought in the Motions, as modified hereby, and its legal and factual bases establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that the Motions, as modified hereby, are granted; and it is further

ORDERED that the Settlement Agreement, as modified, is hereby approved pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 as to the Debtors; and it is further

ORDERED that the Debtors are authorized to consummate the Settlement Agreement, as modified, and to take any and all actions reasonably required thereunder; and it is further

ORDERED that the Debtors are authorized, if deemed necessary in the Debtors' discretion and consistent with the provisions of the Term Sheet, to execute any and all documents necessary to consummate the purpose of the Term Sheet, including, but not limited to, a definitive modification agreement; and it is further

ORDERED that this Order is effective immediately; and it is further

ORDERED that nothing in this Order or the Settlement Agreement, as modified, affects, impairs, or modifies any rights, claims, defenses, liens, or interests of General Motors LLC

---

[3] Capitalized terms not defined herein shall have the meaning set forth in the Motion.

("GM") and Chrysler Group, LLC ("Chrysler"), which rights are separate and not joint, on the one hand or the Debtors and their affiliates, on the other hand, including without limitation, all asserted liens and security interests arising under or referenced in the Final Financing Order, the Automotive Sale Transactions Support Agreement, or GM's and/or Chrysler's asserted interest in the Sale Proceeds Account (as each such capitalized term is defined in GM's Limited Objection [Revstone Docket No. 1440, TPOP Docket No. 458]) or any defense or claims with respect thereto. All such rights are retained and preserved. This Order does not authorize or affect the use of cash collateral of any Debtor in which GM or Chrysler has an interest, or the sale, lease, or other disposition of property of any Debtor's estate in which GM or Chrysler has a lien or security interest. Moreover, this Order does not approve any transactions contemplated by the Settlement Agreement, as modified, as it relates to any non-Debtors.

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: May 9, 2014
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE