IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | ) | Case No. 12-13262 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 1456** |

**DECLARATION OF MICHAEL D. BENSON IN SUPPORT OF DEBTOR'S MOTION
FOR ORDER: (A) APPROVING BID PROCEDURES
FOR THE SALE OF THE DEBTOR'S EQUITY INTEREST IN REVSTONE
WALLACEBURG CANADA, INC. OUTSIDE THE ORDINARY COURSE OF
BUSINESS; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE
SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED
THERETO; (C) APPROVING PAYMENT OF
A BREAK-UP FEE; AND (E) GRANTING RELATED RELIEF**

I, Michael D. Benson, being duly sworn, state the following under penalty of perjury.

1. I am a Managing Director of Stout Risius Ross Advisors, LLC ("SRRA"). I am duly authorized to make this declaration (the "Declaration") on behalf of SRRA, and submit this Declaration in support of *Debtor's Motion for Order (A) Approving Bid Procedures for the Sale of the Debtor's Equity Interest in Revstone Wallaceburg Canada, Inc.; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Approving Payment of a Break-Up Fee; and (D) Granting Related Relief* (the "Bidding Procedures Motion") [Docket No. 1456]. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for the Debtors is 230 N. Limestone St., Ste. 100, Lexington, KY 40507.

DOCS_DE:193229.1 73864-001

2. SRRA is acting as the investment banker for the marketing and sale of the equity interests (the "Shares") of Revstone Industries, LLC ("Revstone" or the "Debtor") in Revstone Wallaceburg Canada Inc. ("RWC").

3. RWC is a holding company with essentially no assets except it is the owner and holder of all of the outstanding equity interests (the "Aarkel Stock") in AarKel Tool and Die Inc. ("Aarkel"). In turn, all of the equity interests in RWC (the "RWC Stock") are owned and held by Revstone.

4. On September 23, 2013, SRRA's parent firm, Stout Risius Ross, Inc. ("SRR"), was engaged to act as the exclusive financial advisor and investment banker for the marketing and sale of the assets of or equity interests in Aarkel. SRR formally commenced the process to market RWCI's equity interest in Aarkel and the assets of Aarkel in September 2013. Marketing materials, including an executive summary ("Teaser") and a Confidential Informational Memorandum (the "CIM") were prepared, an on-line data site with company-specific information and key diligence materials was created, and potential buyers were identified. Approximately two-hundred eighty nine (289) industry participants, strategic and financial investors, and other potential buyers were contacted by SRR, with the approval and input of the Debtor's and Aarkel's management.

5. SRR distributed approximately two-hundred sixty (260) Teasers. Approximately sixty-five (65) parties returned executed confidentiality agreements and were provided with the CIM. By November 15, 2013, Revstone and Aarkel had received thirteen (13) non-binding expressions of interest, and subsequently Revstone and Aarkel negotiated with certain of the interested parties. Based on various factors, the original list was reduced to nine (9) potential bidders who were then given access to the data site. Five (5) of these bidders

submitted letters of intent. The Debtor ultimately focused on a potential transaction with one of the parties that had submitted a letter of intent.

6. On December 18, 2013, the Stalking Horse Bidder submitted to the Debtor a non-binding letter of intent ("LOI"). After extensive review and consideration, the Debtor selected Zynik Capital Corporation's (the "Stalking Horse Bidder") offer as set forth in its LOI as the best alternative for Revstone to maximize its equity interest in RWCI and indirect interest, through RWC, in Aarkel, and proceeded to negotiate with the Stalking Horse Bidder the terms and conditions of a definitive share purchase agreement. After extensive negotiations, Revstone, RWC and Aarkel entered into a Stock Purchase Agreement with the Stalking Horse Bidder, which is attached as Exhibit A to the *Debtor's Motion for Order (A) Approving Share Purchase Agreement and Authorizing the Sale of the Debtor's Equity Interest in Revstone Wallaceburg Canada, Inc. Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f) And 363(m); and (C) Granting Related Relief* (the "Sale Motion").

7. While the marketing and sale process prior to the filings of the Sale Motion and Bidding Procedures Motion was thorough as described above, after those filings the Debtor has separately provided notice thereof to all parties that the Debtor believes may be potentially interested in acquiring the Shares (and, indirectly, ownership of Aarkel). SRRA has also contacted all interested parties that previously submitted letters of intent to confirm whether or not they intend to participate in the sale process as contemplated by the bidding procedures.

8. Following the filing of the Bidding Procedures Motion, SRRA has been in contact with at least six (6) parties (other than the Stalking Horse Bidder) about the possibility of

submitting formal bids and participating in an auction. Certain of these interested parties have requested and been granted further access to the data site. SRRA remains in contact with the other interested parties. Representatives of SRRA and the Debtor plan to continue to solicit further interest in the sale process and to respond to inquiries from prospective buyers through the bid submission deadline.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 13, 2014   By: _____
Michael D. Benson
Managing Director
Stout Risius Ross Advisors, LLC