## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | Case No. 12-13262 (BLS) |
| Debtors. | Jointly Administered |
| In re: | Chapter 11 |
| TPOP, LLC,[2] | Case No. 13-11831 (BLS) |
| Debtor. | |

## DEBTORS' FIRST OMNIBUS OBJECTION (SUBSTANTIVE)
## SEEKING TO RECLASSIFY CLAIMS

**CREDITORS RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE ATTACHED EXHIBIT.**

**YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

The above-captioned debtors (collectively, the "Debtors") hereby object, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Practice and Procedure of this Court (the "Local Bankruptcy Rules"), and seek the entry of an order reclassifying certain claims that improperly assert priority under the Bankruptcy Code. In support of this Objection, the Debtors (a) submit and incorporate herein by reference

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is 6019 Atwood #1, Richmond, KY 40475.

[2] The Debtor in this chapter 11 case is TPOP, LLC, f/k/a Metavation, LLC, and the last four digits of its federal tax identification numbers are 5884. The location of the Debtor's headquarters is 6019 Atwood # 1, Richmond, KY 40475.

the Declaration of James M. Lukenda (the "Lukenda Declaration"), attached hereto as Exhibit A;

and (b) respectfully represent as follows:

## Background of Revstone Jointly Administered Cases

1.      On December 3, 2012, Debtors Revstone Industries, LLC ("Revstone")

and Spara, LLC ("Spara") commenced their cases by filing voluntary petitions for relief under

chapter 11 of the Bankruptcy Code (the "Revstone/Spara Petition Date").  On January 7, 2013,

Debtors Greenwood Forgings, LLC ("Greenwood") and US Tool and Engineering, LLC ("US

Tool") commenced their cases by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code (the "Greenwood/US Tool Petition Date" and collectively, with the

Revstone/Spara Petition Date, the "Revstone Debtors' Petition Dates").  Revstone, Spara,

Greenwood and US Tool (the "Revstone Debtors") have continued in the possession of their

property and have continued to operate and manage their business as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On December 18, 2012 the United States Trustee appointed an Official

Committee of Unsecured Creditors (the "Revstone Committee") in the cases of Revstone

Industries, LLC.  No committee has been appointed in the cases of Spara, Greenwood and US

Tool.  No trustee or examiner has been appointed in any of the Revstone Debtors' chapter 11

cases.

3.      The Revstone Debtors and their affiliates (collectively referred to herein as

the "Company") were premier designers and manufacturers of highly engineered components for

automotive and other industrial sectors focusing on case and formed metals, tooling, and high-

performance products and processes.  The Company was also a premier designer, manufacturer

and supplier of components for the global aerospace, energy, military, defense and transportation

industries.  Certain affiliates specialized in thermoform plastics, forging, casting, fabricating and molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

4.      The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012 and incorporated herein by reference.

5.      On January 10, 2013, Spara filed its statements of financial affairs and schedules of assets and liabilities with the Court (the "Spara Schedules").  On January 16, 2013, Revstone filed its statements of financial affairs and schedules of assets and liabilities with the Court (the "Revstone Schedules").  The statutory meeting of creditors under 11 U.S.C. § 341 for Revstone was conducted on January 29, 2013.  The statutory meeting of creditors under 11 U.S.C. § 341 for Spara was conducted on February 14, 2013.

6.      On March 13, 2013, Greenwood and US Tool filed their statements of financial affairs and schedules of assets and liabilities with the Court (the "Greenwood/US Tool Schedules").  The statutory meeting of creditors under 11 U.S.C. § 341 for Greenwood and US Tool was conducted on May 15, 2013.

7.      On April 23, 2013, the Court entered an Order (the "Revstone Bar Date Order") in fixing certain bar dates  in accordance with Bankruptcy Rule 3003(c) fixing deadlines for filing claims against the Revstone Debtors including: (a) June 28, 2013, as the last day for the filing of proofs of claim against the Revstone Debtors arising prior to December 3, 2012 for Debtors Revstone and Spara or January 7, 2013 for Debtors Greenwood and US Tool;  (b) July 8, 2013, as the last day for all governmental units, as defined in section 101(27) of the

-3-

Bankruptcy Code, to assert claims arising before the Revstone Debtors' Petition Dates; and (c)

June 28, 2013, as the last day for all parties asserting administrative expenses against the

Revstone Debtors' estates (i) arising between the Revstone Debtors' Petition Dates and May 31,

2013 (but excluding claims for fees and expenses of professionals retained in these proceedings

and members of the Revstone Committee in this case) and (ii) whenever arising under Section

503(b)(9) of the Bankruptcy Code, to file a request for payment of such administrative expense.

### Background of TPOP Case

8.      On July 22, 2013 (the "TPOP Petition Date"), Metavation, LLC (n/k/a

TPOP, LLC and referred to herein as "TPOP") commenced its case by filing a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  TPOP continues in the possession of its

property and has continued to operate and manage its business as a debtor in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been

appointed in TPOP's chapter 11 case.  No creditors' committee has been appointed in the TPOP

chapter 11 case.

9.      The factual background relating to the commencement of the chapter 11

case of TPOP is set forth in detail in the *Declaration of John C. DiDonato in Support of*

*Metavation, LLC Petition and First Day Motions* (the "DiDonato Declaration") filed on the

Petition Date.

10.      On July 24, 2013, TPOP filed its statements of financial affairs and

schedules of assets and liabilities with the Court (the "TPOP Schedules").  The statutory meeting

of creditors under 11 U.S.C. § 341 for TPOP was conducted on September 10, 2013.

11.      On October 17, 2013, the Court entered an Order (the "TPOP Bar Date

Order") in the TPOP case in accordance with Bankruptcy Rule 3003(c) fixing deadlines for filing

-4-

claims against TPOP including (a) December 17, 2013, at 4:00 p.m. prevailing Eastern time as

the last day for the filing of proofs of claim for all claims against TPOP arising prior to the TPOP

Petition Date; (b) January 20, 2014, at 4:00 p.m. prevailing Eastern time as the last day for all

governmental units, as defined in section 101(27) of the Bankruptcy Code, to assert claims

arising before the TPOP Petition Date; and (c) December 17, 2013, at 4:00 p.m. prevailing

Eastern time as the last day for all parties asserting administrative expenses against the TPOP

estate (i) arising between the TPOP Petition Date and November 30, 2013 (but excluding claims

for fees and expenses of professionals retained in these proceedings) and (ii) whenever arising

under Section 503(b)(9) of the Bankruptcy Code, to file a request for payment of such

administrative expense.

### Jurisdiction

12.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

13.    Pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy

Rule 3007 and Local Bankruptcy Rule 3007-1, the Debtors seek the entry of an order,

substantially in the proposed form attached hereto as Exhibit B (the "Proposed Order"),

reclassifying each proof of claim identified on Exhibit A to the Proposed Order[3] (collectively,

the "Improperly Classified Claims") to the classification specified in the column labeled

"Modified Claim Amount" on Exhibit A to the Proposed Order, because the Debtors have

determined that the holders of the Improperly Classified Claims (the "Claimants") asserted them

---

[3]    Exhibit A to the Proposed Order is incorporated herein by reference.

improperly as being entitled to administrative, secured or priority status in whole or in part under the Bankruptcy Code.

### Request to Reclassify the Improperly Classified Claims

14.    The Debtors have determined that there is no basis for the asserted classification of each of the Improperly Classified Claims in whole or in part.  As set forth in the Lukenda Declaration, based on the Debtors' review of the Improperly Classified Claims and the applicable books and records, and the Debtors' analysis of the alleged underlying liabilities, the Debtors have determined that each of the Improperly Classified Claims is classified improperly, in whole or in part.  Specifically, the underlying liabilities of the Improperly Classified Claims do not meet the criteria for the asserted status under the applicable provisions of the Bankruptcy Code and/or nonbankruptcy law, as explained further in the column labeled "Reason for Modification" on Exhibit A to the Proposed Order.  Accordingly, the Debtors seek to reclassify the Improperly Classified Claims as set forth in the column labeled "Modified Claim Amount" on Exhibit A to the Proposed Order.

15.    If the Improperly Classified Claims are not reclassified as requested herein and are not otherwise reduced or disallowed on their merits, the Claimants holding these claims will receive either a disproportionately large distribution from the Debtors' estates or other treatment that is inconsistent with the correct classification of their claims.  This result would be in contravention of the provisions and policies of the Bankruptcy Code and would directly and adversely impact the Debtors' estates, the interests of other creditors of the Debtors' estates and the Debtors' ability to successfully implement a chapter 11 plan.  For the foregoing reasons, the Debtors request that the Court reclassify each of the Improperly Classified Claims.

DOCS_DE:193290.2 73864/001

## Reservation of Rights

16.    To the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors reserve the right to object further to each of the Improperly Classified Claims on any and all additional factual or legal grounds.

## Certification Under Local Rule 3007-1

17.    Pursuant to Local Bankruptcy Rule 3007-1, the Debtors and their undersigned counsel certify that this Objection substantially complies with Local Bankruptcy Rule 3007-1. To the limited extent that this Objection might not comply strictly with any requirement of Local Bankruptcy Rule 3007-1 or of Bankruptcy Rule 3007, the Debtors and their counsel respectfully submit that any deviation is immaterial and, on that basis, request that the Court waive the applicable requirement.

## Notice

18.    Notice of this Objection shall be provided to: (a) the U.S. Trustee, (b) counsel to the Revstone Committee, (c) all entities that have requested notice pursuant to Bankruptcy Rule 2002 and (d) the Claimants. The Debtors respectfully submit that no further notice of this Objection is required.

WHEREFORE, the Debtors respectfully request that the Court:  (a) enter the

Proposed Order granting the relief requested herein and (b) grant such other and further relief to

the Debtors as the Court may deem proper.

Dated:    May 23, 2014                PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@ pszjlaw.com
      dbertenthal@ pszjlaw.com
      tcairns@pszjlaw.com
      crobinson@pszjlaw.com


Counsel for the Debtors and Debtors in Possession

DOCS_DE:193290.2 73864/001