## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | Case No. 12-13262 (BLS) |
| Debtors. | Jointly Administered |
| In re: | Chapter 11 |
| TPOP, LLC,[2] | Case No. 13-11831 (BLS) |
| Debtor. | |

## DEBTORS' THIRD OMNIBUS OBJECTION (SUBSTANTIVE) SEEKING TO DISALLOW CERTAIN CLAIMS OF EMPLOYEES

**CREDITORS RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE ATTACHED EXHIBIT.**

**YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

The above-captioned debtors (collectively, the "Debtors") hereby object, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Practice and Procedure of this Court (the "Local Bankruptcy Rules"), and seek the entry of an order disallowing certain claims by employees, former employees, managers and officers of the Debtors -- for insufficient documentation in support of such claims, for improperly

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool and Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each of the Debtors is Revstone Industries, LLC, et al. c/o Huron Consulting Group Inc., 900 Wilshire Drive, Suite 270, Troy, MI 48084, Attn: John C. DiDonato, Chief Restructuring Officer.

[2] The Debtor in this chapter 11 case is TPOP, LLC, f/k/a Metavation, LLC, and the last four digits of its federal tax identification numbers are 5884. The location of the Debtor's headquarters is TPOP, LLC f/k/a Metavation, LLC, c/o Huron Consulting Group Inc., 900 Wilshire Drive, Suite 270, Troy, MI 48084, Attn: John C. DiDonato, Chief Restructuring Officer.

calculated wages or expenses, for claims with no liability, and for various claims that should have been properly asserted against a non-Debtor affiliate -- on the basis that such claims do not correspond to the information contained in the Debtors' books and records.  In support of this Objection, the Debtors (a) submit and incorporate herein by reference the Declaration of James M. Lukenda (the "Lukenda Declaration"), attached hereto as Exhibit A; and (b) respectfully represent as follows:

### Background of Revstone Jointly Administered Cases

1.      On December 3, 2012, Debtors Revstone Industries, LLC ("Revstone") and Spara, LLC ("Spara") commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Revstone/Spara Petition Date").  On January 7, 2013, Debtors Greenwood Forgings, LLC ("Greenwood") and US Tool and Engineering, LLC ("US Tool") commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Greenwood/US Tool Petition Date" and collectively, with the Revstone/Spara Petition Date, the "Revstone Debtors' Petition Dates").  Revstone, Spara, Greenwood and US Tool (the "Revstone Debtors") have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On December 18, 2012 the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Revstone Committee") in the cases of Revstone Industries, LLC.  No committee has been appointed in the cases of Spara, Greenwood and US Tool.  No trustee or examiner has been appointed in any of the Revstone Debtors' chapter 11 cases.

-2-

3.      The Revstone Debtors and their affiliates (collectively referred to herein as the "Company") were premier designers and manufacturers of highly engineered components for automotive and other industrial sectors focusing on case and formed metals, tooling, and high-performance products and processes.  The Company was also a premier designer, manufacturer and supplier of components for the global aerospace, energy, military, defense and transportation industries.  Certain affiliates specialized in thermoform plastics, forging, casting, fabricating and molding of various types of ferrous and non-ferrous metals, as well as the performance of precision machining and fabrication.

4.      The factual background relating to the commencement of the chapter 11 case of Revstone Industries, LLC is set forth in detail in the *Declaration of Jay N. Brown in Support of First Day Pleadings* (the "Brown Declaration") filed on December 3, 2012 and incorporated herein by reference.

5.      On January 16, 2013, Revstone and Spara filed their statements of financial affairs and schedules of assets and liabilities with the Court (the "Revstone/Spara Schedules").  The statutory meeting of creditors under 11 U.S.C. § 341 for Revstone and Spara was conducted on January 29, 2013 and February 14, 2013.

6.      On March 13, 2013, Greenwood and US Tool filed their statements of financial affairs and schedules of assets and liabilities with the Court (the "Greenwood/US Tool Schedules").  The statutory meeting of creditors under 11 U.S.C. § 341 for Greenwood and US Tool was conducted on February 14, 2013.

7.      On April 23, 2013, the Court entered an Order (the "Revstone Bar Date Order") in fixing certain bar dates  in accordance with Bankruptcy Rule 3003(c) fixing deadlines for filing claims against the Revstone Debtors including: (a) June 28, 2013, as the last day for the

DOCS_DE:193351.3 73864/001

filing of proofs of claim against the Revstone Debtors arising prior to December 3, 2012 for

Debtors Revstone and Spara or January 7, 2013 for Debtors Greenwood and US Tool;  (b) July

8, 2013, as the last day for all governmental units, as defined in section 101(27) of the

Bankruptcy Code, to assert claims arising before the Revstone Debtors' Petition Dates; and (c)

June 28, 2013, as the last day for all parties asserting administrative expenses against the

Revstone Debtors' estates (i) arising between the Revstone Debtors' Petition Dates and May 31,

2013 (but excluding claims for fees and expenses of professionals retained in these proceedings

and members of the Revstone Committee in this case) and (ii) whenever arising under Section

503(b)(9) of the Bankruptcy Code, to file a request for payment of such administrative expense.

### Background of TPOP Case

8.      On July 22, 2013 (the "TPOP Petition Date"), Metavation, LLC (n/k/a

TPOP, LLC and referred to herein as "TPOP") commenced its case by filing a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  TPOP continues in the possession of its

property and has continued to operate and manage its business as a debtor in possession pursuant

to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been

appointed in TPOP's chapter 11 case.  No creditors' committee has been appointed in the TPOP

chapter 11 case.

9.      The factual background relating to the commencement of the chapter 11

case of TPOP is set forth in detail in the *Declaration of John C. DiDonato in Support of*

*Metavation, LLC Petition and First Day Motions* (the "DiDonato Declaration") filed on the

Petition Date.

-4-

10.     On July 24, 2013, TPOP filed its statements of financial affairs and schedules of assets and liabilities with the Court (the "TPOP Schedules").  The statutory meeting of creditors under 11 U.S.C. § 341 for TPOP was conducted on September 10, 2013.

11.     On October 17, 2013, the Court entered an Order (the "TPOP Bar Date Order") in the TPOP case in accordance with Bankruptcy Rule 3003(c) fixing deadlines for filing claims against TPOP including (a) December 17, 2013, at 4:00 p.m. prevailing Eastern time as the last day for the filing of proofs of claim for all claims against TPOP arising prior to the TPOP Petition Date; (b) January 20, 2014, at 4:00 p.m. prevailing Eastern time as the last day for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to assert claims arising before the TPOP Petition Date; and (c) December 17, 2013, at 4:00 p.m. prevailing Eastern time as the last day for all parties asserting administrative expenses against the TPOP estate (i) arising between the TPOP Petition Date and November 30, 2013 (but excluding claims for fees and expenses of professionals retained in these proceedings) and (ii) whenever arising under Section 503(b)(9) of the Bankruptcy Code, to file a request for payment of such administrative expense.

## Jurisdiction

12.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

13.     Pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Bankruptcy Rule 3007-1, the Debtors seek the entry of an order, substantially in the proposed form attached hereto as Exhibit B (the "Proposed Order"),

DOCS_DE:193351.3 73864/001

disallowing each claim identified on Exhibit A to the Proposed Order[3] (collectively,

the "Employee Claims") because the Debtors have determined, after review of their books and

records, that the holders of the Employee Claims (the "Claimants") asserted such claims

improperly in whole or in part under the Bankruptcy Code.

### Request to Disallow the Employee Claims

14.     The Debtors have determined that there is no basis for each of the

Employee Claims in whole or in part.  As set forth in the Lukenda Declaration, based on the

Debtors' review of the Employee Claims and the applicable books and records, and the Debtors'

analysis of the alleged underlying liabilities, the Debtors have determined that each of the

Employee Claims presents a request from payment of one of the Debtors that does not meet the

criteria for the asserted status under the applicable provisions of the Bankruptcy Code and/or

nonbankruptcy law, as explained further in the column labeled "Reason for Disallowance" on

Exhibit A to the Proposed Order.  Accordingly, the Debtors seek to disallow the Employee

Claims as set forth on Exhibit A to the Proposed Order.  Specifically, the Debtors seek to

disallow each of the Employee Claims for one or more of the following reasons:

   a.     **The Claim Fails to Provide Supporting Documentation.**  Several claims seek payment of wages and/or expense reimbursement without presenting necessary documentation to permit the Debtors to evaluate the claim.

   b.     **The Claim Seeks Payment of a Liability of a Non-Debtor Affiliate.** Certain claims seek payment of outstanding liabilities incurred by the Debtors' affiliates, and support such claims by attaching contracts that clearly present the intention of the claimant to enter into an agreement with the non-Debtor affiliate rather than one of the Debtors.  No guaranty, indemnity or other explanation is provided by the claimant to explain the alleged liability of the Debtors for these claims.

   c.     **The Claim Improperly Seeks Payment of Amounts in Addition to the Employees Salary.**  Numerous employees seek payment due to a

---

[3]     Exhibit A to the Proposed Order is incorporated herein by reference.

DOCS_DE:193351.3 73864/001

reduction of their salary which occurred after the Petition Date. Shortly after the chapter 11 cases were filed, the Chief Restructuring Officer approved and enforced a reduction in salary for all officers of the Debtors to reduce costs to the estate. Pursuant to the claims, the officers seek a reimbursement of the alleged "abatement" of their salaries. The salary reduction was never intended to be temporary, and the Chief Restructuring Officer never made any offer to make supplemental payments to the officers on account of the salary reduction.

d.     **The Claim Does Not Present an Existing Liability of the Debtors.** A number of claims seek payment from one or more of the Debtors based upon obligations that do not exist in the Debtors' books and records.

15.     If the Employee Claims are not disallowed as requested herein, the Claimants holding these claims will receive either a disproportionately large distribution from the Debtors' estates or other treatment that is inconsistent with the correct disposition of their claims. This result would be in contravention of the provisions and policies of the Bankruptcy Code and would directly and adversely impact the Debtors' estates, the interests of other creditors of the Debtors' estates and the Debtors' ability to successfully implement a chapter 11 plan. For the foregoing reasons, the Debtors request that the Court disallow each of the Employee Claims.

## Reservation of Rights

16.     To the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors reserve the right to object further to each of the Improperly Classified Claims on any and all additional factual or legal grounds.

## Certification Under Local Rule 3007-1

17.     Pursuant to Local Bankruptcy Rule 3007-1, the Debtors and their undersigned counsel certify that this Objection substantially complies with Local Bankruptcy Rule 3007-1. To the limited extent that this Objection might not comply strictly with any requirement of Local Bankruptcy Rule 3007-1 or of Bankruptcy Rule 3007, the Debtors and their

-7-

counsel respectfully submit that any deviation is immaterial and, on that basis, request that the Court waive the applicable requirement.

<u>**Notice**</u>

18.     Notice of this Objection shall be provided to:  (a) the U.S. Trustee, (b) counsel to the Revstone Committee, (c)  all entities that have requested notice pursuant to Bankruptcy Rule 2002 and (d) the Claimants.  The Debtors respectfully submit that no further notice of this Objection is required.

DOCS_DE:193351.3 73864/001

WHEREFORE, the Debtors respectfully request that the Court: (a) enter the

Proposed Order granting the relief requested herein and (b) grant such other and further relief to

the Debtors as the Court may deem proper.

Dated:    June ＿27＿, 2014          PACHULSKI STANG ZIEHL & JONES LLP


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@ pszjlaw.com
        dbertenthal@ pszjlaw.com
        tcairns@pszjlaw.com
        crobinson@pszjlaw.com


Counsel for the Debtors and Debtors in Possession