IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Revstone Industries, LLC, *et al.*,[1] | ) Case No.: 12-13262 (BLS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**Related to Docket Nos. 1868 and 1869**

**ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING CONFIRMATION HEARING; (III) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLANS, INCLUDING (A) APPROVING FORM AND CONTENTS OF SOLICITATION PACKAGE; (B) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; (C) APPROVING FORMS OF BALLOTS; (D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS; (V) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLANS; AND (VI) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Disclosure Statement in Respect of Debtors' Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") [Docket No. 1869] and the *Debtors' Motion for an Order (i) Approving the Disclosure Statement (ii) Scheduling the Confirmation Hearing; (iii) Approving Form and Manner of Notice of Confirmation Hearing; (iv) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (a) Approving the Form and Contents of the Solicitation Package; (b) Establishing Record Date and Approving Procedures for Distributing Solicitation Packages; (c) Approving the Forms of Ballots; (d) Establishing Voting Deadline for Receipt of*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each Debtor is: Revstone Industries, LLC, et al., c/o Huron Consulting Group Inc., 900 Wilshire Drive, Suite 270, Troy, MI 48084, Attn: John C. DiDonato, Chief Restructuring Officer.

DOCS_SF:85138.7 73864/001

*Ballots; and (e) Approving Procedures for Vote Tabulations; (v) Establishing the Deadline and Procedures for Filing Objections to Confirmation of Plan; and (vi) Granting Related Relief* (the "Motion")[2] filed by Revstone Industries, LLC, Spara, LLC, Greenwood Forgings, LLC, and US Tool & Engineering, LLC (collectively, the "Debtors"); and after considering objections to the Motion, if any; and upon the record and after due deliberation thereon; and the Court finding that proper and adequate notice of the hearing on approval of the Disclosure Statement and of the Motion has been given to all parties in interest, and no other or further notice or hearing being necessary; and after due deliberation thereon and sufficient cause appearing therefor; IT IS HEREBY FOUND, ORDERED AND ADJUDGED as follows:[3]

1. The Motion is GRANTED as provided herein.

### Approval of Disclosure Statement

2. The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code regarding the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 1868] (including all exhibits thereto and as amended, modified or supplemented, the "Plan"). Therefore, the Disclosure Statement is approved pursuant to section 1125(b) of the Bankruptcy Code and Bankruptcy Rule 3017(b).

3. All objections to the adequacy of the Disclosure Statement, if any, are, to the extent not consensually resolved as set forth herein, OVERRULED in their entirety.

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. Fed. R. Bank. P. 7052.

### Confirmation Hearing

4. The hearing to consider confirmation of the Plan shall commence on March 5, 2015 at 10:00 AM (prevailing Eastern time) (the "Confirmation Hearing"). The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

### Approval of Solicitation Packages

5. The Debtors shall transmit, or cause to be transmitted, the Solicitation Packages, no later than January 23, 2015 by first class, United States mail (or by international courier if the addresses are not located in the United States) or by CD-Rom, to holders of Class 3 and Class 4 claims, the only classes entitled to vote on the Plan (collectively, the "Voting Classes").

6. To avoid duplication and reduce expenses, the Debtors shall serve only one Solicitation Package to each creditor who has more than one claim, but shall include the appropriate Ballots for each class of claim.

7. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Classes. The Debtors shall transmit or cause to be transmitted no later than January 23, 2015, by first class, United States mail (or by international courier if the addresses are not located in the United States), to each holder of a claim or interest in the Non-Voting Classes, at its address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice substantially in the form attached to the Motion as

Exhibit B (the "Non-Voting Class Notice"). The Non-Voting Class Notice will indicate that Accepting Non-Voting Classes are entitled to receive a copy of the Plan and Disclosure Statement, in electronic format unless specifically requested otherwise, at the expense of the Debtors upon request. The Non-Voting Class Notice shall be deemed a summary of the Plan for purposes of compliance with Bankruptcy Rule 3017(d).

### Approval of Form and Manner of Notice of the Confirmation Hearing

8. The Confirmation Hearing Notice, in substantially the form attached to the Motion as Exhibit A, as modified consistent with revisions to the Plan, is approved. As set forth above, the Confirmation Hearing Notice shall be included as part of the Solicitation Package and sent via regular mail to all creditors and parties in interest entitled to vote on the Plan. In addition, the Debtors shall serve the Confirmation Hearing Notice upon (a) the Internal Revenue Service; (b) the Office of the United States Trustee; (c) the Creditors' Committee; and (d) those parties that have requested service under Bankruptcy Rule 2002.

### Record Date and Approval of Procedures for Distribution of Solicitation Packages

9. **January 15, 2015** shall be the record date (the "Record Date") for purposes of determining which parties are entitled to receive the Solicitation Packages or the Non-Voting Class Notice and, where applicable, vote on the Plan.

10. Rust Consulting/Omni Bankruptcy ("Rust/Omni" or the "Solicitation Agent") shall serve the Solicitation Package and notices regarding the Confirmation Hearing, inspect, monitor and supervise the solicitation process, serve as the tabulator of the ballots and certify to the Court the results of the balloting.

11. The Debtors and/or the Solicitation Agent, as applicable, are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service. The Debtors and/or the Solicitation Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Notice that are returned as undeliverable.

12. In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation Package, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing address of the creditor on the official docket of Claims against the Debtors.

### Approval of Forms of Ballots

13. The Ballots, substantially in the form attached to the Motion as Exhibits C1 through C2, as modified consistent with revisions to the Plan, are approved.

### Deadline for Receipt of Ballots

14. Unless extended by the Debtors or its counsel in writing, Ballots accepting or rejecting the Plan must be <u>received</u> on or **before February 20, 2015 at 5:00 p.m. (Prevailing Eastern Time)** (the "<u>Voting Deadline</u>"), by Rust/Omni at the following address:

> Revstone Industries, LLC
> Rust Consulting/Omni Bankruptcy
> 5955 DeSoto Avenue, Suite #100
> Woodland Hills, CA 91367

15. Ballots received via facsimile, electronic mail or other electronic transmission will not be counted unless approved by the Debtors.

### Procedures for Vote Tabulation

16. Votes may not be changed after the Voting Deadline unless the Court, for cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a).

17. Ballots must be properly executed and counted. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Class 3 or Class 4 Claim will not be counted.

18. The following tabulation procedures are approved solely for purposes of voting on the Plan:

   (a) If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim amount contained on a timely filed Proof of Claim or, if no timely filed Proof of Claim was filed, the non-contingent, liquidated and undisputed amount of such Claim listed in the Debtors' Schedules of Assets and Liabilities;

   (b) If a Claim for which a Proof of Claim has been timely filed is wholly contingent, unliquidated, disputed, undetermined or unknown in amount, such claim shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

   (c) If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

   (d) If a holder of a Claim in a Voting Class casts a Ballot with respect to a claim that is the subject of an objection filed no later than **twenty-one (21) days** prior to the Confirmation Hearing, the Debtors request, in accordance with Bankruptcy Rule 3018, that the party's Ballot not be counted, unless the Court temporarily allows such claim for purposes of voting to accept or reject the Plan, and that such creditor be required to file a motion for such relief (the "Rule 3018 Motion") no later than a date that is **fourteen (14) days** before the Confirmation Hearing, and that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing. Notwithstanding the foregoing, if the Debtors file an objection to a claim and requests that such claim be allowed in a specific amount, such creditor's ballot shall be counted in such specified amount;

   (e) Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

(f) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

(g) If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed amended Proof of Claim, regardless of whether or not the Debtors have objected to such Claim, and only the amending Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

(h) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor in a particular Class shall be aggregated as if such Creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(i) If a Claim has been disallowed by agreement of the applicable creditor or order of the Court at any time before the Voting Deadline, such Claim shall also be disallowed for voting purposes; and

(j) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

19. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a. Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b. Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c. Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

d. Any executed Ballot that indicates both an acceptance and rejection of the Plan shall not be counted;

e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f. Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h. Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court;

i. No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j. The Debtors expressly reserve the right, subject to the consent of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes in the terms of the Plan the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

k. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

l. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

m. The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their sole discretion, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

n. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in their sole discretion, which determination shall be final and binding;

o. If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

p. Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

q. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

r. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

s. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

t. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

u. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Interest.

20. If no Holder of a Claim or Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Debtors may seek to have the Plan deemed **accepted** by the Holders of such Claims or Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

21. The Solicitation Agent shall file with the Bankruptcy Court, no later than three (3) business days prior to the Confirmation Hearing an affidavit regarding the results of the tabulation of the Ballots received on the Plan.

22. The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim.

## Deadline and Procedures for Filing
## Objections to Confirmation of the Plan and the Confirmation Brief

23. All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 together with proof of service, and shall (a) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtors' chapter 11 cases, (b) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection, and (c) be served upon the following parties (the "Notice Parties") so as to be received on or **before February 20, 2015 at 4:00 p.m. (Prevailing Eastern Time)** (the "Plan Objection Deadline"): (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Laura Davis Jones, Esq.; (b) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Jane Leamy, Esq.; and (c) counsel to the Official Committee of Unsecured Creditors of Revstone Industries, LLC, Womble Carlyle Sandridge & Rice, LLP, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attn: Mark L. Desgrosseilliers, Esq. and Matthew P. Ward, Esq.

24. All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court.

25. The Debtors may file at least **three (3) business days** before the Confirmation Hearing a brief supporting confirmation of the Plan (including any supporting memoranda) and replying to any objections or responses. If the Debtors file any such brief, the

Debtors shall serve the brief on the parties that filed objections or responses to the Plan, the Office of the United States Trustee, counsel for the Creditors' Committee and all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002.

26. Prior to mailing the Disclosure Statement, the Solicitation Packages or the Non-Voting Class Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem necessary.

27. The Debtors and the Solicitation Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

28. This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.

Dated: January 15, 2015

_____
Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge