# Exhibit C

# Revstone/Spara Litigation Trust Agreement

DOCS_DE:198380.1 73864/001

## REVSTONE/SPARA LITIGATION TRUST AGREEMENT

This *Revstone/Spara Litigation Trust Agreement* (the "Agreement") dated as of _____, 2015 is established by Revstone Industries, LLC and Spara, LLC (hereafter referred to together as the "Grantor"), and Fred C. Caruso, solely in his capacity as Revstone/Spara Litigation Trustee for purposes of this Agreement (the "Revstone/Spara Litigation Trustee"), and is executed in connection with and pursuant to the terms of the *Debtors' Joint Chapter 11 Plan of Reorganization* filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 12-13262 (BLS), as amended or modified (the "Plan"), which Plan provides for, among other things, the establishment of the trust evidenced hereby (the "Revstone/Spara Litigation Trust").

### W I T N E S S E T H

WHEREAS, Grantor filed voluntary chapter 11 petitions in the Bankruptcy Court on December 3, 2012;

WHEREAS, the Bankruptcy Court confirmed the Plan by order entered _____, 2015;

WHEREAS, the Revstone/Spara Litigation Trust is created pursuant to, and to effectuate, the Plan;

WHEREAS, the Revstone/Spara Litigation Trust is created on behalf, and for the sole benefit, of Reorganized Revstone, Reorganized Spara, and Holders of Allowed PBGC Claims to the extent set forth under the Plan (the "Beneficiaries");

WHEREAS, the Revstone/Spara Litigation Trust is established for the purpose of reconciling and objecting to General Unsecured Claims and collecting, distributing and liquidating the Revstone/Spara Litigation Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement, the PBGC Settlement Agreement, and the Plan;

WHEREAS, the Revstone/Spara Litigation Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Revstone/Spara Litigation Trust;

WHEREAS, the Plan provides that the Beneficiaries are entitled to their applicable Revstone/Spara Litigation Trust Interests;

WHEREAS, pursuant to the Plan, the Grantor, the Revstone/Spara Litigation Trustee, and the Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Revstone/Spara Litigation Trust Assets to the Revstone/Spara Litigation Trust as a transfer of the Revstone/Spara Litigation Trust Assets by the Grantor to the Beneficiaries in accordance with the Plan, followed by a transfer of the Revstone/Spara Litigation Trust Assets by the Beneficiaries to the Revstone/Spara Litigation Trust in exchange for the beneficial interests herein, and to treat the Beneficiaries as the grantors and owners of the Revstone/Spara Litigation Trust in accordance with Treasury Regulation Section 301.7701-4;

WHEREAS, the Revstone/Spara Litigation Trust is intended to be treated as a grantor trust for federal income tax purposes; and

WHEREAS, the Bankruptcy Court shall have jurisdiction over the Revstone/Spara Litigation Trust, the Revstone/Spara Litigation Trustee, and the Revstone/Spara Litigation Trust Assets as provided herein and in the PBGC Settlement Agreement and the Plan;

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the PBGC Settlement Agreement and the Plan, the Grantor and the Revstone/Spara Litigation Trustee agree as follows:

## ARTICLE I
## DEFINITIONS AND INTERPRETATIONS

1.1   Definitions.

    1.1.1   "Agreement" shall have the meaning set forth in the introductory paragraph to this Agreement.

    1.1.2   "Beneficiaries" shall have the meaning set forth in the Recitals to this Agreement, or any permitted successors to such Beneficiaries.

    1.1.3   "Revstone/Spara Litigation Trust" shall have the meaning set forth in the introductory paragraph to this Agreement.

    1.1.4   "Revstone/Spara Litigation Trustee" shall mean (x) initially, the person named in the introductory paragraph to this Agreement as the Revstone/Spara Litigation Trustee, and (y) any successors or replacements duly appointed under the terms of this Agreement.

    1.1.5   "Revstone/Spara Litigation Trust Assets" shall mean the assets transferred to the Revstone/Spara Litigation Trust in accordance with the Plan, which as of the Effective Date shall be composed of Revstone's and Spara's Retained Rights of Action, the Relevant Books and Records, and Cash reserves for Plan Expenses, as set forth in the definition of "Plan Expenses" in the Plan and subject to the provisions of the PBGC Settlement Agreement.

    1.1.6   "Effective Date" shall have the meaning set forth in the Plan.

    1.1.7   "Grantor" shall have the meaning set forth in the introductory paragraph to this Agreement.

1.2   Use of Plan Definitions.  All capitalized terms which are used in this Agreement and not otherwise defined herein shall have the same meaning set forth in the Plan.  In the case of any inconsistency between the terms of this Agreement and the terms of the Plan, the terms of the Plan shall govern and control.

1.3   Certain References.  Reference in this Agreement to any Section or Article is, unless otherwise specified, to such section or article under this Agreement.  The words "hereof,"

2

"herein," and similar terms shall refer to this Agreement and not to any particular section or article of this Agreement.

## ARTICLE II
## ESTABLISHMENT, PURPOSE AND FUNDING OF
## REVSTONE/SPARA LITIGATION TRUST

2.1     Creation and Name.  There is hereby created the Revstone/Spara Litigation Trust, which is referred to in Article VI of the Plan.  The Revstone/Spara Litigation Trustee may conduct the affairs of the Revstone/Spara Litigation Trust under the name of the "Revstone/Spara Litigation Trust."

2.2     Purpose of Revstone/Spara Litigation Trust.  The Grantor and the Revstone/Spara Litigation Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the Revstone/Spara Litigation Trust for the purpose of prosecuting or otherwise liquidating and distributing the Revstone/Spara Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d).  In particular, this includes:  (i) reviewing, litigating, settling, dismissing, or releasing Revstone's and Spara's Retained Rights of Action, (ii) reconciling and objecting to General Unsecured Claims, and (iii) distributing the proceeds of any of Revstone's and Spara's Retained Rights of Action and any other Revstone/Spara Litigation Trust Assets in accordance with this Agreement, the PBGC Settlement Agreement, and the Plan.  The activities of the Revstone/Spara Litigation Trust shall be limited to those activities set forth in Article IV hereof and as otherwise contemplated by the Plan.  The Revstone/Spara Litigation Trustee understands and agrees that the Revstone/Spara Litigation Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Revstone/Spara Litigation Trust.

2.3     Transfer of Revstone/Spara Litigation Trust Assets.

2.3.1     Pursuant to the Plan, which is incorporated by reference herein, the Grantor and the Revstone/Spara Litigation Trustee hereby establish, for the benefit of the Beneficiaries of the Revstone/Spara Litigation Trust, and the Grantor hereby grants, releases, assigns, conveys, transfers and delivers, on behalf of the Beneficiaries, the Revstone/Spara Litigation Trust Assets to the Revstone/Spara Litigation Trustee as of the Effective Date, in trust for the benefit of the Beneficiaries for the uses and purposes as specified in this Agreement, the PBGC Settlement Agreement, and the Plan.  The Grantor shall from time to time execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate) and the Grantor shall take or cause to be taken such further action as the Revstone/Spara Litigation Trustee may reasonably deem necessary or appropriate, to vest or perfect in or confirm to the Revstone/Spara Litigation Trustee title to and possession of the Revstone/Spara Litigation Trust Assets.

2.3.2     For all federal, state and local income tax purposes, the Grantor, the Beneficiaries, and the Revstone/Spara Litigation Trustee shall treat the transfer of the Revstone/Spara Litigation Trust Assets to the Revstone/Spara Litigation Trust as a transfer of the Revstone/Spara Litigation Trust Assets by the Grantor to the Beneficiaries on account of their Allowed Claims under the Plan, followed by a transfer of the Revstone/Spara Litigation Trust

3

Assets by the Beneficiaries to the Revstone/Spara Litigation Trust in exchange for their beneficial interests in the Revstone/Spara Litigation Trust. Thus, the Beneficiaries shall be treated as the grantors and owners of the Revstone/Spara Litigation Trust.

## ARTICLE III
## REVSTONE/SPARA LITIGATION TRUST COMMITTEE

3.1     <u>Revstone/Spara Litigation Trust Committee</u>. The initial members of the Revstone/Spara Litigation Trust Committee shall be (1) Boston Finance Group, LLC, (2) Richard E. Newsted, and (3) Fred C. Caruso. The Revstone/Spara Litigation Trust Committee shall make certain determinations, in accordance with this Agreement, the PBGC Settlement Agreement, and the Plan. Except as otherwise set forth herein, approval of a majority of the members of such Revstone/Spara Litigation Trust Committee shall be required for the Revstone/Spara Litigation Trust Committee to act, provided that the Revstone/Spara Litigation Trust Committee may delegate responsibility for discrete issues or decisions to one or more of its members. The Revstone/Spara Litigation Trust Committee shall have the rights and powers set forth herein. In the event that a Revstone/Spara Litigation Trust Committee shall not continue to exist under this Agreement, all references herein to required approval or other action of such Revstone/Spara Litigation Trust Committee shall be of no force or effect.

3.2     <u>Resignation/Replacement of Member of Revstone/Spara Litigation Trust Committee</u>. In the event that the member of the Revstone/Spara Litigation Trust Committee appointed by the Pension Benefit Guaranty Corporation (the "PBGC") can no longer carry out his or her duties as a member of such committee (by reason of death, resignation or disability), the PBGC may appoint a successor, or in the event no such successor is appointed within ninety (90) days, the remaining members of the Revstone/Spara Litigation Trust Committee may appoint a successor. In the event that the member of the Revstone/Spara Litigation Trust Committee appointed by the Official Committee of Unsecured Creditors of Revstone Industries, LLC (the "Creditors' Committee") can no longer carry out his or her duties as a member of such committee (by reason of death, resignation or disability), the members of the Creditors' Committee, as it existed at the time of confirmation of the Plan, may appoint a successor, or in the event no such successor is appointed within ninety (90) days, the remaining members of the Revstone/Spara Litigation Trust Committee may appoint a successor. In the event that any other member of the Revstone/Spara Litigation Trust Committee can no longer carry out his or her duties as a member of such committee (by reason of death, resignation or disability), the remaining members of the Revstone/Spara Litigation Trust Committee may appoint a successor, or in the event no such successor is appointed within ninety (90) days, the Revstone/Spara Litigation Trustee may petition the Bankruptcy Court to appoint a successor.

3.3     <u>Confidentiality</u>. Each member of the Revstone/Spara Litigation Trust Committee shall, while serving as a member of the Revstone/Spara Litigation Trust Committee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Revstone/Spara Litigation Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Revstone/Spara Litigation Trust Assets relate or of which he or she has become aware in his/her capacity as a member of the Revstone/Spara Litigation Trust Committee.

4

# ARTICLE IV
# ADMINISTRATION OF THE REVSTONE/SPARA LITIGATION TRUST

4.1     Rights, Powers and Privileges.  In connection with the administration of the Revstone/Spara Litigation Trust, except as set forth in this Agreement, the Revstone/Spara Litigation Trustee, in consultation with the Revstone/Spara Litigation Trust Committee and, in certain instances enumerated in Section 4.4.1 and Section 5.6 herein, the Chief Restructuring Officer of Reorganized Spara, is authorized to perform, any and all acts necessary or desirable to accomplish the purposes of the Revstone/Spara Litigation Trust, including prosecuting or otherwise liquidating and distributing the Revstone/Spara Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d).  This includes: (i) reviewing, litigating, settling, dismissing, or releasing Revstone's and Spara's Retained Rights of Action, (ii) reconciling and objecting to General Unsecured Claims, and (iii) distributing the proceeds of any of Revstone's and Spara's Retained Rights of Action and any other Revstone/Spara Litigation Trust Assets in accordance with this Agreement, the PBGC Settlement Agreement, and the Plan.  In connection therewith, and subject to the limitations of Section 4.4 hereof, the Revstone/Spara Litigation Trustee, in consultation with the Revstone/Spara Litigation Trust Committee and, in certain instances enumerated in Section 4.4.1 and Section 5.6 herein, the Chief Restructuring Officer of Reorganized Spara, shall have discretion to pursue or not to pursue any and all Claims, rights or causes of action, as he or she determines are in the best interests of the Beneficiaries and consistent with the purposes of the Revstone/Spara Litigation Trust, and shall have no liability for the outcome of his or her decision.  Without any limitation other than the limitations in this Agreement, the Revstone/Spara Litigation Trustee shall be expressly authorized, but shall not be required, to take the following actions which the Revstone/Spara Litigation Trustee, in his/her reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Revstone/Spara Litigation Trust:

   4.1.1    calculate and implement all distributions from the Revstone/Spara Litigation Trust in accordance with the Plan;

   4.1.2    file all required tax returns and pay taxes and all other obligations on behalf of the Revstone/Spara Litigation Trust from funds held by the Revstone/Spara Litigation Trust, subject to the limitations set forth herein and in the Plan;

   4.1.3    periodically report to the beneficiaries of the Revstone/Spara Litigation Trust, including the Chief Restructuring Officer of Reorganized Spara, as frequently as the Revstone/Spara Litigation Trustee reasonably believes is appropriate;

   4.1.4    distribute the assets of the Revstone/Spara Litigation Trust in accordance with the provisions of the Plan;

   4.1.5    retain and pay at normal and customary rates (or on a contingency fee basis) professionals in connection with the Revstone/Spara Litigation Trustee's duties, subject to the limitations set forth herein and in the Plan;

   4.1.6    analyze Revstone's and Spara's Retained Rights of Action and decide whether to abandon, pursue, litigate, or settle such claims;

5

      4.1.7    hold legal title to any and all rights of the Grantor and the Beneficiaries in or arising from the Revstone/Spara Litigation Trust Assets;

      4.1.8    protect and enforce the rights to the Revstone/Spara Litigation Trust Assets vested in the Revstone/Spara Litigation Trustee by this Agreement, the PBGC Settlement Agreement, and the Plan by any method deemed appropriate including, without limitation, by judicial proceedings or otherwise;

      4.1.9    after consultation with and obtaining approval from the Revstone/Spara Litigation Trust Committee, compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle, in accordance with the terms of this Agreement, claims in favor of or against the Revstone/Spara Litigation Trust;

      4.1.10    determine and satisfy any and all liabilities created or incurred by the Revstone/Spara Litigation Trust;

      4.1.11    request any appropriate tax determination with respect to the Revstone/Spara Litigation Trust;

      4.1.12    in reliance upon the official claims register maintained in the Chapter 11 Cases, maintain on the Revstone/Spara Litigation Trustee's books and records, a register evidencing the beneficial interest herein held by each Beneficiary;

      4.1.13    open and maintain bank accounts on behalf of or in the name of the Revstone/Spara Litigation Trust;

      4.1.14    make all tax withholdings, file tax information returns, make tax elections by and on behalf of the Revstone/Spara Litigation Trust and file returns for the Revstone/Spara Litigation Trust;

      4.1.15    send to each Beneficiary a separate statement stating the Beneficiary's share of income, gain, loss, deduction or credit;

      4.1.16    establish such reserves for taxes, assessments, Revstone/Spara Litigation Trustee's fees and professional fees and other expenses of administration of the Revstone/Spara Litigation Trust as may be necessary and appropriate for the proper operation of matters incident to the Revstone/Spara Litigation Trust, subject to the limitations set forth herein and in the Plan;

      4.1.17    pay all expenses and make all other payments relating to the Revstone/Spara Litigation Trust Assets, subject to the limitations set forth herein and in the Plan;

      4.1.18    retain and pay third parties pursuant to Section 4.2 hereof;

      4.1.19    obtain insurance coverage or a bond with respect to the liabilities and obligations of the Revstone/Spara Litigation Trustee and the members of the Revstone/Spara Litigation Trust Committee under this Agreement (in the form of an errors and omissions policy or otherwise);

      4.1.20    make distributions in accordance with the terms hereof;

      4.1.21    exercise all powers provided under the Plan to the Revstone/Spara Litigation Trustee;

      4.1.22    invest any monies held as part of the Revstone/Spara Litigation Trust Assets in accordance with the terms of Section 4.3 hereof; and

      4.1.23    terminate the Revstone/Spara Litigation Trust consistent with the terms of this Agreement, the PBGC Settlement Agreement, and the Plan; and

      4.1.24    such other responsibilities as may be vested in the Revstone/Spara Litigation Trustee pursuant to this Agreement, the PBGC Settlement Agreement, the Plan, or the Confirmation Order or as may be necessary and proper to carry out the provisions of the Plan

To the extent requested by a majority of the Revstone/Spara Litigation Trust Committee, the Revstone/Spara Litigation Trustee shall consult with, and obtain approval from, the Revstone/Spara Litigation Trust Committee to the extent reasonably practicable prior to the actions described or, in the absence of such approval, obtain an order of the Bankruptcy Court approving such transaction (*provided that* the Revstone/Spara Litigation Trust Committee shall be deemed to have approved such transaction if it fails to object thereto in a writing received by the Revstone/Spara Litigation Trustee within five (5) business days following written notification by the Revstone/Spara Litigation Trustee of the intended transaction).

    4.2    <u>Agents and Professionals</u>.  The Revstone/Spara Litigation Trustee and the Revstone/Spara Litigation Trust Committee may, but shall not be required to, consult with and retain attorneys, accountants, appraisers, or other parties deemed by the Revstone/Spara Litigation Trustee to have qualifications necessary to assist in the proper administration of the Revstone/Spara Litigation Trust.  The Revstone/Spara Litigation Trustee may pay the reasonable salaries, fees and expenses of such persons (including himself/herself), including contingency fees, out of the Revstone/Spara Litigation Trust Assets, subject to the provisions of Section 8.8 hereof and the Plan.

    4.3    <u>Investment and Safekeeping of Revstone/Spara Litigation Trust Assets</u>.  Except as otherwise set forth in the Plan, all monies and other Revstone/Spara Litigation Trust Assets received by the Revstone/Spara Litigation Trustee shall, until distributed or paid over as herein provided, be held in the Revstone/Spara Litigation Trust for the benefit of the Beneficiaries.  The Revstone/Spara Litigation Trustee shall be under no liability for interest or producing income on any monies received by the Revstone/Spara Litigation Trust and held for distribution or payment to the Beneficiaries, except as such interest shall be actually received by the Revstone/Spara Litigation Trustee.  Investments of any monies held by the Revstone/Spara Litigation Trustee shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; *provided*, *however*, that the right and power of the Revstone/Spara Litigation Trustee to invest monies held by the Revstone/Spara Litigation Trustee, the proceeds from any sale of shares of stock, or any income earned by the Revstone/Spara Litigation Trust shall be limited to the right and power to invest such monies, pending periodic distributions in accordance with the terms hereof and the Plan.  For the removal

of doubt, the investment powers of the Revstone/Spara Litigation Trustee, other than those reasonably necessary to maintain the value of the Revstone/Spara Litigation Trust Assets and the liquidating purpose of the Revstone/Spara Litigation Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills.

4.4  **Limitations on Revstone/Spara Litigation Trustee**.  On behalf of the Revstone/Spara Litigation Trust or the Beneficiaries, the Revstone/Spara Litigation Trustee shall not at any time: (i) enter into or engage in any trade or business (other than the management and disposition of the Revstone/Spara Litigation Trust Assets), and no part of the Revstone/Spara Litigation Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Revstone/Spara Litigation Trust in furtherance of any trade or business, or (ii) except as provided herein, reinvest any Revstone/Spara Litigation Trust Assets.

4.4.1  With regard to any sale, disposition, release, modification or waiver of existing rights as to an asset of the Revstone/Spara Litigation Trust or compromise or settlement of litigation or controverted matter, if the asset or matter at issue exceeds $500,000 in value (after accounting for any applicable defenses) or amount asserted, the Revstone/Spara Litigation Trustee must consult with, and obtain approval from, the Revstone/Spara Litigation Trust Committee and the Chief Restructuring Officer of Reorganized Spara with respect to any such transaction or, in the absence of such approval, an order of the Bankruptcy Court approving such transaction (*provided that* the Revstone/Spara Litigation Trust Committee and the Chief Restructuring Officer of Reorganized Spara shall be deemed to have approved such transaction if such parties fail to object thereto in a writing received by the Revstone/Spara Litigation Trustee within five (5) business days following written notification by the Revstone/Spara Litigation Trustee of the intended transaction).

4.4.2  Other than as provided in this Agreement, the PBGC Settlement Agreement, or the Plan, the Revstone/Spara Litigation Trustee is not empowered to incur indebtedness.

4.4.3  The Revstone/Spara Litigation Trustee may only invest funds held in the Revstone/Spara Litigation Trust consistent with the requirements of this Agreement, the Bankruptcy Code or any order of the Bankruptcy Court modifying such requirements and, provided that the Revstone/Spara Litigation Trustee does so, he or she shall have no liability in the event of insolvency of any institution in which he or she has invested any funds of the Revstone/Spara Litigation Trust.

4.4.4  The Revstone/Spara Litigation Trustee shall hold, collect, conserve, protect and administer the Revstone/Spara Litigation Trust in accordance with the provisions of this Agreement, the PBGC Settlement Agreement, and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement, the PBGC Settlement Agreement, and the Plan.  Any determination by the Revstone/Spara Litigation Trustee as to what actions are in the best interests of the Revstone/Spara Litigation Trust shall be determinative.

4.5  **Bankruptcy Court Approval of Revstone/Spara Litigation Trustee Actions**.  Except as provided in the Plan or otherwise specified in this Agreement, the Revstone/Spara

Litigation Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court. The Revstone/Spara Litigation Trustee, in consultation with the Revstone/Spara Litigation Trust Committee (and in certain instances enumerated in Section 4.4.1 and Section 5.6 herein, the Chief Restructuring Officer of Reorganized Spara), shall exercise his/her business judgment for the benefit of the Beneficiaries in order to maximize the value of the Revstone/Spara Litigation Trust Assets and distributions, giving due regard to the cost, risk, and delay of any course of action. Notwithstanding the foregoing, the Revstone/Spara Litigation Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Revstone/Spara Litigation Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Revstone/Spara Litigation Trustee with respect to the Revstone/Spara Litigation Trust Assets, this Revstone/Spara Litigation Trust, the Agreement, the PBGC Settlement Agreement, or the Plan, including the administration and distribution of the Revstone/Spara Litigation Trust Assets. The Bankruptcy Court shall retain jurisdiction for such purposes and shall approve or disapprove any such proposed action upon motion by the Revstone/Spara Litigation Trustee. In addition, the Revstone/Spara Litigation Trustee shall have the authority, but not the obligation, to seek Bankruptcy Court approval to sell any Revstone/Spara Litigation Trust Asset free and clear of any and all liens, claims and encumbrances, in consultation with the Revstone/Spara Litigation Trust Committee (and in certain instances enumerated in Section 4.4.1 and Section 5.6 herein), the Chief Restructuring Officer of Reorganized Spara.

4.6     Reliance by Revstone/Spara Litigation Trustee:

(a)  The Revstone/Spara Litigation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties;

(b) The Revstone/Spara Litigation Trustee may consult with any and all professionals to be selected by him and the Revstone/Spara Litigation Trustee shall not be liable for any action taken or omitted to be taken by him in accordance with the advice of such professionals; and

(c) Persons dealing with the Revstone/Spara Litigation Trustee shall look only to the Revstone/Spara Litigation Trust Assets to satisfy any liability incurred by the Revstone/Spara Litigation Trustee to such person in carrying out the terms of this Revstone/Spara Litigation Trust Agreement, and the Revstone/Spara Litigation Trustee shall have no personal obligation to satisfy any such liability.

## ARTICLE V
## DISTRIBUTIONS FROM THE REVSTONE/SPARA LITIGATION TRUST

5.1     Distributions.  As soon as reasonably practicable after the Effective Date and thereafter as the Revstone/Spara Litigation Trustee reasonably determines, the Revstone/Spara Litigation Trustee shall make distributions to Beneficiaries in accordance with this Agreement, the PBGC Settlement Agreement, and the Plan. Subject to the last sentence of this Section 5.1,

9

the Revstone/Spara Litigation Trustee shall at least semi-annually (*i.e.*, at least every six months) distribute to the Beneficiaries all net cash income plus all net cash proceeds from the liquidation of the Revstone/Spara Litigation Trust Assets, provided that: (a) the Revstone/Spara Litigation Trustee shall promptly make a distribution to the Beneficiaries at any time that the Revstone/Spara Litigation Trust Assets exceed $1,000,000 in cash (in excess of approved reserves), such distribution to include the full amount available for distribution in cash and not only the amount in excess of $1,000,000, and (b) the Revstone/Spara Litigation Trustee shall not be required to make a distribution to the extent that the amount of cash available for distribution totals less than $250,000 in the aggregate.  Notwithstanding the foregoing and subject to the limitations set forth in Section 5.6 below, the Revstone/Spara Litigation Trustee shall maintain a reserve of such amounts as are reasonably necessary to satisfy amounts that could be distributable in respect of such amounts (including administrative or other claims or other contingent liabilities) as reasonably necessary in his or her business judgment to fulfill his or her duties under this Agreement, the PBGC Settlement Agreement, and the Plan.

       5.2    <u>Share of Distributions</u>.  Each Beneficiary shall receive its share of any and all distributions in accordance with the Plan, except that the Revstone/Spara Litigation Trustee may withhold from amounts distributable to any Beneficiary, any and all amounts, determined in the Revstone/Spara Litigation Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

       5.3    <u>Delivery of Distributions</u>.  All distributions from the Revstone/Spara Litigation Trust to be made under this Agreement, the PBGC Settlement Agreement, and the Plan shall be made to the Beneficiaries.

       5.4    <u>Timing of Distributions</u>.  Any payment or other distribution required to be made under the Plan on a day other than a Business Day shall be due on the next succeeding Business Day.  All payments or distributions due on the Effective Date shall be made thereon or as soon as practicable thereafter but in no event later than ten calendar days after the Effective Date.  Any payment of Cash made pursuant to this Plan shall be deemed made when such payment by check or wire transfer is transmitted.

       5.5    <u>Payments Limited to Revstone/Spara Litigation Trust Assets</u>.  All payments to be made by the Revstone/Spara Litigation Trustee to or for the benefit of any Beneficiary shall be made only to the extent that the Revstone/Spara Litigation Trustee has sufficient reserves to make such payments in accordance with this Agreement, the PBGC Settlement Agreement, and the Plan. Each Beneficiary shall have recourse only to the Revstone/Spara Litigation Trust Assets for distribution under this Agreement, the PBGC Settlement Agreement, and the Plan.

       5.6    <u>Fees and Expenses</u>.  Subject to the limitations set forth herein and in the PBGC Settlement Agreement and the Plan, the Revstone/Spara Litigation Trustee may pay the operating and administrative expenses of the Revstone/Spara Litigation Trust out of the Revstone/Spara Litigation Trust Assets prior to distributions to or for the benefit of Beneficiaries, provided that payment of such expenses shall be solely out of the reserves contemplated by this Section 5.6. Initial reserves for expenses of the Revstone/Spara Litigation Trust shall total no more than $1,000,000.  Additional reserves may be created out of the Revstone/Spara Litigation Trust Assets otherwise available for distribution to Holders of Allowed General Unsecured Claims

(through Reorganized Revstone and Reorganized Spara) and Holders of Allowed PBGC Claims in the discretion of the Revstone/Spara Litigation Trustee, upon approval of the Revstone/Spara Litigation Trust Committee, the Chief Restructuring Officer of Reorganized Spara, and the PBGC.

5.7     Priority of Distributions.  Any recovery by the Revstone/Spara Litigation Trust on account of the Revstone/Spara Litigation Trust Assets shall be applied in accordance with the Plan.

5.8     Compliance with Laws.  Any and all distributions of Revstone/Spara Litigation Trust Assets shall be in compliance with applicable laws.

## ARTICLE VI
## BENEFICIARIES

6.1     Identification of Beneficiaries.  Each distribution by the Revstone/Spara Litigation Trustee to the Beneficiaries shall be made in accordance with the terms set forth in Article V hereof and the Plan.

6.2     Beneficial Interest Only.  The ownership of a beneficial interest in the Revstone/Spara Litigation Trust shall not entitle any Beneficiary to any title in or to the Revstone/Spara Litigation Trust Assets or to any right to call for a partition or division of such Revstone/Spara Litigation Trust Assets or to require an accounting, except as specifically provided herein.

6.3     Ownership of Beneficial Interests Hereunder.  Each Beneficiary shall own a beneficial interest in the Revstone/Spara Litigation Trust equal to such Beneficiary's entitlement under the Plan.

6.4     Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Revstone/Spara Litigation Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Revstone/Spara Litigation Trust by the Revstone/Spara Litigation Trustee.

6.5     Limitation on Transferability.  It is understood and agreed that the beneficial interests in the Revstone/Spara Litigation Trust shall be non-assignable during the term of this Agreement except by operation of law.  An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Revstone/Spara Litigation Trustee, and the Revstone/Spara Litigation Trustee may continue to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of assignment by operation of law.  The Revstone/Spara Litigation Trustee may rely upon such proof without the requirement of any further investigation.  Any notice of a change of beneficial interest ownership as permitted by operation of law shall be forwarded to the Revstone/Spara Litigation Trustee by registered or certified mail as set forth herein and filed with the Bankruptcy Court.  The notice shall be executed by both the transferee and the transferor, and the signatures of the parties shall be acknowledged before a notary public and as required by Bankruptcy Rule 3001(e).  The notice must clearly describe the interest to be transferred.  The Revstone/Spara Litigation

11

Trustee may conclusively rely upon such signatures and acknowledgments as evidence of such transfer without the requirement of any further investigation.

# ARTICLE VII
# THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1     <u>Parties Dealing With the Revstone/Spara Litigation Trustee</u>.  In the absence of actual knowledge to the contrary, any person dealing with the Revstone/Spara Litigation Trust or the Revstone/Spara Litigation Trustee shall be entitled to rely on the authority of the Revstone/Spara Litigation Trustee or any of the Revstone/Spara Litigation Trustee's agents to act in connection with the Revstone/Spara Litigation Trust Assets.  No person or entity which may deal with the Revstone/Spara Litigation Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Revstone/Spara Litigation Trustee or any agent of the Revstone/Spara Litigation Trustee.

7.2     <u>Limitation of Liability</u>.  Anything herein to the contrary notwithstanding, in exercising the rights granted herein, the Revstone/Spara Litigation Trustee and each member of the Revstone/Spara Litigation Trust Committee shall exercise his/her best judgment, to the end that the affairs of the Revstone/Spara Litigation Trust shall be properly managed and the interests of all the Beneficiaries are safeguarded; but the Revstone/Spara Litigation Trustee and each member of the Revstone/Spara Litigation Trust Committee shall not incur any responsibility or liability by reason of any error of law or of any matter or thing done or suffered or omitted to be done under this Agreement, unless the Revstone/Spara Litigation Trustee or such member of the Revstone/Spara Litigation Trust Committee has acted with recklessness, fraud or willful misconduct.

7.3     <u>Indemnification</u>. The Revstone/Spara Litigation Trustee and the Revstone/Spara Litigation Trust Committee and its members shall be indemnified and receive reimbursement against and from all loss, liability, expense (including counsel fees) or damage which the Revstone/Spara Litigation Trustee and the Revstone/Spara Litigation Trust Committee and its members may incur or sustain in the exercise and performance of any of the their powers and duties under this Agreement, to the full extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from the Revstone/Spara Litigation Trustee's or the Revstone/Spara Litigation Trust Committee's or its members' recklessness, fraud, or willful misconduct.  The amounts necessary for such indemnification and reimbursement shall be paid by the Revstone/Spara Litigation Trustee out of the Revstone/Spara Litigation Trust Assets, except as otherwise provided in the Plan.  The Revstone/Spara Litigation Trustee shall not be personally liable for the payment of any Revstone/Spara Litigation Trust expense or claim or other liability of the Revstone/Spara Litigation Trust, and no Entity shall look to the Revstone/Spara Litigation Trustee personally for the payment of any such expense or liability.  This indemnification shall survive the death, dissolution, resignation or removal, as may be applicable, of the Revstone/Spara Litigation Trustee, or the termination of the Revstone/Spara Litigation Trust, and shall inure to the benefit of the Revstone/Spara Litigation Trustee's heirs and assigns.  Further, the Revstone/Spara Litigation Trustee and the Revstone/Spara Litigation Trust Committee and its members shall be immune from any liability for any good faith actions taken in such capacity, or pursuant to advice of counsel, to the fullest extent permitted under applicable law.

7.4     Compensation of Revstone/Spara Litigation Trust Committee.  Subject to the limitations set forth herein and in the Plan, the Revstone/Spara Litigation Trustee and the Revstone/Spara Litigation Trust agree upon demand to pay, or reimburse the Revstone/Spara Litigation Trust Committee for, all reasonable fees and expenses incurred by the Revstone/Spara Litigation Trust Committee arising under or in connection with this Agreement, the PBGC Settlement Agreement, or the Plan.  In addition, members of the Revstone/Spara Litigation Trust Committee shall be entitled to compensation, also payable from the Revstone/Spara Litigation Trust, for time spent on the Revstone/Spara Litigation Trust Committee in an amount up to $400 per hour (not to exceed $15,000 per year per member), but shall not be reimbursed for any fees or expenses of any professional retained by an individual member of the Revstone/Spara Litigation Trust Committee.

## ARTICLE VIII
## SELECTION, REMOVAL AND COMPENSATION OF REVSTONE/SPARA LITIGATION TRUSTEE

8.1     Initial Revstone/Spara Litigation Trustee.  The initial Revstone/Spara Litigation Trustee shall be _____.

8.2     Term of Service.  The Revstone/Spara Litigation Trustee shall serve until (a) the completion of all the Revstone/Spara Litigation Trustee's duties, responsibilities and obligations under this Agreement, the PBGC Settlement Agreement, and the Plan; (b) termination of the Revstone/Spara Litigation Trustee in accordance with this Agreement; or (c) the Revstone/Spara Litigation Trustee's death, resignation or removal.

8.3     Removal of a Revstone/Spara Litigation Trustee.  Any person serving as Revstone/Spara Litigation Trustee may be removed and replaced by the Revstone/Spara Litigation Trust Committee or an order of the Bankruptcy Court upon a showing of good cause.  The removal shall be effective on the date specified in the order.  Notwithstanding the removal of the Revstone/Spara Litigation Trustee pursuant to this Section 8.3, the rights of the resigning Revstone/Spara Litigation Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such resigning Revstone/Spara Litigation Trustee following the effectiveness of such resignation.

8.4     Resignation of Revstone/Spara Litigation Trustee.  The Revstone/Spara Litigation Trustee may resign at any time by giving the Beneficiaries and Revstone/Spara Litigation Trust Committee at least sixty (60) days written notice of his or her intention to do so.  In the event of a resignation, the resigning Revstone/Spara Litigation Trustee shall render to the Beneficiaries a full and complete accounting of monies and Revstone/Spara Litigation Trust Assets received, disbursed, and held during the term of office of that Revstone/Spara Litigation Trustee.  The resignation shall be effective on the later to occur of:  (i) the date specified in the notice; or (ii) the appointment of a successor by the Revstone/Spara Litigation Trust Committee, the acceptance by such successor of such appointment and the approval of the Bankruptcy Court; *provided*, that if a successor Revstone/Spara Litigation Trustee is not appointed or does not accept his or her appointment or if the appointment of a successor Trustee has not been approved by the Bankruptcy Court within sixty (60) days following delivery of notice of resignation, the resigning Revstone/Spara Litigation Trustee may petition the Bankruptcy Court for the appointment of a

13

successor Revstone/Spara Litigation Trustee. Notwithstanding the resignation of the Revstone/Spara Litigation Trustee pursuant to this Section 8.4, the rights of the resigning Revstone/Spara Litigation Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such resignation will continue for the benefit of such resigning Revstone/Spara Litigation Trustee following the effectiveness of such resignation.

8.5  <u>Appointment of Successor Revstone/Spara Litigation Trustee</u>. Upon the resignation, death, incapacity, or removal of a Revstone/Spara Litigation Trustee, the Revstone/Spara Litigation Trust Committee shall appoint a successor Revstone/Spara Litigation Trustee to fill the vacancy, subject to the approval of the Bankruptcy Court. Any successor Revstone/Spara Litigation Trustee so appointed shall consent to and accept in writing the terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Revstone/Spara Litigation Trustee. In the event that a successor Revstone/Spara Litigation Trustee is not appointed within thirty (30) days of when required under this Agreement, any Beneficiary may apply to the Bankruptcy Court for appointment of a successor Revstone/Spara Litigation Trustee upon notice to the Revstone/Spara Litigation Trust Committee.

8.6  <u>Powers and Duties of Successor Revstone/Spara Litigation Trustee</u>. A successor Revstone/Spara Litigation Trustee shall have all the rights, privileges, powers, and duties of his or her predecessor under this Agreement, the PBGC Settlement Agreement, and the Plan. Notwithstanding anything to the contrary herein, a removed or resigning Revstone/Spara Litigation Trustee shall, when requested in writing by the successor Revstone/Spara Litigation Trustee, execute and deliver an instrument or, instruments conveying and transferring to such successor Revstone/Spara Litigation Trustee under the Revstone/Spara Litigation Trust all the estates, properties, rights, powers, and trusts of such predecessor Revstone/Spara Litigation Trustee.

8.7  <u>Revstone/Spara Litigation Trust Continuance</u>. The death, resignation or removal of the Revstone/Spara Litigation Trustee shall not terminate the Revstone/Spara Litigation Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Revstone/Spara Litigation Trustee. In the event that a successor Revstone/Spara Litigation Trustee is not appointed within thirty (30) days of when required under this Agreement, any Beneficiary may apply to the Bankruptcy Court for appointment of a successor Revstone/Spara Litigation Trustee upon notice to the Revstone/Spara Litigation Trust Committee.

8.8  <u>Compensation and Costs of Administration</u>. The Revstone/Spara Litigation Trustee shall receive fair and reasonable compensation for his/her services in accordance with his/her customary hourly rates, which shall be disclosed in a filing with the Bankruptcy Court and charged against and paid out of the Revstone/Spara Litigation Trust Assets (subject to the limitations set forth in this Agreement and the Plan), *provided*, that no compensation may be paid to the Revstone/Spara Litigation Trustee or his/her professionals unless and until the following procedures have been followed with respect to any individual request for compensation: (i) the Revstone/Spara Litigation Trustee shall submit to the Revstone/Spara Litigation Trust Committee a statement or statements ("Statements") reflecting all fees (itemized, as applicable, to indicate the individual performing services, such individual's billable rate, a description of the services

14

performed, the time spent, and the fees incurred) and itemized costs to be reimbursed, (ii) the amount reflected in any such Statements may be paid by the Revstone/Spara Litigation Trust after seven (7) days after the delivery of the Statements as specified in clause (i) above, unless prior to the expiration of such seven-day period, the Revstone/Spara Litigation Trust Committee shall have objected in writing to any compensation reflected in the Statement, in which case the undisputed amounts may be paid and the disputed amounts may only be paid by agreement of the Revstone/Spara Litigation Trust Committee or pursuant to order of the Bankruptcy Court, which shall retain exclusive jurisdiction over all disputes regarding the Revstone/Spara Litigation Trustee's and his/her professionals' compensation. All costs, expenses, and obligations, including without limitation filing fees, incurred by the Revstone/Spara Litigation Trustee (or professionals who may be employed by the Revstone/Spara Litigation Trustee in administering the Revstone/Spara Litigation Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid from the Revstone/Spara Litigation Trust Assets prior to any distribution to the Beneficiaries (subject to the limitations set forth in this Agreement, the PBGC Settlement Agreement, and the Plan).

      8.9     Quarterly Reporting and Filing Requirements.

      8.9.1    Within thirty (30) days after the end of each calendar quarter, the Revstone/Spara Litigation Trustee shall furnish a report to the Revstone/Spara Litigation Trust Committee and the Beneficiaries of all Revstone/Spara Litigation Trust Assets received by the Revstone/Spara Litigation Trust, all Revstone/Spara Litigation Trust Assets disbursed to Beneficiaries, all Revstone/Spara Litigation Trust Assets disbursed for professional fees and costs of administering the Revstone/Spara Litigation Trust (including compensation paid to the Revstone/Spara Litigation Trustee).

      8.9.2    The Revstone/Spara Litigation Trustee shall file tax returns for the Revstone/Spara Litigation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other applicable laws or regulations. The Revstone/Spara Litigation Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Revstone/Spara Litigation Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

      8.9.3    The tax returns filed by the Revstone/Spara Litigation Trustee shall report all Revstone/Spara Litigation Trust earnings for the taxable year being reported.

      8.10    Confidentiality. Except as required in the performance of his/her duties, the Revstone/Spara Litigation Trustee shall, while serving as Revstone/Spara Litigation Trustee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Revstone/Spara Litigation Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Revstone/Spara Litigation Trust Assets relate or of which he/she has become aware solely in his/her capacity as Revstone/Spara Litigation Trustee.

## ARTICLE IX
## MAINTENANCE OF RECORDS

9.1     The Revstone/Spara Litigation Trustee shall maintain books and records containing a description of all property from time to time constituting the Revstone/Spara Litigation Trust Assets and an accounting of all receipts and disbursements.  Such books and records may be destroyed without further notice to parties or approval of the Bankruptcy Court three (3) years after the termination of this Agreement or the Revstone/Spara Litigation Trust (unless such records and documents are necessary to fulfill the Revstone/Spara Litigation Trustee's obligations pursuant to this Agreement).  Notwithstanding the foregoing, during the term of the Revstone/Spara Litigation Trust, the Revstone/Spara Litigation Trustee may destroy or abandon business records transferred by Grantor to the Revstone/Spara Litigation Trust thirty (30) days after delivery of written notice to the Revstone/Spara Litigation Trust Committee and the Beneficiaries of the Revstone/Spara Litigation Trustee's intent to destroy or abandon such records, unless prior to the expiration of such 30-day period, the Revstone/Spara Litigation Trust Committee or the Beneficiaries shall have objected in writing to the destruction of such records.  The Revstone/Spara Litigation Trustee may estimate and include, as part of the Revstone/Spara Litigation Trustee's compensation, a reasonable sum to be used for the purposes of maintaining, accessing and destroying records during the term of the Revstone/Spara Litigation Trust and for up to three (3) years thereafter.

## ARTICLE X
## DURATION OF REVSTONE/SPARA LITIGATION TRUST

10.1    _Duration_.  The Revstone/Spara Litigation Trust shall become effective upon the Effective Date of the Plan.  Thereupon, this Agreement shall remain and continue in full force and effect until the Revstone/Spara Litigation Trust is terminated in accordance with the provisions of this Agreement, the PBGC Settlement Agreement, and the Plan.

10.2    _Termination of the Revstone/Spara Litigation Trust._  The duties, responsibilities and powers of the Revstone/Spara Litigation Trustee, and the Revstone/Spara Litigation Trust, shall terminate on the earlier of (i) full resolution of all Revstone/Spara Litigation Trust Assets transferred to the Revstone/Spara Litigation Trust, distribution of the Revstone/Spara Litigation Trust Assets and the net proceeds thereof in accordance with this Agreement, the PBGC Settlement Agreement, and the Plan and conclusion of all matters relative to the administration of the Revstone/Spara Litigation Trust, except for the filing of all final tax returns or (ii) five (5) years from the Effective Date; _provided_, _however_, subject to approval of the Bankruptcy Court upon a finding for cause shown that an extension is necessary for the purpose of the Revstone/Spara Litigation Trust, the term of the Revstone/Spara Litigation Trust may be extended for a finite period based upon the particular circumstances at issue.  Each such extension must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term.

10.3    _Continuance of Revstone/Spara Litigation Trust for Winding Up_.  After the termination of the Revstone/Spara Litigation Trust and for the purpose of liquidating and winding up the affairs of the Revstone/Spara Litigation Trust, the Revstone/Spara Litigation Trustee shall continue to act as such until his or her duties have been fully performed, including, without limitation, such post-distribution tasks as necessary to wind up the affairs of the Revstone/Spara

Litigation Trust. Subject to the provisions of 9.1 hereof, after the termination of the Revstone/Spara Litigation Trust, the Revstone/Spara Litigation Trustee shall retain for a period of five (5) years the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the Revstone/Spara Litigation Trustee. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Revstone/Spara Litigation Trust and final distribution of the Revstone/Spara Litigation Trust, the Revstone/Spara Litigation Trustee shall have no further duties or obligations hereunder.

## ARTICLE XI
## MISCELLANEOUS

11.1    Preservation of Privilege.  In connection with the rights, claims, and causes of action that constitute Revstone/Spara Litigation Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Revstone/Spara Litigation Trust pursuant to the terms of the Plan or otherwise shall vest in the Revstone/Spara Litigation Trustee and his or her representatives, and the Grantor and the Revstone/Spara Litigation Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary.

11.2    Notices.  All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Revstone/Spara Litigation Trustee.  Any notice or other communication which may be or is required to be given, served, or sent to the Revstone/Spara Litigation Trust or the Revstone/Spara Litigation Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

      If to the Revstone/Spara Litigation Trust:

           Revstone/Spara Litigation Trustee
           Fred C. Caruso
           Three First National Plaza
           70 West Madison Street Suite 2300
           Chicago, Illinois 60602-4250
           e-mail: fcaruso@dsi.biz
           Fax:  312-263-1180

      With copy to:

      _____
      _____
      _____
      _____
      e-mail: _____
      Fax: _____

      If to a Beneficiary:

           To the name and address for such Beneficiary as stated in the records of the Revstone/Spara Litigation Trust.

      11.3    No Bond. Notwithstanding any state law to the contrary, the Revstone/Spara Litigation Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction, unless the Revstone/Spara Litigation Trustee or the Revstone/Spara Litigation Trust Committee decide in their reasonable judgment to obtain such bond or other security.

      11.4    Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to principles of conflicts of law.

      11.5    Successors and Assigns. This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

      11.6    Headings. The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

      11.7    No Execution. All funds in the Revstone/Spara Litigation Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Person can execute upon, garnish or attach the Revstone/Spara Litigation Trust Assets or the Revstone/Spara Litigation Trust in any manner or compel payment from the Revstone/Spara Litigation Trust except by Final Order of the Bankruptcy Court. Payment will be solely governed by this Agreement, the PBGC Settlement Agreement, and the Plan.

      11.8    Intention of Parties to Establish Grantor Revstone/Spara Litigation Trust. This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.

      11.9    Amendment. This Agreement may be amended only by writing signed by all of the parties hereto (or their successors), or by order of the Bankruptcy Court.

      11.10    Severability. If any term, provision covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void,

18

unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

    11.11   <u>Counterparts and Facsimile Signatures</u>.  This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

        REVSTONE INDUSTRIES, LLC

        By:_____
        John C. DiDonato
        Chief Restructuring Officer

        SPARA, LLC

        By:_____
        John C. DiDonato
        Chief Restructuring Officer

        By:_____
        Fred C. Caruso, solely in his capacity as Revstone/Spara Litigation Trustee under this Agreement