**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | Case No. 12-13262 (BLS) |
| Debtors. | **Hearing Date: June 25, 2015 at 10:00 a.m. (Eastern time)**<br>**Objection Deadline: June 18, 2015 at 4:00 p.m. (Eastern time)** |

**DEBTORS' MOTION FOR ORDER
PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND BANKRUPTCY RULE 9019
AUTHORIZING AND APPROVING SETTLEMENT AGREEMENT**

Revstone Industries, LLC ("Revstone"), Spara, LLC ("Spara"),  and US Tool &

Engineering, LLC ("US Tool"), debtors and debtors in possession in the above-captioned

proceeding (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of

an order, in the form attached hereto as **Exhibit A**, pursuant to sections 105 and 363 of the

United States Bankruptcy Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), approving and authorizing the settlement and

release of claims by and between the Debtors and Patrick O'Mara ("O'Mara") and Pilot Source,

LLC ("Pilot"), as set forth in the Settlement Agreement attached hereto as **Exhibit B** (the

"Settlement Agreement").  In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450).  The location of the Debtors' headquarters and the service address for each Debtor is: Revstone Industries, LLC, et al., c/o Huron Consulting Group Inc., 900 Wilshire Drive, Suite 270, Troy, MI 48084, Attn: John C. DiDonato, Chief Restructuring Officer.

## Background

**A.    The Debtors' Chapter 11 Cases**

2.    On December 3, 2012 (the "Initial Petition Date"), Revstone and Spara commenced their bankruptcy cases by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On January 7, 2013 (the "Subsequent Petition Date," and together with the Initial Petition Date, the "Petition Dates"), US Tool commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On February 2, 2013, the Court entered an order jointly administering each of the above-referenced cases.

3.    The Debtors are continuing in possession of their property and are managing their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.    On December 18, 2012, the Office of the United States Trustee appointed a committee of unsecured creditors in Revstone's case (the "Creditors' Committee").  No committee has been appointed in the cases of Spara or US Tool.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

### The O'Mara and Pilot Claims

5.    On March 11, 2013, O'Mara timely filed three proofs of claim, Claim No. 2-2 (Revstone), Claim No. 1-2 (Spara), and Claim 16-1 (US Tool) (the "O'Mara Claims"), against each of the Debtors in the amounts of $1,575,003.50 (for the Revstone and Spara claims) and 1,592,398.60 (for the US Tool claim) for unsecured, prepetition indebtedness related to loans and advances allegedly provided by O'Mara to Revstone and US Tool and and for which

Revstone and US Tool allegedly failed to repay in accordance with a Memorandum of Understanding executed by the Debtors, O'Mara and Pilot.

6.    On March 11, 2013, Pilot timely filed three proofs of claim, Claim No. 3-2 (Revstone), Claim No. 2-2 (Spara), and Claim 15-1 (US Tool) (the "Pilot Claims", together with the O'Mara Claim, the "Claims"), against Revstone and Spara in the amount of $188,640.81 and $190,487.74 for the US Tool claim. The Pilot Claims represent unpaid rent and other obligations under the terms of that certain lease agreement entered into on March 16, 2010 by and among Pilot and US Tool as lessee and Revstone as guarantor of the obligations under the lease.

7.    The Debtors disputed the amounts of the Claims. To avoid the costs of litigation with O'Mara and Pilot over the Claims, the Debtors entered into arms-length negotiations with O'Mara and Pilot to resolve the disputes over the Claims.

8.    The Debtors, O'Mara and Pilot reached an agreement that resolved the disputes over the Claims. The pertinent portions of the Settlement Agreement are as follows:

a.    O'Mara shall have an Allowed[2] general unsecured, non-priority claim against each of the Debtors in the amount of $1,550,000.00 (the "Allowed O'Mara Claim") and each of the O'Mara Claims shall be amended to reflect the Allowed O'Mara Claim.

b.    Pilot will withdraw, release and waive any and all claims it has or may have against the Debtors, including any claims by Pilot against any officer or director of the

---

[2] As that term is defined in the *Debtors' Joint Chapter 11 Plan of Reorganization*, dated January 20, 2015 [Docket No. 1941].

Debtors, and stipulates that any claim scheduled by the Debtors in the name of Pilot, if any, shall be reduced to $00.00.

        c.     The parties will be deemed to have released each other of all claims, demands and causes of action, except for the obligations set forth in the Settlement Agreement.

        9.     The Settlement Agreement is in the best interests of the Debtors' estates because it resolves material claims by and among the parties with respect to the Claims by eliminating the Pilot Claims and reducing the amount of the O'Mara Claims. The Settlement Agreement is also beneficial because it avoid the potential costs of litigation between the Debtors, O'Mara and Pilot.

## Relief Requested

        10.    By this Motion, the Debtors request an order, substantially in the form attached hereto as Exhibit A, authorizing and approving the Settlement Agreement.

## Basis for Relief

        11.    Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. 1993)).

        12.    Approving a settlement "is within the discretion of the bankruptcy court." *In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). "In exercising this

discretion, the bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate." *Key3Media Grp., Inc. v. Pulver.com, Inc. (In re Key3Media Grp., Inc.)*, 336 B.R. 87, 92 (Bankr. D. Del. 2005); *see also Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006). It is not necessary that the settlement be the best possible compromise, only that it attains at least the lowest level of the zone of reasonableness. *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 613 (2d Cir. 1983); *In re Capmark*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). *See also Official Unsecured Creditors' Comm. of Pa. Truck Lines, Inc. v. Pa. Truck Lines, Inc. (In re Pa. Truck Lines, Inc.)*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

13.     The Third Circuit has enumerated four factors to be considered when evaluating a proposed settlement: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d at 393; *accord In re Nutraquest*, 434 F.3d at 644.

14.     To the extent applicable, approval of a settlement that involves property of the estates should also constitute a reasonable exercise of the Debtors' business judgment under Bankruptcy Code section 363(b). This provision states that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In interpreting this provision, courts have held that a transaction involving property of the estate generally should be approved so long as the trustee can

demonstrate "some articulated business justification for using, selling, or leasing property

outside of the ordinary course of business." *In re Continental Airlines, Inc.*, 780 F. 2d 1223,

1226 (5th Cir. 1986); *accord In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir. 1983).

15.    Approval of the Motion should be further authorized pursuant to section

105 of the Bankruptcy Code, which authorizes the Court "to issue any order, process or

judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code."

*See* 11 U.S.C. § 105(a).

## Argument

### The Settlement Agreement is a Fair and Equitable Resolution of the Claims

16.    The Settlement Agreement, attached hereto as **Exhibit B**, represents a fair

and equitable resolution of the disputes over the Claims.

17.    The O'Mara claims will be reduced to 1,550,000 and the Pilot Claims will

be withdrawn. Thus, the Settlement Agreement confers a material benefit upon the estates

because it represents a reduction in O'Mara's unsecured claims and the elimination of the Pilot

Claims. Additionally, the parties have agreed to mutual releases of all claims other than the

Allowed O'Mara Claim.

18.    In light of the material benefit to the bankruptcy estates, the Settlement

Agreement proves equitable and fair. *See In re Capmark Fin. Grp., Inc.*, 438 B.R. 471 (Bankr.

D. Del. 2010) ("The court ... should canvas the issues to determine whether the settlement falls

above the lowest point in the range of reasonableness."). The economic benefits alone to the

estates in the form of the reduction of the O'Mara Claims and elimination of the Pilot Claims fall

above the lowest point in the range of reasonableness. Indeed, the fees and costs of litigating the

disputes over the Claims would exceed the value of the reduced and eliminated Claims. Added

together with the mutual release of claims, the settlement is a positive development for the

Debtors and their creditors.

19.    Consideration of the *Martin* factors also weighs in favor of approving the

Settlement Agreement. *See In re Martin*, 91 F.3d at 393. Absent approval of the Settlement

Agreement, the Debtors would be forced to engage in expensive and time consuming litigation to

resolve the disputes over the amounts of the Claims. Such litigation would be costly to these

estates, and the outcome is at best uncertain. The settlement resolves the material claims

asserted by O'Mara and Pilot and avoids the expenditure of litigation costs that would only

further dilute the funds available to distribute to the creditors of these estates. The Debtors

contend that entry into the Settlement Agreement is well within their sound business judgment

and well within the applicable Bankruptcy Rule 9019 standard and should be approved.

### Notice

20.    Notice of this Motion has been given to the following parties: (i) the

Office of the United States Trustee; (ii) the Creditors' Committee; (iii) O'Mara and Pilot; and

(iv) those persons who have requested notice pursuant to Bankruptcy Rule 2002.

## Conclusion

WHEREFORE the Debtors respectfully request an order approving the Settlement

Agreement and granting it such other and further relief as this Court deems just and proper.

Dated:  June 5, 2015

PACHULSKI STANG ZIEHL & JONES LLP


*/s/ Colin R. Robinson*
Laura Davis Jones (Bar No. 2436)
Alan J. Kornfeld (CA Bar No. 130063)
David M. Bertenthal (CA Bar No. 167624)
Colin R. Robinson (Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
          dbertenthal@pszjlaw.com
          crobinson@pszjlaw.com

Counsel to the Debtors and Debtors in Possession