# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

In re: <u>Spara, LLC</u>  
Debtor

Case No. <u>12-13263 (BLS)</u>  
Reporting Period: <u>March 2015</u>

## MONTHLY OPERATING REPORT

File with Court and submit copy to United States Trustee within 20 days after end of month. Submit copy of report to any official committee appointed in the case.

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached | Affidavit/ Supplement Attached |
|---|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 | Yes | | |
|    Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1 | Yes | | |
|    Schedule of Professional Fees Paid | MOR-1b | No | None paid | |
|    Copies of bank statements | | Yes | | |
|    Cash disbursements journals | | Yes | | |
| Statement of Operations | MOR-2 | Yes | | |
| Statement of Financial Position | MOR-3 | Yes | | |
| Status of Post-petition Taxes | MOR-4 | No | Yes (Note 10) | |
|    Copies of IRS Form 6123 or payment receipt | | | | |
|    Copies of tax returns filed during reporting period | | | | |
| Summary of Unpaid Post-petition Debts | MOR-4 | No | Yes (Note 9) | |
|    Listing of aged accounts payable | MOR-4 | No | N/A | |
| Accounts Receivable Reconciliation and Aging | MOR-5 | Yes | | |
| Debtor Questionnaire | MOR-5 | Yes | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents are true and correct to the best of my knowledge and belief.

_____  
Signature of Debtor

_____  
Date

_____  
Signature of Joint Debtor

_____  
Date

*[signature: James M. Lukenda]*

_____  
Signature of Authorized Individual*

<u>June 10, 2015</u>  
Date

<u>James M. Lukenda, CIRA</u>  
Printed Name of Authorized Individual

<u>Deputy Chief Restructuring Officer</u>  
Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partner

Spara, LLC,  Period: March 1 - 31, 2015  Case no.: 12-13263 (BLS)
Debtor-in-possession

## MOR - 1

|  | (000's) Mar-15 | |
|---|---|---|
|  | Huntington Operating Account (5079) | Huntington PBGC Escrow Account (5082) |
| Receipts |  |  |
| Disbursements |  |  |
| Taxes | 0 | - |
| Bank fee | 0 | - |
| Total disbursements | 0 | - |
| Net change in cash | (0) | - |
| Beginning cash (book) | 1,191 | 1,985 |
| Ending cash (book) | 1,190 | 1,985 |
| O/S checks | - | - |
| Bank balance | $ 1,190 | $ 1,985 |

2

THE HUNTINGTON NATIONAL BANK
PO BOX 1558 EA1W37
COLUMBUS OH 43216-1558



SPARA LLC

Have a Question or Concern?

Stop by your nearest Huntington office or contact us at:

1-800-480-2001

www.huntington.com/businessresources

*Huntington Analyzed Checking*                    5082

| Statement Activity From: 03/01/15 to 03/31/15 | Beginning Balance | $1,985,308.06 |
|---|---|---|
| | Ending Balance | $1,985,308.06 |

| Days in Statement Period | 31 |
|---|---|
| Average Ledger Balance* | 1,985,308.06 |
| Average Collected Balance* | 1,985,308.06 |

\* The above balances correspond to the service charge cycle for this account.

**In the Event of Errors or Questions Concerning Electronic Fund Transfers** (electronic deposits, withdrawals, transfers, payments, or purchases), please call either 1-614-480-2001 or call toll free 1-800-480-2001, or write to The Huntington National Bank Research - EA4W61, P.O. Box 1558, Columbus, Ohio 43216 as soon as you can, if you think your statement or receipt is wrong or if you need more information about an electronic fund transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.
 1. Tell us your name, your business's name (if appropriate) and the Huntington account number (if any).
 2. Describe the error or the transaction you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
 3. Tell us the dollar amount of the suspected error. We will investigate your complaint or question and will correct any error promptly.

**Verification of Electronic Deposits** If you authorized someone to make regular electronic fund transfers of money to your account at least once every sixty days, you can find out whether or not the deposit has been received by us, call either 1-614-480-2001 or call toll free 1-800-480-2001.

**Balancing Your Statement** - For your convenience, a balancing page is available on our web site https://www.huntington.com/pdf/balancing.pdf and also available on Huntington Business Online.

Investments are offered through the Huntington Investment Company, Registered Investment Advisor, member FINRA/SIPC, a wholly-owned subsidiary of Huntington Bancshares Inc.

The Huntington National Bank is Member FDIC.   ® and Huntington ® are federally registered service marks of Huntington Bancshares Incorporated.  ©2015 Huntington Bancshares Incorporated.

THE HUNTINGTON NATIONAL BANK
PO BOX 1558 EA1W37
COLUMBUS OH 43216-1558



SPARA LLC



*Have a Question or Concern?*

Stop by your nearest
Huntington office or
contact us at:

1-800-480-2001

www.huntington.com/
businessresources

## *Huntington Analyzed Checking*  5079

| Statement Activity From: 03/01/15 to 03/31/15 | | | |
|---|---|---|---|
| | | Beginning Balance | $1,190,856.23 |
| | | Debits (-) | 398.83 |
| Days in Statement Period | 31 | Regular Checks Paid | 385.00 |
| | | Service Charges | 13.83 |
| Average Ledger Balance* | 1,190,752.47 | Ending Balance | $1,190,457.40 |
| Average Collected Balance* | 1,190,752.47 | | |

* The above balances correspond to the service charge cycle for this account.

## *Checks (-)*

| Date | Amount | Check # | Date | Amount | Check # |
|---|---|---|---|---|---|
| 03/25 | 110.00 | 93 | 03/23 | 25.00 | 95 |
| 03/24 | 250.00 | 94 | | | |

(*) Indicates the prior sequentially numbered check(s) may have 1) been voided by you 2) not yet been presented 3) appeared on a previous statement or 4) been included in a list of checks.

## *Other Debits (-)*

| Date | Amount | Description |
|---|---|---|
| 03/16 | 13.83 | PRIOR MONTH'S SERVICE CHARGES |

## *Balance Activity*

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 02/28 | 1,190,856.23 | 03/23 | 1,190,817.40 | 03/25 | 1,190,457.40 |
| 03/16 | 1,190,842.40 | 03/24 | 1,190,567.40 | | |

Investments are offered through the Huntington Investment Company, Registered Investment Advisor, member FINRA/SIPC, a wholly-owned subsidiary of Huntington Bancshares Inc.

The Huntington National Bank is Member FDIC.  ® and Huntington ® are federally registered service marks of Huntington Bancshares Incorporated.  ©2015 Huntington Bancshares Incorporated.



**In the Event of Errors or Questions Concerning Electronic Fund Transfers** (electronic deposits, withdrawals, transfers, payments, or purchases), please call either 1-614-480-2001 or call toll free 1-800-480-2001, or write to The Huntington National Bank Research - EA4W61, P.O. Box 1558, Columbus, Ohio 43216 as soon as you can, if you think your statement or receipt is wrong or if you need more information about an electronic fund transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.
1. Tell us your name, your business's name (if appropriate) and the Huntington account number (if any).
2. Describe the error or the transaction you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error. We will investigate your complaint or question and will correct any error promptly.

**Verification of Electronic Deposits** If you authorized someone to make regular electronic fund transfers of money to your account at least once every sixty days, you can find out whether or not the deposit has been received by us, call either 1-614-480-2001 or call toll free 1-800-480-2001.

**Balancing Your Statement** - For your convenience, a balancing page is available on our web site https://www.huntington.com/pdf/balancing.pdf and also available on Huntington Business Online.

Spara, LLC,  Period: March 1 - 31, 2015  Case no.: 12-13263 (BLS)
Debtor-in-possession

## MOR – 2

UNAUDITED

| Description | (000's) Mar-15 |
|---|---|
| Revenue | $ - |
| Operating expenses | 0 |
| Operating income | (0) |
| Equity in earnings (loss) from subsidiaries (Note 4) | (102) |
| Reorganization items (Note 8) | - |
| **Net Income (loss)** | **(102)** |

The accompanying Notes to MOR-2 and MOR-3 are an integral part of this statement

3

Spara, LLC,  Period: March 1 - 31, 2015  Case no.: 12-13263 (BLS)
Debtor-in-possession

## MOR-3

### UNAUDITED

|  | (000's) 31-Mar-15 |
|---|---:|
| **Assets:** |  |
| Cash | $ 1,190 |
| Restricted cash | 1,985 |
| Investments in Subsidiaries: (Note 5) |  |
| T Cast Holdings, LLC | 1,501 |
| Fairfield Castings, LLC | 2,706 |
| RPM-Tec, LLC | - |
| Lexington Logistics (net of reserve) | - |
| Hitch Products, LLC | - |
| Other assets | - |
| **Total Assets** | **7,382** |
|  |  |
| **Liabilities:** |  |
| Accrued Admin. Expense (Note 6) | 500 |
| Other Current Liabilities (Note 8, 9, and 10) | 380 |
| Liabilities Subject To Compromise (Note 7) | 109,500 |
| **Total Liabilities** | **110,380** |
|  |  |
| Member's Equity | (102,998) |
|  |  |
| **Total Liabilities and Member's Equity** | **$ 7,382** |

The accompanying Notes to MOR-2 and MOR-3 are an integral part of this Statement of Financial Position

4

Spara, LLC,                            Period: March 1 - 31, 2015            Case no.: 12-13263 (BLS)
Debtor-in-possession

Notes to MOR-2 and MOR-3

**Note 1. Reservation of Rights:**

Nothing contained in this Monthly Operating Report shall constitute a waiver of any of the Debtor's rights or an admission with respect to its Chapter 11 proceedings, including, but not limited to, matters involving objections to claims, substantive consolidation, equitable subordination, defenses, ultimate allocation of proceeds from sales among debtor estates, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of title 11 of the United States Code ("Bankruptcy Code") and/or causes of action under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**Note 2. Basis of Presentation:**

Spara, LLC ("Spara" or the "Debtor") is a holding company without any operations of its own. Spara receives no management fees or other revenue. Spara's profit or loss is solely derived from its equity interest in the income or losses of its subsidiaries.

Prior to the filing of its Monthly Operating Reports, Spara had not previously conducted any financial reporting as a stand-alone entity. The financial statements contained herein are not intended to reconcile to any financial statements otherwise prepared or distributed by the Debtor or any of the Debtor's affiliates. The Debtors' accounting systems, policies, and practices were developed without consideration of stand-alone reporting for the Debtor. Accordingly, it is possible that not all assets or liabilities have been recorded at the correct legal entity. As such, the Debtor reserves all rights to supplement or amend any financial statements contained in this Monthly Operating Report.

The Monthly Operating Report is limited in scope, covers a limited time period, and has been prepared solely for the purpose of complying with the monthly reporting requirements of the Bankruptcy Court and the United States Trustee. The information presented herein has not been subject to all procedures that would typically be applied to financial information presented in accordance with U.S. Generally Accepted Accounting Principles ("U.S. GAAP"). Upon the application of such procedures (such as tests of asset impairment), the Debtor believes that the financial information could be subject to changes, and these changes could be material. The information furnished in this Monthly Operating Report is limited to presenting the Debtor's interest in the equity of its subsidiaries as recorded on the trial balance of those subsidiaries, unless otherwise noted herein. Information and footnote disclosures normally included in financial statements prepared in accordance with U.S. GAAP have been condensed or omitted. Therefore, the Debtor cautions readers not to place undue reliance upon the information contained in this Monthly Operating Report.

These financial statements filed with the U.S. Bankruptcy Court are subject to change as better reporting between the Debtor and its subsidiaries is implemented. The Debtor may, at a future date, amend this Monthly Operating Report for updated financial information.

**Note 3. Use of Estimates:**

The Debtor and its subsidiaries make estimates and assumptions that affect the reported amounts of assets and liabilities and revenue and expenses. Actual results may differ from those estimates. Estimates are used when accounting for items and matters such as revenue recognition and accruals for losses on contracts, allowances for uncollectible accounts receivable, inventory provisions and outsourced manufacturing related obligations, product warranties, estimated useful lives of intangible assets and plant and equipment, asset valuations, impairment and recoverability assessments, employee benefits including

Spara, LLC,                          Period: March 1 - 31, 2015          Case no.: 12-13263 (BLS)
Debtor-in-possession

pensions, taxes and related valuation allowances, and provisions, restructuring and other provisions, contingencies and pre-petition liabilities, among other items.

**Note 4. Equity in earnings from subsidiaries**

The Debtor recorded an adjustment to equity in earnings from subsidiaries of $(0.1) million during the period based on the net loss recorded in the period by Fairfield Castings, LLC (a direct subsidiary of the Debtor).

**Note 5. Investments in subsidiaries:**

Investments in subsidiaries include the following:

T Cast Holdings, LLC – In December 2014, Spara LLC sold all of the assets and operations of the Tech Cast operating subsidiary for $17.0 million, recognizing a gain of $4.7 million. The Debtor received cash deposits out of the sale proceeds of $3.2 million and recorded the remaining $1.5 million as the book value of its subsidiary investment.

Fairfield Castings, LLC ("Fairfield") – The balance reported represents the net historical book equity reported on the trial balance of Fairfield Castings, LLC as of March 31, 2015.

RPM-Tech, LLC – The net historical book value equity reported on the RPM-Tech, LLC's December 31, 2013 subsidiary trial balances reflected a negative member's equity of $(38.9) million). For purposes of the stand-alone Spara financial statements, this balance has been adjusted to zero. The subsidiary trial balances include RPM Towing, LLC, Saleen, and Power-Tec, LLC.

Plant One Properties, LLC – This is a non-operating entity with no reported balances.

Hitch Products, LLC – This is a non-operating entity with no reported balances.

Lexington Logistics, LLC – Income from this investment is recorded for periods through December 31, 2013. On February 4, 2014 an order was entered in the State of Wisconsin circuit court (Columbia County) appointing Michael S. Polsky, Esq. as Receiver of Lexington pursuant to Chapter 128 of the Wisconsin Statutes. The Receiver was appointed at the request of the plaintiff and primary lender, Fifth Third Bank to complete the sale of the company. As a result, the Debtor reserved the full balance of its book investment in Lexington. The Debtor realized no recovery from the sale proceeds. Payments from the sale, totaling $200,000, were made to two (2) defined benefit plans of an affiliated debtor, TPOP, LLC, on claims brought by Pension Benefit Guaranty Corporation ("PBGC") on behalf of those pension plans. Recovery on the Debtor's investment in Lexington is dependent on the ultimate recovery on certain arbitration awards that are outstanding.

**Note 6. Global Resolution Term Sheet:**

On May 1, 2014, the Debtor and its affiliated Debtors (Revstone Industries, LLC, Spara, LLC, Greenwood Forgings, LLC and US Tool & Engineering, LLC or "Debtors") filed their final modifications to the Settlement Agreement with the PBGC pursuant to the Global Resolution Term Sheet between Debtors, Official Committee of Unsecured Creditors, Boston Finance Group, LLC ("BFG") and PBGC. The Court approved the Settlement Agreement on May 9, 2014. The Settlement Agreement included the following resolutions, among others:

6

Spara, LLC,  Period: March 1 - 31, 2015  Case no.: 12-13263 (BLS)
Debtor-in-possession

- BFG will be paid the sum of $7.3 million out of existing Revstone subsidiary sale escrows otherwise attributable to the PBGC under the PBGC Settlement Agreement. Such payment will be in full and final resolution of all claims of BFG against Spara, except as noted below. BFG was paid in accordance with the approved agreement.
- BFG will have an allowed administrative expense claim against Spara, LLC in the amount of $500,000, which claims will be payable upon the effective date of a chapter 11 plan. The allowed administrative expense claim has been recorded on the Spara, LLC financial statements.
- PBGC is to have an allowed general unsecured claim in each of the Debtors' cases of $95 million. The PBGC's allowed claim has been recorded.

**Note 7. Liabilities Subject to Compromise:**

As a result of the Chapter 11 Proceedings, pre-petition liabilities may be subject to compromise or other treatment under the Debtor's Chapter 11 proceedings. Generally, actions to enforce or otherwise effect payment of pre-petition liabilities are stayed. Although pre-petition claims are generally stayed, under the Chapter 11 proceedings, the Debtor is permitted to undertake certain actions designed to stabilize the Debtor's operations including, among other things, payment of employee wages and benefits, maintenance of its cash management system, satisfaction of customer obligations, payments to suppliers for goods and services received after the Petition Date and retention of professionals.

The Debtor may reject pre-petition executory contracts and unexpired leases with respect to the Debtor's operations, with the approval of the U.S. Bankruptcy Court. Damages resulting from rejection of executory contracts and unexpired leases are treated as pre-petition general unsecured claims and will be classified as liabilities subject to compromise. Any differences between claim amounts listed by the Debtor in its Schedules of Assets and Liabilities (as may be amended) and claims filed by creditors will be investigated and, if necessary, the U.S. Bankruptcy Court will make the final determination as to the amount, nature and validity of claims. The determination of how liabilities will ultimately be settled and treated cannot be made until the U.S. Bankruptcy Court approves a Chapter 11 plan of reorganization. Accordingly, the ultimate amount of such liabilities is not determinable at this time.

Financial Accounting Standard Board Accounting Standards Codification Section 852 ("ASC 852") requires pre-petition liabilities of a debtor that are subject to compromise to be reported at the claim amounts expected to be allowed, even if they may be settled for lesser amounts. The Debtor will continue to evaluate the classification of their pre-petition liabilities through the remainder of this Chapter 11 case. As a result, the amount of "liabilities subject to compromise" is subject to change. Liabilities subject to compromise include the following items as of March 31, 2015:

| | |
|---|---:|
| PBGC claim | $95,000 |
| Revstone Industries, LLC | 10,000 |
| Bank guaranty | 1,413 |
| Settlements, judgments and other obligations | 3,087 |
| Total | $109,500 |

7

Spara, LLC,                              Period: March 1 - 31, 2015        Case no.: 12-13263 (BLS)
Debtor-in-possession

TPOP, LLC, a debtor affiliate, is the sponsor of two (2) defined benefit pensions plan subject to regulation by PBGC. On March 1, 2013 PBGC filed a complaint related to a notice of termination related to these pension plans which was subsequently withdrawn. PBGC refiled the complaint on August 23, 2013. In addition, a non-debtor subsidiary is the sponsor of a defined benefit plan subject to regulation by PBGC. On September 6, 2013, PBGC filed an amended complaint to terminate all three plans. Resolutions to the complaint were agreed and approved in the Settlement Agreement and Global Resolution Term Sheet described in Note 6.

**Note 8. Reorganization Items:**

ASC 852 requires items of revenue and expense directly attributed to the reorganization such as professional fees directly related to the Debtor's Chapter 11 proceedings, realized gains and losses, and provisions for losses resulting from such proceedings to be separately accumulated and disclosed in the statement of operations. The Debtor did not have any reorganization items during the period.

**Note 9. Post-Petition Accounts Payable:**

To the best of the Debtor's knowledge, there were no post-petition accounts payable due and outstanding as of March 31, 2015.

**Note 10. Post-Petition Taxes:**

The Debtor has no employees or operations in the post-petition period. There have been no post-petition taxes incurred or assessed as of the date of this report.

Spara, LLC,  Period: March 1 - 31, 2015  Case no.: 12-13263 (BLS)
Debtor-in-possession

MOR-5

## ACCOUNTS RECEIVABLE RECONCILIATION AND AGING

| Accounts Receivable Reconciliation | Amount |
|---|---|
| Total Accounts Receivable at the beginning of the reporting period | |
| + Amounts billed during the period | |
| - Amounts collected during the period | |
| Total Accounts Receivable at the end of the reporting period | None |

| Accounts Receivable Aging | Amount |
|---|---|
| 0 – 30 days old | |
| 31 – 60 days old | |
| 61 – 90 days old | |
| 91+ days old | |
| Total Accounts Receivable | |
| Amount considered uncollectible (Bad Debt) | |
| Accounts Receivable (Net) | None |

## DEBTOR QUESTIONNAIRE

| Must be completed each month | Yes | No |
|---|---|---|
| 1. Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below. | | X |
| 2. Have any funds been disbursed from any account other than a debtor in possession account this reporting period? If yes, provide an explanation below. | | X |
| 3. Have all postpetition tax returns been timely filed? If no, provide an explanation below. | X | |
| 4. Are workers compensation, general liability and other necessary insurance coverage in effect? If no, provide an explanation below. | X | |
| 5. Has any bank account been opened during the reporting period? If yes, provide documentation identifying the opened account(s). If an investment account has been opened provide the required documentation pursuant to the Delaware Local Rule 4001-3. | | X |