IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 12-13262 (CTG)<br><br>**Re: Docket Nos. 2688, 2696** |

**ORDER AND FINAL DECREE CLOSING CHAPTER 11 CASE OF REVSTONE INDUSTRIES, LLC AND TERMINATING
CERTAIN CLAIMS AND NOTICING SERVICES**

Upon consideration of the motion (the "Motion")[2] of the above-captioned reorganized debtor (the "Debtor") for entry of a final decree (this "Final Decree"), pursuant to section 350 of Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1: (a) closing the above-captioned chapter 11 case; and (b) terminating certain claims and noticing services provided by Omni Management Group ("Omni"); as more fully set forth in the Motion and *Certification of Counsel Regarding (A) Entry of Final Decree Closing the Chapter 11 Case of Revstone Industries, LLC and (B) Terminating Certain Claims and Noticing Services* ("Certification of Counsel"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XIII.A of the Plan; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court

---

[1] The Reorganized Debtor in this chapter 11 case and the last four digits of the Debtor's federal tax identification numbers is: Revstone Industries, LLC (7222). The location of the Debtor's headquarters and the service address for each Debtor is: Revstone Industries, LLC, et al., c/o Huron Consulting Group Inc., P O Box 1720, Birmingham,, MI 48012, Attn: John C. DiDonato, Chief Restructuring Officer.

1

may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and this Court having reviewing the *Order and Final Decree Closing Certain Chapter 11 Cases, Retaining Jurisdiction Over Certain Remaining Adversary Proceedings, Waiving Requirements of Further Post-Confirmation Reporting in Closed Chapter 11Cases and Request for Change of Caption* [D.I. 2696] (the "First Order"); and this Court having found that notice of and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion, the Certification of Counsel and the First Order and having determined that the legal and factual bases set forth therein provide cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The chapter 11 case of the Revstone Industries, LLC is hereby closed.

3. Entry of this Order and Final Decree in this chapter 11 case is without prejudice to (a) the rights of the Debtor or any party in interest to seek to reopen this chapter 11 case for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Debtor to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against the Debtor in the chapter 11 case as contemplated by the Plan and the Confirmation Order.

4. Notwithstanding Section 349 of the Bankruptcy Code, all stipulations, settlements,

---

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.
2
DOCS_DE:223189.7 73864/001

rulings, orders and judgments ("Case Orders") of this Court made during the course of this chapter 11 case shall survive and remain in full force and effect, shall be unaffected by the dismissal of this chapter 11 case, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5. The Debtor shall be dissolved and wound up without any further action required by the Debtor or its members, managers or representatives. The Chief Restructuring Officer is authorized, but not directed, to take any action required or advisable under applicable non-bankruptcy law to effectuate the dissolution of the Debtor in this chapter 11 case, including the preparation, execution and/or filing of any required certificate of dissolution, certificate of cancellation, or similar instrument with applicable state governmental authorities

6. The Debtor shall, on or before thirty (30) days after entry of this Order and Final Decree, to the extent not previously completed: (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); (b) serve copies of all post-confirmation reports on the U.S. Trustee; and (c) file a final report and account pursuant to Local Rule 3022-1. Entry of this Order and Final Decree is without prejudice to the rights of the U.S. Trustee to reopen this chapter 11 case to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

7. The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 8 below. Thereafter, Omni shall have no further obligations to this Court, the Debtor, or any other party in interest with respect to the Claims and Noticing Services in this chapter 11 case.

8. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of this

3
DOCS_DE:223189.7 73864/001

Final Decree, Omni (or the Debtor, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register in this case containing all claims.  Omni shall box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

9. Should Omni receive any mail regarding the Debtor after entry of this Final Decree, Omni shall collect and forward such mail no less frequently than monthly to the Debtor.

10. The Debtor and its agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

12. The Clerk of the Court shall enter this Order and Final Decree on the docket of this chapter 11 case and thereafter such docket shall be marked as "Closed".

13. Notwithstanding anything to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**Dated: May 17th, 2021**
**Wilmington, Delaware**

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE